*Certified a true and correct copy of the original.*

Thomas A. Larkin, ASB #0009055
Jan D. Sokol
**STEWART SOKOL & GRAY LLC**
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047
Telephone:  (503) 221-0699
Fax:        (503) 227-5028
Email:      tlarkin@lawssg.com
            jdsokol@lawssg.com
  Of Attorneys for Plaintiff Travelers Casualty and
Surety Company of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA, AT ANCHORAGE

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation, <br><br> Plaintiff, <br><br> v. <br><br> RONALD GELBRICH; JERALD RENICH; BRAD FINNEY; JAN PAULSON; MICHAEL HOUTS; EDWIN JOHNSON; and PETERSON SULLIVAN, P.L.L.C., a Washington limited liability company, <br><br> Defendants. | Case No. _____ (RRB) |

## COMPLAINT

(Action for Negligent Misrepresentation)

Plaintiff, Travelers Casualty & Surety Company ("Plaintiff"), alleges as follows:

COMPLAINT - Page 1 of 6

## COMMON ALLEGATIONS

1. Plaintiff now is, and at all times material has been, a corporation duly organized and existing under the laws of the State of Connecticut, with its principal place of business in the State of Connecticut, and registered, authorized and engaged in the insurance business and authorized to issue surety bonds in the State of Alaska.

2. Defendants Ronald Gelbrich, Jerald Renich, Brad Finney, Jan Paulson, Michael Houts and Edwin Johnson are former directors and officers (collectively, the "director-defendants") of South Coast, Inc. ("South Coast"), a non-party Alaska construction corporation wholly owned by non-party Klukwan, Inc. ("Klukwan"), an Alaska Native Village corporation. Upon information and belief, all of the directors and officers are citizens of Alaska.

3. Defendant Peterson Sullivan, P.L.L.C. is a Washington professional limited liability company of certified public accountants ("Peterson Sullivan"), with its principal place of business in a state other than the State of Connecticut. Peterson Sullivan provides accounting services to Alaska entities, including Klukwan and South Coast.

4. Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a) based upon the complete diversity of citizenship between Plaintiff and Defendants, and the fact that the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

5. The director-defendants, as officers and directors of South Coast, were responsible, at all relevant times, for all aspects of the management of South Coast.

6. Included in the directors-defendants' responsibility was, at all relevant times, managing all aspects of South Coast's accounting of its work as a construction

COMPLAINT - Page 2 of 6

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699 FAX (503) 223-5706

contractor, and all aspects of South Coast's reporting of its financial condition.

7. Also included in the director-defendants' responsibility was, at all relevant times, obtaining for South Coast the surety credit required of a public works contractor under the Miller Act and Alaska's Little Miller Act.

8. Peterson Sullivan, as accountant to Klukwan, audited the books and records of Klukwan's subsidiaries, including South Coast, and prepared independent auditors' reports intended to provide reasonable assurance that Klukwan's and its subsidiaries' financial statements were free of material misstatement and to assess the accounting principles used and significant estimates made by South Coast's and Klukwan's management.

9. The director-defendants, as officers and directors South Coast, negligently reported the anticipated gross profit of South Coast as of December 31, 2000 in its financial statements.

10. There were indications in the December 31, 2000 statements that the gross profit of South Coast was overstated, which Peterson Sullivan had a duty to investigate, but negligently failed to investigate and/or negligently failed to report the overstatement of South Coast's gross profit.

11. Peterson Sullivan negligently reported that South Coast's financial statements were free of material misstatement, based on proper accounting principles, and/or contained reasonably accurate significant estimates.

12. Travelers relied on the negligently reported financial statements and negligently performed audit in providing surety credit to South Coast in 2001, including

COMPLAINT - Page 3 of 6

EXHIBIT 3 Page 3 of 6

posting surety bonds for South Coast, as principal, in favor of various public entities, as obligees (the "bonds").

13. Had South Coast's true financial status been reported to Travelers, it would not have posted the bonds.

## FIRST CLAIM FOR RELIEF

(Negligent Misrepresentation – The Director-Defendants)

14. Realleges the allegations in paragraphs 1-13, above.

15. The director-defendants provided information regarding South Coast's financial status to guide Travelers in deciding whether or not to post the bonds on South Coast's behalf.

16. The director-defendants had a duty to exercise reasonable care and competence in obtaining and communicating the information regarding South Coast's financial status.

17. In breach of their duty of care, the director-defendants negligently misrepresented South Coast's financial status, including but not limited to negligently misrepresenting the amount of South Coast's anticipated gross profits in South Coast's financial statements.

18. The director-defendants intended that Travelers rely on the financial statements, and knew that Travelers did rely on the financial statements, and intended the financial statements to influence Travelers' decision to post the bonds.

19. Travelers posted the bonds in reliance on the defendant-directors' representations in the financial statements.

COMPLAINT - Page 4 of 6

20. Travelers has been damaged by its justifiable reliance on the information in the financial statements provided by the defendant-directors, in that but for the negligent misrepresentations therein, Travelers would not have posted the bonds and incurred a loss of at least $8,876,788.68, which losses continue.

## SECOND CLAIM FOR RELIEF

(Negligent Misrepresentation – Peterson Sullivan)

21. Travelers incorporates by reference the allegations of paragraphs 1-20.

22. Peterson Sullivan provided information regarding South Coast's financial status, accounting practices, and significant estimates in performing and reporting on its audit of Klukwan and South Coast.

23. Peterson Sullivan negligently performed its audit and negligently provided information regarding South Coast's financial status, accounting practices, and significant estimates by, at a minimum, failing to investigate information indicating that South Coast's gross profit was overstated.

24. Peterson Sullivan intended that Travelers would rely on its audit, and intended to supply the information in its audit to Travelers, or knew from the nature of South Coast's business as a construction contractor engaged in public works contracts, or otherwise, that South Coast intended to supply the information in Peterson Sullivan's audit to Travelers or to another surety to obtain surety credit like the bonds.

25. Peterson Sullivan intended the information in its audit to influence Travelers or another surety in making the decision to provide surety credit like the bonds to South Coast.

COMPLAINT - Page 5 of 6

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699 FAX (503) 223-5024
www.lawssg.com

EXHIBIT B Page 5 of 6

26. Travelers posted the bonds in reliance on Peterson Sullivan's representations in its audits.

27. Travelers has been damaged by its justifiable reliance on Peterson Sullivan's negligently performed audit of South Coast's financial status, in that but for Peterson Sullivan's negligence, Travelers would not have posted the bonds and incurred a loss of at least $8,876,788.68, which losses continue.

WHEREFORE, Plaintiff demands Order and Judgment as follows:

1. Against all defendants, and each of them individually, jointly, and severally for damages in the amount of $8,876,788.68 caused by their negligent misrepresentations concerning South Coast's financial status, its accounting practices, and its significant estimates;

2. For its reasonable attorney fees and costs and disbursements incurred; and

3. For such other and further relief as may be just and proper.

Respectfully submitted this 2nd day of August, 2004.

STEWART SOKOL & GRAY LLC

Thomas A. Larkin, ASB # 0009055
Jan D. Sokol
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047
Telephone: (503) 221-0699
Fax: (503) 227-5028
E-mail: tlarkin@lawssg.com
jdsokol@lawssg.com
Of Attorneys for Plaintiff

W:\WORK\RBC\Travelers\South Coast\D&O and Acct\Pleadings\Complaint.wpd

COMPLAINT - Page 6 of 6