SEP 27 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation, <br><br> Plaintiff, <br><br> vs. <br><br> RONALD GELBRICH; JERALD RENICH; BRAD FINNEY; JAN PAULSON; MICHAEL HOUTS; EDWIN JOHNSON; and PETERSON SULLIVAN, P.L.L.C., a Washington limited liability company, <br><br> Defendants. | Case No. A04-0165 CV (RRB) <br><br><br> **ORDER GRANTING MOTION FOR** <br> **SUMMARY JUDGMENT (DOCKET 118)** |

I.  **INTRODUCTION**

Before the Court is Defendant Peterson Sullivan, P.L.L.C. ("Defendant") with a Motion for Summary Judgment (Docket No. 118). Defendant argues the Court should dismiss the Complaint of Plaintiff Travelers Casualty and Surety Company of America ("Plaintiff") on the grounds that the Complaint is barred by the

stature of limitations.[1] Plaintiff opposes and argues Defendant's "motion ignores significant aspects of Alaska's discovery rule."[2] More specifically, Plaintiff contends, "[w]hether all elements of a cause of action reasonably can be discovered before the statute of limitations runs generally presents a genuine issue of fact, and *does* present a genuine issue of fact in this case."[3] After a thorough review of the pleadings, the Court has determined that oral argument is not necessary.

II. **FACTS**

Plaintiff is "licensed to provide bonds for public works contractors in the State of Alaska."[4] In 2001, Plaintiff provided surety credit, in the form of bonds, to South Coast, Inc., a non-party Alaska construction corporation wholly owned by non-party Klukwan, Inc., an Alaska Native Village corporation.[5] In deciding to provide surety credit, Plaintiff alleges it relied upon negligent misrepresentations regarding South Coast Inc.'s financial status made by South Coast, Inc.'s officers and directors and

---

[1]   Clerk's Docket No. 118 at 1.

[2]   Clerk's Docket No. 128 at 24.

[3]   *Id.* (emphasis added).

[4]   Clerk's Docket No. 95 at 3.

[5]   *Id.* and Clerk's Docket No. 1 at 2.

Defendant.[6] Sometime thereafter, South Coast, Inc. collapsed. As a result, Plaintiff further alleges it incurred a loss of at least $8,876,788.68, which losses continue.[7]

### III. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law. The moving party has the burden of showing that there is no genuine dispute as to material fact.[8] The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact.[9] Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[10] All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable

---

[6] Clerk's Docket No. 95 at 3 (citations omitted). Inasmuch as any and all additional pertinent facts are well known to the parties and are more than substantially briefed within the applicable pleadings, they are not repeated herein except as necessary. Moreover, for reasons of simplicity and continuity, the Court notes the facts listed herein are the same as those cited in its Order Denying Motion for Summary Judgment (Docket No. 116).

[7] Clerk's Docket No. 1 at 6.

[8] Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[9] Id. at 323-325.

[10] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-9 (1986).

inferences must be drawn in favor of the non-movant.[11] However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[12]

## IV. DISCUSSION

The parties agree that Alaska Stat. § 09.10.070(a)(2)[13] requires Plaintiff's claims be brought within two years of the accrual of this action. The parties differ, however, as to when the action accrued.

> In accordance with Alaska's "Discovery Rule,"
>
> (1) a cause of action accrues when a person discovers, <u>or reasonably should have discovered</u>, the existence of all elements essential to the cause of action;
>
> (2) a person reasonably should know of his cause of action when he has <u>sufficient information</u> to prompt an inquiry into the cause of action, if all of the essential elements of the cause of action may reasonably be discovered within the statutory period at a

---

[11]  Id. at 255.

[12]  Id. at 248-9.

[13]  Alaska Stat. § 09.10.070(a)(2) provides in relevant part:

Except as otherwise provided by law, a person may not bring an action . . . for personal injury or death, or injury to the rights of another not arising on contract and not specifically provided otherwise . . . unless the action is commenced within two years of the accrual of the cause of action.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 4
A04-0165 CV (RRB)

EXHIBIT 2 Page 4 of 8

point when a reasonable time remains within which to file suit."[14]

[(3)] where a person makes a reasonable inquiry which does not reveal the elements of the cause of action within the statutory period at a point where there remains a reasonable time within which to file suit, the limitations period is tolled until a reasonable person discovers actual knowledge of, or would again be prompted to inquire into, the cause of action.[15]

Plaintiff concedes that it had inquiry notice[16] of its cause of action against Defendant as of June 19-20, 2002.[17] Notwithstanding, Plaintiff argues that there are genuine issues of material fact that preclude using the date of inquiry notice as the date upon which its cause of action accrued.[18] The Court disagrees.

The uncontested facts reveal Plaintiff was <u>sufficiently</u> placed under inquiry on or about June 20, 2002. Indeed, Plaintiff's Complaint (Docket No. 1), which was filed <u>before</u>

---

[14] <u>Cameron v. State</u>, 822 P.2d 1362, 1366 (Alaska 1991)(emphasis added).

[15] <u>Id.</u> (citing <u>Pedersen v. Zielski</u>, 822 P.2d 903, 908 (Alaska 1991)).

[16] "Inquiry notice" is defined as: "Information which is charged to a person where a duty is imposed upon him by law to make a reasonable investigation; the information which such information would have revealed is imputed to such person." <u>Black's Law Dictionary</u> 792 (6th ed. 1990).

[17] Clerk's Docket No. 128 at 4.

[18] <u>Id.</u> at 15.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 5
A04-0165 CV (RRB)

EXHIBIT 2 Page 5 of 8

Plaintiff received the "work papers" it now claims were required in order for its cause of action to accrue, avers:

> [Defendant] <u>negligently</u> performed its audit and <u>negligently</u> provided information regarding South Coast's financial status, accounting practices, and significant estimates by, at a minimum, failing to investigate information indicating South Coast's gross profit was overstated.[19]

For this reason alone, the Court concludes Plaintiff's argument lacks merit.[20] Even so, the evidence and affidavits thus proffered, <u>see, e.g.</u>, "the Sutor Report and Peterson Sullivan Report, Mr. Langfit's deposition and affidavit, and [Plaintiff's] Large Loss Analysis,"[21] as well as the "June 19 and 20, 2002, e-mails submitted in the joinder to the motion filed by [D]efendant Jerald Renich,"[22] further convince the Court that Plaintiff had "<u>sufficient</u>

---

[19] Clerk's Docket No. 1 at 5 (emphasis added).

[20] <u>See</u> Fed. R. Civ. P. 11(b)(3), which provides in relevant part:

> By presenting to the court . . . a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

[21] Clerk's Docket No. 131 at 2.

[22] <u>Id.</u>; <u>see also</u>, Clerk's Docket No. 120, Ex. 1.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 6
A04-0165 CV (RRB)

information to prompt an inquiry into the cause of action."[23] Thus, the Court concludes Plaintiff's "negligence cause of action accrued more than two years before the [C]omplaint" was filed.[24]

> Moreover, the Court further concludes:
>
> [Plaintiff's argument that certain] work papers were essential to establish its negligent misrepresentation cause of action against [Defendant] is directly contrary to the argument [Plaintiff] made regarding the work papers in its response to [Defendant's] earlier motion for Rule 11 sanctions.[25]

Consequently, Plaintiff's "work papers" argument is also barred by the Doctrine of Judicial Estoppel.[26]

---

[23] Supra note 14. "[Plaintiff] did not have to discover that [Defendant] was negligent, it only had to discover that [Defendant] was 'potentially' negligent." Clerk's Docket No. 131 at 13 (citing Bauman v. Day, 892 P.2d 817, 825 (Alaska 1995)(emphasis added)).

[24] Clerk's Docket No. 131 at 16. Plaintiff's Complaint (Clerk's Docket No. 1) was filed on August 4, 2004, more than two months past the June 20, 2004, statute of limitations deadline.

[25] Id. at 10.

[26] See Poweragent Inc. v. Electronic Data Systems Corp., 358 F.3d 1187, 1192-93 (9th Cir. 2004)(citing Hamilton v. State Farm Fire & Casualty Co., 270 F.3d 778, 782-83 (9th Cir. 2001)).

> Judicial estoppel precludes a party from gaining an advantage by asserting one position and then later - after a tribunal relied on or accepted that position - taking a clearly inconsistent position in either the same litigation or a different case concerning the same dispute.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 7
A04-0165 CV (RRB)

EXHIBIT 2 Page 7 of 8

V. **CONCLUSION**

For the aforesaid reasons, Defendant's Motion for Summary Judgment to Dismiss Plaintiff's Complaint on Statute of Limitations Theory (Docket No. 118) is hereby **GRANTED**, and this matter is **DISMISSED WITH PREJUDICE** as to Defendant Peterson Sullivan, P.L.L.C.

ENTERED at Anchorage, Alaska, this 27 day of September, 2005.

RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

RB 9/27/05

A04-0165-CV (RRB)

H. KEENE
T. MCKEEVER (HOLMES)
W. WUESTENFELD (SANDBERG)

R. BROWN (DILLON)
W. EARNHART (LANE)
J. HAGHER
T. LARKIN

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 8
A04-0165 CV (RRB)

EXHIBIT 2, Page 8 of 8