Thomas A. Larkin, ASB #0009055
Jan D. Sokol, *Pro Hac Vice*
STEWART SOKOL & GRAY LLC
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047
Telephone:   (503) 221-0699
Fax:         (503) 227-5028
Email:       tlarkin@lawssg.com
             jdsokol@lawssg.com
   Of Attorneys for Plaintiff Travelers Casualty and
Surety Company of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA, AT ANCHORAGE

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation, <br><br>                    Plaintiff, <br><br> v. <br><br> RONALD GELBRICH; JERALD RENICH; BRAD FINNEY; JAN PAULSON; MICHAEL HOUTS; EDWIN JOHNSON; and PETERSON SULLIVAN, P.L.L.C., a Washington limited liability company, <br><br>                    Defendants. | Case No. A04-0165CV (RRB) |
| JAN PAULSON, <br><br>              Third-Party Plaintiff, <br><br> v. <br><br> SOUTH COAST, INC., <br><br>              Third-Party Defendant. | |

AFFIDAVIT OF JORDAN S. ROSENFELD - Page 1 of 5
A04-0165CV (RRB)

### AFFIDAVIT OF JORDAN S. ROSENFELD
### IN SUPPORT OF TRAVELERS' OPPOSITION TO
### PETERSON SULLIVAN'S MOTION FOR SUMMARY JUDGMENT
### ON STATUTE OF LIMITATIONS

State Of Washington    )
                       ) ss.
County of King         )

I, Jordan S. Rosenfeld, being first duly sworn, do depose and say:

1. I am a member of Sutor, Krystad & Rosenfeld, PLLC, and a CPA specializing in accounting in relation to construction companies and construction related issues for the last 20 years. I make this Affidavit in support of Travelers Casualty and Surety Company of America's ("Travelers") Opposition to Defendant Peterson Sullivan, PLLC's ("Peterson Sullivan") Motion for Summary Judgment on Statute of Limitations. I am over the age of 18 and competent to testify. I make this Affidavit from personal knowledge, and if asked to testify, would testify consistently with this Affidavit.

2. I have been engaged by Travelers to provide expert advice and testimony in the above captioned case. I have reviewed my records related to that engagement in preparing this Affidavit. Based on my review of my records and my recollection, I first investigated whether defendant Peterson Sullivan's audit of South Coast's 2000 financial statements was negligent in the late spring of 2003. I concluded that I could not determine whether in fact Peterson Sullivan had been negligent without reviewing Peterson Sullivan's work papers, and so advised Travelers. Travelers then, with my assistance, attempted to obtain a copy of Peterson Sullivan's work papers for my review, so that I could determine whether Peterson Sullivan had been negligent, and, consequently, whether Travelers had a claim against Peterson Sullivan. After Travelers attempt to obtain Peterson Sullivan's work

AFFIDAVIT OF JORDAN S. ROSENFELD - Page 2 of 5
A04-0165CV (RRB)

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699 FAX (503) 223-5706
www.lawssg.com

papers was unsuccessful, Travelers asked if, based on the information available, I could form a reasonable belief that Peterson Sullivan had been negligent, even though I could not express an opinion that it had in fact been negligent. Upon review of the available information, I expressed the opinion that it was reasonable to believe that Peterson Sullivan's audit had been negligently performed. I expressed this opinion on or about June 8, 2004.

3. Since that time, Travelers has obtained, and I have reviewed, Peterson Sullivan's work papers. My opinion is that they demonstrate that Peterson Sullivan's audit was negligently performed in the following (non-inclusive) respects:

- Peterson Sullivan's audit procedures were not appropriately adjusted to reflect the 82% increase in South Coast's revenue from the prior year;
- Peterson Sullivan's audit program of South Coast's operations, including work in progress, does not meet the industry standard for understanding South Coast's internal controls or gathering sufficient evidentiary matter;
- Peterson Sullivan's procedures for evaluating the status of South Coast's work in progress were inadequate;
- Peterson Sullivan failed to recognize indications, including underbillings, that South Coast's project status report underestimated costs to complete and total estimated costs;
- Peterson Sullivan did not meet the standard of care in its audit of South Coast's inventory; and
- Peterson Sullivan did not perform testing of South Coast's internal controls, which is essential to determine what audit procedures should be performed.

AFFIDAVIT OF JORDAN S. ROSENFELD - Page 3 of 5
A04-0165CV (RRB)

EXHIBIT 4, Page 3 of 4

EXHIBIT 12 PAGE 3 OF 4

Had I had access to Peterson Sullivan's work papers in 2003 when I was first asked to investigate whether Peterson Sullivan had been negligent, I would have concluded that Peterson Sullivan had been negligent, and would have advised Travelers that it had a cause of action against Peterson Sullivan in my opinion.

_____
Jordan S. Rosenfeld

SUBSCRIBED AND SWORN TO before me this 2nd day of September, 2005.



_____
NOTARY PUBLIC FOR WASHINGTON
My Commission Expires: 01/13/2009
JA Lohn

W:\WORK\Clients T-V\Travelers-South Coast\D & O Claims\RBC\Pleadings\Rosenfeld Affidavit SOL.wpd

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699 FAX (503) 223-5706
www.lawssg.com

AFFIDAVIT OF JORDAN S. ROSENFELD - Page 4 of 5
A04-0165CV (RRB)

EXHIBIT 12 PAGE 4 OF 4

EXHIBIT 4 Page 4 of 4