Cabot Christianson, Esq.
Gary Spraker, Esq.
CHRISTIANSON & SPRAKER
911 W. 8th Avenue, Suite 201
Anchorage, AK 99501
Telephone: (907) 258-6016
Telefax: (907) 258-2026
Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>                Plaintiff,<br><br>v.<br><br>SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., and Alaska Native Village corporation, and CHILKATS' PORTAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>                Defendants. | **Case No. A06-00063 (TMB)** |
| SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., and Alaska Native Village corporation, and CHILKATS' PORTAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>                Counter-Claim and<br>                Third Party Plaintiff,<br><br>v. | |

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation, STEWART, SOKOL & GRAY L.L.C., THOMAS A LARKIN and JAN D. SOKOL, | ) ) ) ) ) ) |
| Counterclaimant and Third Party Defendants. | ) ) ) |

## DECLARATION OF THOMAS L. CRANDALL

I, Thomas L. Crandall, hereby declare under penalty of perjury as follows:

1. My name is Thomas L. Crandall. I am president of Klukwan, Inc., a village corporation for the village of Klukwan, Alaska, organized pursuant to the Alaska Native Claims Settlement Act, 43 U. S. C. § 1601 *et seq.* I am also president of South Coast, Inc. and Chilkat's Portage Cove Development Company (CPCD), subsidiaries of Klukwan and also defendants, counterclaimants and third party-plaintiffs herein. I have personal knowledge of the facts stated in this affidavit.

2. Travelers Casualty and Surety Company of America (Travelers), or its predecessors, issued payment and performance bonds for a number of construction projects for South Coast, Inc., South Coast, Inc., dba Klukwan Contracting, (collectively, "South Coast"), Klukwan, Inc. (Klukwan), Klukwan Construction, Inc., Klukwan Forest Products, Inc., SouthCoast, Inc./Agate, Inc. (JV) and Klukwan Contracting/Agate, Inc. (JV).

3. South Coast defaulted on a number of those projects causing South Coast to enter into an Acknowledgment of Default on those projects and assigned those project contracts to Travelers as part of an overall agreement to assist Travelers to minimize its losses and reduce South Coast's and Klukwan's liability by working together.

4. Under the assignments, South Coast assigned to Travelers the rights to receive all progress payments, earned or unearned, retainages, whether in the form of Certificates of Deposit, escrow accounts, or similar instruments or accounts or claims for additional compensation or claims of any nature due or to become due under said bonded contracts. South Coast remained liable to Travelers for project losses incurred on the assigned projects under the Agreements of Indemnity.

5. Defendants South Coast, Klukwan, and Chilkats' Portage Cove Development Company (CPC) entered into a *Repayment Agreement* dated December 6, 2002, with Travelers to establish the terms on which they would repay the losses on the bonded contracts. A true and accurate copy of the *Repayment Agreement* is attached hereto as Exhibit 1. The exhibits to the *Repayment Agreement* are voluminous and for the most part are not relevant to this litigation; therefore, only the Note, Exhibit B to the *Repayment Agreement*, is attached.

6. As called for in the *Repayment Agreement*, South Coast signed that Note, prepared by Travelers, in the principal amount of $5,388,306.48, accruing at 6% annual interest for a term of just less than eight (8) years. As projected under the Note, principal

and interest payments would total $8,000,000. A true and accurate copy of the signed Note is attached as Exhibit 2.

7. Travelers secured the Note with a variety of property owned by South Coast, Klukwan, and CPC, including a deed of trust on what is referred to as a tank farm owned by CPC, that Travelers agreed it would not foreclose upon in the event of a default.

8. At the time the parties negotiated the *Repayment Agreement*, Travelers was uncertain as to the total amount of loss. The parties operated on the assumption that the total loss would be in excess of $8 million. Due to this uncertainty, and the Defendants' lack of opportunity to review the support for loss calculations, Travelers specifically represented in the *Repayment Agreement* that Travelers' loss on the bonded projects would be greater than $8 million. If Travelers' loss is less than $8 million, Travelers is obligated to credit the Note with the difference.

9. I have not been provided with a final accounting which purports to establish the actual amount of the loss on the bonded contracts, net of receipts on the construction contracts at issue and net of any other appropriate credits. I have seen various interim summary accountings, but I have not been provided with a final accounting. The interim accountings I have seen have been summary in nature and have not had sufficient detail for me to determine how the amounts were calculated.

10. An example of one of the last interim accountings I received is an e-mail dated March 17, 2005, from Marc Eckardt, claims counsel for Travelers. A true and accurate copy of the e-mail is attached as Exhibit 3.

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

11. Although Defendants have not had the opportunity to review the basis and support for Travelers' losses, I know of at least one situation where the stated losses included overbillings for which Defendants should have not been liable. As mentioned in the March 17, 2005 e-mail from Marc Eckhardt, West Construction over-charged Travelers $103,400.94 for equipment use on days when the equipment was not actually used. *See* Exhibit 3.

12. Given the amounts at issue, Defendants should have the opportunity to review Travelers' evidence of losses to ensure that it has properly calculated the amount of its losses. This review should include the solicitations and bids to complete the projects taken over by Travelers, as well as the operation and administration of the completion of those projects.

13. Under the Note, South Coast agreed to make payments beginning September 2004, and every May through November starting May 1, 2005.

14. South Coast made the first eight payments under the Note in the total amount of $450,000 (seven payments of $50,000 each, plus one payment of $100,000).

15. South Coast has also sold a few pieces of equipment, and applied the proceeds of those sales net of costs to the Note. Amount paid on the 50% of the Note is $18,035.00.

16. The *Repayment Agreement* also provided, at paragraph 12, that the settlement of the Chinle claim would be applied to the obligation created by the *Promissory Note*. The *Repayment Agreement* states that the claim was settled for $1.35

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

million.  The final gross settlement amount was $1,483,030.46, before litigation costs. Travelers applied $1,421,828.99 to the Note as the proceeds net of litigation costs.

17.     I have reviewed Travelers' motion for summary judgment seeking judgment in the amount $6,084,719.05.  There is no accounting in either the motion or the *Affidavit of Charles Langfitt* which shows how this figure was arrived at.  However, it is apparent to me that this amount is substantially in error.

18.     Assuming that Travelers received the proceeds from the Chinle claim on January 1, 2003, and crediting the payments made when due, as of May 26, 2006, South Coast owes a total of $4,363,710.43 under the Note as shown on the spreadsheet attached as Exhibit 4 to this affidavit.  Before any other offsets, adjustments, or counterclaims for the claims asserted against Travelers and Stewart, Sokol & Gray, Travelers has overstated the amounts owed under the Note (assuming the reasonableness of its losses) by $1,726,008.63.

19.     I now know, from a review of some of the pleadings in *Travelers Casualty and Surety Company of America v. Gelbrich et al.*, Case No. 04-0165 (D. Alaska) in which Travelers sued Defendants' accountants, Peterson Sullivan, for negligence and misrepresentation, that Travelers contemplated a suit for professional negligence against Peterson Sullivan even before the *Repayment Agreement*.

20.     I advised Charles Langfitt with Travelers and its counsel, Jan Sokol, that they should take a very long look at potential negligence claims against Defendants' accountants, Peterson Sullivan, for overstating South Coast's financial condition in its

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

financial statements as early as December 31, 2000, and other misstatements. I had come to the conclusion that South Coast had inadequate internal controls on its finances, and in light of that could not see how any audit could be performed. South Coast and Klukwan were considering its own negligence action against Peterson Sullivan.

21.     Regardless of who brought the malpractice claims, any recovery would reduce Travelers' exposure on the bonds and would bring Travelers' loss closer to, and possibly under, the $8 million threshold contained in the *Repayment Agreement*. In that event, each dollar recovered against Peterson Sullivan would result in a one dollar reduction in the Note obligation. And of course, if the parties agreed or if the *Repayment Agreement* were construed such that a recovery against Peterson Sullivan was a credit to both the total Travelers' claim and to the Note, then the interests of Travelers and South Coast would be completely aligned with respect to a claim against Peterson Sullivan. The interests of Travelers and South Coast were aligned in this respect.

22.     Travelers and its counsel, Jan Sokol of Stewart Sokol & Gray, wanted to obtain Peterson Sullivan's work papers before it filed the substantive negligence action. The law firm first approached me and asked that Klukwan, as Peterson Sullivan's client, request the work papers. Travelers' expert, Jordan Rosenfeld, prepared the letter requesting the documents for me to send out on Klukwan's behalf. A true and accurate copy of the forwarding e-mail from Mr. Rosenfeld with the body of the letter is attached as Exhibit 5. At Travelers' request, I sent the letter asking for Peterson Sullivan's work papers. Peterson Sullivan refused to produce the papers.

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

23.     When Peterson Sullivan refused, Sokol prepared a *Petition to Require the Production of Documents Before Action,* Exhibit 6 hereto, on behalf of Klukwan, Inc. and Travelers. I and my attorney reviewed the *Petition* prior to it being filed and coordinated the matter with Travelers and its counsel.

24.     Shortly before Sokol filed the *Petition* for Klukwan and Travelers, Klukwan and South Coast raised the issue of whether how the proceeds from any Peterson Sullivan claim would be applied. The question was whether the proceeds would: (a) be a direct credit to South Coast's liability under the Note, as well as to the Travelers claim, or (b) a credit to the Travelers claim and an indirect credit to the Note only if the proceeds reduced Travelers' total losses to under the $8 million threshold set by the *Repayment Agreement*. All parties recognized that this issue had not been addressed in the *Repayment Agreement.*

25.     Klukwan conditioned approval of the *Petition* upon application of any proceeds from Peterson Sullivan directly to the Note. In an email from Cabot Christianson, Klukwan's attorney dealing with Travelers, dated February 10, 2004, stated in relevant part:

> Jan -
>
> These documents look good. I am forwarding them to Tom Crandall, and he will fax you the signature page.
>
> This email will confirm our previous conversations that Travelers will bear all the costs associated with bringing this suit and will indemnify Klukwan from any claims associated with the bringing or prosecution of this suit.

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

> If Travelers wishes to bring a substantive cause of action against P&S, Klukwan's expectation is that the net litigation proceeds from that suit will be applied first to the Klukwan/SCI note to Travelers. Also, as you are aware, Klukwan is considering its own action against P&S, and has developed some ideas about how to proceed. You and I should discuss.

A true and accurate copy of this e-mail is attached as Exhibit 7.

26. Sokol responded in an email dated February 13, 2004, which stated in relevant part:

> I revised the petition per Tom's email to me and forwarded to him on Wednesday the revised petition. I have no [sic] yet received his signature page. Yes Travelers will bear the costs in connection with bringing the discovery litigation in Federal Court. While we did not previously discuss indemnity (I'm not sure what claims your former accountants could bring; I'm assuming you are referring to costs, etc.) Travelers will indemnify Klukwan from claims by Peterson Sullivan directly related to this litigation.
>
> With respect to the third paragraph, I know Chuck [Charles Langfitt] and Tom [Crandall] have discussed this. While Travelers understands Klukwan's expectation, it is not consistent with the prior arrangements between Klukwan and Travelers. Rather than continuing to disagree at this point, let's get the petition filed and review the documents received. We may be disagreeing about nothing if the documents do not yet yield viable claims.

A true and accurate copy of the e-mail dated February 13, 2004 is attached as Exhibit 8.

27. Stewart Sokol & Gray filed the *Petition* in an action styled *In the Matter of the Petition of Klukwan, Inc. and Travelers Casualty and Surety Company of America,* Case No. MS04-014 (W.D. Wash) for discovery.

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

28.     Stewart Sokol & Gray represented both Klukwan and Travelers in the action against Peterson Sullivan, and filed the *Petition* on behalf of each. The court denied the request to compel turn over of the accountant's working papers. A true and accurate copy of the order denying the petition is attached as Exhibit 9.

29.     I had numerous conversations with Travelers, some of which included Jan Sokol, about the negligence action against Peterson Sullivan, as well as breach of fiduciary duty claims against the prior officers and directors of South Coast both before and after the denial of the *Petition*. I wanted to make sure that the action against Peterson Sullivan was pursued, whether by Travelers, Klukwan, or both, to reduce any liability Defendants may have to Travelers.

30.     I specifically recall a discussion with Chuck Langfitt on August 6, 2004, on the proposed officer and director action as well as the proposed Peterson Sullivan negligence suit. We specifically discussed whether Klukwan should join the action against Peterson Sullivan. We ultimately decided that Travelers should bring the action alone in its own name. As an unrelated third party, Travelers had a cleaner case against the accountants because its action avoided potential questions regarding a client's ability to sue its own accountant for failing to catch its errors. Klukwan's participation in the lawsuit was not considered to be critical because any recovery would benefit both Travelers and Defendants.

31.     Defendants relied upon Travelers and Stewart Sokol & Gray, to timely and properly sue Peterson Sullivan on the negligence claims we had been discussing and

coordinating. Neither Travelers, nor Stewart Sokol & Gray, ever raised any question regarding the statute of limitations. There was no suggestion that Travelers' claims against Peterson Sullivan were time barred. If there had been any such indication, Klukwan would have either joined the action, or filed its own lawsuit.

32. On August 2, 2004, Stewart Sokol & Gray sued Peterson Sullivan on behalf of Travelers for negligence claiming damages of at least $8,876,788.68. A true and accurate copy of the Complaint filed against Peterson Sullivan, *Travelers Casualty and Surety Company of America v. Gelbrich et al.*, Case No. 04-0165 in the United States District Court for the District of Alaska, is attached separately to Defendants' Opposition to the Motion for Summary Judgment (Opposition) as Exhibit 3.

33. I do not understand the discrepancy between the $8,876,788.68 loss Travelers claimed in the Peterson Sullivan complaint, and the $11,339,518.10 loss detailed in Marc Eckardt's earlier e-mail to me.

34. On September 27, 2005, the District Court granted a motion for summary judgment against Travelers based upon its conclusion that the action was not timely filed. A true and correct copy of the *Order Granting Motion for Summary Judgment (Docket No. 118)* is attached separately as Opposition Exhibit 2.

35. South Coast made its last payment on the Note in September 2005.

36. Travelers has commenced the instant action to recover on the promissory note, and has filed its summary judgment motion claiming $6,084,719.05 in damages under the Note.

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

37. Travelers waited 20 days after filing the complaint in this case before serving it on Defendants.

38. On the 20th day Travelers also filed its motion for summary judgment.

39. Defendants have obtained two extensions of time to oppose the summary judgment, but no discovery has yet to take place. Rather, due to Defendants' counterclaims Travelers has retained new counsel, and Stewart Sokol & Gray have retained separate counsel. The parties have not yet conferred as to initial disclosures.

40. Defendants have not had sufficient time to organize its case or the opportunity to conduct discovery.

41. Although this is a contract case, the amount actually owed on that contract depends upon establishment of Travelers' losses and determination of its responsibility for not timely bringing the Peterson Sullivan action. These issues require discovery on the following broad issues: (1) the amount and reasonableness of Travelers' losses on the individual bonded contracts; (2) Travelers's failure to mitigate its losses, and its negligence, together with that of Stewart, Sokol & Gray, in failing to timely bring the Peterson Sullivan action to the extent it is not established as a matter of law; and (3) the damages caused by such failure to mitigate its losses and negligence.

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

FURTHER DECLARANT SAYETH NAUGHT.

Dated May 26, 2006.

_____
Thomas L. Crandall

The undersigned hereby certifies that on May 26, 2006 a true and correct copy of the above document was served on:

- Thomas A. Larkin, Esq.
- Garth A. Schlemlein, Esq.
- Jan D. Sokol, Esq.
  2300 SW First Avenue, Suite 200
  Portland, Oregon 97201-5047

by first class regular mail, to the address noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic filing.

By: /s/ Susan VanSchooten
       Susan VanSchooten

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

PAGE 13    DECLARATION OF THOMAS CRANDALL - 3:06-CV-00063
           H:\2501\TRAVELERS V SCOAST\CRANDALL DECLARATION REVISED.WPD

# EXHIBITS TO DECLARATION OF
# THOMAS L. CRANDALL

# TABLE OF CONTENTS

| Exhibit No. | Exhibit |
| --- | --- |
| 1 | Repayment Agreement |
| 2 | Promissory Note (executed) |
| 3 | Email from Marc Eckardt |
| 4 | Spreadsheet re: Amounts Payable under Note |
| 5 | E-mail from Jordan Rosenfeld |
| 6 | Petition to Require Production of Documents |
| 7 | E-mail from Cabot Christianson dated Feb. 10, 2004 |
| 8 | E-mail from Jan Sokol dated February 13, 2004. |
| 9 | Order Denying Petition |