# REPAYMENT AGREEMENT

This Agreement is made as of December 6, 2002 between Travelers Casualty & Surety Company of America (Travelers), South Coast, Inc., South Coast, Inc. dba Klukwan Contracting (for itself and as successor in interest to South Coast, Inc./Agate, Inc. (JV), (collectively SCI), Klukwan, Inc. (Klukwan) and Chilkats' Portage Cove Development Company (CPC).

WHEREAS:

Travelers has issued payment and performance bonds to SCI and its affiliates. Those bonds are now in default. Travelers is incurring expenses performing under those bonds and is looking to SCI and its affiliates for repayment. The parties hereto have entered into this Agreement in order to settle that repayment obligation.

NOW THEREFORE, THE PARTIES AGREE AS FOLLOWS:

1. Definitions.

Bonded Contract(s) shall mean any contract that is referenced or described in any Bond issued on behalf of any Klukwan Entity.

Event(s) of Default shall mean any one or more of the following:

a. Any default or failure to remit or distribute any funds when due or required by this Agreement, the Note or any other instrument or agreement between Travelers and SCI, Klukwan or CPC which is not cured within ten (10) business days of SCI, Klukwan and CPC receiving written notice from Travelers to cure; or

b. Failure to observe and perform any of the covenants or conditions of this Agreement, the Note or any other agreement or instrument between Travelers and SCI, Klukwan or CPC which is not cured within thirty (30) business days of SCI, Klukwan and CPC receiving written notice from Travelers to cure; or

c. The filing of a petition under any applicable provision of the Bankruptcy Code of 1978 or any amendments thereto, by or against SCI, Klukwan or CPC, or any of them which is not dismissed within sixty (60) days, the making by SCI, Klukwan or CPC, or any of them, of any assignment for the benefit of creditors, the filing of a federal or state tax lien against SCI, Klukwan or CPC, or any of them which is not satisfied in full within thirty (30) days; the filing of a petition for the appointment of a receiver or trustee with respect to SCI, Klukwan or CPC, or any of them, or the commencement of any proceeding by or against SCI, Klukwan or CPC, or any of them, under any reorganization, arrangement, readjustment of debts,

dissolution, liquidation or assignment for the benefit of creditors provided by the statute or law of any jurisdiction, which is not dismissed within sixty (60) days; or

d. The failure of SCI, Klukwan or CPC, or any of them, at the request of Travelers to furnish financial information, permit inspection or copying of books and records during regular business hours and after Travelers has first provided SCI, Klukwan or CPC, or any of them, with at least seven (7) business days prior written notice; or

e. The total assets or total liabilities of the Klukwan Entities are Materially Different than represented in Exhibit C; or

f. Any representation or warranty made by SCI, Klukwan or CPC or any of them, proves to have been inaccurate when made in any material respect.

Materially Different shall mean that the dollar value of the Klukwan Entities assets or liabilities vary in amount by ten (10) percent or more from the value as represented on Exhibit C, as of the date of Exhibit C.

Guaranty shall mean the guaranties executed by Klukwan and CPC substantially contemporaneously with this Agreement

2. Subject Matter of this Agreement. This Agreement covers the Continuing Agreements of Indemnity Contractor's Forms dated March 1, 1999, December 18, 1995 and February 23, 1996 (collectively "Indemnity Agreements") issued by SCI and its affiliates, in favor of Travelers or its predecessors in interest, and the Payment and Performance Bonds (Bonds) issued by Travelers listed on Exhibit A, concerning the construction contracts (Bonded Projects) listed thereon.

3. Mutual Cooperation. Travelers and SCI agree to cooperate, and provide each other with information and documentation, in order to minimizes Travelers' exposure under the Bonds and which enables SCI to be informed, on a regular basis, of Travelers' actual exposure under the Bonds. Upon reasonable request, each party agrees to provide the other with information and documentation concerning the status of payments under the Bonds and Bonded Contracts, and to provide each other with information as to payroll, material and supplies, labor, freight arrangements, overhead, and the like, together with appropriate backup documentation. These obligations of mutual cooperation shall be ongoing until the Bonded Contracts are complete and SCI's obligations under the Note have been performed. As and when requested by Travelers, SCI, Klukwan and CPC agree to execute all letters, instruments or agreements necessary to carryout the purposes and intent of this Agreement, including, but not limited to Takeover Agreements, Assignments, Acknowledgments of Default, Deeds of Trust and Security Agreements.

4. Travelers' Right to Bonded Contract Funds. SCI and Klukwan hereby reaffirm their Assignment to Travelers of all of their rights under the Bonded Contracts in accordance with the terms of the Indemnity Agreements, including, but not limited to, the right to receive all progress payments, earned or unearned, proceeds, retainages, whether in the form of Certificates of Deposit, escrow accounts, or similar instruments or accounts, and claims for additional compensation or claims of any nature (collectively "Contract Funds") due or to become due to SCI or Klukwan under the Bonded Contracts. SCI and Klukwan further acknowledge Travelers right to the Contract Funds pursuant to Travelers' equitable right of subrogation. SCI and Klukwan shall furnish to the Travelers a complete written narrative of any claims for additional compensation or claims of any nature and all material documents which substantiate and backup these claims. SCI and Klukwan will further assist in the presentation of any and all such claims. SCI and Klukwan irrevocably grant to Travelers the right to act as attorney-in-fact for SCI and Klukwan to demand receipt of, commence suit, settle, compromise or adjust any and all claims SCI and Klukwan have or may have against any party with respect to the Bonded Contract(s), including providing releases or satisfaction therefore, except for the Chinle claim. The settlement authority for the Chinle claim is governed by paragraph 12 of this Agreement.

5. Power of Attorney/Settlement Rights. SCI, Klukwan and CPC hereby irrevocably nominate Travelers their true lawful attorney-in-fact, with full right and authority to execute on behalf of, and sign the names of each to any voucher, release, satisfaction, check, bill of sale or any other paper or contract necessary or desired to carry into effect the purposes of this Agreement. Further, SCI, Klukwan and CPC irrevocably grant Travelers the right to act as their attorney-in-fact to adjust, settle or compromise any claim, demand, suit or judgment upon the Bonds, including, but not limited to, the payment of any attorney's fees or costs in prosecuting or defending any claim, demand, suit or judgment, as Travelers deems appropriate in its sole discretion, and whether or not SCI, Klukwan or CPC agree with Travelers' decision.

6. Time. Time is the essence of this Agreement and a material consideration.

7. Waiver/Automatic Stay. In partial consideration (and as new value) for this Agreement and Travelers' forebearances, and in the event that SCI, Klukwan or CPC, or any of them, are the subject of any insolvency, bankruptcy, receivership, dissolution, reorganization or similar proceeding under Federal or State law, voluntary or involuntary, then:

a. SCI, Klukwan or CPC, or any of them, shall not assert, or request any other party to assert, that the automatic stay provisions provided under 11 U.S.C. § 362 shall operate, or be interpreted to operate, to stay, modify, preempt, condition, reduce or limit the ability of Travelers to enforce any rights it has by virtue of this Agreement, the Indemnity Agreements, or any other agreement or instrument between Travelers and SCI, Klukwan, CPC, or any of them, or at law or in equity, or any other rights Travelers has now or may hereafter acquire against SCI, Klukwan or CPC, or any of them, or the collateral; and

b. Travelers shall be entitled to the automatic and absolute lifting of and relief from any automatic stay imposed by § 362, Title 11 of the U.S. Code, as amended, or otherwise, on or against the exercise of the rights and remedies otherwise available to Travelers; andc. Travelers shall be entitled, and SCI, Klukwan and CPC, hereby irrevocably consent to an order granting relief from any and all stays, and equitable relief under 11 U.S.C. § 105, or other applicable law, in order to permit Travelers to foreclose upon any collateral and to exercise any and all other rights and remedies of Travelers under this Agreement, the Indemnity Agreement, or other agreements or instruments between Travelers and SCI, Klukwan and CPC, or at law or in equity, and SCI, Klukwan and CPC hereby irrevocably waive any right to object to such relief.

8. Waiver of Klukwan and CPC Rights Against SCI. Klukwan and CPC hereby waive any claim, right or remedy which Klukwan or CPC may now have or hereafter acquire against SCI that arises hereunder, under the Guaranty, the Indemnity Agreements, or by operation of law, and/or from the performance by Klukwan or CPC hereunder, under the Guaranty, the Indemnity Agreements, or by operation of law, including, without limitation, any claim, remedy or right of subrogation, reimbursement, exoneration, contribution, indemnification, or participation in any claim, right or remedy of Travelers against SCI or any security or collateral which Travelers now has or hereafter acquires, and whether or not such claim, right or remedy arises in equity, under contract, by statute, under common law, by operation of law or otherwise.

9. Note. In reliance upon Travelers' representation that its total liability under the Bonds, net of all receipts from the Bonded Contracts, will exceed $8 million, SCI shall execute a Note, in the form attached as Exhibit B, in the amount $5,388.306.48, which calls for payments to Travelers totaling $8 million, payable on the terms set forth therein. In the event that Travelers' total loss, net of all receipts from the Bonded Contracts, is less than $8 million, Travelers shall credit the Note with the amount of the difference.

10. Security.

a. As security for payment of the Note, SCI shall execute, or arrange for the execution, of the following security instruments which shall encumber the following assets owned by SCI, Klukwan, and CPC:

| Collateral | Owner | Exhibit |
|---|---|---|
| All of net proceeds of Chinle claim | SCI | G-1 |
| Stock in Atlas Alaska, Inc. | Klukwan | G-2 |
| 1/2 of net equipment proceeds | SCI | G-1 |
| 3rd deed of trust on Juneau office building | Klukwan | H |
| Deed of Trust on Jones Point property | Klukwan | H |
| 2d deed of trust on SCI Ketchikan property | SCI | J |
| Deed of trust on tank farm property | CPC | I |

b. In the event that Travelers receives payment on account of the sale or refinancing of the foregoing collateral, such payments shall be a credit to the principal amount owed on the Note but shall not reduce the amount of the monthly payments due on the Note.

c. Except as provided in paragraph 12 concerning the Chinle claim, the parties agree that the owner of the collateral identified in each security agreements and deeds of trust given to secure payment of the Note shall retain full control over the collateral, and shall have full rights to refinance the collateral and accept or reject any offers of purchase. Travelers agrees to subordinate its security interest to any new financing, provided that Travelers receives all the proceeds of such financing net of payment to senior secured liens on the collateral. Travelers also agrees to release its security interests in the event of a sale of the collateral, and agrees to execute appropriate UCC-3's or requests for reconveyance or other such documents, provided that the sale is to a bona fide third party and that Travelers receives all sale proceeds (or, in the case of SCI equipment, one-half of the sale proceeds), net of closing costs, real estate commissions, and payments to senior secured liens on the collateral. SCI, Klukwan and CPC represent that equipment sales have occurred which may yield $200,000 for Travelers.

d. The deed of trust on the tank farm property shall contain a provision prohibiting Travelers from foreclosing on the property in the event of default. Traveler's deed of trust on the property shall entitle it to proceeds from sale or refinance of the property as provided above.

e. Where noted above, SCI, Klukwan and CPC represent that they are the sole owners of the foregoing collateral. SCI, Klukwan and CPC also agree to defend, indemnify and hold harmless Travelers with respect to any claims, demands, liability, loss, costs, expenses or attorney's fees related to, or arising from the collateral, or title thereto, or the pledging thereof, made or presented by any person against Travelers, including, but not limited to any persons claiming adversely to any of them or Travelers, but other than a senior secured lien holder with a security interest preceding Travelers' security interest in the collateral. SCI, Klukwan and CPC further agree that Travelers shall have no obligation to do so but may, upon breach or default by SCI, Klukwan or CPC under the Note or this Agreement, collect principal, interest or dividends, exercise any rights or options of SCI, Klukwan or CPC and make presentment, demand or protest, give notice of protest, non-acceptance or nonpayment, or perform any act for the protection, enforcement, collection or liquidation of the collateral.

11. Satisfaction of liability. Except as otherwise provided in this paragraph of this Agreement, and paragraph 14 hereof, delivery of the Note and security instruments to Travelers as set forth above shall constitute full and final satisfaction of the all the claims against, or liabilities of, SCI, Klukwan and CPC, and all persons and entities named in the Indemnity Agreements, and their affiliates (collectively, Klukwan Entities) relating to or arising out of the Indemnity Agreements, Bonds or the Bonded Contracts, and without regard to the total loss experienced by Travelers in connection with the Bonds and Bonded Contracts. However, if either SCI, Klukwan or CPC, or any of them, file a voluntary petition in bankruptcy, which is not dismissed within sixty (60) days, then the delivery of the Note and security instruments to

Travelers shall not constitute full and final satisfaction of the Klukwan Entities liability to Travelers. Instead all payments received by Travelers on account of the Note shall be applied instead to the Indemnity Agreements, and the Klukwan Entities shall be liable to Travelers according to the terms of the Indemnity Agreement. If, however, an involuntary petition in bankruptcy is filed against any one or more of the Klukwan Entities, or there is an order of relief entered against the Klukwan Entities, or any one of them following an involuntary petition which is not dismissed within sixty (60) days, and if there are no existing or subsequent payment defaults under the Note, which Note must be paid in full by one or all of the Klukwan Entities (or their Bankruptcy Estates) then delivery of the Note and security instruments to Travelers shall constitute full and final satisfaction of the Klukwan Entities liability to Travelers, if the Note is paid in full. The foregoing provision shall have no effect if the Klukwan Entities or any one of them, directly or indirectly, causes, encourages or procures, in any manner, the filing of an involuntary petition in bankruptcy. This Agreement and the preceding sentences do not impair or release Travelers' claims or causes of action against any person or entity other than the Klukwan Entities.

12. Chinle claim. The Chinle claim has settled for $1,350,000, plus interest and SCI has directed the Owner to remit the settlement funds to Travelers. Those funds, net of attorneys fees or other litigation costs paid by Travelers, shall be credited to the Note.

13. Financial Representations. The Klukwan Entities have furnished sworn to financial statements. Attached as Exhibit C are true and accurate Financial Statements. By Exhibit C, the Klukwan Entities acknowledge their Financial Statements fully and truly represent the assets and liabilities of the Klukwan Entities as of the date of the execution of this Agreement. SCI, Klukwan and CPC acknowledge that Travelers is relying upon the accuracy of these financial representations as to the Klukwan Entities' current financial condition in entering into this Agreement. This representation is a material consideration for Travelers agreeing to the repayment terms set forth in this Agreement. If the Klukwan Entities' future assets or total liabilities are Materially Different than represented in Exhibit C, then that difference is an Event of Default. The Klukwan Entities further represent that any timber cutting rights, of any nature or description, vested or unvested, are not subject to alienation by operation of applicable law.

14. K-Ply Bond. Travelers furnished Bond #U2428106 in the amount of at least $114,003.96 on behalf of K-Ply, Inc., in favor of the Port of Port Angeles (K-Ply Bond). This Agreement does not apply to the K-Ply Bond. Instead, the Indemnity Agreement, and Travelers rights of reimbursement, exoneration and subrogation apply to K-Ply, Inc., and the K-Ply Bond. Travelers has advised K-Ply, Inc., through Klukwan, that Travelers is canceling the K-Ply Bond.

15. Equipment and Materials – Release. SCI and Klukwan have negotiated with Travelers about equipment usage and material. In partial consideration for this Agreement, SCI and Klukwan hereby release any and all claims of any nature against Travelers related to equipment charges and usage, including, but not limited to hot plants or other equipment, and whether any such claims are against contractors completing the projects for Travelers or directly

against Travelers, or otherwise. The foregoing does not prohibit Travelers and Klukwan from subsequently consummating their negotiations for equipment utilization agreements for the Unalaska Marine Center United States Coast Guard Dock project. SCI and Klukwan hereby release any and all claims of any nature related to material furnished or supplied to any of the Bonded Contracts. SCI and Klukwan shall cause all the Klukwan Entities to execute a release in the same form as Exhibit D. This foregoing release covers all claims of any nature against Travelers related to or concerning equipment charges and usage and material.

16. Litigation. There is no action, suit or proceeding pending against, or to the knowledge of SCI, Klukwan or CPC threatened against or affecting, any of the Klukwan Entities, before any court or arbitrator or any government body, agency or official in which there is a reasonable possibility of an adverse decision which could materially adversely affect the business, financial position or results of operations of Klukwan Entities and their subsidiaries or which in any manner draws into question the validity of this Agreement except those matters referred to in Exhibit E attached hereto and made a part hereof.

17. Books and Records. Until SCI, Klukwan and CPC have fully performed all their obligations under this Agreement, the Note, and the Guaranty, Travelers shall have the right, upon at least seven (7) business days written notice, to free access to the papers of the Klukwan Entities, including, without limitation, their books, records, accounts, computer software and other computer stored information, for the purpose of examining, copying or reproducing the same. Klukwan shall cause the Klukwan Entities to retain and not dispose of all of the aforementioned papers without Travelers express prior written approval.

18. Non-Waiver/Conduct. Each and every right, remedy and power hereby granted to Travelers or allowed it by law or other agreement shall be cumulative and shall not be exclusive of any other right, remedy and power, and may be exercised by Travelers concurrently, consecutively, or separately at any time and from time to time, in Travelers' sole discretion. No failure or neglect on the part of Travelers to exercise, and no delay in exercising any right, remedy or power hereunder or any other agreement, or any other document executed and delivered to Travelers in connection herewith, shall in any way release or reduce the liability of SCI, Klukwan or CPC to Travelers hereunder, or under the Note or Guaranty, or in any way reduce, condition or limit the obligations of SCI, Klukwan or CPC hereunder to Travelers. Neither this Agreement nor any course of conduct of the parties pursuant thereto shall be construed to establish rights of any party not a party to this Agreement.

19. Opinion of Counsel. SCI, Klukwan and CPC shall furnish an opinion of counsel satisfactory in form to Travelers, which opines as to, and confirms the authority of SCI, Klukwan and CPC, their signatures, the enforceability of this Agreement and related agreements or instruments, and the absence of legal impediments to this Agreement and the related agreements and instruments. The opinion of counsel shall be substantially in the form of Exhibit F, subject to standard qualifications and from a firm acceptable to Travelers.

20. Event(s) of Default/Remedies. SCI, Klukwan and CPC agree that upon the occurrence of an Event(s) of Default, Travelers has, but is not limited to, the following remedies:

a. Any and all indebtedness under this Agreement, the Note, the Guaranty, or under any other agreements or instruments between Travelers, SCI, Klukwan, or CPC, or any other obligations of any of them to Travelers, shall, at the election of Travelers, become immediately due and payable and Travelers may exercise such rights in the collateral as Travelers has under this Agreement, the Note, Deeds of Trust or any other agreement or instrument between Travelers and SCI, Klukwan or CPC, or any applicable law or statute.

b. Furthermore, Travelers shall have and shall be entitled to exercise some or any or all of its rights and remedies under this Agreement, the Guaranty, or under any other agreement or instrument which has been or which may hereafter be executed and delivered to Travelers by SCI, Klukwan or CPC, as well as any and all rights and remedies Travelers may have under any applicable law or statute. SCI, Klukwan and CPC expressly waive presentment, demand, Notice of Default, protest or other notice.

21. Notice. When this Agreement calls for notice to Klukwan, Inc., South Coast, Inc. or Chilkats' Portage Cove Development Company, such notice shall be in writing and shall be given to that entity by regular mail, with fax attempted, at:

P. O. Box 32077
Juneau, AK 99801
Fax: (907) 789-3525

and to:

Cabot Christianson, Esq.
911 West 8th Ave., Suite 302
Anchorage, AK 99501
Fax: (907) 258-1016

When this Agreement calls for notice to be given to Travelers, such notice shall be in writing and shall be given by regular mail, with fax attempted, at:

Charles W. Langfitt
Vice President, Bond Claims Department
3455 S. 344th Way, Suite 200
Auburn, WA 98001
Fax: (253) 946-7156

These addresses and fax numbers may be changed upon written notice to the other parties.

22. Further assurances. Both parties agree to execute such additional documents as may be necessary or appropriate to carry out the intent of this Agreement.

23. Entire agreement; amendment. This is the entire agreement between the parties with respect to the subject matter of this Agreement. This Agreement may not be amended except in writing.

24. Rule of construction. Both parties are represented by counsel or have the benefit of counsel, and have contributed toward the drafting of this Agreement. Accordingly, the rule of construction that a document is construed against its drafter shall not apply.

25. Corporate approval. This Agreement has been approved by the Boards of Directors of SCI, Klukwan, and CPC.

26. Validity of Agreement. Failure to execute, or defective execution, by any party shall not affect the validity of this Agreement as to any other party executing the same and each other party shall remain fully bound and liable hereunder. Invalidity of any portion or provision of this Agreement by reason of the laws of any state or for any other reason shall not render the other provisions or portions invalid.

27. AS 10.20.280 Effect of. Travelers, SCI, Klukwan and CPC do not believe that AS 10.20.280, affects, in any respect, this Agreement or any of the security instruments provided for in paragraph 10 of this Agreement, or otherwise. In the unlikely event that in a subsequent proceeding this Agreement, or any part thereof, or any of the aforementioned security agreement, or any part thereof, are determined to be void, voidable or otherwise unenforceable, then the Indemnity Agreements shall be fully enforceable against the Klukwan Entities and the signatories to this Agreement, just as if this Agreement had never been executed. The signatories to this Agreement waive and agree not to raise any defenses of any nature to the enforcement of the Indemnity Agreements, including, but not limited to, any statute of limitations.

Executed ~~December~~ January 23, ~~2002~~ 2003 by: Travelers Casualty & Surety Company of America

By [signature]
Charles W. Langfitt, Vice President

Page 9: Repayment Agreement

Executed December 14, 2002 by: South Coast, Inc.
South Coast, Inc., dba Klukwan Contracting, (for itself and as successor in interest to South Coast, Inc./Agate, Inc. (JV)

By ____________________
Thomas Crandall, President

Executed December 14, 2002 by: Klukwan, Inc.

By ____________________
Thomas Crandall, President

Executed December, 14, 2002 by: Chilkats' Portage Cove Development Company

By ____________________
William W. Fletcher, President

List of Exhibits:

A Bonds and Bonded Contracts
B Note
C Sworn to Financial Statements
D Release re: Equipment & Material
E Litigation Schedule
F Opinion of counsel
G Security Agreement/Pledge Agreements executed by SCI covering Chinle claim, Equipment and Atlas Alaska, Inc. Stock
H 3rd deed of trust on Klukwan's Juneau office building and Jones Point property
I Deed of Trust on CPC's tank farm property
J 2d deed of trust on SCI Ketchikan property

Exhibit B
to Repayment Agreement

PROMISSORY NOTE

$5,388,306.48 December 6, 2002

FOR VALUE RECEIVED, the undersigned, SOUTH COAST, INC. , SOUTH COAST, INC. dba KLUKWAN CONTRACTING (for itself and as successor in interest to South Coast, Inc./Agate, Inc. (JV)), ("Maker"), promises to pay to the order of TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA ("Payee"), at Auburn, WA or at such other place as the holder hereof may from time to time designate in writing, in lawful money of the United States of America, the principal sum of FIVE MILLION, THREE HUNDRED EIGHTY EIGHT THOUSAND, THREE HUNDRED SIX DOLLARS AND FORTY EIGHT CENTS ($5,388,306.48), plus interest accruing at the rate of six percent (6%) per annum beginning September, 1, 2002, payable on the following schedule:

| | |
|---|---|
| September 1, 2004 | $ 50,000 |
| October 1, 2004 | $ 50,000 |
| November 1, 2004 | $ 50,000 |
| | |
| May 1, 2005 | $ 50,000 |
| June 1, 2005 | $ 50,000 |
| July 1, 2005 | $ 50,000 |
| August 1, 2005 | $ 50,000 |
| September 1, 2005 | $ 100,000 |
| October 1, 2005 | $100,000 |
| November 1, 2005 | $100,000 |
| | |
| May 1, 2006 | $ 100,000 |
| June 1, 2006 | $ 100,000 |
| July 1, 2006 | $ 100,000 |
| August 1, 2006 | $ 100,000 |
| September 1, 2006 | $ 100,000 |
| October 1, 2006 | $ 100,000 |
| November 1, 2006 | $ 100,000 |
| | |
| May 1, 2007 | $ 100,000 |
| June 1, 2007 | $ 100,000 |
| July 1, 2007 | $ 100,000 |
| August 1, 2007 | $ 100,000 |
| September 1, 2007 | $ 100,000 |
| October 1, 2007 | $ 100,000 |
| November 1, 2007 | $ 100,000 |
| | |
| May 1, 2008 | $ 100,000 |

Exhibit B
to Repayment Agreement

| | |
|---|---|
| June 1, 2008 | $ 100,000 |
| July 1, 2008 | $ 100,000 |
| August 1, 2008 | $ 100,000 |
| September 1, 2008 | $ 100,000 |
| October 1, 2008 | $ 100,000 |
| November 1, 2008 | $ 100,000 |
| | |
| May 1, 2009 | $ 100,000 |
| June 1, 2009 | $ 100,000 |
| July 1, 2009 | $ 100,000 |
| August 1, 2009 | $ 100,000 |
| September 1, 2009 | $ 100,000 |
| October 1, 2009 | $ 100,000 |
| November 1, 2009 | $ 100,000 |
| | |
| May 1, 2010 | $ 100,000 |
| June 1, 2010 | $ 100,000 |
| July 1, 2010 | $ 100,000 |
| August 1, 2010 | $ 4,250,000 |
| | |
| Total | $ 8,000,000 |

This Note pay be prepaid in whole or in part, but any prepayments shall be a dollar for dollar credit to the last payments due under the Note as opposed to a credit to the principal amount of the Note. In order for this Note to be discharged, Payee must have received payments totaling $8,000,000.

This Note is made pursuant to an Agreement between the parties of even date and is to be interpreted consistently with that Agreement.

From time to time the maturity date of this Note may be extended or this Note may be renewed, in whole or in part, a new note of different form may be substituted for this Note and/or the rate of interest may be changed, or changes may be made in consideration of loan extensions, and the holder, from time to time, may waive or surrender, either in whole or in part, any rights, guarantees, security interests or liens given for the benefit of the holder in connection with the payment and the securing the payment of this Note; but no such occurrences shall in any manner affect, limit, modify or otherwise impair any rights, guarantees or security of the holder not specifically waived, released or surrendered in writing, nor shall Maker or any guarantor, endorser or any person who is or might be liable hereon or herefor, either primarily or contingently, be released from such liability by reason of any such occurrence. The holder hereof, from time to time, shall have the unlimited right to release any person who might be liable hereon or herefor; and such releases shall not affect or discharge the liability of any other person who is or might be liable hereon or herefor.

This Note shall be assignable by Payee.

Exhibit B
to Repayment Agreement

If any payment required by this Note is not made when due, or if any default occurs under the provisions of any mortgage, security agreement, assignment, pledge or other document or agreement which provides security for the indebtedness evidenced by this Note, the holder hereof may, at its option, declare this Note in default and if such default remains uncured ten (10) business days following written notice of default to Maker, then all indebtedness due and owing hereunder shall, upon written demand, become immediately due and payable, together with interest from the date of default.

The Maker and all endorsers, guarantors and sureties hereby severally waive protest, presentment, demand, and notice of protest and nonpayment in case this Note or any payment due hereunder is not paid when due; and they agree to any renewal of this Note or to any extension, acceleration or postponement of the time of payment, or any other indulgence, to any substitution, exchange or release of collateral and to the release of any party or person primarily or contingently liable herefor, without prejudice to the holder and without notice to Maker, or to any endorser, guarantor or surety. Maker and any guarantor, endorser, surety or any other person who is or may become liable hereon will, on demand, pay all costs of collection, including reasonable attorney fees of the holder hereunder.

The Maker is personally obligated and fully liable for the amount due under this Note. The Payee has the right to sue on the Note and obtain a personal judgment against the Maker for satisfaction of the amount due under the Note either before or after a judicial foreclosure of the deed of trust under AS 09.45.170-09.45.220. Reference AS 34.20.160(b).

This Note is delivered and accepted in the State of Alaska and shall be governed by and construed in accordance with the laws of said State. Any suit or proceeding arising from or seeking to enforce this Note shall be litigated in courts sitting in Alaska.

Executed December ____, 2002, as of December 6, 2002.

**South Coast, Inc.**
**South Coast, Inc. dba Klukwan Contracting**
**(for itself and as successor in interest to**
**South Coast, Inc./Agate, Inc. (JV)**

By:_________________________________
Thomas L. Crandall, President