James D. Gilmore
CLAPP, PETERSON, VAN FLEIN,
　TIEMESSEN & THORSNESS LLC
711 H Street, Suite 620
Anchorage, AK 99501
Ph. (907) 272-9272/Fax (907) 272-9586

Attorneys for Defendant
Jan D. Sokol

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., an Alaska Native Village corporation, and CHILKATS' PORTGAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>　　　　　　　Defendants. | Case No. A06-00063 (TMB) |
| SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., an Alaska Native Village corporation, and CHILKATS' PORTGAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>　　　　Counter-Claim and<br>　　　　Third Party Plaintiff,<br><br>vs. | **ANSWER TO THIRD PARTY COMPLAINT** |

Answer to Third Party Complaint
*Travelers v. South Coast et al.*, Case No. A06-00063 (TMB)
Page 1 of 7

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation, STEWART, SOKOL & GRAY, L.L.C., and JAN D. SOKOL,

        Counterclaimant and
        Third Party Defendants.

Third Party Defendants, Stewart, Sokol & Gray L.L.C. and Jan D. Sokol, herein referred to as "Third Party Defendants Sokol," in answer to the Third Party Complaint filed by Defendants South Coast, Inc., Klukwan, Inc., and Chilkat's Portage Cove Development Company, herein referred to as "Defendants South Coast, Inc.," state:

1. Third Party Defendants Sokol lack knowledge or information sufficient to form a belief as to the truth or falsity of each of the allegations contained in Paragraphs 2, 3, and 4 of the Third Party Complaint.

5. Admitted.

6. Admitted.

7. Third Party Defendants Sokol admit that they have represented Travelers Casualty and Surety Company of America in efforts to collect amounts owed under South Coast, Inc.'s general liability obligations, but deny each and every remaining allegation contained in Paragraph 7 of the Third Party Complaint.

8. Third Party Defendants Sokol admit that they represented Travelers by filing a Petition to Require the Production of Documents before action, a copy of which is attached to the Third Party Complaint as Exhibit "A." Third Party

Defendants Sokol deny each and every remaining allegation contained in Paragraph 8 of the Third Party Complaint.

9. Admitted.

10. Denied.

11. Denied.

12. Denied.

13. Third Party Defendants Sokol specifically deny that they represented both Klukwan and Travelers.  Third Party Defendants Sokol represented only Travelers and did not, therefore, choose one client's interest over another nor did they represent one client against another.  Third Party Defendants Sokol deny each and every remaining allegation contained in Paragraph 13 of the Third Party Complaint.

14. Admitted.

15. Denied.

16. Third Party Defendants Sokol lack knowledge or information sufficient to form a belief as to the truth or falsity of each of the allegations contained in Paragraph 16 of the Third Party Complaint.

17. Admitted.

18. Admitted.

19. Third Party Defendants Sokol admit that, on September 27, 2005, Judge Beistline granted Peterson, Sullivan's Motion for Summary Judgment, that a

copy of Judge Beistline's decision is attached to the Third Party Complaint as Exhibit "C," and that the reasons for Judge Beistline's decision are set forth therein.

### FIRST CLAIM FOR RELIEF
### (Negligence – Jan D. Sokol and Stewart, Sokol & Gray)

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

### SECOND CLAIM FOR RELIEF
### (Negligence – Travelers)

25. Paragraphs 25, 26, 27, and 28 of the Third Party Complaint assert claims against a defendant other than Third Party Defendant Sokol, and Third Party Defendants Sokol are not required to answer same. To the extent said Paragraph may be interpreted to state claims against Third Party Defendants Sokol, said claims are denied.

By way of further answer and in affirmative defense, Third Party Defendants Sokol state:

### FIRST AFFIRMATIVE DEFENSE

Defendants' Third Party Complaint fails to state a claim against Third Party Defendants Sokol for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims asserted in Defendants' Third Party Complaint against Third Party Defendants Sokol are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Third Party Plaintiffs' damages, if any, result from their own conduct and/or the conduct of their attorneys, Christianson & Spraker.

### FOURTH AFFIRMATIVE DEFENSE

Third Party Defendants Sokol had no attorney/client relationship with Defendants/Third Party Complainants, and owed no duty to them.

### FIFTH AFFIRMATIVE DEFENSE

Third Party Plaintiffs have failed to mitigate their damages.

### SIXTH AFFIRMATIVE DEFENSE

Third Party Defendants Sokol reserve the right to amend this Answer to add additional affirmative defenses which may become apparent during the course of this litigation.

WHEREFORE, having fully answered Defendant's Third Party Complaint, and having asserted affirmative defenses thereto, Third Party Defendants Sokol request that said Third Party Complaint be denied with prejudice, and that Third Party Defendants Sokol be awarded their costs and disbursements herein, together with a reasonable amount for attorney's fees.

DATED at Anchorage, Alaska, this  19 th  day of June, 2006.

/s/     Thomas Van Flein
for  James D. Gilmore, # # 6702007
**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska  99501
(907) 272-9272
Attorneys for Third Party Defendants, Stewart, Sokol & Gray L.L.C. and Jan D. Sokol

<u>Certificate of Service</u>

I hereby certify that on June 19, 2006 , a copy of the foregoing document was served via facsimile on Gary Spraker and on June 21, 2006 served electronically through the ECF system on Gary Spraker and James T. Hopkins.

<u>/s/ Thomas Van Flein for James D. Gilmore</u>

Answer to Third Party Complaint
*Travelers v. South Coast et al.*, Case No. A06-00063 (TMB)
Page 7 of 7