Garth A. Schlemlein, ASBA # 8602011
James T. Hopkins, *Pro Hac Vice*
Robert L. Olson, *Pro Hac Vice*
Schiffrin Olson Schlemlein & Hopkins, P.L.L.C.
1601 Fifth Avenue, Suite 2500
Seattle, WA 98101
Telephone: 206-448-8100
Telefax: 206-448-8514

Richard E. Spoonemore, *Pro Hac Vice Pending*
Sirianni Youtz Meier & Spoonemore
1100 Millennium Tower, 719 Second Ave.
Seattle, WA 98104
Telephone: 206-223-0303
Telefax: 206-223-0246
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY company of America, A Connecticut corporation,<br>　　　　　　Plaintiff,<br>v.<br>SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., an Alaska Native Village corporation, and CHILKATS' PORTAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br>　　　　　　Defendants. | Case No. A06-00063 (TMB) |
| SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., an Alaska Native Village corporation, and CHILKATS' PORTAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br>　　　　　　Counterclaim and Third Party Plaintiff<br>v.<br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation, STEWART SOKOL & GRAY L.L.C., and JAN D. SOKOL,<br>　　　　　　Counterclaim and Third Party Defendants. | |

Plaintiff's Motion re: *Leave to File Cross-Claim* -1
Case No A06-00063 (TMB)

# PLAINTIFF TRAVELERS'S MOTION FOR LEAVE TO ASSERT CROSS-CLAIM AGAINST THIRD PARTY DEFENDANTS

## I. INTRODUCTION

Travelers Casualty and Surety Company of America ("Travelers") moves this Court for leave to file a cross-claim against Stewart Sokol & Gray LLC and Jan D. Sokol (collectively "Sokol Defendants"), its former law firm and attorney. The conduct of the Sokol Defendants is already being challenged in this action in a third-party claim filed by defendants South Coast, Inc., Klukwan and Chilkats' Portage Cove Development Company (collectively "Klukwan Defendants"). Both the third-party claim and Travelers' proposed cross claim relate to an identical question: Did the Sokol Defendants commit legal malpractice in failing to bring an action against the auditors of South Coast within Alaska's statute of limitations?

Allowing Travelers to assert its cross-claim in this action, rather than requiring Travelers to commence a new action against the Sokol Defendants, results in no prejudice to any party while promoting party and judicial economy. The issues relating to the Sokol Defendants' negligence have been part of this action since the Klukwan Defendants filed their third party action. The addition of a cross-claim does not result in any additional burdensome discovery, and need not delay this action. In addition, having issues pertaining to the Sokol Defendant's negligence adjudicated in a single action removes any possibility of inconsistent verdicts and promotes party and judicial economy.

## II. RELIEF REQUESTED

Pursuant to Federal Rule of Civil Procedure 14(a) and 15(a), Travelers seeks leave of Court to file a cross-claim against Third Party Defendants Stewart Sokol & Gray LLC and Jan D. Sokol. A copy of the proposed cross-claim is attached hereto as *Exhibit A*.

Plaintiff's Motion re: *Leave to File Cross-Claim* -2
Case No. A06-00063 (TMB)

### III. FACTS

This case was originally filed by Travelers against the Klukwan Defendants seeking repayment under an agreement between them. See Docket No. 1, Complaint. The Klukwan Defendants, in response, brought third-party claims against the Sokol Defendants, alleging, *inter alia*, that the Sokol Defendants were negligent in failing to timely file an action against the South Coast's auditors that would have allegedly reduced their obligation to Travelers under the agreement. See Docket No. 17-1, Defendants' Answer and Counterclaim and Third Party Complaint, pp. 4-8. The Klukwan Defendants also brought claims against Travelers arising out of the Sokol Defendants' negligence and the failure of the case against South Coast's auditors. *Id.*, p. 8.

Travelers, who was actually represented by the Sokol Defendants in this action at the time the Klukwan Defendants asserted their third party claims, did not initially file cross-claims against the Sokol Defendants.[1] It opted instead to obtain new counsel to: (1) represent it in this case and (2) analyze its potential legal malpractice claims. After concluding that malpractice had occurred in regard to the Sokol Defendants' representation of Travelers, Travelers entered into a series of tolling agreements with the Sokol Defendants and attempted to mediate its dispute with them. Mediation, however, was unsuccessful and the tolling agreement expired last month.

On July 13, 2007 counsel for Travelers transmitted to opposing counsel a draft of its proposed cross-claim and a proposed stipulation to allow its filing in this action. The Klukwan Defendants agreed to such stipulation. However, on July 26, 2007 counsel for the

---

[1] Jan Sokol and his firm promptly withdrew from representing Travelers in this action after the Answer was filed by the Klukwan Defendants.

Plaintiff's Motion re: *Leave to File Cross-Claim* -3
Case No. A06-00063 (TMB)

Sokol Defendants advised they would not so agree. Declaration of James T. Hopkins, ¶ 3. Therefore, Travelers now seeks the right to file its cross claim against the Sokol Defendants with this motion.

## IV. LEGAL AUTHORITY

### A. Standards For Asserting Cross-Claims.

The assertion of a cross claim is governed by Federal Rule of Civil Procedure 14(a). This rule allows a plaintiff to "assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff . . . ." The claim may be asserted through an amendment to the original complaint or answer, or through the assertion of a freestanding cross claim:

> Although Rule 14(a) does not explicitly provide the manner in which plaintiff is to assert the claim, the Advisory Committee Note to the 1948 amendment to Rule 14 states: "the plaintiff may, if he desires, assert directly against the third-party defendant either by amendment or by a new pleading any claim he may have . . . ."

Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d, § 1459, p. 451 (1990). Rather than filing an amended pleading, Travelers seeks leave to file a freestanding cross-claim in the form attached hereto as *Exhibit A*.

If a cross-claim is not contained in the original answer, then the party seeking to assert it later must obtain leave of court. *Federal Savings and Loan Ins. Corp. v. Molinaro*, 923 F.2d 736, 738 (9th Cir. 1991). Consistent with Federal Rule 15, leave should be "freely granted when justice so requires." Fed. R. Civ. P. 15(a).

Pursuant to this Court's Scheduling and Planning Order dated December 28, 2007 (Docket No. 54), motions to amend the pleadings need to be filed 90 days before the close of discovery. Motions after that date can be made, but need to establish "good cause"

Plaintiff's Motion re: *Leave to File Cross-Claim* -4
Case No. A06-00063 (TMB)

for the amendment. Here, the parties have agreed to extend the current discovery cut off date of September 28, 2007 to November 15, 2007, and a stipulation to that effect is expected to be filed within the next week. Hopkins Decl., ¶2. Under this revised schedule, the "good cause" standard does not apply as this motion is well within the 90 day period. However, even if the anticipated stipulation is not entered, Travelers should still be permitted to assert its cross-claim because "good cause" to file the cross claim exists here.

### B. Assertion Of The Cross Claim Results In No Prejudice To The Sokol Defendants, Promotes Party And Judicial Economy And Avoids The Potential Of Inconsistent Verdicts.

Travelers should be allowed to file its cross-claim under either the Rule 15(a) standard or the "good cause" standard. The purpose of Rule 14 – resolving related or identical issues in the same proceeding – is best served by adjudicating the question of the Sokol Defendants' negligence in a single proceeding. The alternative, the filing of a separate action against the Sokol Defendants, undermines the purpose of Rule 14:

> A principal purpose of Rule 14 is to dispose of all related matters in one litigation and to avoid unnecessary trials and duplication of evidence. Its provisions are addressed to the discretion of the Court to be exercised in the light of its purpose.

*Lane v. Celanese Corp of America,* 94 F.Supp. 528, 530 (D.C.N.Y. 1950).

The gravamen of Travelers' proposed cross-claim – that the Sokol Defendants were negligent in failing to timely file its action against South Coast's auditors in connection with their representation of Travelers – is *identical* to Defendant's claim against the Sokol Defendants. In this regard, Defendants assert they too were clients of the Sokol Defendants. *Compare* Proposed Cross Claim, *Exhibit A,* ¶¶16-24 (Proposed Cross Claim) *with* Docket No. 17-1, Defendants' Answer and Counterclaim and Third Party Complaint, pp. 7-8. If the Defendants' third party claim is litigated on its merits, the evidence relating to that claim will substantially overlap the evidence Travelers would introduce in proving its proposed cross

Plaintiff's Motion re: *Leave to File Cross-Claim* -5
Case No. A06-00063 (TMB)

claim. Similarly, defenses raised by the Sokol Defendants will implicate some of the same defenses likely to be raised to Travelers' claims. These claims and defenses are best adjudicated in a single action.

There is no prejudice to the Sokol Defendants. Substantive depositions have only just commenced, and the depositions of the key witnesses with respect to the malpractice action have not yet occurred. The current discovery cut-off date of September 28, itself nearly two months away, will likely be moved to November 15. *See* Hopkins Decl., ¶2. In contrast, very real prejudice could occur if Travelers is forced to bring a separate action against the Sokol Defendants. In addition to the inevitable increased costs associated with such a separate action, it is possible that the parties could be faced with inconsistent and conflicting verdicts. This prejudice is avoided by a single adjudication.

Travelers has been diligent in pursuing its action against the Sokol Defendants. This case is unusual in that the Sokol Defendants were actively representing Travelers in this action up until the Klukwan Defendants' filed their third party claim. The Sokol Defendants immediately withdrew, and Travelers and the Sokol Defendants entered into a series of tolling agreements in an effort to resolve this action short of litigation. When the last tolling agreement expired just last month with no resolution of the dispute, Travelers moved promptly to file its cross claim.

### V. CONCLUSION

Party and judicial economy are best served by allowing Travelers to file its proposed cross claim against the Sokol Defendants. There is no prejudice to any party with such a filing, and the simultaneous adjudication of the issues pertaining to the Sokol Defendants eliminates the possibility of conflicting verdicts. A proposed Order is submitted with this brief.

Plaintiff's Motion re: *Leave to File Cross-Claim* -6
Case No A06-00063 (TMB)

Respectfully submitted this 2nd day of August, 2007.

<u>S/ Garth A. Schlemlein</u>
Garth A. Schlemlein, ASBA # 8602011
James T. Hopkins, *Pro Hac Vice*
Robert L. Olson, *Pro Hac Vice*
Schiffrin Olson Schlemlein & Hopkins, PLLC
1601 Fifth Ave., Suite 2500
Seattle, WA 98101
Telephone: (206) 448-8100/Fax (206) 448-8514
Email: gas@soslaw.com
Attorneys for plaintiff Travelers Casualty and Surety Co. of America

Plaintiff's Motion re: *Leave to File Cross-Claim* -7
Case No. A06-00063 (TMB)

CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury of the laws of the State of Washington that, on the ___3rd___ day of ___August___, 2007, a true and correct copy of the foregoing was sent via U.S. Mail and electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Presented by:

*S/ Garth A. Schlemlein*
Garth A. Schlemlein, ASBA # 8602011
James T. Hopkins, *Pro Hac Vice*
Robert L. Olson, *Pro Hac Vice*
Schiffrin Olson Schlemlein & Hopkins, PLLC
1601 Fifth Ave., Suite 2500
Seattle, WA 98101
Telephone: (206) 448-8100/Fax (206) 448-8514
Email: gas@soslaw.com
Attorneys for plaintiff Travelers Casualty and Surety Co. of America

Plaintiff's Motion re: *Leave to File Cross-Claim* -8
Case No. A06-00063 (TMB)

Garth A. Schlemlein, ASBA # 8602011
James T. Hopkins, *Pro Hac Vice*
Robert L. Olson, *Pro Hac Vice*
Schiffrin Olson Schlemlein & Hopkins, P.L.L.C.
1601 Fifth Avenue, Suite 2500
Seattle, WA 98101
Telephone: 206-448-8100
Telefax: 206-448-8514

Richard E. Spoonemore, *Pro Hac Vice Pending*
Sirianni Youtz Meier & Spoonemore
1100 Millennium Tower
719 Second Ave.
Seattle, WA 98104
Telephone: 206-223-0303
Telefax: 206-223-0246
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

TRAVELERS CASUALTY AND SURETY company of America, A Connecticut corporation,

    Plaintiff,

v.

SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., an Alaska Native Village corporation, and CHILKATS' PORTAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,

    Defendants.

SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., an Alaska Native Village corporation, and CHILKATS' PORTAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,

    Counterclaim and
    Third Party Plaintiff

v.

Case No. A06-00063 (TMB)

**EXHIBIT A**

TRAVELERS' CROSS CLAIMS
AGAINST SOKOL - 1

TRAVELERS CASUALTY AND
SURETY COMPANY OF
AMERICA, a Connecticut
corporation, STEWART SOKOL &
GRAY L.L.C., and JAN D. SOKOL,

    Counterclaim and
    Third Party Defendants.

---

TRAVELERS CASUALTY AND
SURETY company of America, A
Connecticut corporation,

    Plaintiff and Cross
    Claim Plaintiff;

v.

STEWART SOKOL & GRAY L.L.C.,
and JAN D. SOKOL

    Cross Claim Defendants.

## (Proposed) TRAVELERS' CROSS CLAIM AGAINST STEWART SOKOL & GRAY LLC AND JAN D. SOKOL

Plaintiff and cross claim plaintiff Travelers Casualty and Surety Company of America ("Travelers") alleges the following cross claim against Stewart Sokol & Gray, LLC and Jan D. Sokol, counterclaim defendants, as follows:

    1.    Travelers now is, and at all times material has been, a corporation duly organized and existing under the laws of the State of Connecticut, with its principal place of business in the State of Connecticut. It is registered, authorized and engaged in the surety business and authorized to do business in the State of Alaska, with all fees paid.

    2.    Cross claim defendant Stewart Sokol & Gray LLC is a limited liability corporation engaged in the practice of law with its principal place of business in Oregon.

TRAVELERS' CROSS CLAIMS
AGAINST SOKOL - 2

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

1. Cross claim defendant Jan D. Sokol is a lawyer and partner in Stewart Sokol & Gray LLC. Cross claim defendants shall be collectively referred to as "Sokol".

3. Travelers hired Sokol in April of 2003 to pursue claims it had against, *inter alia*, Peterson Sullivan PLLC, the auditors for defendant South Coast Incorporated ("SCI"). The claims arose out of substantial losses sustained by Travelers on certain construction bonds issued by it on behalf of SCI in reliance upon SCI financial statements audited by Peterson Sullivan. Sokol filed Travelers' complaint against Peterson Sullivan and other defendants, *Travelers v. Gelbrich, et. al*, Cause No. A04-0165RRB, on August 4, 2004 in the United States District Court for the District of Alaska.

4. Sokol was hired over a year before Alaska's two-year statute of limitations was due to run on Travelers' claims against Peterson Sullivan.

5. At no time during the year that spanned their retention and the filing of the complaint did Sokol do legal research to determine when a cause of action accrues under Alaska law. Instead, prior to the filing of Travelers complaint against Peterson Sullivan, Sokol assumed that the statute of limitations did not begin to run until discovery of actual wrongdoing by Peterson Sullivan.

6. Sokol negligently informed Travelers that the issue with respect to the accrual of Alaska's two-year statute of limitations was the "discovery" of wrongful acts. For example, in an email dated April 14, 2004, he wrote:

> We should be mindful of the statute of limitations; however, it is unclear to me when we would have "discovered" the wrongful acts because we are still trying to determine if there were wrongful acts.

Sokol made the same error on June 9, 2004 when discussing, with Travelers, a cause of action against the former officers and directors of SCI.

TRAVELERS' CROSS CLAIMS
AGAINST SOKOL - 3

7.  Sokol negligently misunderstood Alaska law with respect to when a cause of action accrues. A review of Alaska law would have revealed that a cause of action accrues when a reasonable person "would have enough information to alert that person that he or she has a *potential* cause of action or *should begin an inquiry*." *Bauman v. Day*, 892 P.2d 817, 826 (Alaska 1995) (emphasis added).

8.  The facts evidencing Travelers' inquiry notice were in Sokol's possession prior to the statute of limitation deadline. For example, on April 2, 2003, Travelers informed Sokol that:

> Our first meeting about South Coast as claims was May 17, 2002 in Seattle with the agent and our underwriters. We, as claims, had our first meeting with South Coast on May 24th 2002, in Seattle. South Coast had sacked the prior management in January 2002 based on the reports that I am overnighting to you.

The reports that were overnighted to Sokol over a year before the statute was to run included two reports that another court relied upon in concluding that Travelers had inquiry notice under Alaska law, and in dismissing Travelers' claim because it had not been filed within the statutory period. That court held that the statute of limitations on Travelers' claim against Peterson Sullivan had run on June 20, 2004.

9.  There was nothing that prevented Sokol from timely filing Traveler's action against Peterson Sullivan. In an email dated June 8, 2004—eleven days before the statute was due to run—an expert consulted by Sokol concluded that there is sufficient factual evidence to file a lawsuit against Peterson Sullivan. Over a week before the statute was to run Sokol informed Travelers that "[b]ased on [the expert's] conclusions below, and my review of the material and the law, I believe we have sufficient factual evidence to support claims against the directors and officers and the accounting firm." Sokol further committed to preparing "a draft

TRAVELERS' CROSS CLAIMS
AGAINST SOKOL - 4

complaint for your review." Sokol was fully authorized to take any and all steps necessary to pursue Peterson Sullivan before the statute ran. But for the negligence of Sokol, the complaint against Peterson Sullivan could have been timely filed.

10. Travelers' possession of the two reports, among other information, should have prompted Sokol to ask Travelers when it first began an inquiry into whether Peterson Sullivan was negligent, thereby triggering the running of the statute of limitations under Alaska law. Sokol did not ask this question, or even investigate this issue, until after the action was filed against Peterson Sullivan. A reasonably prudent attorney would have asked this question, and investigated this issue, at the commencement of the engagement, and well before the statute of limitations deadline.

11. As a direct result of their negligence, Sokol did not file Travelers' lawsuit against Peterson Sullivan until August 4, 2004, well after the statute of limitations deadline of June 19, 2004.

12. As a direct result of Sokol's negligence, Travelers' cause of action against Peterson Sullivan was dismissed for the failure to file within the statute of limitations.

13. In the year of litigation leading up to the dismissal of Travelers' action against Peterson Sullivan, Travelers had obtained and analyzed Peterson Sullivan's work papers. They revealed that Peterson Sullivan had not followed GAAP in preparing SCI's audited December 2000 financial statements – financial statements which Travelers had relied upon in issuing certain bonds. Travelers' expert found no fewer than eight critical audit defects. Peterson Sullivan's audit was not just negligent, but (as Travelers' expert opined) "grossly inadequate," falling far below professional standards. But for the negligence of Sokol, Travelers would have obtained a recovery from Peterson Sullivan either through settlement or judgment.

TRAVELERS' CROSS CLAIMS
AGAINST SOKOL - 5

Travelers also lost the ability to obtain attorney fees from Peterson Sullivan pursuant to Alaska law.

14. As a direct result of the dismissal of Travelers' action against Peterson Sullivan, Travelers paid Peterson Sullivan attorney fees in the sum of $91,774 pursuant to Alaska law. But for the negligence of Sokol, Travelers would not have been liable for this payment to Peterson Sullivan.

15. As a direct result of the dismissal of Travelers' action against Peterson Sullivan, defendants SCI, Klukwan, Inc. and Chilkats' Portage Cove Development Co. have asserted a counterclaim against Travelers in this action. Travelers disputes such counterclaim and has incurred attorney's fees and costs to defend it.

### FIRST CLAIM FOR RELIEF — LEGAL NEGLIGENCE

16. Travelers reasserts and incorporates herein allegations 1 through 15, above.

17. Sokol owed Travelers a duty to use such skill, prudence, and diligence as other members of the legal profession commonly possess and exercise.

18. Sokol breached their duty to Travelers by failing to exercise such skill, prudence and diligence as other members of the legal profession commonly posses and exercise. These breaches include, but are not limited to, failing to conduct basic research concerning the statute of limitations under Alaska law, failing to investigate the facts pertaining to Travelers' notice of potential claims, misinforming Travelers of Alaska law and ultimately failing to file Travelers' action against Peterson Sullivan within the statute of limitations.

19. As a result of Sokol's breach of duty, Travelers suffered damages including, but not limited to, (1) the loss of the claim against Peterson Sullivan; (2) the payment of fees,

TRAVELERS' CROSS CLAIMS
AGAINST SOKOL - 6

costs and expenses incurred in pursuing the claim; (3) the payment of fees to Peterson Sullivan as required by Alaska law; (4) the payment to its counsel of fees, costs and expenses incurred in this action; (5) the amount of any recovery by defendants on their counterclaim; and (6) the diminution in value of other claims.

## SECOND CLAIM FOR RELIEF – BREACH OF IMPLIED CONTRACT

20. Travelers reasserts and incorporates herein allegations 1 through 19, above.

21. Travelers hired Sokol to perform legal services in connection with Travelers' losses on certain construction bonds issued on behalf of SCI, and to investigate and assert claims against Peterson Sullivan.

22. Inherent in the contract for legal services was the requirement that such services would be performed in a manner consistent with Sokol's duty of care to Travelers.

23. Sokol breached its contract with Travelers by failing to provide legal services in accordance with the standard of care owed to Travelers.

24. Sokol's breach of their implied contract to provide competent, non-negligent services to Travelers proximately caused Travelers' damages.

## PRAYER FOR RELIEF

WHEREFORE, Travelers prays for relief as follows:

1. An award of damages due to Sokol's negligence;

2. An award of damages due to Sokol's breach of contract;

3. Costs, pre-judgment interest, and attorneys' fees.

4. Such other relief as this court deems proper.

TRAVELERS' CROSS CLAIMS
AGAINST SOKOL - 7

Respectfully submitted in Anchorage, Alaska this __th day of August, 2007.

Attorneys for Travelers

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, PLLC

*S/ Garth A. Schlemlein*
Garth A. Schlemlein, ASBA # 8602011
James T. Hopkins, *Pro Hac Vice*
Robert L. Olson, *Pro Hac Vice*
Schiffrin Olson Schlemlein & Hopkins, PLLC
1601 Fifth Ave., Suite 2500
Seattle, WA 98101
Telephone: (206) 448-8100/Fax (206) 448-8514
Email: gas@soslaw.com

*And*

SIRIANNI YOUTZ MEIER & SPOONEMORE
*/s/Richard E. Spoonemore*
Richard E. Spoonemore, *pro hac vice pending*
Sirianni Youtz Meier & Spoonemore
1100 Millennium Towner
719 Second Ave.
Seattle, WA 98104
Telephone: (206) 223-0303
Fax: (206) 223-0246
Email: rspoonemore@sylaw.com

TRAVELERS' CROSS CLAIMS
AGAINST SOKOL - 8

Garth A. Schlemlein, ASBA # 8602011
James T. Hopkins, *Pro Hac Vice*
Robert L. Olson, *Pro Hac Vice*
Schiffrin Olson Schlemlein & Hopkins, PLLC
1601 Fifth Ave., Suite 2500
Seattle, WA 98101
Telephone: (206) 448-8100/Fax (206) 448-8514
Email: gas@soslaw.com

Richard E. Spoonemore, *Pro Hac Vice Pending*
Sirianni Youtz Meier & Spoonemore
1100 Millennium Tower
719 Second Ave.
Seattle, WA 98104
Telephone: 206-223-0303
Fax: 206-223-0246

Counsel for Travelers Casualty and
Surety Company of America

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA, AT ANCHORAGE

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY company of America, A Connecticut corporation,<br><br>      Plaintiff,<br>v.<br><br>SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., an Alaska Native Village corporation, and CHILKATS' PORTAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>      Defendants. | Case No. 3:06-CV-00063 TMB |
| SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., an Alaska Native Village corporation, and CHILKATS' PORTAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>      Counterclaim and Third Party Plaintiff | |

v.

TRAVELERS CASUALTY AND
SURETY COMPANY OF
AMERICA, a Connecticut
corporation, STEWART SOKOL &
GRAY L.L.C., and JAN D. SOKOL,

    Counterclaim and
    Third Party Defendants.

## (Proposed) ORDER GRANTING MOTION FOR TRAVELERS CASUALTY AND SURETY COMPANY TO FILE CROSS CLAIM

THIS MATTER came before the Court on the motion of the Plaintiff Travelers Casualty and Surety Company for an order authorizing the filing of a cross claim against third party defendants Stewart Sokol & Gray LLC and Jan D. Sokol. The Court considered such motion, and the supporting declaration of James T. Hopkins, as well as any opposition to this motion, the Court being fully advised on the premises. Now, therefore, it is hereby: ORDERED

That the motion is GRANTED and that Travelers may file its proposed cross claim against Stewart Sokol & Gray LLC and Jan D. Sokol.

ENTERED this _____ day of _____, 2007.

_____
THE HONORABLE TIMOTHY M. BURGESS

-3-

Presented by:

*S/ Garth A. Schlemlein*
Garth A. Schlemlein, ASBA # 8602011
James T. Hopkins, *Pro Hac Vice*
Robert L. Olson, *Pro Hac Vice*
Schiffrin Olson Schlemlein & Hopkins, PLLC
1601 Fifth Ave., Suite 2500
Seattle, WA 98101
Telephone: (206) 448-8100/Fax (206) 448-8514
Email: gas@soslaw.com