IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, A Connecticut corporation,<br><br>                Plaintiff,<br>v.<br><br>SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., an Alaska Native Village corporation, and CHILKATS' PORTAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>                Defendants.<br>_____<br><br>SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., an Alaska Native Village corporation, and CHILKATS' PORTAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>                Counter-Claim and<br>                Third Party Plaintiff<br>v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation, STEWART SOKOL & GRAY L.L.C., and JAN D. SOKOL,<br><br>                Counterclaim and<br>                Third Party Defendants. | Case No. 3:06-cv-0063 TMB |

**PROTECTIVE ORDER**

THIS MATTER comes before the Court upon the stipulation of counsel. The Court considered the parties' stipulation filed herein and finds good cause exists for the entry of a Protective Order. Accordingly,

**Protective Order**
**Case No. 3:06-cv-0063 (TMB)**
Page 1

IT IS HEREBY ORDERED, as follows:

1. <u>Definition of "Document."</u>  As used in this Order, the term "document" means all written, recorded or graphic material of any kind, however produced and in whatever form or medium, whether produced or created by a party or another person or entity.

2. <u>Litigation Use Only</u>.  All documents produced in this litigation, including without limitation "confidential" documents, whether produced by a party or nonparty, and whether pursuant to subpoena, agreement or otherwise, and all information contained therein or derived therefrom, shall be used solely for the preparation and trial of this action (including any appeals and retrials), and may not be used for any other purpose, including business, governmental or commercial, or any other administrative or judicial proceedings or actions.

3. <u>Nonparties</u>.  The use of documents or deposition testimony obtained from nonparties to this litigation shall be governed in all respects by this Order.  As used in this Order, the terms "party" and "parties" shall be deemed to include nonparties to the extent necessary or appropriate to effectuate the terms of this Order.

4. <u>"Confidential" Documents</u>.  Any documents produced by any party or nonparty in this action which are, in good faith, determined by the producing party or nonparty to contain confidential, proprietary or other similarly sensitive information of a nonpublic nature may be designated "confidential."

5. <u>Designation of "Confidential" Documents</u>.  A producing party or nonparty may designate documents "confidential" by:

    a. Stamping the document "Confidential" (or its substantial equivalent) prior to their production.  Stamping such a "confidential" legend on the cover of any

multipage document designates the entire document "confidential," unless otherwise indicated by the producing party or nonparty;

      b.    Furnishing a separate written notice to counsel for the party receiving the "confidential" documents at the time of their production, or as soon thereafter as practicable; or

      c.    Specifically identifying the documents as "confidential" through a statement on the record at a deposition.

Discovery responses, deposition transcripts and exhibits, pleadings, motions, affidavits, briefs, and other court papers that discuss or refer to confidential documents or information may be accorded status as a "confidential" document pursuant to the provisions of this Order, but, to the extent feasible, shall be prepared in such a manner that the "confidential" information is bound separately from that not entitled to protection.

6.    <u>Scope of "Confidential" Designation</u>.    The special treatment accorded to documents designated "confidential" under this Order shall reach:

      a.    All documents previously or hereafter designated "confidential";

      b.    All copies, extracts, and complete or partial summaries prepared from such documents;

      c.    Any deposition transcript or exhibit, or portion thereof, that discusses or refers to such documents, copies, extracts or summaries; and

      d.    Any portion of any discovery response, affidavit, brief, or other paper filed with the Court, or exhibit thereto, that discusses or refers to such documents, copies, extracts or summaries.

7. <u>Restrictions on Disclosure of "Confidential" Documents</u>. Except with prior written consent of all parties and nonparties asserting confidential treatment, and except as provided elsewhere in this Order, documents designated "confidential," and all information contained therein or derived therefrom, may not be disclosed to any person other than:

    a.    The parties to this litigation, and their officers and directors;

    b.    Counsel for the parties in this action;

    c.    Secretaries, paralegal assistants, and other employees of such counsel who are assisting in the prosecution and/or defense of this action;

    d.    Actual or potential deposition or trial witnesses in this action, to the extent reasonably necessary to prepare the witness to testify concerning this case. In no event, however, shall disclosure be made under this subparagraph to any witness who is or has been employed by or associated with any competitor or customer of the designating party or nonparty unless the "confidential" documents in question were written by, seen by, or copied to, said witness; and

    e.    Outside consultants and experts retained for the purpose of assisting counsel and the parties in the prosecution and/or defense of this action.

8. <u>Review of Own "Confidential" Documents</u>. The restrictions of this Order shall not apply to parties or nonparties, and their employees, attorneys, experts or other authorized agents, when reviewing their own "confidential" documents.

9. <u>Certification of Compliance</u>. Except for persons identified in subparagraphs 7(a) – (c) above, no person authorized under the terms of this Order to receive access to "confidential" documents shall be granted access to them until such person has read this Order and agreed in writing to be bound by it per the form attached as Exhibit A. Upon order

of this Court, for good cause shown, these written agreements (Exhibit A) shall be available for inspection by counsel for other parties or nonparties.

      10.    <u>Notice of Breach</u>.  It shall be the obligation of counsel, upon hearing of any breach or threatened breach of this Order by any person, promptly to notify counsel for the opposing and producing parties of such breach or threatened breach.

      11.    <u>Use of "Confidential" Documents at Depositions</u>.  Documents designated "confidential," and all information contained therein or derived therefrom, may be used or referred to at depositions, or marked as deposition exhibits, in accordance with the provisions of this Order.  Any "confidential" documents marked as deposition exhibits shall be sealed separately from the remainder of the deposition transcript and exhibits.  When a party uses or refers to "confidential" documents or information at a deposition, the portion of the deposition transcript that relates to such documents or information shall be stamped "confidential" and sealed separately from the remainder of the transcript, and shall be treated as "confidential" under the provision of this Order.

      12.    <u>Designating Portions of Deposition Transcripts Confidential</u>.  Any party or nonparty may, within 15 days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as being "confidential."  At the deposition, the parties will attempt in good faith to preliminarily identify and designate "confidential" testimony and exhibits without prejudice to their right to so designate other testimony or exhibits or withdraw such designation after receipt of the transcript. Confidential deposition testimony or exhibits may be so designated by stamping the exhibits "confidential," or by underlining the portions of the pages that are confidential and stamping such pages "confidential."  Until expiration of the 15-day period, the entire deposition transcript, and all exhibits thereto, will

be treated as "confidential" under the provisions of this Order. If no party or nonparty timely designates testimony or exhibits from a deposition as being "confidential," none of the deposition testimony or exhibits will be treated as confidential. If a timely "confidential" designation is made, the confidential portions and exhibits shall be sealed separately from the portions and exhibits not so marked, and shall be treated as "confidential" under the provisions of this Order.

      13.    <u>Use of "Confidential" Documents in Papers Filed With the Court</u>. Documents designated "confidential," and all information contained therein or derived therefrom, may be discussed or referred to in pleadings, motions, affidavits, briefs and other papers filed with the Court, or attached as exhibits thereto, provided that such "confidential" documents and information, and any portion of any paper filed with the Court that discusses or refers to them, are stamped "confidential" and separately filed under seal with the Clerk of Court.

      14.    <u>Use of "Confidential" Documents in Court</u>. Documents designated "confidential," and all information contained therein or derived therefrom, may be used or offered in evidence at the trial of this case, or at any court hearing in this litigation, provided that:

      a.    Sufficient advance notice is given to permit the designating party or nonparty to seek additional protections or relief from the Court if desired; and

      b.    The "confidential" documents and information, and any portion of any transcript or court paper where they are discussed or referred to, are stamped "confidential" and separately filed under seal with the Clerk of Court.

      15.    <u>Declassification</u>. If, at any time, any party or their counsel believes that a document should not be protected as "confidential" under the terms of this Order, such party

shall so notify the designating party or nonparty. Counsel shall then, within a reasonable time (not to exceed ten days) after such notice is given, confer concerning such document. If agreement is not reached, the party seeking a change in the status of the document may apply promptly to the Court for appropriate relief. At the hearing on any motion relating to confidentiality, the party or nonparty claiming confidential treatment shall have the burden of proving that the document contains confidential information that is entitled to protection. Until the Court enters an order changing the designation, the document shall be given the confidential treatment initially assigned to it and provided for by this Order.

16. <u>Nontermination and Return of Documents</u>. The provisions of this Order shall continue to apply to all "confidential" documents and information after this action has been terminated. Upon termination of this action, including all appeals, the parties shall return all "confidential" documents to the producing party, as well as all copies, extracts and summaries thereof; alternatively, the parties and/or any producing party may agree upon appropriate methods of destruction. With regard to copies of pleadings in counsel's files, should a document designated as confidential be attached to the pleading as an exhibit, that document shall be removed and returned to the party designating its confidential nature.

17. <u>No Admissions</u>. Nothing contained in this Order, nor any action taken in compliance with it, shall:

    a. Operate as an admission by any party that any particular document or information is, or is not, confidential;

    b. Prejudice in any way the right of any party to seek a Court determination whether particular information should or may be disclosed, or, if disclosed, whether it should remain subject to the terms of this Order; or

**Protective Order**
Case No. 3:06-cv-0063 (TMB)
Page 7

c.  Operate as an admission by any party that any particular document is, or is not, subject to discovery or admissible in evidence at the trial of this action.

18. <u>Interim Protection</u>.  "Confidential" documents produced by any party or nonparty through discovery in this action prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if the Order had been entered by the Court, unless the Court otherwise directs.

19. <u>Enforcement of Protective Order</u>.

a.  <u>During Pendency of this Action</u>.  The parties agree that, during the pendency of this proceeding, all disputes regarding the enforcement of this Protective Order shall be submitted to the Court for resolution on reasonable notice and after an opportunity for hearing.

b.  <u>After Conclusion of the Proceedings</u>.  After the rendering of a judgment or decision or other act by which these proceedings are effectively concluded, any future dispute arising out of or related to this Protective Order, or the enforcement thereof, shall be submitted to the United States District Court for the District of Alaska.  That Court shall have plenary jurisdiction to hear and rule upon all such disputes relate to said matters, and the parties and all witnesses receiving confidential material agree to submit to its jurisdiction.

20. <u>Modification</u>.  Any party may request the Court to modify or otherwise grant relief from any provision of this Order.

21. <u>Prior Protective Order Regarding KMPG Documents</u>.  Notwithstanding any provisions of this order regarding the treatment of documents produced by non-parties, the

Court's prior order in regard to KPMG's documents shall take precedence in regard to documents produced by KMPG in this litigation.

Dated this 1st day of October, 2007.

  /s/ Timothy M. Burgess
HONORABLE TIMOTHY M. BURGESS
U.S. DISTRICT COURT JUDGE

# EXHIBIT A

1.  I, _____, have read the Protective Order ("Order") entered in <u>Travelers v. South Coast, Inc., et al.</u>, United States District Court for the District of Alaska, Cause No. A06-00063(TMB), and agree to be bound by its terms with respect to any documents, material or information designated or marked "Confidential" that are furnished to me as set forth in the Order.

2.  I further agree (i) not to disclose to anyone any documents, materials or information marked "Confidential" other than as set forth in the Order, and (ii) not to make any copies of any documents, material or information marked "Confidential" furnished to me except in accordance with the Order.

3.  I hereby consent to venue and jurisdiction in the United States District Court for the District of Alaska with regard to any proceedings to enforce the terms of the Order.

_____
Signature

Dated: _____