Garth A. Schlemlein, ASBA # 8602011
James T. Hopkins, *Pro Hac Vice*
Robert L. Olson, *Pro Hac Vice*
Schiffrin Olson Schlemlein & Hopkins, P.L.L.C.
1601 Fifth Avenue, Suite 2500
Seattle, WA 98101
Telephone: 206-448-8100
Telefax: 206-448-8514

Richard E. Spoonemore, *Pro Hac Vice*
Sirianni Youtz Meier & Spoonemore
1100 Millennium Tower
719 Second Ave.
Seattle, WA 98104
Telephone: 206-223-0303
Telefax: 206-223-0246
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY company of America, A Connecticut corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., an Alaska Native Village corporation, and CHILKATS' PORTAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>                    Defendants.<br><br>─────────────────────<br><br>SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., an Alaska Native Village corporation, and CHILKATS' PORTAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>        Counterclaim and<br>        Third Party Plaintiff<br><br>v. | Case No. A06-00063 (TMB) |

TRAVELERS' CROSS CLAIMS
AGAINST SOKOL - 1

| | |
|---|---|
| 1 | TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation, STEWART SOKOL & GRAY L.L.C., and JAN D. SOKOL, |
| 2 | |
| 3 | |
| 4 | Counterclaim and Third Party Defendants. |
| 5 | |
| 6 | TRAVELERS CASUALTY AND SURETY company of America, A Connecticut corporation, |
| 7 | |
| 8 | Plaintiff and Cross Claim Plaintiff; |
| 9 | |
| 10 | v. |
| 11 | STEWART SOKOL & GRAY L.L.C., and JAN D. SOKOL |
| 12 | |
| 13 | Cross Claim Defendants. |

### TRAVELERS' CROSS CLAIM AGAINST STEWART SOKOL & GRAY LLC AND JAN D. SOKOL

Plaintiff and cross claim plaintiff Travelers Casualty and Surety Company of America ("Travelers") alleges the following cross claim against Stewart Sokol & Gray, LLC and Jan D. Sokol, counterclaim defendants, as follows:

1. Travelers now is, and at all times material has been, a corporation duly organized and existing under the laws of the State of Connecticut, with its principal place of business in the State of Connecticut. It is registered, authorized and engaged in the surety business and authorized to do business in the State of Alaska, with all fees paid.

2. Cross claim defendant Stewart Sokol & Gray LLC is a limited liability corporation engaged in the practice of law with its principal place of business in Oregon.

TRAVELERS' CROSS CLAIMS
AGAINST SOKOL - 2

Cross claim defendant Jan D. Sokol is a lawyer and partner in Stewart Sokol & Gray LLC. Cross claim defendants shall be collectively referred to as "Sokol".

3. Travelers hired Sokol in April of 2003 to pursue claims it had against, *inter alia*, Peterson Sullivan PLLC, the auditors for defendant South Coast Incorporated ("SCI"). The claims arose out of substantial losses sustained by Travelers on certain construction bonds issued by it on behalf of SCI in reliance upon SCI financial statements audited by Peterson Sullivan. Sokol filed Travelers' complaint against Peterson Sullivan and other defendants, *Travelers v. Gelbrich, et. al*, Cause No. A04-0165RRB, on August 4, 2004 in the United States District Court for the District of Alaska.

4. Sokol was hired over a year before Alaska's two-year statute of limitations was due to run on Travelers' claims against Peterson Sullivan.

5. At no time during the year that spanned their retention and the filing of the complaint did Sokol do legal research to determine when a cause of action accrues under Alaska law. Instead, prior to the filing of Travelers complaint against Peterson Sullivan, Sokol assumed that the statute of limitations did not begin to run until discovery of actual wrongdoing by Peterson Sullivan.

6. Sokol negligently informed Travelers that the issue with respect to the accrual of Alaska's two-year statute of limitations was the "discovery" of wrongful acts. For example, in an email dated April 14, 2004, he wrote:

> We should be mindful of the statute of limitations; however, it is unclear to me when we would have "discovered" the wrongful acts because we are still trying to determine if there were wrongful acts.

Sokol made the same error on June 9, 2004 when discussing, with Travelers, a cause of action against the former officers and directors of SCI.

TRAVELERS' CROSS CLAIMS
AGAINST SOKOL - 3

7. Sokol negligently misunderstood Alaska law with respect to when a cause of action accrues. A review of Alaska law would have revealed that a cause of action accrues when a reasonable person "would have enough information to alert that person that he or she has a *potential* cause of action or *should begin an inquiry*." *Bauman v. Day*, 892 P.2d 817, 826 (Alaska 1995) (emphasis added).

8. The facts evidencing Travelers' inquiry notice were in Sokol's possession prior to the statute of limitation deadline. For example, on April 2, 2003, Travelers informed Sokol that:

> Our first meeting about South Coast as claims was May 17, 2002 in Seattle with the agent and our underwriters. We, as claims, had our first meeting with South Coast on May 24th 2002, in Seattle. South Coast had sacked the prior management in January 2002 based on the reports that I am overnighting to you.

The reports that were overnighted to Sokol over a year before the statute was to run included two reports that another court relied upon in concluding that Travelers had inquiry notice under Alaska law, and in dismissing Travelers' claim because it had not been filed within the statutory period. That court held that the statute of limitations on Travelers' claim against Peterson Sullivan had run on June 20, 2004.

9. There was nothing that prevented Sokol from timely filing Traveler's action against Peterson Sullivan. In an email dated June 8, 2004—eleven days before the statute was due to run—an expert consulted by Sokol concluded that there is sufficient factual evidence to file a lawsuit against Peterson Sullivan. Over a week before the statute was to run Sokol informed Travelers that "[b]ased on [the expert's] conclusions below, and my review of the material and the law, I believe we have sufficient factual evidence to support claims against the directors and officers and the accounting firm." Sokol further committed

TRAVELERS' CROSS CLAIMS
AGAINST SOKOL - 4

to preparing "a draft complaint for your review." Sokol was fully authorized to take any and all steps necessary to pursue Peterson Sullivan before the statute ran. But for the negligence of Sokol, the complaint against Peterson Sullivan could have been timely filed.

10. Travelers' possession of the two reports, among other information, should have prompted Sokol to ask Travelers when it first began an inquiry into whether Peterson Sullivan was negligent, thereby triggering the running of the statute of limitations under Alaska law. Sokol did not ask this question, or even investigate this issue, until after the action was filed against Peterson Sullivan. A reasonably prudent attorney would have asked this question, and investigated this issue, at the commencement of the engagement, and well before the statute of limitations deadline.

11. As a direct result of their negligence, Sokol did not file Travelers' lawsuit against Peterson Sullivan until August 4, 2004, well after the statute of limitations deadline of June 19, 2004.

12. As a direct result of Sokol's negligence, Travelers' cause of action against Peterson Sullivan was dismissed for the failure to file within the statute of limitations.

13. In the year of litigation leading up to the dismissal of Travelers' action against Peterson Sullivan, Travelers had obtained and analyzed Peterson Sullivan's work papers. They revealed that Peterson Sullivan had not followed GAAP in preparing SCI's audited December 2000 financial statements – financial statements which Travelers had relied upon in issuing certain bonds. Travelers' expert found no fewer than eight critical audit defects. Peterson Sullivan's audit was not just negligent, but (as Travelers' expert opined) "grossly inadequate," falling far below professional standards. But for the negligence of Sokol, Travelers would have obtained a recovery from Peterson Sullivan either

TRAVELERS' CROSS CLAIMS
AGAINST SOKOL - 5

through settlement or judgment. Travelers also lost the ability to obtain attorney fees from Peterson Sullivan pursuant to Alaska law.

14. As a direct result of the dismissal of Travelers' action against Peterson Sullivan, Travelers paid Peterson Sullivan attorney fees in the sum of $91,774 pursuant to Alaska law. But for the negligence of Sokol, Travelers would not have been liable for this payment to Peterson Sullivan.

15. As a direct result of the dismissal of Travelers' action against Peterson Sullivan, defendants SCI, Klukwan, Inc. and Chilkats' Portage Cove Development Co. have asserted a counterclaim against Travelers in this action. Travelers disputes such counterclaim and has incurred attorney's fees and costs to defend it.

**FIRST CLAIM FOR RELIEF — LEGAL NEGLIGENCE**

16. Travelers reasserts and incorporates herein allegations 1 through 15, above.

17. Sokol owed Travelers a duty to use such skill, prudence, and diligence as other members of the legal profession commonly possess and exercise.

18. Sokol breached their duty to Travelers by failing to exercise such skill, prudence and diligence as other members of the legal profession commonly posses and exercise. These breaches include, but are not limited to, failing to conduct basic research concerning the statute of limitations under Alaska law, failing to investigate the facts pertaining to Travelers' notice of potential claims, misinforming Travelers of Alaska law and ultimately failing to file Travelers' action against Peterson Sullivan within the statute of limitations.

19. As a result of Sokol's breach of duty, Travelers suffered damages including, but not limited to, (1) the loss of the claim against Peterson Sullivan; (2) the payment of fees,

TRAVELERS' CROSS CLAIMS
AGAINST SOKOL - 6

costs and expenses incurred in pursuing the claim; (3) the payment of fees to Peterson Sullivan as required by Alaska law; (4) the payment to its counsel of fees, costs and expenses incurred in this action; (5) the amount of any recovery by defendants on their counterclaim; and (6) the diminution in value of other claims.

### SECOND CLAIM FOR RELIEF – BREACH OF IMPLIED CONTRACT

20. Travelers reasserts and incorporates herein allegations 1 through 19, above.

21. Travelers hired Sokol to perform legal services in connection with Travelers' losses on certain construction bonds issued on behalf of SCI, and to investigate and assert claims against Peterson Sullivan.

22. Inherent in the contract for legal services was the requirement that such services would be performed in a manner consistent with Sokol's duty of care to Travelers.

23. Sokol breached its contract with Travelers by failing to provide legal services in accordance with the standard of care owed to Travelers.

24. Sokol's breach of their implied contract to provide competent, non-negligent services to Travelers proximately caused Travelers' damages.

### PRAYER FOR RELIEF

WHEREFORE, Travelers prays for relief as follows:

1. An award of damages due to Sokol's negligence;

2. An award of damages due to Sokol's breach of contract;

3. Costs, pre-judgment interest, and attorneys' fees.

4. Such other relief as this court deems proper.

TRAVELERS' CROSS CLAIMS
AGAINST SOKOL - 7

Respectfully submitted in Anchorage, Alaska this 15th day of October, 2007.

Attorneys for Travelers

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, PLLC

*S/ James T. Hopkins*
Garth A. Schlemlein, ASBA # 8602011
James T. Hopkins, *Pro Hac Vice*
Robert L. Olson, *Pro Hac Vice*
Schiffrin Olson Schlemlein & Hopkins, PLLC
1601 Fifth Ave., Suite 2500
Seattle, WA 98101
Telephone: (206) 448-8100/Fax (206) 448-8514
Email: jth@soslaw.com

*And*

SIRIANNI YOUTZ MEIER & SPOONEMORE
*/s/Richard E. Spoonemore*
Richard E. Spoonemore, *pro hac vice pending*
Sirianni Youtz Meier & Spoonemore
1100 Millennium Towner
719 Second Ave.
Seattle, WA 98104
Telephone: (206) 223-0303
Fax: (206) 223-0246
Email: rspoonemore@sylaw.com

TRAVELERS' CROSS CLAIMS
AGAINST SOKOL - 8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 15, 2007, a true and correct copy of the above document was served on:

Gary Spraker, Esq.
Chirstianson & Spraker
911 West 8th Avenue, Suite 201
Anchorage, AK 99501

James D. Gilmore, Esq.
11255 Rhody Drive
Port Hadlock, WA  98339

by first class regular mail, to the address noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic filing.

                        SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, PLLC

                        *S/ James T. Hopkins*
                        Garth A. Schlemlein, ASBA # 8602011
                        James T. Hopkins, *Pro Hac Vice*
                        Robert L. Olson, *Pro Hac Vice*
                        Schiffrin Olson Schlemlein & Hopkins, PLLC
                        1601 Fifth Ave., Suite 2500
                        Seattle, WA  98101
                        Telephone: (206) 448-8100/Fax (206) 448-8514
                        Email: jth@soslaw.com

TRAVELERS' CROSS CLAIMS
AGAINST SOKOL - 9