James T. Hopkins, Pro *Hac Vice*
Garth A. Schlemlein, ASBA # 8602011
Schiffrin Olson Schlemlein & Hopkins, P.L.L.C.
1601 Fifth Avenue, Suite 2500
Seattle, WA 98101
Telephone: 206-448-8100
Telefax: 206-448-8514
Attorneys for Plaintiff

Richard E. Spoonemore, *Pro Hac Vice*
Sirianni Youtz Meier & Spoonemore
1100 Millennium Tower
719 Second Ave.
Seattle, WA 98104
Telephone: 206-223-0303
Telefax: 206-223-0246
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA, A Connecticut
corporation,

              Plaintiff,

v.

SOUTH COAST, INC., an Alaska
corporation, KLUKWAN, INC., an Alaska
Native Village corporation, and
CHILKATS' PORTAGE COVE
DEVELOPMENT COMPANY, an Alaska
corporation,

              Defendants.

_____

SOUTH COAST, INC., an Alaska
corporation, KLUKWAN, INC., an
Alaska Native Village corporation, and
CHILKATS' PORTAGE COVE
DEVELOPMENT COMPANY, an Alaska
corporation,

           Counterclaim and
           Third Party Plaintiff

Case No. A06-00063 (TMB)

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al
**Case No. A06-00063 (TMB)**

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

v.

TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA, a
Connecticut corporation, STEWART
SOKOL & GRAY L.L.C., and JAN D.
SOKOL,

                Counterclaim and
                Third Party Defendants.


TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA, A
Connecticut corporation,

                Plaintiff and Cross Claim
                Plaintiff;

v.

STEWART SOKOL & GRAY L.L.C., and
JAN D. SOKOL

                Cross Claim Defendants.


# PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT DISMISSING DEFENDANTS' COUNTERCLAIM

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al
Case No. A06-00063 (TMB)

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

**TABLES OF CONTENTS**

I.      Introduction and Summary of the Argument                          1

II.     Summary of the Facts                                              2

III.    Procedural Background and Defendant's Counterclaim                6

        A.      Travelers v. Ronald Gelbrich et. al.,
                Case No. A04-0165CV (RRB)                                 6

        B.      Defendants' Counterclaim                                  6

IV.     Statement of Facts                                               8

        A.      Travelers' Bonds Issued on Behalf of SCI.                8

        B.      Indemnity Agreements Executed by Defendants
                in Favor of Travelers.                                   8

        C.      SCI's Collapse.                                          9

        D.      Role of Tom Crandall and Cabot Christianson.             10

        E.      Travelers' Losses on SCI Bonds and Klukwan's Default.    11

        F.      Initial Negotiations for Repayment to Travelers.         12

        G.      Discussions Regarding Possible Third Party Claims.       13

        H.      Repayment Agreement.                                     13

        I.      Initial Requests for Peterson Sullivan Working Papers.   17

        J.      Travelers Rejects Klukwan's "Expectation" Regarding
                Application of Any Recovery from Peterson Sullivan.      18

        K.      Travelers Made No Definite or Specific Promise to
                Pursue a Substantive Action Against Peterson Sullivan.   20

        L.      Crandall and Christianson Independently Evaluated a
                Claim by Klukwan Against Peterson Sullivan.              21

        M.      Klukwan Continued to Consider Its Own Action Against
                Peterson Sullivan Throughout 2004.                       25

        N.      Travelers Did Not "Induce" Klukwan to Forego Its
                Own Action Against Peterson Sullivan.                    28

iii

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al
Case No. A06-00063 (TMB)

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

**TABLES OF CONTENTS**
**-continued-**

O.    Klukwan's Deteriorating Financial Condition and
Unsuccessful Attempts to Renegotiate the *Repayment
Agreement*.                                                    29

V.    Issue Presented                                          30

VI.    Evidence Relied Upon                                    31

VII.    Argument                                               31

A.    Summary Judgment Standard                                31

B.    The *Repayment Agreement* Governs the Relationship of
the Parties and Provides that Travelers Had No Duty to
Pursue Claims Against Peterson Sullivan or Other Third
Parties.                                                       32

C.    Defendants May Not Assert Tort Claims for Economic
Damages Against Travelers.                                     34

D.    Christianson's February 10, 2004 Email Imposed
No Duty on Travelers.                                          36

E.    Travelers Had No Duty to Pursue an Action Against
Peterson Sullivan to "Mitigate" Obligations
Voluntarily Assumed by the Defendants Under the
Repayment Agreement or Losses Already Incurred
by Travelers on SCI Bonds.                                     37

VIII.    Conclusion                                            40

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

iv

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al
Case No. A06-00063 (TMB)

**TABLE OF AUTHORITIES**

CASES                                                             Page(s)

*Alaska National Bank of the North v. Gwitchyaa Zhee Corporation,*
     639 P.2d 984 (1981).................................................................. 39

*Alaska Pacific Assur. Co. v. Collins,,*
     794 P.2d. 936, 946 (Alaska 1990)……………….....……………….34

*Anchorage Independent School District v. Stephens,*
     370 P.2d 531, 533 (Alaska 1962).........................……………………..38

*Bohna v. Hughes, Thorsness, Gantz, Powell & Brundin,*
     828 P.2d 745, 755 (Alaska 1992)................................................... 38

*Celotex Corporation v. Catrett,*
     477 U.S. 317, 322-323 (1986)……....………….....………………….31

*Continental Casualty Co. v. Guterman,*
     708 F. Supp. 953 (N.D. Il. 1989)....................................................39

*D.S.W v. Fairbanks North Star Borough School Dist.,*
     628 P.2d 554, 555 (Alaska 1981)..................………..…………….32

*Danzas, Ltd. v. National Bank of Alaska,*
     222 F. Supp. 671, 677 (D.C. Alaska 1973)...………….…..……..…...38

*East River Steamship Corp. v. Transamerica Delaval, Inc.,*
     476 U.S. 858, 870, 106 S. Ct. 2295, 90 L.Ed.2d 865 (1986).........................35

*Environment Funds Insurance Co. v. Joseph J. Biafore, Inc.,*
     526 F.2d 170 (3rd Cir. 1975)..................…………….....…..........…39

*Four Seasons Environmental, Inc. v. West Field Company,*
     638 N.E.2d 91 (Ohio App. 1994)……………..…………......…….…...39

*Horne v. Peckham*
     97 Cal.App.3d 404, 418, 158 Cal.Rptr. 714, 722 (1979).…………..……..38

*Levantino v. Insurance Co. of North America,*
     422 N.Y.S.2d at 100.……………………….........................……………..38

*Lipshie v. Lazarus,*
     235 N.Y.S.2d 764, 769 (N.Y.Sup.Ct.1962).………..………………….38

*McGrew v. State Dept. of Health and Social Services, Div. of Family and Youth Services,*
     106 P.3d 219, 322 (Alaska 2005).………….…………………….....…32

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

v

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al
Case No. A06-00063 (TMB)

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

## TABLE OF AUTHORITIES
### -continued-

*Mesiar v. Heckman*,
    964 P.2d 445, 448 (Alaska 1998)…………….…......…………31, 32

*Moya v. Fidelity and Casualty Company of New York*,
    406 P.2d 173 (N.M. 1965)…………………………………......…….39

*North Star Terminal & Stevedore Co. v. Nugget Construction, Inc.*,
    445 F. Supp. 2d 1063, 1075 (D.C. Alaska 2006)…………….31, 32, 33, 34

*Parks Hiway Enterprises., LLC v. CEM Leasing, Inc.*,
    995 P.2d 657, 667 (Alaska 2000)....................…….………………...31

*Robinson v. Carney*,
    632 A.2d 106, 108 (D.C.,1993)…………………………………….38

*St. Denis v. Department of Housing and Urban Development*,
    900 F.Supp. 1194 (D. Alaska 1995)…....……………………….34, 35, 36

*Stadheim v. Becking*,
    290 N.W.2d 273, 274 (S.D.1980)........................………………38

*Stone v. Satriana*,
    41 P.3d 705, 712 (Colo. 2002)……………………………………38, 39

*West v. Whitney-Fidalgo Seafoods, Inc.*,
    628 P.2d 10, 18 (Alaska 1981)……………......………………………38

## RESTATEMENTS                                                   Page(s)

Restatement (Second) of Torts §323.............................................................36

Restatement (Second) of Torts §324(A)......................................................36

## OTHER AUTHORITIES                                             Page(s)

57 Am.Jur. *Negligence* §105...............................................................36

25 C.J.S., *Damages* §47...........................................................................37

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al
Case No. A06-00063 (TMB)

## I.    INTRODUCTION AND SUMMARY OF THE ARGUMENT

Plaintiff Travelers Casualty & Surety Company of America ("Travelers" or "surety") moves the Court pursuant to Fed.R.Civ.P.56 for summary judgment dismissing the counterclaim of defendants Klukwan, Inc. ("Klukwan"), South Coast, Inc. ("SCI"), and Chilkats' Portage Cove Development ("CPD") (collectively the "Defendants"). Travelers respectfully requests the Court enter summary judgment in its favor because there are no genuine issues of material fact and Travelers is entitled to judgment dismissing Defendants' Counterclaim as a matter of law for the following reasons:

- Travelers' relationship with the Defendants is governed by written contractual agreements which provide that Travelers had no duty to pursue claims against Peterson Sullivan or other third parties.

- Because their relationship is governed by contract, Defendants may not assert tort claims against Travelers seeking purely economic damages.

- Applicable law imposes no duty on Travelers to pursue claims against Peterson Sullivan or other third parties to mitigate obligations voluntarily assumed by the Defendants under the *Repayment Agreement* or losses already incurred by Travelers on bonds issued for SCI.

- The testimony of the Defendants' witnesses does not support their factual allegations that Defendants imposed a "condition" on Travelers or were "induced" by Travelers to forego their own action against Peterson Sullivan. The undisputed evidence demonstrates the Defendants made an independent decision, with the analysis and advice of counsel, that they would be better served by Travelers pursuing an action and incurring the expense and risk of litigation. In doing so, the

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                                1

Defendants assumed the risk that Travelers' action would be unsuccessful for whatever reason.

## II.    SUMMARY OF THE FACTS

A detailed statement of the facts is found below. The primary facts relied upon by Travelers are summarized as follows:

- Klukwan is an Alaskan native corporation which engaged in business activities through various wholly owned subsidiary corporations. These included SCI, a construction company, and CPD, a tourism business.

- Between 1999 and 2001, Travelers or its predecessor, Reliance Insurance Company, issued over $78 million in bonds on behalf of SCI, Klukwan's construction company subsidiary.  Eleven bonds were issued by the surety in 2001 after its review of, and reliance upon, an audit and report on SCI's December 31, 2000 financial statements prepared by the Defendants' former auditors, Peterson Sullivan.

- As partial consideration for such bonds, the Defendants executed Continuing Agreements of Indemnity under which they agreed to unconditionally indemnify the surety for any losses on its bonds.

- In 2001, SCI experienced an abrupt financial collapse.  SCI losses for 2001 were $7.7 million. Total losses for SCI in 2001 and 2002 ultimately exceeded $30 million.  SCI's collapse had a devastating effect on its parent company, Klukwan.

- By June 2002, the Defendants acknowledged to Travelers that they were in default and lacked the financial resources to pay claims against the SCI bonds or complete work on the bonded projects.  Travelers' investigation at or about this

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                    2

time projected that the surety would incur total losses on the SCI bonds exceeding $12 million.

- Between June and December 2002, the Defendants and Travelers negotiated a detailed, written *Repayment Agreement*, under which the Defendants agreed to repay $8 million of Travelers' projected $12 million loss.

- Since May 2002, the Defendants have been represented by Cabot Christianson, who was intimately involved in negotiating and drafting the *Repayment Agreement*. Mr. Christianson continued to provide the Defendants regular and frequent advice and consultation regarding all aspects of their relationship with Travelers until this action was filed in March 2006.

- The *Repayment Agreement* specifically preserved Travelers' claims against third parties and provides that any recovery or failure to recover on such claims does not diminish or reduce in any manner the Defendants' obligations under the *Repayment Agreement* and its associated Note.

- Commencing as early as June 2002, the parties discussed and separately evaluated, with the assistance of their respective attorneys, possible claims against other third parties, including Peterson Sullivan, for the losses incurred by each of them as a result of SCI's collapse.

- Cabot Christianson and the Defendants' President, Tom Crandall, conducted an analysis of possible claims by the Defendants against Peterson Sullivan in 2004. Both individuals concluded there were significant weaknesses in a claim by Klukwan due to the potential negligence or misrepresentations of the former SCI

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                                                3

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

officers and managers. Klukwan also lacked the financial resources to finance any litigation against Peterson Sullivan.

- Defendants admit that Travelers consistently rejected requests by the Defendants that any recovery Travelers might achieve on its own claim against Peterson Sullivan be applied to the Defendants' obligations under the *Repayment Agreement*. Defendants also admit that nothing in the *Repayment Agreement* requires that any recovery by Travelers on a claim against Peterson Sullivan or other third parties be so applied. Defendants further admit that the *Repayment Agreement* was never modified.

- The testimony of Tom Crandall and Cabot Christianson demonstrates that none of the communications between the parties regarding possible claims against Peterson Sullivan resulted in the imposition of a "condition" on Travelers or acceptance of any such "condition" by the surety.

- On August 2, 2004, Travelers, represented by Jan Sokol, filed a complaint against the former officers of SCI and Peterson Sullivan. The claim asserted negligent misrepresentation claims against all defendants and sought recovery for losses in the amount of approximately $8.8 million on bonds issued by Travelers for SCI in 2001, after the surety's review of Peterson Sullivan's year end 2000 audit.

- Klukwan continued to consider its own action against Peterson Sullivan. However, due to its lack of financial resources and its perception of weakness in its claim, it never initiated its own action. In the words of Mr. Crandall, the

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                    4

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants decided to "let Travelers do the heavy lifting here, in other words let's let them pay for the litigation, let's see what happens."

- In September 2005, Judge Beistline entered an order dismissing Travelers claims against Peterson Sullivan on statute of limitation grounds.

- By 2005, the Defendants' financial circumstances had continued to deteriorate and they experienced increasing difficulty meeting their obligations to Travelers under the *Repayment Agreement*. Defendants unsuccessfully attempted on several occasions in 2005 to renegotiate the terms of the *Repayment Agreement*; these attempts included meetings and discussions in the latter half of 2005 after dismissal of Travelers' action against Peterson Sullivan. At no time during these discussions did Defendants raise a claim or issue based on Travelers' unsuccessful action against Peterson Sullivan.

- By the end of 2005, Defendants were in default of their obligations under the *Repayment Agreement*. In March 2006, Travelers filed its complaint in this action seeking the principal sum of approximately $6 million which remains due from the Defendants under the *Repayment Agreement*. Only after filing of Travelers' complaint did the Defendants raise, for the first time, the claim alleged in their counterclaim.

- In May 2006, the Defendants filed their answer, counterclaim and third party claim in this action. The Counterclaim asserts a single, negligence based cause of action against Travelers alleging Travelers owed a "duty" to the Defendants to timely bring and prosecute an action against Peterson Sullivan. The Defendants' counterclaim seeks purely economic damages and claims as damages the

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                    5

approximately $8.8 million sought by Travelers in its unsuccessful action against Peterson Sullivan.

- Information provided by Travelers in discovery in this action demonstrates that its actual total losses on the SCI bonds exceed $12 million. Defendants do not challenge or dispute the reasonableness of those losses or Travelers' calculation of them.

## III. PROCEDURAL BACKGROUND AND DEFENDANTS' COUNTERCLAIM

### A. Travelers v. Ronald Gelbrich et. al., Case No. A04-0165CV (RRB)

On August 2, 2004, Travelers filed a complaint against Peterson Sullivan, PLLC, the Defendants' former auditors ("Peterson Sullivan"), and six former officers or directors of SCI. Ex.128.[1] The complaint asserted negligent misrepresentation claims against all defendants and sought recovery of losses in the amount of $8,876,788 on certain bonds issued by Travelers on behalf of SCI in 2001. *Id.* On September 27, 2005, Judge Beistline entered an order dismissing Travelers' claims against Peterson Sullivan on statute of limitations grounds. Travelers' claims against the former SCI officers and directors were either voluntarily dismissed by Travelers or settled.

### B. Defendants' Counterclaim

Travelers filed its complaint in this action on March 23, 2006, seeking the principal sum of $6,084,795, due from the Defendants under a *Repayment Agreement* executed by them to repay a portion of Travelers' losses on bonds issued for SCI.

---

[1] Exhibits entered in depositions in this matter have been numbered sequentially and are referenced in this motion by such numbers. Copies of such exhibits and deposition testimony cited in this motion are provided with the supporting Declaration of James T. Hopkins.

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                                    6

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

In May 2006, Defendants filed an Answer, Counterclaim and Third Party Claim. The Counterclaim asserts a single, negligence based cause of action against Travelers. It alleges that: (i) Travelers "owed a duty" to the Defendants to "timely bring and prosecute claims against Peterson Sullivan." *Id.*, ¶26; (ii) that Klukwan and Travelers were joint clients of Travelers' former counsel, Jan Sokol, "for the purposes of pursuing claims against Peterson Sullivan" *Id.*, ¶10 ; (iii) that Klukwan authorized the parties' prior, unsuccessful petition to obtain the Peterson Sullivan working papers "upon the express condition that proceeds from that litigation be applied to the obligation owed by" the Defendants. *Id.*, ¶11; and that (iv) "Travelers was required to pursue the negligence claim against Peterson Sullivan for the mutual benefit of itself and Klukwan to reduce the outstanding debt owed under the *Repayment Agreement*." *Id.*, ¶12.

The Defendants' Third Party Claim against Jan Sokol included these allegations and claimed damages from Mr. Sokol, as alleged attorney for the Defendants, due to his failure to bring a timely action against Peterson Sullivan. *Id.*, ¶ 20-24. Both the Counterclaim and Third Party Claim sought recovery of the "amount of $8,876,788.68, which Travelers would have recovered from Peterson Sullivan as alleged in the Travelers' lawsuit." *Id.*, ¶24, 28.

Extensive discovery has now occurred in this matter, including depositions of the key witnesses of Travelers and the Defendants. Given their claims and defenses, both parties have acknowledged limited waivers of the attorney/client privilege in regard to communications relating to their potential or actual claims against Peterson Sullivan. Accordingly, the record includes evidence that would otherwise be subject to privilege.

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                                    7

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

SCHIFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

## IV.    STATEMENT OF FACTS

### A.    Travelers' Bonds Issued on Behalf of SCI.

Klukwan is an Alaskan native corporation which engaged in business activities through various wholly owned subsidiary corporations. These included SCI, a construction company, and CPD, a tourism business. Until 2001, SCI had been a relatively successful construction company performing a substantial volume of work in Alaska and the lower 48.

Between 1999 and 2001, Travelers or its predecessor, Reliance Insurance Company, issued 28 bonds on behalf of SCI, as principal, for various construction projects, reflecting over $74 million in bonded contract work. Ex.42 and Ex.A thereto. Eleven of these bonds were issued in 2001 after the surety's review of, and reliance upon, an audit and report on SCI's December 31, 2000 financial statements prepared by Peterson Sullivan.

### B.    Indemnity Agreements Executed by Defendants in Favor of Travelers.

Between December 1995 and March 1999, the Defendants and other Klukwan related entities collectively executed three Continuing Agreements of Indemnity in favor of the surety. ("Indemnity Agreements") Ex. 32. Except for the exemption of Klukwan's trust fund investments from the scope of its obligations under the February 23, 1996 indemnity agreement, their material terms are identical.

Under their several provisions, the Defendants agreed, among other things: (i) to unconditionally indemnify Travelers from any and all losses on its bonds, including any loss or expenses incurred "recovering or attempting to recover any salvage in connection therewith" (§1); (ii) that any collateral security held or assigned to Travelers could be used or disposed of by Travelers in any fashion and that Travelers would not be liable for any decrease in value or loss or destruction of, or damages to, such security (§8); (iii) that

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                    8

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

Travelers had the right to "adjust, settle or compromise" any claim on its bonds (§9,10); and (iv) the obligations under the Indemnity Agreements would remain in effect until specifically canceled in the manner provided therein (§19).

C.     SCI's Collapse.

SCI began 2001 projecting a profitable year. As of August 2001, SCI's management continued to forecast a profit, although problems on one of its projects had surfaced. By November 2001, SCI's management still projected a break even year. However, between November 2001 and end of January 2002, SCI's management reported an ever increasing projection of likely losses.

An investigation of SCI's operations by Peterson Sullivan in the fall of 2001, commissioned by the SCI board, revealed that internal management controls and procedures were not being followed by SCI management. By January 26, 2002, total SCI losses for 2001 of $7.7 million had been identified. The SCI board also terminated the employment of three SCI officers for cause on that date. Tom Crandall summarized the above history of SCI's collapse in a presentation at Klukwan's 2002 annual meeting. Ex. 26, p.6-14; Deposition of Thomas C. Crandall ("Crandall Dep.") p.86:25-87:10.

Ultimately, SCI incurred losses exceeding $30 million in 2001 and 2002. *Id.*, p.35:25-36:3. SCI's collapse had a severe impact on Klukwan's financial condition. *Id.*, p.39:2-41:25. In May 2002, Key Bank seized approximately $13 million in an investment fund maintained by Klukwan, rendering Klukwan illiquid and without meaningful cash assets. *Id.*, p.36:4-15. Consolidated tax returns for Klukwan and its subsidiaries for the years 2001 and 2002 indicate losses exceeding $10 million and $11 million respectively. *Id.* These events

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
**Case No. A06-00063 (TMB)**                    9

much reduced Klukwan's ability to do business or earn income and brought it to the verge of bankruptcy. *Id.*, p.39:2-19.

>    D.    Role of Tom Crandall and Cabot Christianson.

In August 2001, Tom Crandall was hired as CFO of Klukwan. Crandall Dep. p. 21:5-8. Mr. Crandall is a certified public accountant with an MBA degree. *Id.*, p.11:20-12:4. Under a written employment contract, Mr. Crandall is eligible for a bonus if he reduces Klukwan's debt. *Id.*, p.52:18-22; p.54:25–55:2. Mr. Crandall is likewise eligible for $50,000 in deferred compensation for each calendar year that he makes Klukwan profitable. *Id.*, p.53:4-13. Travelers is a major creditor of Klukwan. *Id.*, p.41:16-25. There are no other Klukwan creditors of comparable magnitude. *Id.* Resolving Klukwan's issues with Travelers is essential to getting Klukwan back on its financial feet without bankruptcy. *Id.*

Mr. Crandall became president of Klukwan and all other active Klukwan subsidiaries but one in May 2002. *Id.*, p.43:3-44:25. Due to its financial losses, Klukwan consolidated its upper management into a few individuals, essentially Mr. Crandall. *Id.* Mr. Crandall was the primary individual responsible for Klukwan's communications and relationship with Travelers, as well as, issues or claims relating to the former SCI officers or Peterson Sullivan. *Id.*, p.45:1-46:19. Mr. Crandall is also the primary individual with first hand knowledge of the facts Klukwan alleges to support its Counterclaim. *Id.*

In May 2002, Mr. Crandall and Klukwan retained the services of Cabot Christianson, an Anchorage based attorney specializing in bankruptcy and debtor creditor issues. *Id.*, p.57:6-25. Since then, Mr. Christianson and his firm have provided Klukwan and its subsidiaries regular and frequent consultation, advice, and representation in regard to all issues relating to Travelers and possible claims by Klukwan against third parties, such as the

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                                        10

former SCI officers and Peterson Sullivan. *Id.*, p.58:1-25; p.60:20-62:25; p.128:3-20; Deposition of Cabot Christianson ("Christianson Dep.") p.13:7-22; p.33:25-36:22.

Mr. Christianson has been identified as a witness for Klukwan and has been deposed in this litigation. Mr. Christianson has had a "very heavy involvement" in advising Klukwan in connection with this litigation and strategizing its claims and defenses up until the point he became a "by-stander" after Klukwan's Counterclaim was filed. Christianson Dep. p.15:13-16:16. Mr. Christianson continues to represent Klukwan on matters unrelated to this litigation. *Id.*, p. 40:10-41:15.

E.    Travelers' Losses on SCI Bonds and Klukwan's Default.

Travelers' bond claim department, headed by Chuck Langfitt, first became involved in evaluating claims against the SCI bonds in May 2002. By June 10, 2002, Travelers' investigation determined it would likely incur losses exceeding $12 million to pay claims against the bonds and complete performance of ongoing SCI contracts. Mr. Langfitt advised Tom Crandall of the surety's determination in this regard in a letter dated June 10, 2002. Crandall Dep. p.121:24-123:12.

Klukwan and SCI admitted to Travelers that they lacked the financial resources to pay claims against the SCI bonds or complete the SCI projects. Crandall Dep. p.108:4-109:24. On June 13, 2002, Klukwan and SCI executed a formal acknowledgment of default which further ratified and affirmed their obligations to Travelers under the Indemnity Agreements. *Id.*; Ex.31.

Travelers' projection of its likely losses on the SCI bonds was unfortunately quite accurate. Information provided by the surety in this litigation demonstrates that its total, actual losses on the SCI bonds exceed $12 million. Crandall Dep. p.123:24-124:19. Klukwan

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                11

does not question or challenge the validity or accuracy of the surety's calculation of its total loss. *Id*. Mr. Crandall acknowledges he has reviewed such information and is satisfied that Travelers' calculations are essentially accurate and that its loss on SCI bonds is at least $12 million. *Id*.

      F.    <u>Initial Negotiations for Repayment to Travelers.</u>

     By the end of June 2002, Travelers and Klukwan had exchanged proposals on the basic terms of a repayment plan by the Defendants. Crandall Dep. p.127:1-20; Ex.35. Mr. Crandall's June 22, 2002 letter summarized the parties' proposals at the time - $7.5 million offered by Klukwan and $9.6 million requested by Travelers. Ex. 35. Two primary assumptions of both parties were that the surety's losses would equal or exceed $12 million and Klukwan lacked the ability to repay Travelers in full. Crandall Dep. p.121:24-123:12; p.129:23-130:19; Christianson Dep. p.44:23-45:24.

     In a subsequent letter dated July 2, 2002, Travelers reduced its proposed total repayment by Klukwan to the sum of $8.4 million; provided its losses were $14 million or less. Crandall Dep. p.134:17-135:18. At a July 17, 2002 meeting, the parties agreed on total repayments to Travelers of $8 million, a schedule and term for such payments, and certain collateral for the surety. *Id*., p.138:11-139:16. In the subsequent four months, further negotiations occurred which lead to the execution of a written *Repayment Agreement* by Klukwan on December 18, 2002. *Id*., p.147:6-24; Ex.42. Cabot Christianson was intimately involved in negotiating and preparing the *Repayment Agreement* on behalf of the Defendants and provided initial drafts of the documents to Travelers. Crandall Dep. p.128:3-20; p.147:6-24.

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
**Case No. A06-00063 (TMB)**    12

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

G.    Discussions Regarding Possible Third Party Claims.

Concurrently with these negotiations, both Klukwan and Travelers considered and discussed possible claims by either of them against third parties to recoup their losses. These included possible claims by both Klukwan and Travelers against the former SCI officers and Peterson Sullivan, as well as, claims against Klukwan's lender, Key Bank. *Id.*, p.140:2-25. As early as June 2002, Tom Crandall had discussed with Chuck Langfitt possible claims against Peterson Sullivan based on negligent preparation of its audit of SCI's December 31, 2000 financial statement. *Id.*, p.430:19-432:7; p.468:3-470:3.

Cabot Christianson acknowledges his duties on behalf of Klukwan involved evaluation and pursuit of possible third party claims by Klukwan, and that it was natural and logical for both parties to consider and pursue those claims they each deemed appropriate. Christianson Dep. p.84:22-86:7. "Fairly early" in his relationship with Klukwan and "by the end of 2002, if not sooner," possible claims by Klukwan against Peterson Sullivan had become a "topic of recurring conversation" between Mr. Crandall and Mr. Christianson. *Id.*, p.113:10-23.

H.    Repayment Agreement

The *Repayment Agreement* and its associated Promissory Note ("Note") were carefully reviewed by both Crandall and Christianson prior to its execution. Crandall Dep. p.174:5-7; Christianson Dep. p.76:15-77:5. Under their terms, Defendants agreed to make total payments to Travelers of $8 million.[2] *See*, Promissory Note, p. 2 (Ex. B to Ex. 42) ("In order for this Note to be discharged Payee must have received  payments totaling $8

---

[2] Defendants now dispute that their liability to Travelers is based upon a total $8 million obligation. Travelers anticipates this issue will be the subject of a subsequent dispositive motion.

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                                    13

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

million"). Other significant provisions of the *Repayment Agreement* for the purposes of this motion are as follows:

      1.      Paragraph 11, <u>Satisfaction of Liability</u>, provided that Defendants' fulfillment of their obligations under the *Repayment Agreement* and Note would also satisfy their payment obligations under the Indemnity Agreements.  However, Travelers in that paragraph explicitly reserved all claims or causes of action against other third parties as follows:

> **This Agreement and the proceeding sentences do not impair or release Travelers' claims or causes of action against any person or entity other than the Klukwan Entities.**

Ex. 42, ¶ 11.

Travelers specifically requested these terms be included in the *Repayment Agreement*. Christianson Dep. p.86:17-87:7. Tom Crandall understood by the inclusion of such terms that Travelers intended to pursue whatever claims it might have against third parties. Crandall Dep. p.169:18 -170: 11.

      2.      Paragraph 18, <u>Non-Waiver/Conduct</u>, preserved for Travelers "each and every right...allowed by law or other agreement..." and further provided that any exercise of such right by Travelers, or "failure or neglect" to exercise such right, would not in any manner reduce or release the liability of the Defendants under the *Repayment Agreement*.

> 18.    Non-Wavier/Conduct. **Each and every right**, remedy and power hereby granted to Travelers **or allowed it by law** or other agreement **shall be cumulative** and shall not be exclusive of any other right, remedy and power, **and may be exercised by Travelers** concurrently, consecutively, or separately at any time and from time to time, in **Travelers' sole discretion. No failure or neglect on the part of Travelers to exercise, and no delay in exercising any right,** remedy or power hereunder or any other agreement, or any other document executed and delivered to Travelers in connection herewith, **shall in any way release or reduce** the **liability of SCI, Klukwan or CPC to Travelers hereunder, or under the Note or Guaranty, or in any way reduce, condition or limit the obligations of SCI, Klukwan or CPC hereunder to Travelers**. Neither this Agreement nor any

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)    14

course of conduct of the parties pursuant thereto shall be construed to establish rights of any party not a party to this Agreement.

Ex.42, ¶ 18, (emphasis added).

Paragraph 18 was also included at Travelers' request and was reviewed by Mr. Christianson. Christianson Dep. p.89:7-13. Mr. Crandall testified as to his understanding of the meaning and effect of this paragraph as follows:

> Q.  **I think we've previously established that you agree Travelers had a legal right to seek damages from Peterson Sullivan, correct?**
> A  **Yes.**
> Q  **And didn't you understand this provision [Paragraph 18] to say Travelers could exercise or pursue that right or not pursue it in any fashion it wanted to?**
> A  **Correct.**

Crandall Dep. p.174:24-175:6. (emphasis added).

Mr. Crandall also acknowledges that Travelers' claim against Peterson Sullivan was an independent action by Travelers, brought in its own name, and not derived by or through Klukwan in any fashion. *Id.*, p.105:7-106:6.

3.    The *Repayment Agreement* also specifically addressed the limited circumstances under which the Defendants would be entitled to a credit against their obligations under the agreement and associated Note as follows:

(i)    "In the event that Travelers' total loss, **net of all receipts from the Bonded Contracts**, is less than $8 million, Travelers shall credit the Note with the amount of the difference." Ex.42, ¶9. (emphasis added);

(ii)    Proceeds received by Travelers on account of sale of any of the collateral identified in Paragraph 10 of the *Repayment Agreement* would be a credit. Ex.42, ¶10; and

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                                15

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

SCHIFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

(iii)    Proceeds from the settlement of the "Chinle claim," net of attorney's fees and litigation costs would also be a credit. Ex.42, ¶12.  The Chinle claim represented a claim by SCI on one of the Bonded Contracts.

No other credits to the Defendants' obligations under the *Repayment Agreement* and Note were provided for, or allowed, in the agreement. Further, the term "Bonded Contract," used in ¶9 of the *Repayment Agreement*, is a specifically defined term which "shall mean any contract that is referenced or described in any Bond issued on behalf of any Klukwan Entity." *See,* Ex. 42, ¶1.

Mr. Crandall admits that a claim against Peterson Sullivan by Travelers is not within the definition of a Bonded Contract. Crandall Dep. p. 165:2-11.  Mr. Crandall acknowledges "there was never any agreement" that any recovery by Travelers on its third party claims, including a recovery from Peterson Sullivan, would be applied to the Defendants' obligations under the *Repayment Agreement* and Note. *Id.*, p.412:11-23.  Mr. Christianson also admits that nothing in the *Repayment Agreement* required application of such a recovery as a credit to the Defendants' obligations under the agreement.  Christianson Dep. p.335:10-19.

Mr. Crandall also clearly understood Travelers' position that any recovery it might obtain on its third party claims would <u>not</u> be applied to Klukwan's obligations under the Note. Crandall Dep. p.251:22-252:4. Mr. Crandall never voiced any different view or interpretation of the *Repayment Agreement* to Travelers.  *Id.*

Instead, after execution of the *Repayment Agreement*, Crandall and Christianson requested on several occasions that any recovery by Travelers from Peterson Sullivan be so applied. Crandall Dep. p.311:15-25; Christianson Dep. p.191:17-194:12.  Such requests were consistently rejected by Travelers. *Id.* Both men further acknowledge that a mutually executed

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                              16

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

and written document was necessary to modify the *Repayment Agreement*; and while Klukwan proposed revisions to the *Repayment Agreement* on more than one occasion, such proposals were never accepted by Travelers, and the *Repayment Agreement* was never modified or amended. Crandall Dep. p.51:10-52:13; p.179:4-16; Christianson Dep. p.89:14-20.

I.    Initial Requests for Peterson Sullivan Working Papers.

In order to evaluate the viability of a claim against Peterson Sullivan, Travelers forensic accountant, Jordan Rosenfeld, and its then attorney, Jan Sokol, wished to review Peterson Sullivan's working papers for its year end 2000 audit of SCI.  Tom Crandall agreed to transmit a letter, drafted by Jordan Rosenfeld, to Peterson Sullivan requesting its working papers because Mr. Crandall believed: (i) Klukwan was required to do so under the cooperation provisions of the *Repayment Agreement*; and (ii) it was in Klukwan's best interest. Crandall Dep. p.243:25-244:2; p.296:11-297:7; p.299:18-24; Ex. 81.

Mr. Crandall also transmitted a second letter to Peterson Sullivan, prepared by him and reviewed by Mr. Christianson, dated October 10, 2003, in which Mr. Crandall advised Klukwan would be retaining new accountants for its future audits and requested the working papers in order to facilitate a smooth transition. Crandall Dep. p.300:16-301:6; Ex.82.[3] Christianson understood Klukwan also wanted the working papers for such purpose. Christianson Dep. p.184:24-185:6. Peterson Sullivan rejected all requests and refused to voluntarily provide its working papers.

---

[3] Exhibit 82 bears an incorrect date of October 3, 2006. A number of documents produced by the Defendants in this litigation were provided with such an incorrect date which reflects the date of their printing. The accurate date of such documents is found, where available, in the digital file name of the document located in the lower margins.

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
**Case No. A06-00063 (TMB)**                17