SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

J.    Travelers Rejects Klukwan's "Expectation" Regarding Application of Any Recovery from Peterson Sullivan.

In a January 9, 2004 email to Cabot Christianson, Jan Sokol indicated his intention to file a petition under Fed.R.Civ.P. 27, in Washington federal court, to obtain the Peterson Sullivan working papers and requested Klukwan's participation. Ex.83. Mr. Christianson's enthusiasm for this request is evident from his January 15, 2004 email to Tom Crandall forwarding Mr. Sokol's communication – "I assume our answer is, hell yes." Ex.191; Christianson Dep. p.189:14-19. Mr. Crandall understood Christianson's message to recommend Klukwan's participation in the working papers petition. Crandall Dep. p. 596:23-597:10.

In subsequent discussions with Mr. Christianson regarding Travelers' request, Mr. Crandall expressed "concerns" regarding payment of the costs and attorneys fees incurred in pursing the petition and indemnification to Klukwan for any claims asserted back by Peterson Sullivan in the working papers petition. *Id.,* p.307:11-309:23. However, Mr. Crandall did not instruct or request Christianson to respond in any specific fashion or to impose any "conditions" on Travelers in return for Klukwan's cooperation and participation in the petition. *Id.*, p.309:15-23.

In a telephone conversation with Jan Sokol on January 20, 2004, Mr. Christianson again discussed the application of any proceeds that Travelers might recover from Peterson Sullivan.  Christianson Dep. p.192:24-194:12. Mr. Sokol again rejected any credit for Klukwan and emphasized such an application was not provided in, or consistent with, the *Repayment Agreement. Id.*, p.193:4-18.

In a February 10, 2004 email to Jan Sokol, Cabot Christianson approved Mr. Sokol's draft pleadings for the working papers petition and advised that Tom Crandall would fax a

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                                    18

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

signature page. Ex.87. Mr. Christianson also confirmed prior discussions with Mr. Sokol that Travelers would bear all costs of the working paper petition and would indemnify Klukwan from claims associated with the petition. *Id.*

The Defendants now assert this February 10, 2004 email also imposed a specific "condition" on Travelers in regard to the application of any proceeds it might receive from a substantive action against Peterson Sullivan. Crandall Dep. p.311:15-315:7. Yet, as Mr. Christianson admits, nowhere in this message is the term "condition" or any similar term found. Christianson Dep. p.194:13-16; p.195:22-25. Notably, this email is the <u>only</u> communication Defendants allege imposed such a "condition." Crandall Dep. p.382:11-14. The specific portion of the February 10, 2004 email Defendants allege imposed a "condition" is as follows:

> If Travelers wishes to bring a substantive cause of action against P&S, Klukwan's expectation is that the net litigation proceeds from that suit will be applied first to the Klukwan/SCI note to Travelers. Also, as you are aware, Klukwan is considering its own action against P&S, and has developed some ideas about how to proceed. You and I should discuss.

Crandall Dep. p.313:10-25.

Both Crandall and Christianson admit Travelers rejected their prior requests regarding application of any recovery from Peterson Sullivan. Crandall Dep. p. 311:15-25. Christianson Dep. p. 191:17-194:12. Both individuals also acknowledge that the word "expectation" has a much different meaning than the term "condition." Crandall Dep. p.312:10-13; Christianson Dep. p.196:5-7.

Mr. Crandall also acknowledges that Travelers reasonably understood the second sentence of the above section from the February 10, 2004 email as indicating Klukwan would proceed with its own action against Peterson Sullivan, rather than rely on Travelers. Crandall

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
**Case No. A06-00063 (TMB)**                    19

Dep. p.314:25-315:11.  Furthermore, neither Mr. Crandall nor Mr. Christianson were awaiting any "acceptance" by Travelers of the alleged "condition." Mr. Crandall was prepared to immediately execute the working papers petition as reflected by his February 11, 2004 email to both Christianson and Sokol. Christianson Dep. p.200:4-201:3; Ex. 193.

Mr. Sokol's February 13, 2004 email response to Cabot Christianson rejected Klukwan's stated "expectation", again pointing out it was inconsistent with the prior agreement between the parties. Ex.88. Both Crandall and Christianson understood Jan Sokol's February 13, 2004 email to reject Klukwan's stated expectation.  Crandall Dep. p.318:4-8; Christianson Dep. p.201:4-21.  Although Klukwan had the option to withhold its cooperation at that point, on February 17, 2004 Mr. Crandall transmitted to Jan Sokol an original of the petition he executed on behalf of Klukwan. Crandall Dep. p.318:4-319:3; Ex. 89.

K.    Travelers Made No Definite or Specific Promise to Pursue a Substantive Action Against Peterson Sullivan.

Communications from Travelers prior to filing of its actual complaint against Peterson Sullivan on August 2, 2004, were merely to the effect that Travelers was "considering" or "reviewing" filing suit. Mr. Crandall's May 5, 2004 email to Chuck Langfitt inquired as to Travelers' intentions after denial of the petition to obtain the working papers.  Crandall Dep. p.319:14-321:1; Ex.90. Mr. Langfitt's May 26, 2000 response stated only that Travelers was "reviewing filing suit." *Id.* Mr. Crandall further acknowledges that it was entirely Travelers' decision whether or not to proceed with an action against Peterson Sullivan.  Crandall Dep. p. 320:6-13.

Crandall and Christianson admit Travelers made no specific or definite promise to commence a substantive action against Peterson Sullivan.  Crandall Dep. p.534:12-535:10; Christianson Dep. p.199:1-10. Neither did Travelers ever discuss with Klukwan the amount of

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                    20

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

its potential claim against Peterson Sullivan or the calculation of its damages.  Crandall Dep. p.349:10-350:10;  p.378:8-20;  Christianson Dep. p.157:7-158:7.   Nor did Travelers ever provide any assurances or guarantees to Klukwan that it would achieve any recovery from Peterson Sullivan.  Crandall Dep. p. 378:11-13; Christianson Dep. p.158:2-7.

While Klukwan now argues for the purposes of its Counterclaim that the parties were acting "jointly" or "working together" to obtain a recovery from Peterson Sullivan, the above facts demonstrate otherwise.  Additionally, in responding to a letter from Peterson Sullivan's attorney, William Earnhart, both Mr. Crandall and Mr. Christianson emphasized the adversarial nature of the relationship between Travelers and Klukwan and the fact Travelers acted independently in pursing its claim against Peterson Sullivan. Ex.183; Christianson Dep. p.173:13-174:21; Crandall Dep. p.589:2-590:17.

L.      Crandall and Christianson Independently  Evaluated a Claim by Klukwan  Against Peterson Sullivan.

Billing statements by Mr. Christianson's firm to Klukwan reveal substantial effort by the Defendants' present counsel of record, Gary Spraker, to research accountant liability issues in January 2004. Ex.170. Mr. Christianson performed additional research in February 2004. *Id*. Mr. Spraker prepared a lengthy research memo dated January 21, 2004, which addressed the subjects of duty, reliance, causation and damages, and particular rules applicable to a shareholder action in regard to a claim by Klukwan against Peterson Sullivan. Ex.176; Christianson Dep. p.125:19-126:4.  A follow-up research memo dated February 12, 2004 was also prepared by Mr. Spraker.  Ex.178.

Mr. Christianson's February 6, 2004 email to Tom Crandall stated that "he was getting into the Peterson Sullivan claim" and identified a number of issues for discussion with Mr. Crandall. Ex.177. Mr. Christianson's email of this date also reflected his preliminary

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                                    21

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

conclusion that there were problems in regard to proof of causation and damages in any claim by Klukwan against Peterson Sullivan. *Id.*, Christianson Dep. p.132:13-133:19. Mr. Spraker's January 21, 2004 research memo similarly identified proof requirements in regard to damages, particularly in regard to a shareholder derivative action. Ex.176.

Mr. Crandall met with Mr. Christianson on March 1, 2004 for a several hour discussion regarding Klukwan's potential claim against Peterson Sullivan. Christianson Dep. p.134:14-135:6. Mr. Crandall acknowledges having "multiple conversations" with Cabot Christianson on the subject. Crandall Dep. p.102:24-103:10. At Mr. Christianson's request, Mr. Spraker performed further research regarding the applicable statute of limitations for any such claim on March 17 and March 24, 2004. Christianson Dep. p.136:18-137:14; Ex.179; Ex.170.

The more detailed and comprehensive analysis performed by his office confirmed in Mr. Christianson's mind his preliminary conclusion that a claim by Klukwan faced significant problems in regard to causation and damages. Christianson Dep. p.114:25-115:21. Mr. Crandall similarly acknowledges concerns with the likely attribution of fault to Klukwan or SCI due to the negligence of the SCI officers, their failure to provide accurate information to Peterson Sullivan in the performance of its audit, and "management letters" provided by SCI or Klukwan to Peterson Sullivan, representing that all material information had been disclosed. Crandall Dep. p.73:22-75:15; p.102:3-15; p.326:6-328:3; p. 328:15-24; Ex. 93. Mr. Christianson likewise recognized the existence of such a "management letter" would affect the question of both liability and damages in regard to any claim by Klukwan against Peterson Sullivan. Christianson Dep. p.147:17-148:9.

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                    22

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

For these reasons, Mr. Crandall believed Travelers had a "cleaner" case against Peterson Sullivan. Crandall Dep. p.518:10-519:18.  Mr. Crandall's belief that Peterson Sullivan would assert defenses based on these facts was one of the factors considered by Klukwan in determining whether or not to bring its own action.  *Id.*, p.328:15-24. However, both Crandall and Christianson recognized that the potential damages which Klukwan might assert against Peterson Sullivan were: (i) different than damages claimed by Travelers; (ii) would be "much broader than simply reliance on the 2000 financials;" and (iii) would involve "potentially extremely large damages," reflecting the devastating financial impact of the SCI collapse on Klukwan. Christianson Dep. p.128:2-129:24; p.323:18-324:24; Crandall Dep. p.521:5-523:4.

Mr. Christianson similarly concluded that "Travelers was much better situated" to bring a claim against Peterson Sullivan than Klukwan and did not "suffer from the unclean hands defense." Christianson Dep. p.309:4-20. Mr. Christianson also emphasized to his clients that if Travelers proceeded with a claim it would bear the financial burden and risk of the litigation. *Id.* Mr. Christianson summarized his consistent advice to his clients as follows:

| | |
|---|---|
| Q | Did you then discuss with Mr. Spraker -- Did ultimately make a recommendation to Klukwan, to Tom Crandall, not to bring a claim just on its own merits against..... |
| A | Sure, I -- **my advice.....** |
| Q | .....Peterson Sullivan? |
| A | .....**consistently to Tom and to the board was that -- is that Travelers is much better situated to bring its claim. It didn't -- it had a -- didn't suffer from the unclean hands defense that we would have, it did not have the damages problem that we would have, and they would be financing the litigation.**  And we're chasing the same dollars.  I mean, the Travelers damages are the same as our damages, the same -- or, at least the first let's say 12 million or whatever, it's the same claim.  So if Travelers is going to go forward there was no point in us going forward.  And that was my advice pretty much consistently from day one. |

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                                    23

*Id.*, (emphasis added).

However, neither Mr. Christianson nor his firm performed any separate legal analysis or research in regard to Travelers' claims against Peterson Sullivan. *Id.*, p.132:5-9. Neither did Mr. Christianson ever discuss with Travelers or Jan Sokol how Travelers might calculate any damages sought from Peterson Sullivan. *Id.*, p. 157:7-158:7. Nor was Mr. Christianson concerned with an allocation of fault to the former SCI officers also sued by Travelers, although he recognized such a possibility. *Id.*, p.316:1-317:25.

Mr. Christianson also did not analyze, consider, or discuss with Travelers when its cause of action against Peterson Sullivan might have accrued. *Id.*, p.143:14-144:7. Mr. Christianson was simply not concerned as to when Travelers' cause of action against Peterson Sullivan accrued and its statute of limitations commenced. *Id.*, p.265:7-13. While Mr. Christianson became impatient with what he viewed as Jan Sokol's "messing around" with the "preliminary step" of obtaining the Peterson Sullivan working papers, he never became concerned that Mr. Sokol would miss the statute of limitations, nor did it ever dawn on him such a problem potentially existed. *Id.*, p.268:2-19.

Mr. Crandall did become concerned at some point regarding the delay and time expended in the attempt to obtain the Peterson Sullivan working papers. Crandall Dep. p.525:17-20. However, despite that concern, Klukwan did not proceed with its own action against Peterson Sullivan, although nothing prohibited it from doing so. *Id.*, p.525:21-526:1. Crandall and Christianson did not consider review of the working papers necessary before commencing a suit against Peterson Sullivan. Crandall Dep. p.525:5-12; Christianson Dep. p.182:21-183:8.

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)          24

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

Unlike Travelers, which was subject to a two year statute of limitation, Klukwan and SCI had the benefit of a three year statute of limitation for their professional malpractice claim against Peterson Sullivan. Christianson Dep. p.139:3-14; p.337:1-25. Both Crandall and Christianson believed the earliest date Klukwan's cause of action accrued against Peterson Sullivan was January 2002. Crandall Dep. p.434:18-435:4; 29:8-19; Christianson Dep. p.140:21-141:19. However, Christianson never warned Mr. Crandall as to the likely deadline for Klukwan's claim against Peterson Sullivan under the three year statute of limitation. Crandall Dep. p.582:25-585:17.

The cost of any litigation by Klukwan against Peterson Sullivan was also a factor of much importance to Klukwan. Mr. Crandall admits Klukwan did not bring its own action against Peterson Sullivan because "we did not have the financial dollars to do so." Crandall Dep. p. 481:10-23. Mr. Christianson provided an estimated budget on the order of $500,000 or more to litigate the claim. Christianson Dep. p.320:3-23. Mr. Crandall acknowledges a cost of even $100,000 would be quite significant for Klukwan, given its financial circumstances at the time, and that a cost in excess of that would be an even more significant consideration. Crandall Dep. p.615:7-18; p.619:6-620:3.

M.    Klukwan Continued to Consider Its Own Action Against Peterson Sullivan Throughout 2004.

The evidence demonstrates Klukwan continued to consider bringing its own action against Peterson Sullivan throughout 2004 and well after Travelers' complaint was filed in August of that year.    Mr. Crandall acknowledges informing Chuck Langfitt on several occasions after the working paper petition was denied that Klukwan was considering its own action. Crandall Dep. p.483:6-15.

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                    25

A status report provided by Cabot Christianson to the Klukwan Board dated January 8, 2004 reflected that Klukwan was continuing to consider a claim against Peterson Sullivan. Ex. 190. At a May 6, 2004 meeting of the Klukwan Board, Mr. Crandall and the Board specifically discussed potential claims by Klukwan against Peterson Sullivan and other third parties. Crandall Dep. p.270:13-17, p.275:14-276:21, Ex.72. In a June 29, 2004 letter to Cabot Christianson, Mr. Crandall then identified a claim by Klukwan against Peterson Sullivan under the category of "potential litigation." Ex.91, Crandall Dep. p.321:3-322:14.

Mr. Christianson's July 6, 2004 letter to KPMG reported on matters where Mr. Christianson's firm was engaged on behalf of Klukwan or its subsidiaries in connection with KPMG's audit of Klukwan's year end 2003 financial statements. Ex.181. In that letter Mr. Christianson stated as follows:

### Other potential litigation

> SCI and/or Klukwan have potential litigation claims against Peterson & Sullivan and also against SCI's former directors. **SCI and Klukwan have not decided whether to pursue these matters.**

Ex. 181, (emphasis added).

In a September 12, 2004 memo to the Klukwan Board, Mr. Crandall advised that Travelers had filed suit against Peterson Sullivan and informed the Board that the question before it was whether Klukwan should join the lawsuit by asserting its own claims. Ex. 95; Crandall Dep. p.333:2-8. Page 6 of Mr. Crandall's September 12, 2004 memo states as follows in this regard:

> <u>St. Paul Travelers vs. Peterson & Sullivan et al:</u>

> This will be discussed at the board meeting Tuesday, September 14, 2004 and should be in executive session. Cabot Christianson will be available by phone at 10:00 am. **Basically, the question is: Should Klukwan, Inc. join the lawsuit?**

Ex. 95, p.6, (emphasis added).

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
**Case No. A06-00063 (TMB)**                    26

This entry reflected the fact Klukwan was still considering its own action against Peterson Sullivan. Crandall Dep. p.335:19-336:18. A specific resolution authorizing such an action was prepared for the Board meeting by Mr. Crandall. *Id.*, p.487:24-488:10; Ex. 97.

The Klukwan Board considered and discussed this question at length during an executive session at its meeting on September 16, 2004 *Id.*, p.487:18-490:20. Mr. Crandall explained to the Board his view that a recovery by Travelers on its claim against Peterson Sullivan would have at least an indirect benefit to Klukwan; although the amount of any such recovery was uncertain. *Id.*, p.488:11-490:20. In these discussions, Mr. Crandall also assumed, incorrectly, that the damages asserted by Travelers against Peterson Sullivan were identical to the damages Klukwan would claim. *Id.*, p.523:5-19. Mr. Crandall summarized the conclusions reached during those discussions as follows:

> ................... **We ended up with a discussion that says let's let Travelers do the heavy lifting here, in other words let's let them pay for the litigation, let's see what happens.** If they're successful, great, we benefit. And they will have proven our claims against them, and -- against Peterson Sullivan, and if they were unsuccessful, then we probably didn't have a claim to begin with.

*Id.*, p.490:11-18, (emphasis added).

Mr. Crandall also emphasized in his deposition testimony that avoiding the risk of litigation with Peterson Sullivan, and letting Travelers carry that burden instead, was a particular factor in Klukwan's eventual decision not to proceed with its own claim. *Id.*, p. 411:16-412:10. In this regard, Mr. Crandall stated as follows:

> A    Had it gone clear through case to a jury and the jury had said there's no recovery here.....
> Q    Yes.

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
**Case No. A06-00063 (TMB)**                    27

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

A    .....we'd have been SOL. Out of luck, excuse me.   We'd   have not recovered.  **Part of the reason we had decide (sic) that Travelers' claim was the one that should go forward instead of us was if they found that Travelers had no case, or no claim or no recovery, I should say, then we also would have had no recovery because our claim was pretty much mirroring theirs.**

*Id.*, p.412:1-10, (emphasis added).   The Klukwan Board made no formal decision at the September 16, 2004 meeting; rather the issue was tabled for future consideration. *Id.*, p.490:21-25; p.524:16-525:4.

In a September 29, 2004 telephone call, Crandall and Christianson continued to inform Travelers that Klukwan was considering its own action against Peterson Sullivan. Crandall Dep. p.291:8-17.  Both gentlemen admit Klukwan never informed Travelers that Klukwan was relying exclusively on the Travelers' action.   Crandall Dep. p.389:2-22; Christianson Dep. p.281:6-282:19.

N.    Travelers Did Not "Induce" Klukwan to Forego Its Own Action Against Peterson Sullivan.

Any allegation by the Defendants that Travelers "induced" Klukwan to forego its own action against Peterson Sullivan is both inaccurate and ironic. Not only do the above facts demonstrate otherwise, but the testimony of Crandall and Christianson reveals the only "inducements" were made by Klukwan.

Mr. Crandall testified that his communications to Chuck Langfitt regarding possible claims by Klukwan against Peterson Sullivan were "more of a prodding nature, reminder nature." Crandall Dep. p.471:24-472:9. Mr. Crandall kept raising the issue of possible claims by Klukwan against Peterson Sullivan because of his perception of weaknesses in Klukwan's case and "so I was trying to remind them [Travelers] to keep working at it..." *Id.*, p.473:25-474:7. In Mr. Crandall's view, "having Travelers fight it" would be preferable to an action by

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                    28

Klukwan. *Id.*, p.474:8-25. Therefore, his discussions with Mr. Langfitt were to "encourage him to take action." *Id.*

Mr. Christianson similarly describes his communications with Travelers, to the effect that Klukwan was continuing to consider its own action against Peterson Sullivan, as reflecting Mr. Crandall's "pretty strong desire, to, you might say, drop the bread crumbs in front of Travelers to lead Travelers to the correct set of facts it would need to develop a case against Peterson Sullivan." Christianson Dep. p.196:8-197:12. Both Christianson and Crandall wanted Travelers to initiate an action against Peterson Sullivan because they believed it was preferable to Klukwan undertaking the risk and expense of its own action. *Id.* p.328:19-24. They were continually trying to encourage Travelers to proceed in such fashion. *Id.*, p.328:19-329:18.

O.    Klukwan's Deteriorating Financial Condition and Unsuccessful Attempts
       to Renegotiate the *Repayment Agreement*.

Klukwan entered the *Repayment Agreement* with Travelers in December 2002 because it wished to avoid bankruptcy and Tom Crandall believed the agreement was in Klukwan's best interest. Crandall Dep. p.42:1-21. However, Mr. Crandall admits he had no certainty at the time that Klukwan could make the payments to which it had agreed. *Id.* With the exception of the Chinle claim, the collateral provided to Travelers under the *Repayment Agreement* proved to be a little or no value, resulting in payments of only $40,000 to Travelers. *Id.*, p. 38:20-39:1.

By 2005, Mr. Crandall recognized Klukwan's deteriorating financial condition made it increasingly unlikely it could meet its obligations to Travelers *Id.*, p.51:10-52:13; p.219:24-220:3. Mr. Crandall's email to Cabot Christianson dated February 3, 2005 outlined potential avenues that Klukwan might take to renegotiate the terms of the *Repayment Agreement*.

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
**Case No. A06-00063 (TMB)**                29

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

Ex.201.  Mr. Crandall requested meetings in February and October 2005 for such purpose and discussions regarding potential revisions to the *Repayment Agreement* continued throughout the latter months of 2005.  *Id.*, p.51:10-52:13; p.295:19-296:3.  No agreement was reached. *Id.*, p.51:10-52:13; p.179:4-16.  By February 22, 2006, Mr. Sokol had placed Klukwan on formal notice of default due to its failure to make payments due under the *Repayment Agreement* and litigation by Travelers was imminent.  Christianson Dep. p.235:22-236:6; p.237:7-12.

Throughout 2005 and Klukwan's several attempts to renegotiate the *Repayment Agreement*, it never asserted any form of claim or offset based upon Travelers' unsuccessful action against Peterson Sullivan.  Crandall Dep. p.296:4-9. Both Crandall and Christianson were promptly informed of the entry of Judge Beistline's order on September 27, 2005 dismissing Travelers action on statute of limitation grounds.  Crandall Dep. p.363:12-364:8; Christianson Dep. p.158:16-159:13.  Not until after Travelers' complaint was filed in this action on March 23, 2006, did Klukwan assert the theory or claim set forth in its present counterclaim against Travelers.  Christianson Dep. p. 336:2-25.

## V.    ISSUE PRESENTED

Is Travelers entitled to summary judgment dismissing Defendants' Counterclaim where: (1) the contractual agreements between the parties provide Travelers  had no duty to assert a claim against Peterson Sullivan or achieve any recovery from it; (2) under Alaska law Defendants cannot assert a tort claim against Travelers  for purely economic loss; (3) the undisputed facts demonstrate Defendants neither imposed, nor Travelers accepted, any "condition" in regard to such a claim; and (4) Defendants cannot make a sufficient prima facie

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                    30

SCHIFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

showing to establish an essential element of their Counterclaim – that Travelers had a duty to pursue an action against Peterson Sullivan.

## VI.    EVIDENCE RELIED UPON

Travelers relies upon the following evidence submitted in support of its motion:

- Excerpts of the deposition testimony of Thomas L. Crandall identified and attached to the supporting declaration of James T. Hopkins.

- Excerpts of the deposition testimony of Cabot Christianson identified and attached to the supporting declaration of James T. Hopkins.

- Documents entered as deposition exhibits in this matter identified and attached to the supporting declaration of James T. Hopkins.

- Declaration of James T. Hopkins with attached deposition excerpts and exhibits.

## VII.    ARGUMENT

A.    <u>Summary Judgment Standard</u>

Fed.R.Civ.P. 56(c) mandates summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *Celotex Corporation v. Catrett*, 477 U.S. 317, 322-323 (1986).  While the moving party always bears the burden of demonstrating the absence of a material issue of fact, it is not necessary for the moving party to negate the opposing party's claims with affidavits or declarations.  *Id.* at 323.  This is because a complete failure of proof concerning an essential element of a non-moving party's case necessarily renders all other facts immaterial.  *Id.* at 317.

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
**Case No. A06-00063 (TMB)**                    31

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

B.  The *Repayment Agreement* Governs the Relationship of the Parties and Provides that Travelers Had No Duty to Pursue Claims Against Peterson Sullivan or Other Third Parties.

The Defendants assert a sole cause of action against Travelers labeled "negligence." The tort of negligence consists of four separate and distinct elements: (1) duty, (2) breach of duty, (3) causation, and (4) harm. *Parks Hiway Enterprises, LLC v. CEM Leasing, Inc.,* 995 P.2d 657, 667 (Alaska 2000). Under Alaska law the "initial step" in determining whether an action for negligence can be maintained is to consider whether a duty exists. *North Star Terminal & Stevedore Co. v. Nugget Construction, Inc.*, 445 F. Supp. 2d 1063, 1075 (D.C. Alaska 2006), quoting *Mesiar v. Heckman*, 964 P.2d 445, 448 (Alaska 1998). The existence and extent of a duty is a question of law. *Parks Hiway Enterprise,. LLC.*, 995 P.2d at 667.

The duty inquiry focuses on the "basic relationship between the parties," rather than their actions on a particular occasion. *Mesiar*, 964 P.2d at 448 ("duty is at heart a question of policy centering on the basic relationship between the parties rather than on the nature of their conduct on a given occasion."). Therefore, to determine whether a duty exists, Alaska courts first examine "statute, regulation, contract, undertaking, the parties' preexisting relationship, or existing case law." *McGrew v. State Dept. of Health and Social Services, Div. of Family and Youth Services*, 106 P.3d 319, 322 (Alaska 2005).

Only where such "sources do not resolve the issue" will Alaska courts then employ the multi-factor approach outlined in *D.S.W v. Fairbanks North Star Borough School Dist.*, 628 P.2d 554, 555 (Alaska 1981). *McGrew*, 106 P.3d at 322. The *D.S.W.* multi-factor analysis is not employed where there is an existing relationship between the parties. *Id.*, 106 P.3d at 325-326. Neither is the *D.W.S.* approach, nor the imposition of a duty, appropriate where the

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                    32

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

relationship between the parties is "governed, at bottom, by contract." *North Star*, 445 F. Supp. 2d at 1076.

Here, the parties had a long established relationship which was governed by specific and detailed contractual agreements. These included the Indemnity Agreements and the subsequent *Repayment Agreement*, the product of extensive negotiations with the Defendants and their counsel. The *Repayment Agreement* (Ex. 42) specifically addresses third party claims by Travelers. Under Paragraph 11, Travelers plainly reserved all such claims. Paragraph 18 similarly reserves "each and every right" of Travelers allowed by law or any other agreement and makes clear that "no failure or neglect on the part of Travelers to exercise, and no delay in exercising" any such right would in any way release or reduce the Defendants' obligations under the *Repayment Agreement*. Mr. Crandall clearly understood this provision of the *Repayment Agreement* to apply to the surety's claims against Peterson Sullivan. Crandall Dep. p. 174:8-175:6.

By executing the *Repayment Agreement*, the Defendants agreed that Travelers reserved its claims against third parties and that any recovery, or failure to recover, by Travelers on such claims did not reduce or diminish their liability under the agreement and Note. Not only is such a conclusion required from its unambiguous language, it is also the only reasonable interpretation of the agreement. Travelers agreed to accept payments from the Defendants approximately $4 million less than its total loss; only by recovering from liable third parties could Travelers be made whole. If any recovery Travelers might have obtained from Peterson Sullivan was applied as a credit to the Defendants' obligations under the *Repayment Agreement*, Travelers would have undertaken the risk and expense of litigation

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                                    33

merely to substitute one payment source for another, without any further reduction of its total loss.

The result sought by the Defendants would therefore require Travelers to incur the expense and risk of litigation against Peterson Sullivan entirely for the benefit of the Defendants; yet no provision of the *Repayment Agreement* requires such a result and no remotely reasonable interpretation of that agreement leads to such a conclusion. The Defendants effectively ask the Court to rewrite the *Repayment Agreement* by finding an alleged "duty" on the surety's part that is specifically rejected by the Agreement itself.

Alaska law prohibits such an outcome. Tort based "duties" will not be imposed upon parties whose relationship is governed by contract. *North Star*, 445 F. Supp.2d at 1076. Rather, "Promises set forth in a contract must be enforced by an action on that contract. Only where the duty breached is one imposed by law, such as a traditional tort law duty furthering social policy, may an action between contracting parties sound in tort." *Alaska Pacific Assur. Co. v. Collins*, 794 P.2d. 936, 946 (Alaska 1990)(internal citations omitted).

C.     Defendants May Not Assert Tort Claims for Economic Damages Against Travelers.

The Court's holding in *North Star* reflects Alaska's application of the economic loss rule and its prohibition of tort claims between contracting parties which seek purely economic damages under circumstances where there is no substantial risk of, or actual, physical harm. *St. Denis v. Department of Housing and Urban Development*, 900 F.Supp. 1194, 1200-1201 (D. Alaska 1995). In *St. Denis*, Judge Singleton conducted an extremely thorough analysis of the economic loss rule as applied in other jurisdictions, Alaska's application of that rule, and the limited circumstances under which Alaska courts would allow tort based claims among contracting parties. The *St. Denis* court found that Alaska courts essentially apply the majority

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                                34

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

rule developed in product liability cases which prohibits negligence claims among contracting parties where only economic losses are sought. *Id.*, *citing East River Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 870, 106 S. Ct. 2295, 90 L.Ed.2d 865 (1986). In this regard, Judge Singleton stated as follows:

> While the Alaska law departs in some respects from the rule in *East River Steamship*, the Alaska rule has solidified enough to the point that a plaintiff who claims that a product was defective and seeks only damages for economic loss must sue on the contract and has no independent action in tort unless she can show that the defect created a significant risk of personal injury or property damage.

*Id.*

Judge Singleton further emphasized Alaska courts would not limit application of this rule to product liability cases, but rather it would be broadly applied to "other contractual relationships."

> It is important to stress that the Alaska Supreme Court cases rejecting tort claims for economic losses do not rely on considerations peculiar to products liability or professional malpractice. Each of the reasons offered is as applicable to relationships arising out of real estate sales contracts as other contractual relationships. It, therefore, appears <u>the Alaska cases foreshadow the general rule for precluding negligence action by those in privity where only economic losses are alleged.</u>

*Id.* at 1204. (emphasis added).

Alaska's economic loss rule bars the Defendants from asserting a negligence based counterclaim against Travelers seeking purely monetary damages. *St. Denis* also makes crystal clear that the Defendants cannot rely on any version of the Good Samaritan doctrine to impose a duty on Travelers. *St. Denis* involved a claim by the purchaser of real property owned by the federal government. The plaintiff asserted that the government, having gratuitously elected to inspect the property, owed her a duty under the Good Samaritan doctrine to properly conduct the inspection and inform her of the results. *Id.* at 1195. Thus,

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                                        35

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

the facts in *St. Denis* are highly analogous to those here, where the Defendants apparently argue that even if Travelers had no duty to pursue an action against Peterson Sullivan, having elected to do so, Travelers owed them a duty to pursue such action in a non-negligent fashion. After his extensive analysis of the applicable Alaska law, Judge Singleton rejected the plaintiff's claim and held as follows:

> Now it is clear that the Alaska Supreme Court would recognize a Good Samaritan cause of action pursuant to Restatement (Second) of Torts §323 (1965), <u>but only if the breach of duty created a risk of personal injury or property damage. This result is consistent with the plain language of the provision which is limited to actions to recover from physical harm to the plaintiff's person or property</u>.

*Id.* at 1203 (emphasis added).

As the court in *St. Denis* observed, the Restatement (Second) of Torts §323 specifically limits its application to claims for "physical" harm. Other Restatement sections and authorities are in accord. *See*, Restatement (Second) of Torts §324(A), "Liability to a Third Person for Negligent Performance of an Undertaking" (section applicable only to claims for "physical harm"); 57 Am.Jur. <u>Negligence</u> §105 (Good Samaritan principle only protects against "physical harm.")

Here the Defendants' counterclaim seeks purely economic damages. Counterclaim, ¶28. *St. Denis* is dispositive. The Defendants have no Good Samaritan action or other tort claim against Travelers under these circumstances.

D.    <u>Christianson's February 10, 2004 Email Imposed No Duty on Travelers.</u>

The Defendants' belated and facile argument based on Mr. Christianson's February 10, 2004 email similarly asks the Court to rewrite the *Repayment Agreement* to suit the Defendants' purpose. There is neither a basis nor a reason to impose upon Travelers the hidden and unstated "condition" which Defendants now assert is somehow contained in

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                36

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

Christianson's email. To do so would allow the Defendants to obtain by subterfuge, that which they were unable to negotiate in the *Repayment Agreement*, and which was repeatedly rejected by Travelers in subsequent requests.

The Defendants' conduct is also wholly inconsistent with their present allegations. The Defendants and their attorneys continued to evaluate and consider a lawsuit of their own against Peterson Sullivan well after February 2004. Such evaluation and consideration would not have been necessary or occurred if the Defendants truly believed they had imposed a "condition," which Travelers had accepted, regarding its action against Peterson Sullivan and the application of any recovery from such action.

      E.      <u>Travelers Had No Duty to Pursue an Action Against Peterson Sullivan to "Mitigate" Obligations Voluntarily Assumed by the Defendants Under the Repayment Agreement or Losses Already Incurred by Travelers on SCI Bonds.</u>

The doctrine of mitigation has no application here and does not support the Defendants' Counterclaim. Travelers incurred its damages in paying claims against the SCI bonds and completing SCI's work on the bonded projects. The Defendants do not assert that Travelers acted unreasonably in resolving claims against its bonds or that its total, actual losses are less than $12 million. Rather, Defendants apparently argue, under the guise of "mitigation," that Travelers was required to pursue claims against third parties such as Peterson Sullivan which, if successful, might have reduced or lessened obligations voluntarily assumed by the Defendants under the *Repayment Agreement*. Neither the doctrine of mitigation nor other applicable law imposes such a duty on Travelers.

The doctrine of mitigation "applies to damages which one can prevent, and not to damages already accrued." 25 C.J.S., *Damages* §47 "Duty to Prevent or Reduce Damages," n. 10. Thus, Alaska courts apply the doctrine to bar recovery by a plaintiff of damages

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
**Case No. A06-00063 (TMB)**        37

"which the plaintiff could have reasonably avoided in the first place." *Bohna v. Hughes, Thorsness, Gantz, Powell & Brundin*, 828 P.2d 745, 754 (Alaska 1992); *Anchorage Independent School District v. Stephens*, 370 P.2d 531, 533 (Alaska 1962) (avoidable consequences rule only precludes recovery by plaintiff "for so much of the losses as are shown to have resulted from failure on his part to use reasonable efforts to avoid or prevent them.").

Even where applicable, a duty to mitigate is subject to significant limitations. It only requires action by the non-breaching party where it can protect itself "with reasonable effort or trifling expense." *Danzas, Ltd. v. National Bank of Alaska*, 222 F. Supp. 671, 677 (D.C. Alaska 1973); *West v. Whitney-Fidalgo Seafoods, Inc.*, 628 P.2d 10, 18 (Alaska 1981) (plaintiff not required to incur "undue risk or expense").

Most significantly, courts consistently hold that a plaintiff is not obligated to institute and prosecute a lawsuit in order to minimize its loss. *Levantino v. Insurance Co. of North America,* 422 N.Y.S.2d 995, 1002 ("A plaintiff is not obligated to surrender a right of substantial value in order to minimize loss or to institute and prosecute a law suit to accomplish the purpose"); *Lipshie v. Lazarus,* 235 N.Y.S.2d 764, 769 (N.Y.Sup.Ct. 1962) (same); *Robinson v. Carney*, 632 A.2d 106, 108 (D.C.,1993) ("the general rule is that injured parties need not ⋯ institute and prosecute [law] suits in order to mitigate damages."); *Stadheim v. Becking,* 290 N.W.2d 273, 274 (S.D.1980) ("The law does not require a person to take affirmative legal action to prevent another from suffering the result of his tortious act."); *Horne v. Peckham,* 97 Cal.App.3d 404, 418, 158 Cal.Rptr. 714, 722 (1979) (not unreasonable for plaintiff to abandon further legal effort to gain favorable ruling); *Stone v.*

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                    38

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

*Satriana,* 41 P.3d 705, 712 (Colo. 2002) ("Litigation is too uncertain and costly to impose such a duty on a party.")

In the specific surety/indemnitor context, courts have declined to find a duty to mitigate on the part of a surety seeking indemnity for losses incurred on its bonds. *Environment Funds Insurance Co. v. Joseph J. Biafore, Inc.,* 526 F.2d 170 (3rd Cir. 1975) (surety's failure to perfect security interest in accounts receivable no defense); *Continental Casualty Co. v. Guterman*, 708 F. Supp. 953 (N.D. Il. 1989) (surety's failure to sell collateral no defense); *Four Seasons Environmental, Inc. v. West Field Company*, 638 N.E.2d 91 (Ohio App. 1994) (absence of duty to mitigate in indemnity agreement and unconditional indemnity obligation preclude any duty to mitigate); *Moya v. Fidelity and Casualty Company of New York*, 406 P.2d 173, 176 (N.M. 1965) ("the contract of indemnity promised to reimburse for expenditures made under the bond unless made fraudulently...We do not think they [the surety] had any duty to mitigate...").

Only where a surety has acted unreasonably in paying claims against its bonds and incurring its initial loss have some courts limited the surety's right to indemnity. Alaska courts recognize that a surety has an obligation to act reasonably in adjusting and paying claims against its bonds. *Alaska National Bank of the North v. Gwitchyaa Zhee Corporation*, 639 P.2d 984 (1981). However, such authority has no application here. Defendants do not allege that Travelers acted unreasonably in paying claims against its bonds and incurring its over $12 million loss. Rather, their counterclaim is based upon allegedly unreasonable conduct in pursuing an entirely separate, third party claim against Peterson Sullivan; an action which Defendants expressly agreed Travelers had no obligation to pursue under the *Repayment Agreement*.

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                                                        39

**VIII.  CONCLUSION**

The *Repayment Agreement* and Indemnity Agreements executed by the Defendants govern the relationship between the parties and make clear that Travelers had no duty to pursue a claim against Peterson Sullivan. Because the Defendants seek purely economic damages, Alaska law bars any claim against Travelers based on negligence or any other tort, including any Good Samaritan cause of action. The Defendants neither imposed, nor Travelers accepted, any condition in regard to Travelers' action against Peterson Sullivan. The Defendants made a voluntary and informed decision, with the advice of counsel, to forego their own action against Peterson Sullivan and accepted the risk that Travelers' suit would be unsuccessful.  Travelers' motion should be granted and summary judgment entered its favor dismissing with prejudice the Defendants' counterclaim.

Respectfully submitted this 19th day of November, 2007.


SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, PLLC

*s/James T. Hopkins*
James T. Hopkins, *Pro Hac Vice*
Schiffrin Olson Schlemlein & Hopkins, PLLC
1601 Fifth Ave., Suite 2500
Seattle, WA  98101
Telephone: (206) 448-8100/Fax (206) 448-8514
Email: jth@soslaw.com

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                    40

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

1

**CERTIFICATE OF SERVICE**

2

The undersigned hereby certifies that on November 19, 2007, a true and correct copy of the
above document was served on:

3

4

Gary Spraker, Esq.
Chirstianson & Spraker

5

911 West 8th Avenue, Suite 201
Anchorage, AK 99501

6

7

James D. Gilmore, Esq.
11255 Rhody Drive

8

Port Hadlock, WA  98339

9

by electronic means through the ECF system as indicated on the Notice of Electronic filing.

10

SCHIFFRIN OLSON SCHLEMLEIN &
HOPKINS, PLLC

11

12

*S/ James T. Hopkins*
James T. Hopkins, *Pro Hac Vice*

13

Garth A. Schlemlein, ASBA # 8602011
Schiffrin Olson Schlemlein & Hopkins, PLLC

14

1601 Fifth Ave., Suite 2500
Seattle, WA  98101

15

Telephone: (206) 448-8100/Fax (206) 448-8514
Email: jth@soslaw.com

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's Motion for Summary Judgment
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)                                    41