b.      Travelers shall be entitled to the automatic and absolute lifting of and relief from any automatic stay imposed by § 362, Title 11 of the U.S. Code, as amended, or otherwise, on or against the exercise of the rights and remedies otherwise available to Travelers; and c.   Travelers shall be entitled, and SCI, Klukwan and CPC, hereby irrevocably consent to an order granting relief from any and all stays, and equitable relief under 11 U.S.C. § 105, or other applicable law, in order to permit Travelers to foreclose upon any collateral and to exercise any and all other rights and remedies of Travelers under this Agreement, the Indemnity Agreement, or other agreements or instruments between Travelers and SCI, Klukwan and CPC, or at law or in equity, and SCI, Klukwan and CPC hereby irrevocably waive any right to object to such relief.

8.      Waiver of Klukwan and CPC Rights Against SCI.   Klukwan and CPC hereby waive any claim, right or remedy which Klukwan or CPC may now have or hereafter acquire against SCI that arises hereunder, under the Guaranty, the Indemnity Agreements, or by operation of law, and/or from the performance by Klukwan or CPC hereunder, under the Guaranty, the Indemnity Agreements, or by operation of law, including, without limitation, any claim, remedy or right of subrogation, reimbursement, exoneration, contribution, indemnification, or participation in any claim, right or remedy of Travelers against SCI or any security or collateral which Travelers now has or hereafter acquires, and whether or not such claim, right or remedy arises in equity, under contract, by statute, under common law, by operation of law or otherwise.

9.      Note.  In reliance upon Travelers' representation that its total liability under the Bonds, net of all receipts from the Bonded Contracts, will exceed $8 million, SCI shall execute a Note, in the form attached as Exhibit B, in the amount $5,388,306.48, which calls for payments to Travelers totaling $8 million, payable on the terms set forth therein.  In the event that Travelers' total loss, net of all receipts from the Bonded Contracts, is less than $8 million, Travelers shall credit the Note with the amount of the difference.

10.     Security.

a.      As security for payment of the Note, SCI shall execute, or arrange for the execution, of the following security instruments which shall encumber the following assets owned by SCI, Klukwan, and CPC:

| Collateral | Owner | Exhibit |
|---|---|---|
| All of net proceeds of Chinle claim | SCI | G-1 |
| Stock in Atlas Alaska, Inc. | Klukwan | G-2 |
| 1/2 of net equipment proceeds | SCI | G-1 |
| 3rd deed of trust on Juneau office building | Klukwan | H |
| Deed of Trust on Jones Point property | Klukwan | H |
| 2d deed of trust on SCI Ketchikan property | SCI | J |
| Deed of trust on tank farm property | CPC | I |

Page 4:  Repayment Agreement

TRAV 009912

000280

b.      In the event that Travelers receives payment on account of the sale or refinancing of the foregoing collateral, such payments shall be a credit to the principal amount owed on the Note but shall not reduce the amount of the monthly payments due on the Note.

c.      Except as provided in paragraph 12 concerning the Chinle claim, the parties agree that the owner of the collateral identified in each security agreements and deeds of trust given to secure payment of the Note shall retain full control over the collateral, and shall have full rights to refinance the collateral and accept or reject any offers of purchase. Travelers agrees to subordinate its security interest to any new financing, provided that Travelers receives all the proceeds of such financing net of payment to senior secured liens on the collateral. Travelers also agrees to release its security interests in the event of a sale of the collateral, and agrees to execute appropriate UCC-3's or requests for reconveyance or other such documents, provided that the sale is to a bona fide third party and that Travelers receives all sale proceeds (or, in the case of SCI equipment, one-half of the sale proceeds), net of closing costs, real estate commissions, and payments to senior secured liens on the collateral. SCI, Klukwan and CPC represent that equipment sales have occurred which may yield $200,000 for Travelers.

d.      The deed of trust on the tank farm property shall contain a provision prohibiting Travelers from foreclosing on the property in the event of default. Traveler's deed of trust on the property shall entitle it to proceeds from sale or refinance of the property as provided above.

e.      Where noted above, SCI, Klukwan and CPC represent that they are the sole owners of the foregoing collateral. SCI, Klukwan and CPC also agree to defend, indemnify and hold harmless Travelers with respect to any claims, demands, liability, loss, costs, expenses or attorney's fees related to, or arising from the collateral, or title thereto, or the pledging thereof, made or presented by any person against Travelers, including, but not limited to any persons claiming adversely to any of them or Travelers, but other than a senior secured lien holder with a security interest preceding Travelers' security interest in the collateral. SCI, Klukwan and CPC further agree that Travelers shall have no obligation to do so but may, upon breach or default by SCI, Klukwan or CPC under the Note or this Agreement, collect principal, interest or dividends, exercise any rights or options of SCI, Klukwan or CPC and make presentment, demand or protest, give notice of protest, non-acceptance or nonpayment, or perform any act for the protection, enforcement, collection or liquidation of the collateral.

11.     Satisfaction of liability. Except as otherwise provided in this paragraph of this Agreement, and paragraph 14 hereof, delivery of the Note and security instruments to Travelers as set forth above shall constitute full and final satisfaction of the all the claims against, or liabilities of, SCI, Klukwan and CPC, and all persons and entities named in the Indemnity Agreements, and their affiliates (collectively, Klukwan Entities) relating to or arising out of the Indemnity Agreements, Bonds or the Bonded Contracts, and without regard to the total loss experienced by Travelers in connection with the Bonds and Bonded Contracts. However, if either SCI, Klukwan or CPC, or any of them, file a voluntary petition in bankruptcy, which is not dismissed within sixty (60) days, then the delivery of the Note and security instruments to

**Page 5: Repayment Agreement**

TRAV 009913

000281

Travelers shall not constitute full and final satisfaction of the Klukwan Entities liability to Travelers. Instead all payments received by Travelers on account of the Note shall be applied instead to the Indemnity Agreements, and the Klukwan Entities shall be liable to Travelers according to the terms of the Indemnity Agreement. If, however, an involuntary petition in bankruptcy is filed against any one or more of the Klukwan Entities, or there is an order of relief entered against the Klukwan Entities, or any one of them following an involuntary petition which is not dismissed within sixty (60) days, and if there are no existing or subsequent payment defaults under the Note, which Note must be paid in full by one or all of the Klukwan Entities (or their Bankruptcy Estates) then delivery of the Note and security instruments to Travelers shall constitute full and final satisfaction of the Klukwan Entities liability to Travelers, if the Note is paid in full. The foregoing provision shall have no effect if the Klukwan Entities or any one of them, directly or indirectly, causes, encourages or procures, in any manner, the filing of an involuntary petition in bankruptcy. This Agreement and the preceding sentences do not impair or release Travelers' claims or causes of action against any person or entity other than the Klukwan Entities.

12. **Chinle claim.** The Chinle claim has settled for $1,350,000, plus interest and SCI has directed the Owner to remit the settlement funds to Travelers. Those funds, net of attorneys fees or other litigation costs paid by Travelers, shall be credited to the Note.

13. **Financial Representations.** The Klukwan Entities have furnished sworn to financial statements. Attached as Exhibit C are true and accurate Financial Statements. By Exhibit C, the Klukwan Entities acknowledge their Financial Statements fully and truly represent the assets and liabilities of the Klukwan Entities as of the date of the execution of this Agreement. SCI, Klukwan and CPC acknowledge that Travelers is relying upon the accuracy of these financial representations as to the Klukwan Entities' current financial condition in entering into this Agreement. This representation is a material consideration for Travelers agreeing to the repayment terms set forth in this Agreement. If the Klukwan Entities' future assets or total liabilities are Materially Different than represented in Exhibit C, then that difference is an Event of Default. The Klukwan Entities further represent that any timber cutting rights, of any nature or description, vested or unvested, are not subject to alienation by operation of applicable law.

14. **K-Ply Bond.** Travelers furnished Bond #U2428106 in the amount of at least $114,003.96 on behalf of K-Ply, Inc., in favor of the Port of Port Angeles (K-Ply Bond). This Agreement does not apply to the K-Ply Bond. Instead, the Indemnity Agreement, and Travelers rights of reimbursement, exoneration and subrogation apply to K-Ply, Inc., and the K-Ply Bond. Travelers has advised K-Ply, Inc., through Klukwan, that Travelers is canceling the K-Ply Bond.

15. **Equipment and Materials -- Release.** SCI and Klukwan have negotiated with Travelers about equipment usage and material. In partial consideration for this Agreement, SCI and Klukwan hereby release any and all claims of any nature against Travelers related to equipment charges and usage, including, but not limited to hot plants or other equipment, and whether any such claims are against contractors completing the projects for Travelers or directly

**Page 6: Repayment Agreement**

TRAV 009914

000282

against Travelers, or otherwise. The foregoing does not prohibit Travelers and Klukwan from subsequently consummating their negotiations for equipment utilization agreements for the Unalaska Marine Center United States Coast Guard Dock project. SCI and Klukwan hereby release any and all claims of any nature related to material furnished or supplied to any of the Bonded Contracts. SCI and Klukwan shall cause all the Klukwan Entities to execute a release in the same form as Exhibit D. This foregoing release covers all claims of any nature against Travelers related to or concerning equipment charges and usage and material.

16. **Litigation.** There is no action, suit or proceeding pending against, or to the knowledge of SCI, Klukwan or CPC threatened against or affecting, any of the Klukwan Entities, before any court or arbitrator or any government body, agency or official in which there is a reasonable possibility of an adverse decision which could materially adversely affect the business, financial position or results of operations of Klukwan Entities and their subsidiaries or which in any manner draws into question the validity of this Agreement except those matters referred to in Exhibit E attached hereto and made a part hereof.

17. **Books and Records.** Until SCI, Klukwan and CPC have fully performed all their obligations under this Agreement, the Note, and the Guaranty, Travelers shall have the right, upon at least seven (7) business days written notice, to free access to the papers of the Klukwan Entities, including, without limitation, their books, records, accounts, computer software and other computer stored information, for the purpose of examining, copying or reproducing the same. Klukwan shall cause the Klukwan Entities to retain and not dispose of all of the aforementioned papers without Travelers express prior written approval.

18. **Non-Waiver/Conduct.** Each and every right, remedy and power hereby granted to Travelers or allowed it by law or other agreement shall be cumulative and shall not be exclusive of any other right, remedy and power, and may be exercised by Travelers concurrently, consecutively, or separately at any time and from time to time, in Travelers' sole discretion. No failure or neglect on the part of Travelers to exercise, and no delay in exercising any right, remedy or power hereunder or any other agreement, or any other document executed and delivered to Travelers in connection herewith, shall in any way release or reduce the liability of SCI, Klukwan or CPC to Travelers hereunder, or under the Note or Guaranty, or in any way reduce, condition or limit the obligations of SCI, Klukwan or CPC hereunder to Travelers. Neither this Agreement nor any course of conduct of the parties pursuant thereto shall be construed to establish rights of any party not a party to this Agreement.

19. **Opinion of Counsel.** SCI, Klukwan and CPC shall furnish an opinion of counsel satisfactory in form to Travelers, which opines as to, and confirms the authority of SCI, Klukwan and CPC, their signatures, the enforceability of this Agreement and related agreements or instruments, and the absence of legal impediments to this Agreement and the related agreements and instruments. The opinion of counsel shall be substantially in the form of Exhibit F, subject to standard qualifications and from a firm acceptable to Travelers.

Page 7: Repayment Agreement

TRAV 009915

000283

20.    Event(s) of Default/Remedies.  SCI, Klukwan and CPC agree that upon the occurrence of an Event(s) of Default, Travelers has, but is not limited to, the following remedies:

a.    Any and all indebtedness under this Agreement, the Note, the Guaranty, or under any other agreements or instruments between Travelers, SCI, Klukwan, or CPC, or any other obligations of any of them to Travelers, shall, at the election of Travelers, become immediately due and payable and Travelers may exercise such rights in the collateral as Travelers has under this Agreement, the Note, Deeds of Trust or any other agreement or instrument between Travelers and SCI, Klukwan or CPC, or any applicable law or statute.

b.    Furthermore, Travelers shall have and shall be entitled to exercise some or any or all of its rights and remedies under this Agreement, the Guaranty,  or under any other agreement or instrument which has been or which may hereafter be executed and delivered to Travelers by SCI, Klukwan or CPC, as well as any and all rights and remedies Travelers may have under any applicable law or statute.  SCI, Klukwan and CPC expressly waive presentment, demand, Notice of Default, protest or other notice.

21.    Notice.  When this Agreement calls for notice to Klukwan, Inc., South Coast, Inc. or Chilkats' Portage Cove Development Company, such notice shall be in writing and shall be given to that entity by regular mail, with fax attempted, at:

> P. O. Box  32077
> Juneau, AK  99801
> Fax: (907) 789-3525

and to:

> Cabot Christianson, Esq.
> 911 West 8th Ave., Suite 302
> Anchorage, AK 99501
> Fax: (907) 258-1016

When this Agreement calls for notice to be given to Travelers, such notice shall be in writing and shall be given by regular mail, with fax attempted, at:

> Charles W. Langfitt
> Vice President, Bond Claims Department
> 3455 S. 344th Way, Suite 200
> Auburn, WA 98001
> Fax: (253) 946-7156

These addresses and fax numbers may be changed upon written notice to the other parties.

Page 8:  Repayment Agreement

TRAV 009916

22. **Further assurances.** Both parties agree to execute such additional documents as may be necessary or appropriate to carry out the intent of this Agreement.

23. **Entire agreement; amendment.** This is the entire agreement between the parties with respect to the subject matter of this Agreement. This Agreement may not be amended except in writing.

24. **Rule of construction.** Both parties are represented by counsel or have the benefit of counsel, and have contributed toward the drafting of this Agreement. Accordingly, the rule of construction that a document is construed against its drafter shall not apply.

25. **Corporate approval.** This Agreement has been approved by the Boards of Directors of SCI, Klukwan, and CPC.

26. **Validity of Agreement.** Failure to execute, or defective execution, by any party shall not affect the validity of this Agreement as to any other party executing the same and each other party shall remain fully bound and liable hereunder. Invalidity of any portion or provision of this Agreement by reason of the laws of any state or for any other reason shall not render the other provisions or portions invalid.

27. **AS 10.20.280 Effect of.** Travelers, SCI, Klukwan and CPC do not believe that AS 10.20.280, affects, in any respect, this Agreement or any of the security instruments provided for in paragraph 10 of this Agreement, or otherwise. In the unlikely event that in a subsequent proceeding this Agreement, or any part thereof, or any of the aforementioned security agreement, or any part thereof, are determined to be void, voidable or otherwise unenforceable, then the Indemnity Agreements shall be fully enforceable against the Klukwan Entities and the signatories to this Agreement, just as if this Agreement had never been executed. The signatories to this Agreement waive and agree not to raise any defenses of any nature to the enforcement of the Indemnity Agreements, including, but not limited to, any statute of limitations.

Executed December _____, 2002    by:    Travelers Casualty & Surety Company of America

By _____
Charles W. Langfitt, Vice President

**Page 9: Repayment Agreement**

TRAV 009917

000285

Executed December _14_, 2002      by:      South Coast, Inc.
South Coast, Inc., dba Klukwan
Contracting, (for itself and as
successor in interest to South Coast,
Inc./Agate, Inc. (JV)


By _____
Thomas Crandall, President


Executed December _14_, 2002      by:      Klukwan, Inc.


By _____
Thomas Crandall, President


Executed December, _14_, 2002      by:      Chilkats' Portage Cove Development
Company


By _____
William W. Fletcher, President


List of Exhibits:
A        Bonds and Bonded Contracts
B        Note
C        Sworn to Financial Statements
D        Release re:  Equipment & Material
E        Litigation Schedule
F        Opinion of counsel
G        Security Agreement/Pledge Agreements executed by SCI covering Chinle claim,
         Equipment and Atlas Alaska, Inc. Stock
H        3rd deed of trust on Klukwan's Juneau office building and Jones Point property
I        Deed of Trust on CPC's tank farm property
J        2d deed of trust on SCI Ketchikan property


**Page 10: AGREEMENT**

TRAV 009918

000286

## EXHIBIT "A" TO REPAYMENT AGREEMENT

**Principal Name: South Coast, Inc./Klukwan**
**Master Claim No:** 689687

| | Principal Name | Claim Number | Bond Number | Effective Date | Contract Description | Bond Amount |
|---|---|---|---|---|---|---|
| 1 | South Coast dba Klukwan | 091SC689687RG | 103527663 | 5/24/01 | Tuba City-WindowRock | $6,806,278 |
| 2 | South Coast dba Klukwan | 091SCW010056BNR | B27810720000 | 05/23/00 | Sitka Rky. Gulf.Airport | $1,693,625 |
| 3 | South Coast dba Klukwan | 090SC689623NR | 103619765 | 07/24/01 | Yakutat Seaplane Fac. | $291,960 |
| 4 | South Coast dba Klukwan | 091SC689776NR | 103527627 | 02/12/01 | Richardson Hwy.Rehab | $2,446,958 |
| 5 | South Coast dba Klukwan | 091SC690436NR | 103527615 | 01/15/01 | Ketchikan Transfer Fac | $2,463,830 |
| 6 | South Coast dba Klukwan | 091SCR010179TNR | B27810740000 | 05/31/00 | Coal Mine Rd. Ft.Def. | $7,437,565 |
| 7 | South Coast dba Klukwan | 091SCR010179RG | B27810560000 | 09/26/99 | Rd.Constr.Chinle Tealle | $7,142,131 |
| 8 | South Coast dba Klukwan | 091SCR020016TNR | B27810570000 | 09/29/99 | Big Salt Lake Road | $13,555,307 |
| 9 | South Coast dba Klukwan | 091SC687711NR | 103527524 | 01/01/99 | Constr.1.085 KM of Rd | $1,813,573 |
| 10 | South Coast dba Klukwan | 091SC689720NR | 103527564 | 05/24/01 | Tuba City Window | $1,997,920 |
| 11 | South Coast dba Klukwan | 091SC690017NR | 103527521 | 01/29/01 | Borrego Pass | $3,334,391 |
| 12 | South Coast dba Klukwan | 091SC691639NR | 103619753 | 06/27/01 | Subcontract to Jacabs | $308,818 |
| 13 | South Coast dba Klukwan | 091SC691638NR | 103619763 | 07/24/01 | Pave Upper Base Rdy. | $97,498 |
| 14 | South Coast dba Klukwan | 091SC691645NR | 103737398 | 03/07/02 | Kangan Estates Subd. | $235,000 |
| 15 | South Coast dba Klukwan | 091SC691646NR | 103674305 | 09/21/01 | Unaleska Marine Ctr. | $6,499,000 |
| 16 | South Coast dba Klukwan | 091SC691610NR | 103619782 | 09/06/01 | Toksook Bay Airprt. | $4,247,352 |
| 17 | South Coast dba Klukwan | 090SC691519NR | 103737385 | 01/16/02 | San Carlos Indian Res. | $1,042,792 |
| 18 | South Coast dba Klukwan | 901SCR020037ONR | B27810650000 | 11/23/99 | Ketchikan Tongass Av. | $3,950,592 |
| 19 | South Coast dba Klukwan | 091SC691636NR | 103674316 | 10/16/01 | Spit Light Cargo & Pot | $114,450 |
| 20 | South Coast dba Klukwan | 091SC691611NR | 103674309 | 09/27/01 | Unaleska Arpt.Safety | $2,814,245 |
| 21 | South Coast dba Klukwan | 091SC691612NR | 103874310 | 09/28/01 | Rep. 12" Sewer Main | $428,231 |
| 22 | South Coast dba Klukwan | 091SC691266NR | 103389111 | 08/14/00 | Wide Ruins Contract | $395,000 |
| 23 | South Coast dba Klukwan | 091SCR020036ONR | B27810460 | 05/13/99 | Bartlett Cove Dock | $2,182,366 |
| 24 | South Coast dba Klukwan | 091SC687711NR | 103527526 | 01/01/99 | BIA - Shonto | $1,561,363 |
| 25 | South Coast dba Klukwan | 091SCR020011(3NR | B27810210 | 10/23/97 | Small Boat-Harbor | $2,645,500 |
| 26 | South Coast dba Klukwan | 091SC691637NR | 103389128 | 10/23/00 | Spit Dock Water Line | $224,548 |
| 27 | South Coast dba Klukwan | 091SC691640NR | 103348658 | 08/16/00 | 2nd Ave. Improvements | $539,550 |
| 28 | South Coast dba Klukwan | 091SC691642NR | 103389114 | 09/26/00 | Dudley Field Resurfacing | $91,392 |
| 29 | South Coast dba Klukwan | 091SC691643NR | 103619757 | 07/16/01 | UAS Ketchikan Campus | $125,500 |

**TOTAL** $74,408,728

** Any other project Reliance or Travelers bonded on behalf of South Coast, Klukwan or any other Klukwan Entity.

*handwritten:* 10-1 / 103 674 310 Resolved. 1329 01 65

Exhibit "A" to Repayment Agreement

TRAV 009920

000287

## PROMISSORY NOTE

$5,388,306.48                                              December 6, 2002

FOR VALUE RECEIVED, the undersigned, SOUTH COAST, INC. , SOUTH COAST, INC. dba KLUKWAN CONTRACTING (for itself and as successor in interest to South Coast, Inc./Agate, Inc. (JV)),  ("Maker"), promises to pay to the order of TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA ("Payee"), at Auburn, WA or at such other place as the holder hereof may from time to time designate in writing, in lawful money of the United States of America, the principal sum of FIVE MILLION, THREE HUNDRED EIGHTY EIGHT THOUSAND, THREE HUNDRED SIX DOLLARS AND FORTY EIGHT CENTS ($5,388,306.48), plus interest accruing at the rate of six percent (6%) per annum beginning September, 1, 2002, payable on the following schedule:

| | |
|---|---|
| September 1, 2004 | $ 50,000 |
| October 1, 2004 | $ 50,000 |
| November 1, 2004 | $ 50,000 |
| May 1, 2005 | $ 50,000 |
| June 1, 2005 | $ 50,000 |
| July 1, 2005 | $ 50,000 |
| August 1, 2005 | $ 50,000 |
| September 1, 2005 | $ 100,000 |
| October 1, 2005 | $100,000 |
| November 1, 2005 | $100,000 |
| May 1, 2006 | $ 100,000 |
| June 1, 2006 | $ 100,000 |
| July 1, 2006 | $ 100,000 |
| August 1, 2006 | $ 100,000 |
| September 1, 2006 | $ 100,000 |
| October 1, 2006 | $ 100,000 |
| November 1, 2006 | $ 100,000 |
| May 1, 2007 | $ 100,000 |
| June 1, 2007 | $ 100,000 |
| July 1, 2007 | $ 100,000 |
| August 1, 2007 | $ 100,000 |
| September 1, 2007 | $ 100,000 |
| October 1, 2007 | $ 100,000 |
| November 1, 2007 | $ 100,000 |
| May 1, 2008 | $ 100,000 |

TRAV 009922

000288

Exhibit B
to Repayment Agreement

| | |
|---|---|
| June 1, 2008 | $ 100,000 |
| July 1, 2008 | $ 100,000 |
| August 1, 2008 | $ 100,000 |
| September 1, 2008 | $ 100,000 |
| October 1, 2008 | $ 100,000 |
| November 1, 2008 | $ 100,000 |
| | |
| May 1, 2009 | $ 100,000 |
| June 1, 2009 | $ 100,000 |
| July 1, 2009 | $ 100,000 |
| August 1, 2009 | $ 100,000 |
| September 1, 2009 | $ 100,000 |
| October 1, 2009 | $ 100,000 |
| November 1, 2009 | $ 100,000 |
| | |
| May 1, 2010 | $ 100,000 |
| June 1, 2010 | $ 100,000 |
| July 1, 2010 | $ 100,000 |
| August 1, 2010 | $ 4,250,000 |
| | |
| Total | $ 8,000,000 |

This Note may be prepaid in whole or in part, but any prepayments shall be a dollar for dollar credit to the last payments due under the Note as opposed to a credit to the principal amount of the Note. In order for this Note to be discharged, Payee must have received payments totaling $8,000,000.

This Note is made pursuant to an Agreement between the parties of even date and is to be interpreted consistently with that Agreement.

From time to time the maturity date of this Note may be extended or this Note may be renewed, in whole or in part, a new note of different form may be substituted for this Note and/or the rate of interest may be changed, or changes may be made in consideration of loan extensions, and the holder, from time to time, may waive or surrender, either in whole or in part, any rights, guarantees, security interests or liens given for the benefit of the holder in connection with the payment and the securing the payment of this Note; but no such occurrences shall in any manner affect, limit, modify or otherwise impair any rights, guarantees or security of the holder not specifically waived, released or surrendered in writing, nor shall Maker or any guarantor, endorser or any person who is or might be liable hereon or herefor, either primarily or contingently, be released from such liability by reason of any such occurrence. The holder hereof, from time to time, shall have the unlimited right to release any person who might be liable hereon or herefor; and such releases shall not affect or discharge the liability of any other person who is or might be liable hereon or herefor.

This Note shall be assignable by Payee.

TRAV 009923

Exhibit B
to Repayment Agreement

If any payment required by this Note is not made when due, or if any default occurs under the provisions of any mortgage, security agreement, assignment, pledge or other document or agreement which provides security for the indebtedness evidenced by this Note, the holder hereof may, at its option, declare this Note in default and if such default remains uncured ten (10) business days following written notice of default to Maker, then all indebtedness due and owing hereunder shall, upon written demand, become immediately due and payable, together with interest from the date of default.

The Maker and all endorsers, guarantors and sureties hereby severally waive protest, presentment, demand, and notice of protest and nonpayment in case this Note or any payment due hereunder is not paid when due; and they agree to any renewal of this Note or to any extension, acceleration or postponement of the time of payment, or any other indulgence, to any substitution, exchange or release of collateral and to the release of any party or person primarily or contingently liable herefor, without prejudice to the holder and without notice to Maker, or to any endorser, guarantor or surety. Maker and any guarantor, endorser, surety or any other person who is or may become liable hereon will, on demand, pay all costs of collection, including reasonable attorney fees of the holder hereunder.

The Maker is personally obligated and fully liable for the amount due under this Note. The Payee has the right to sue on the Note and obtain a personal judgment against the Maker for satisfaction of the amount due under the Note either before or after a judicial foreclosure of the deed of trust under AS 09.45.170-09.45.220. Reference AS 34.20.160(b).

This Note is delivered and accepted in the State of Alaska and shall be governed by and construed in accordance with the laws of said State. Any suit or proceeding arising from or seeking to enforce this Note shall be litigated in courts sitting in Alaska.

Executed December _14_, 2002, as of December 6, 2002.

South Coast, Inc.
South Coast, Inc. dba Klukwan Contracting
(for itself and as successor in interest to
South Coast, Inc./Agate, Inc. (JV)

By: _____

Thomas L. Crandall, President

TRAV 009924

000290

**APPROVED**

**Klukwan, Inc.**
**Special Board Meeting**
**Haines, Alaska**
**May 6, 2004**

**MEMBERS PRESENT:**

Les Katzeek, Chairman
William A. Thomas, Jr., Vice Chairman –
  Teleconference
Evangeline C. Willard-Hoy, Sec/Treas.
Johanna Hotch, Director – Teleconference
Edward Hotch, Director
Ralph Strong, Director
Donald Hotch, Director
Kimberley Strong, Director

**OTHERS PRESENT:**

Thomas Crandall, President

Bob Blasco, Attorney - Teleconference
Delia Commander, Recorder

**CALL TO ORDER:**  Chairman Les Katzeek called the teleconference meeting to order at 9:00 am at the Haines office.

**ROLL CALL:**  Roll call shows directors in attendance at the meeting with John Katzeek absent The record notes management present for the meeting.

**DISCUSSION:**

- Statute of limitations for KeyBank
- Mike Gossler letter
- Tort Claims
- Discussion of SCI/Klukwan, Inc.
- Sutor Consulting Information
- John Ferris/Internal Controls
- Losses
- Concessions
- FMI Discussion
- Discussion of contract/statutes/damages
- Banking relationship
- Klukwan, Inc. loan paid off this year with selling of marine equipment
- Financing

**MOTION:**  Kimberly Strong moved and William Thomas seconded to go forward with the tort claim if Klukwan, Inc. can get refinancing, if refinancing isn't secured, revisit the contract claim at a later date.  Motion carried.

**MOTION:**  Edward Hotch moved and Kimberley Strong seconded to donate $250.00 to Monica Stevenson for her brother's funeral expenses.  Motion carried.



PENGAD 800-631-6989
Crandall
DEPOSITION
EXHIBIT
#12

003247

*APPROVED*

**MOTION:** Edward Hotch moved and William Thomas seconded to adjourn. Motion carried.

**ADJOURNED:** 9:58 AM

Evangeline C. Willard-Hoy, Secretary



October 20, 2003

Fax:    (206) 382-7700

Peterson Sullivan P.L.L.C.
601 Union Street, Suite 2300
Seattle, Washington 98101

Re:    Audit Workpapers

Dear Mr. Holmdahl:

I have received a copy of your October 8, 2003 letter to Jan Sokol.

Please forward a copy of your files and documents for Klukwan, Inc. and South
Coast, Inc. including financial statement audit workpapers, such as substantive
workpapers, permanent files and internal control analysis and testing workpapers for
the last four years to Mr. Sokol with a copy to me.

If you have any questions, please advise.

Sincerely,

KLUKWAN INC.

Thomas L. Crandall, President

Cc:    Cabot Christianson, fax (907) 258-2026
        Jan Sokol, fax (503) 227-5028
        Charles Langfitt, (253) 946-7156



**Klukwan, Inc.**
**425 Sawmill Road / PO Box 209 ▪ Haines, AK 99827**
**907-766-2211 Phone ▪ 907-766-2973 Fax**

C:\Documents and Settings\Ross Hennequin\Local Settings\Temporary Internet Files\OLK2D\Request audit workpapers 102003.doc

000774

000293



October 3, 2006

Fax (206) 382-7700

John Ferris
Peterson Sullivan P.L.L.C.
601 Union Street, Suite 2300
Seattle, WA 98101

RE:    Information from past 3 year audits

Dear John:

John,

I have been trying to reach you to let you know that Klukwan has determined we
will be seeking proposals for auditing, tax preparation and Inspector of Election
services for 2004.  We have reached this decision based on several factors
including the changes in the accounting profession that advises us that we
change auditors periodically and the letter you received from the attorney for
Travelers Insurance.

Please provide all assistance you can in making this a smooth transition.  This
includes access by our new auditors to your working papers. As part of this
process, please provide details as to hours and billings for the services listed
below (next page).



**Klukwan, Inc.**
425 Sawmill Road / PO Box 209 • Haines, AK 99827
907-766-2211 Phone • 907-766-2973 Fax



003083

000294

| | Management Letter and Audit | | Tax | | Totals | |
|---|---|---|---|---|---|---|
| | Hours | Dollars | Hours | Dollars | Hours | Dollars |
| **2002** | | | | | | |
| Klukwan, Inc. | | | | | | |
| Kply, Inc. | | | | | | |
| Atlas Alaska, Inc. | | | | | | |
| Emrick & Hill, Inc. | | | | | | |
| Chilkats' Portage Cove | | | | | | |
| Tinaa Construction, Inc. | | | | | | |
| South Coast, Inc. | | | | | | |
| Totals | | | | | | |
| **2001** | | | | | | |
| Klukwan, Inc. | | | | | | |
| Kply, Inc. | | | | | | |
| Atlas Alaska, Inc. | | | | | | |
| Emrick & Hill, Inc. | | | | | | |
| Chilkats' Portage Cove | | | | | | |
| Tinaa Construction, Inc. | | | | | | |
| South Coast, Inc. | | | | | | |
| Totals | | | | | | |
| **2000** | | | | | | |
| Klukwan, Inc. | | | | | | |
| Kply, Inc. | | | | | | |
| Atlas Alaska, Inc. | | | | | | |
| Emrick & Hill, Inc. | | | | | | |
| Chilkats' Portage Cove | | | | | | |
| Tinaa Construction, Inc. | | | | | | |
| South Coast, Inc. | | | | | | |
| Totals | | | | | | |

Your help is appreciated.

Sincerely,


Thomas L. Crandall
Klukwan, Inc.
President


**Klukwan, Inc.**
425 Sawmill Road / PO Box 209 • Haines, AK 99827
907-766-2211 Phone • 907-766-2973 Fax

D:\AUDIT\P&S letter 10102003 doc

000004

000295

## Cabot Christianson

**From:**      "Jan D Sokol" <jdsokol@lawssg.com>
**To:**         "Cabot Christianson" <cabot@cbslawyers.com>
**Cc:**         <Charles.W.Langfitt@travelers.com>
**Sent:**       Friday, January 09, 2004 12:42 PM
**Subject:**   Travelers/South Coast/ Accountant work papers

I have had no further response to my request for the work papers from either the accounting firm or the lawyer. I want to proceed with the filing of the petition under Fed. R. Civ. P. 27 in USDC, Western District of Washington. As I previously discussed with you, I believe the petition will be much stronger if Klukwan is party. Please advise if I can file the petition on behalf of both Travelers and Klukwan.


*************************************
Jan D. Sokol
Stewart Sokol & Gray, LLC
2300 SW First Avenue
Suite 200
Portland, OR 97201-5047
503-221-0699
503-227-5028 (fax)
E-mail: mailto:jdsokol@lawssg.com
Web Site: www.lawssg.com
*************************************
**NOTICE:**

    EMAIL TRANSMISSION MAY CONTAIN INFORMATION WHICH IS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, OR TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE CONTACT US IMMEDIATELY, DESTROY ANY COPIES AND DELETE IT FROM YOUR COMPUTER SYSTEM.



Crandall
DEPOSITION
EXHIBIT
# 83
PENGAD 800-631-6989

## Cabot Christianson

| | |
|---|---|
| From: | "Cabot Christianson" <cabot@cbslawyers.com> |
| To: | "Jan Sokol" <jdsokol@lawssg.com> |
| Cc: | "Tom Crandall" <tomc@klukwan.com> |
| Sent: | Tuesday, February 10, 2004 11:50 AM |
| Attach: | Order Granting Petition.pdf; Notice of Application for Petition.pdf; Petition.pdf |
| Subject: | Fw: Travelers/South Coast |

Jan -
These documents look good. I am forwarding them to Tom Crandall, and he will fax you the signature page.

This email will confirm our previous discussions that Travelers will bear all the costs associated with bringing this suit and will indemnify Klukwan from any claims associated with the bringing or prosecution of this suit.

If Travelers wishes to bring a substantive cause of action against P&S, Klukwan's expectation is that the net litigation proceeds from that suit will be applied first to the Klukwan/SCI note to Travelers. Also, as you are aware, Klukwan is considering its own action against P&S, and has developed some ideas about how to proceed. You and I should discuss.

As I mentioned in my email, Klukwan is an Alaska Native corporation organized under Alaska state law pursuant to 43 USC 1601 et seq. All of its shareholders are individuals.

Let me know if you need anything else.

-Cabot

—— Original Message ——
From: Jan D Sokol
To: Cabot Christianson
Cc: Chuck Langfitt
Sent: Friday, January 23, 2004 11:59 AM
Subject: Travelers/South Coast

Attached are proposed pleadings for your review and comment. I will need to file a corporate disclosure (Fed.R. Civ. P. 7.1) on behalf of Klukwan. Is it owned partially or in whole by a publicly traded company? if so, what is the company, the percentage ownership and the exchange it is traded on?

*************************************
Jan D. Sokol
Stewart Sokol & Gray, LLC
2300 SW First Avenue
Suite 200
Portland, OR 97201-5047
503-221-0699
503-227-5028 (fax)
E-mail: mailto:jdsokol@lawssg.com
Web Site: www.lawssg.com
*************************************

NOTICE:

THIS EMAIL TRANSMISSION MAY CONTAIN INFORMATION WHICH IS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, OR ...NG OF ANY ACTION IN RELIANCE ON THE CONTENTS IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE CONTACT US IMMEDIATELY, DESTROY ANY COPIES AND DELETE IT FROM YOUR COMPUTER SYSTEM.

Crandall
DEPOSITION
EXHIBIT
# 87
PENGAD 800-631-6989

001259

## Cabot Christianson

**⌐om:**     "Jan D Sokol" <jdsokol@lawssg.com>
**To:**       "Cabot Christianson" <cabot@cbslawyers.com>
**Cc:**       "Tom Crandall" <tomc@klukwan.com>; <Charles.W.Langfitt@travelers.com>
**Sent:**     Friday, February 13, 2004 10:24 AM
**Subject:**  RE: Travelers/South Coast

I revised the petition per Tom's email to me and forwarded to him on Wednesday the revised petition. I have no yet received his signature page. Yes Travelers will bear the costs in connection with bringing the discovery litigation in Federal Court. While we did not previously discuss indemnity (I'm not sure what claims your former accountants could bring; I'm assuming you are referring to costs, etc.), Travelers will indemnify Klukwan from claims by Peterson Sullivan directly related to this litigation.

With respect to the third paragraph, I know Chuck and Tom have discussed this. While Travelers understands Klukwan's expectation, it is not consistent with the prior arrangement between Klukwan and Travelers. Rather than continuing to disagree at this point, let's get the petition filed and review the documents received. We may be disagreeing about nothing if the documents do not yield viable claims.

> -----Original Message-----
> **From:** Cabot Christianson [mailto:cabot@cbslawyers.com]
> **Sent:** Tuesday, February 10, 2004 11:50 AM
> **To:** Jan D Sokol
> **Cc:** Tom Crandall
> **Subject:** Fw: Travelers/South Coast
>
> Jan -
> These documents look good. I am forwarding them to Tom Crandall, and he will fax you the signature page.
>
> This email will confirm our previous discussions that Travelers will bear all the costs associated with bringing this suit and will indemnify Klukwan from any claims associated with the bringing or prosecution of this suit.
>
> If Travelers wishes to bring a substantive cause of action against P&S, Klukwan's expectation is that the net litigation proceeds from that suit will be applied first to the Klukwan/SCI note to Travelers. Also, as you are aware, Klukwan is considering its own action against P&S, and has developed some ideas about how to proceed. You and I should discuss.
>
> As I mentioned in my email, Klukwan is an Alaska Native corporation organized under Alaska state law pursuant to 43 USC 1601 et seq. All of its shareholders are individuals.
>
> Let me know if you need anything else.
>
> -Cabot
>
> ----- Original Message -----
> **From:** Jan D Sokol
> **To:** Cabot Christianson
> **Cc:** Chuck Langfitt
> **Sent:** Friday, January 23, 2004 11:59 AM
> **Subject:** Travelers/South Coast

*Crandall*
DEPOSITION
EXHIBIT
#88
PENGAD 800-631-6989

Attached are proposed pleadings for your review and comment. I will need to file a corporate disclosure (Fed.R. Civ. P. 7.1) on behalf of Klukwan. Is it owned partially or in whole by a publicly traded company? if so, what is the company, the percentage ownership and the exchange it is traded on?

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Jan D. Sokol

PO Box 209
Haines, AK 99827
907.766.2211 Phone
907.766.2973 Fax

**Klukwan, Inc.**

# Fax

RECEIVED

FEB 2 3 2004

CHRISTIANSON, BOUTIN
& SPRAKER

| | | | |
|---|---|---|---|
| **To:** | Jan Sokol | **From:** | Tom Crandall |
| **Fax:** | 503.223.5706 | **Pages:** | 11 (including cover) |
| **Phone:** | 503.221.0699 | **Date:** | 2/17/2004 |
| **Re:** | Petition to require the production of documents before action | **CC:** | Cabot Christianson (by mail) Klukwan board of directors |

☐ **Urgent**    ☐ **For Review**    ☐ **Please Comment**    ☐ **Please Reply**    ☐ **Please Recycle**

**Mr. Sokol:**

**Attached is the information with my signature. An original has been mailed to you at:**

**Jan Sokol**

**Stewart Sokol & Gray, LLC.**

**2300 SW First Avenue, Suite 200**

**Portland, OR 57201-5047**

**Copies have been sent to Cabot Christianson by mail and to Klukwan's board of directors.**

**Respectfully,**

**Thomas L. Crandall**



*Crandall*
DEPOSITION
EXHIBIT
#89
PENGAD 800-631-6989

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                    AT SEATTLE

10   ┌─────────────────────────────────────┐
11   │ In the Matter of the Petition of KLUKWAN,     Case No.
     │ INC., an Alaska corporation and
12   │ TRAVELERS CASUALTY AND SURETY
     │ COMPANY OF AMERICA, a Connecticut
13   │ corporation,                                   PETITION TO REQUIRE THE
                                                      PRODUCTION OF DOCUMENTS
14   │               Petitioners.                     BEFORE ACTION (Fed.R.Civ.P.
     └─────────────────────────────────────┘          27(a))

15

16        Petitioners allege as follows:

17        1. Petitioner Klukwan, Inc. ("Klukwan), is an Alaska corporation, with its principal

18   place of business in the State of Alaska.  Petitioner Travelers Casualty and Surety

19   Company of America ("Travelers") is a Connecticut corporation with its principal place

20   of business in the State of Connecticut.

21        2. Peterson Sullivan P.L.L.C., is a Washington limited liability professional

22   company with its principal place of business in the State of Washington ("Peterson

23   Sullivan").

24        3. It is expected that Peterson Sullivan may be an adverse party in a court

25   proceeding involving the documents sought by this Petition.  Peterson Sullivan may be

26   served by serving its registered agent:

PETITION TO REQUIRE THE PRODUCTION OF DOCUMENTS
BEFORE ACTION (Fed.R.Civ.P. 27(a))- 1
(Case No. _____)

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699
FAX (503) 223-5706

000781

000300

1      DWTR&J Corp.
       2600 Century Square
2      1501 Fourth Avenue
       Seattle, WA 98101-1688
3

4          4.  The matter in controversy exceeds the sum of $75,000, exclusive of interest

5   and costs.

6          5.  Petitioners expect Peterson Sullivan to be a party to an action in a Court of

7   the United States, but they are unable to presently bring the action because they are

8   still conducting an investigation into the liability of potentially responsible parties and

9   counsel and petitioners have serious obligations under Fed.R.Civ.P. 11 to satisfy

10  themselves regarding the underlying facts.

11         6.  Peterson Sullivan is a potential defendant in an action that may be brought by

12  petitioners for professional negligence, negligent misrepresentation and breach of

13  contract, among other claims.  Sullivan Peterson provided accounting services to

14  Klukwan and its affiliates during 1999, 2000 and 2001.

15         7.  This Court would have jurisdiction of this potential action because of complete

16  diversity of citizenship under 28 USC § 1332.

17         8.  Petitioners seek the following documents:

18              a.  All Peterson Sullivan work papers relating to audits of Klukwan and its

19  subsidiaries for the years ending December 31, 1999, 2000 and 2001.  These

20  documents include copies of financial statement audit work papers, substantive work

21  papers, permanent files and internal control analysis and testing work papers for these

22  years.

23         These documents are relevant to the subject matter involved in the potential

24  action, relate to the potential claims to be asserted against Peterson Sullivan and the

25  requests are reasonably calculated to lead to discovery of admissible evidence.

26  ///

PETITION TO REQUIRE THE PRODUCTION OF DOCUMENTS
BEFORE ACTION (Fed.R.Civ.P. 27(a))- 2
(Case No. _____)

STEWART SOKOL & GRAY llc
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699
FAX (503) 223-5706

000780

000301

1    It is anticipated that these documents will reflect whether or not the financial

2  representations made to Travelers and Klukwan with respect to Klukwan's and its

3  subsidiaries' requests for surety credit accurately reflected the financial condition of

4  Klukwan and its subsidiaries.

5    9.  Petitioners request that these documents be produced at Travelers' offices at

6  3455 S. 344th Way, Suite 200, Auburn, WA 98001.

7    10.  Prior to filing this Petition, Travelers informally requested that Peterson

8  Sullivan provide it with the documents sought in this Petition. That request was

9  supported by Klukwan.  Peterson Sullivan refused to produce the requested

10  documents.

11    11.  The documents requested under Fed.R.Civ.P. 34 prior to action may prevent

12  a failure or delay of justice.

13    WHEREFORE, petitioners pray for relief as follows:

14    1.  The issuance of an order authorizing petitioners to issue a request for

15  production of documents on Peterson Sullivan requiring Peterson Sullivan to produce

16  all Peterson Sullivan work papers relating to audits of Klukwan and its subsidiaries for

17  the years ending December 31, 1999, 2000 and 2001.  This includes copies of financial

18  statement audit work papers, substantive work papers, permanent files and internal

19  control analysis and testing work papers for these years.  These documents are to be

20  produced for inspection and copying by petitioners; and

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

PETITION TO REQUIRE THE PRODUCTION OF DOCUMENTS
BEFORE ACTION (Fed.R.Civ.P. 27(a))- 3
(Case No. _____ )

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699
FAX (503) 223-5706

000783

000302

1    2. For such other and further relief as this Court deems equitable and just.

2    DATED this ____ day of January, 2004.

3                                           STEWART SOKOL & GRAY LLC

4

5                                           By: _____
                                                 Jan D. Sokol, WSBA #30962
6
                                            2300 SW First Avenue, Suite 200
7                                           Portland, Oregon 97201-5047
                                            Phone: (503) 221-0699
                                            Fax: (503) 223-5706
8                                           E-mail: jdsokol@lawssg.com
                                                 Of Attorneys for Petitioners
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PETITION TO REQUIRE THE PRODUCTION OF DOCUMENTS
BEFORE ACTION (Fed.R.Civ.P. 27(a))- 4
(Case No. _____)

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699
FAX (503) 223-5706

000784

000303

1
## VERIFICATION
2

3    Charles W. Langfitt, being first duly sworn upon oath deposes and says:

4       I, Charles W. Langfitt, am one of the petitioners in the above-entitled proceeding;

5 that I was, at all times relevant hereto, the Vice President, Bond Claims of Travelers

6 Casualty and Surety Company of America, and in such capacity have read the within

7 and foregoing Petition, and that every statement therein contained are true and correct

8 within my personal knowledge.

9

10 STATE OF WASHINGTON    )
                             )
11 County of King              )

_____
Charles W. Langfitt

12

13       I, _____, a notary public, do hereby certify that on this ____ day of

14 _____ 2004, personally appeared before me Charles W. Langfitt who, being by
    me first duly sworn, declared that the statements therein contained are true.

15      IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official

16 seal the day and year in this certificate first above written.
17

18

19                         _____
                         Notary Public for Washington
20                         My Commission expires: _____

21

22

23

24

25

26

PETITION TO REQUIRE THE PRODUCTION OF DOCUMENTS
BEFORE ACTION (Fed.R.Civ.P. 27(a))- 5
(Case No. _____)

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699
FAX (503) 223-5706

000783

000304

1    **VERIFICATION**

2

3       Thomas L. Crandall, being first duly sworn upon oath deposes and says:

4       I, Thomas L. Crandall, am one of the petitioners in the above-entitled

5    proceeding; that I was, at all times relevant hereto, the President of Klukwan, Inc., and

6    in such capacity have read the within and foregoing Petition, and that every statement

7    therein contained are true and correct within my personal knowledge.

8

9                                         _____
                                          Thomas L. Crandall
10

11   STATE OF ALASKA          )
                              )
12   ___ Judicial District    )

13

14       I, Delia Commander a notary public, do hereby certify that on this 17th day of

15   February 2004, personally appeared before me Thomas L. Crandall who, being by

16   me first duly sworn, declared that the statements therein contained are true.

17       IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official

18   seal the day and year in this certificate first above written.

19

20                                        _Delia Commander_____
                                          Notary Public for Alaska
21                                        My Commission expires: 10-25-2007

22

23

24   W:\WORK\JAN\Travelers\South Coast\Peterson Sullivan\Pleadings\Petition.wpd

25

26

PETITION TO REQUIRE THE PRODUCTION OF DOCUMENTS
BEFORE ACTION (Fed.R.Civ.P. 27(a))- 6
(Case No. _____)

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 S.W. FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699
FAX (503) 223-5706

000786

000305

1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11    In the Matter of the Petition of KLUKWAN, INC., an Alaska corporation and

12    TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,

13

14                        Petitioners.

15

Case No.

**NOTICE OF APPLICATION TO PETITION FOR DISCOVERY BEFORE ACTION (Fed.R.Civ.P. 27(a))**

16    To: Peterson Sullivan P.L.L.C., c/o Registered Agent:

17    DWTR&J Corp.
       2600 Century Square

18    1501 Fourth Avenue
       Seattle, WA 98101-1688

19

20    1. Please take notice that Klukwan, Inc. and Travelers Casualty and Surety

21    Company of America, petitioners, will apply to the United States District Court for the

22    Western District of Washington at 215 U.S. Courthouse, 1010 Fifth Avenue, Seattle,

23    WA 98104 on the _____ day of _____, 2004, at _____ [time], in Courtroom No.

24    _____, for an Order requiring the production of certain documents that is more

25    particularly described in the Petition, a copy of which is attached to this Notice.

26    ///

NOTICE OF APPLICATION TO PETITION FOR DISCOVERY BEFORE
ACTION (Fed.R.Civ.P. 27(a))- 1
(Case No. _____)

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699
FAX (503) 223-5706

000787

000306

1    YOU MAY APPEAR and show cause, if you have any, at the time and place

2  described above, why the Order requested in the attached Petition should not be

3  granted. You are not required to appear if you do not oppose the Order set out in the

4  petition, but if you choose to do so, you are advised to consult with an attorney well in

5  advance of the date set out above in order to be advised of the proper method and

6  manner of opposing the Petition and the Order sought in the Petition.

7    DATED this _____ day of January, 2004.

8                                            STEWART SOKOL & GRAY LLC

9

10                                           By: _____
                                                  Jan D. Sokol, WSBA #30962

11
                                             2300 SW First Avenue, Suite 200
12                                           Portland, Oregon 97201-5047
                                             Phone: (503) 221-0699
13                                           Fax: (503) 223-5706
                                             E-mail: jdsokol@lawssg.com
14                                              Of Attorneys for Petitioners

15

16  W:\WORK\JAN\Travelers\South Coast\Peterson Sullivan\Pleadings\Notice of Application for Petition.wpd

17

18

19

20

21

22

23

24

25

26

NOTICE OF APPLICATION TO PETITION FOR DISCOVERY BEFORE
ACTION (Fed.R.Civ.P. 27(a))- 2
(Case No. _____)

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699
FAX (503) 223-5706

000788

000307

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                   AT SEATTLE

10

11   In the Matter of the Petition of KLUKWAN,
     INC., an Alaska corporation and              Case No.
12   TRAVELERS CASUALTY AND SURETY
     COMPANY OF AMERICA, a Connecticut            **ORDER GRANTING PETITION**
13   corporation,                                 **TO REQUIRE PRODUCTION OF**
                                                  **DOCUMENTS BEFORE ACTION**
14                        Petitioners.            **(Fed.R.Civ.P. 27(a))**

15

16          This matter came before the Court on the Petition for an Order authorizing

17   Klukwan, Inc. ("Klukwan") and Travelers Casualty and Surety Company of America to

18   take discovery under Fed.R. Civ.P. 27(a) and 34 from Peterson Sullivan, P.L.L.C., and

19   the Court having considered the Petition and the arguments in support of and in

     opposition to the Petition,

20          IT IS HEREBY ORDERED as follows:

21          1.  The Petition is granted.  Petitioners are granted leave to serve a request for

22   production of documents under Fed.R.Civ.P. 34 on Peterson Sullivan P.L.L.C.

23          2.  The request for production will seek the following documents:

24          a.  All Peterson Sullivan work papers relating to audits of Klukwan and its

25   subsidiaries for the years ending December 31, 1999, 2000 and 2001.  This includes

26

ORDER GRANTING PETITION TO REQUIRE THE PRODUCTION OF
DOCUMENTS BEFORE ACTION (Fed.R.Civ.P. 27(a))- 1
(Case No. _____ )

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699
FAX (503) 223-5706

000780

1  copies of financial statement audit work papers, substantive work papers, permanent

2  files and internal control analysis and testing work papers for these years.

3        3.  The request for production will contain a notice of the time and place for the

4  production of documents, together with a copy of this Order, and must be served by fax

5  and by mail on the attorney appearing for the prospective adverse party, or if not

6  represented by counsel, by personal service on the registered agent of Peterson

7  Sullivan, P.L.L.C.

8        DATED this _____ day of _____, 2004.

9

10

11                                        _____
                                          United States District Court Judge

12  Presented by:

13  STEWART SOKOL & GRAY, LLC

14

15  By _____

16     Jan D. Sokol, WSBA #30962
          Of Attorneys for Petitioners

17

18

19  W:\WORK\JAN\Travelers\South Coast\Peterson Sullivan\Pleadings\Order Granting Petition.wpd

20

21

22

23

24

25

26

ORDER GRANTING PETITION TO REQUIRE THE PRODUCTION OF
DOCUMENTS BEFORE ACTION (Fed.R.Civ.P. 27(a))- 2
(Case No. _____)

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699
FAX (503) 221-5706

000700

## Cabot Christianson

**From:** "Langfitt,Charles W" <CLANGFIT@stpaultravelers.com>
**To:** <tomc@klukwan.com>
**Cc:** "Jan D Sokol" <jdsokol@lawssg.com>
**Sent:** Wednesday, May 26, 2004 3:52 PM
**Subject:** RE: Peterson & Sullivan

We are reviewing filing suit. We will keep you posted.

-----Original Message-----
**From:** Tom Crandall [mailto:tomc@klukwan.com]
**Sent:** Wednesday, May 05, 2004 3:27 PM
**To:** Langfitt,Charles W
**Subject:** Peterson & Sullivan

Chuck,
I saw were we were unsuccessful in gaining access to the audit workpapers   Can you let me know what Travelers plans to do next?

Tom C.

Klukwan, Inc.
Attn: Thomas L. Crandall, President
425 Sawmill Road
PO Box 209
Haines, Alaska 99827
(907) 766-2211 office
(907) 766-2973 fax
(270) 637-8641 eFax
(907) 223-1072 cell
tomc@klukwan.com email



Crandall
DEPOSITION
EXHIBIT
# 90

Some attached files are in Acrobat PDF format. If Adobe™ Reader® if it is not currently installed on your computer, you can download it here. To go to the download site, please hold down the Ctrl key and click the icon below.



Adobe, the Adobe logo, and Reader are ether registered trademarks or trademarks of Adobe Systems Incorporated in the United States and / or other countries.

This E-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

T   communication, together with any attachments hereto or links contained herein, is for the sole use of the intended recipient(s) and may contain information that is confidential or legally protected. If you are not the intended recipient,



June 29, 2004

Cabot Christianson
Christianson, Boutin & Spraker, LLC
911 West 8th Avenue, Suite 302
Anchorage, AK 99501
(907) 258-2026 Fax
(907) 258-6016 Phone
cabot@cbslawyers.com

Dear Cabot Christianson:

Our independent auditors are performing an audit of the financial statements and the financial statements of our subsidiaries of Klukwan, Inc. as of December 31, 2003 and for the year then ended.  Please furnish to our auditors the information requested below involving matters as to which you have been engaged and to which you have devoted substantive attention on behalf of the company or any of its subsidiaries in the form of legal consultation or representation.  Please provide the information requested below, taking into consideration matters that existed at December 31, 2003 and for the period from that date to the effective date of your response.  Please specify the effective date of your response if it is other than the date of reply.

Pending or Threatened Litigation
(excluding unasserted claims and assessments)

Please provide our auditors with a summary of all litigation, claims and assessments (excluding unasserted claims and assessments) considered by management of the company to be material.  Materiality for purposes of this letter includes items involving amounts exceeding $50,000  individually or items involving lesser amounts which exceed $90,000 in the aggregate.  Please provide the following information with regards to pending or threatened litigation, claims, and assessments noted on the attached list as well as those cases not included:

# Klukwan, Inc.
### 425 Sawmill Road / PO Box 209 • Haines, AK 99827
### 907-766-2211 Phone • 907-766-2973 Fax



Crandall
DEPOSITION
EXHIBIT
# 91

C:\Documents and Settings\tome\My Documents\Audit 2004\Legal to Christianson.doc

KPMG0025

000311

(1)    The nature of the litigation;

(2)    The progress of the case to date;

(3)    How management is responding or intends to respond to the litigation; for example to contest the case vigorously or to seek out-of-court settlement; and

(4)    An evaluation of the likelihood of an unfavorable outcome and an estimate, if one can be made, of the amount or range of potential loss.

Also, please identify any pending or threatened litigation with respect to which you have been engaged but as to which you have not yet devoted substantive attention.

Klukwan, Inc. has identified the attached list (Exhibit A) as penting or threatened litigation. Please address each item in your response.

Unasserted Claims and Assessments

We understand that whenever, in the course of performing legal services for us with respect to a matter recognized to involve an unasserted claim or assessment which may call for financial statement disclosure, you have formed a professional conclusion that we should disclose or consider disclosing such possible claim or assessment, as a matter of professional responsibility to us you will so advise us and will consult with us concerning the question of such disclosure and the applicable requirements of Statement of Financial Accounting Standards No. 5.    Please specifically confirm to our auditors that our understanding is correct.

We have assured our auditors that you have not advised us of any unasserted claims or assessments that are probable of assertion and must be disclosed in accordance with Statement of Financial Accounting Standards No. 5.

Other Matters

Klukwan, Inc. is the sole owner of South Coast, Inc. and files its financial statements on a consolidated basis.    South Coast, Inc. continues to owe substantial sums to various third parties.  South Coast, Inc. is unable to repay these amounts and Klukwan is either unwilling or unable to add additional capitalization to South Coast.  As a result, much of the South Coast trade debt will not be repaid.  The majortiy of this debt orriginates in 2001, is unsecured and lacks any guarantee from Klukwan, Inc. South Coast would like to bring this debt back into income in the financial statements but cannot do so as long as they are legally responsible for its repayment.  Please indicate when the statutes of limitations on this debt will expire or other theory that may help South Coast bring

Page 3 of 4

this debt back into income in the financial statements.   Please specifically address CIT, Bank of America Leasing and unsecured vendors in your response.

Please address any going concern issues you may have with Klukwan, Inc.

Please identify the nature of and reasons for any limitations on your response. Also, please indicate the amount we were indebted to you for services and expenses on December 31, 2003.

Send your response directly to our auditors, KPMG LLP, 701 West 8th Avenue, Suite 600, Anchorage, Alaska 99501.   An addressed envelope is included for your convenience.  Please send your letter to KPMG on or about July 2, 2004 to allow us to meet the scheduled completion date of the audit.   Please contact Bryan Fick with KPMG at (907) 265-1262 if you are unable to meet the requested deadline.

Very truly yours,

Thomas Crandall
*President*

KPMG0027

000313

Page 4 of 4

Exhibit A

| Handled by: Christianson, Boutin & Spraker, LLC |
|---|
| **Current litigation** |
| Camas Gravel v. SCI and Travelers<br>1KE-03-101 |
| Airport Rentals v SCI<br>4FA-03-536 |
| CIT v SCI, KINC & Travelers<br>Ariz No. CV2003-0403 |
| NC Machinery v. SCI and Travelers<br>D. Alaska No. A03-0240 (JWS) |
| Gilson v SCI<br>No. 3AN-03-08795 |
| R&M v SCI<br>No. 3AN-02-8746. |
| **Other potential litigation** |
| Travelers and Klukwan, Inc. v. Peterson & Sullivan |
| Travelers v. Ron Gelbrich, Jerry Renich, Jan Paulson, Mike Houts, Brad Finney (a D&O claim) |
| West Construction, Inc. v. SCI |
| **Handled by: Robertson Monagle & Eastaugh, PC** |
| Tracy Wooden v. SCI and Stenbom |
| **Other potential litigation** |
| Klukwan, Inc. v. KeyBank, NA |
| **Handled by: Ingalson Maassen & Fitzgerald** |
| Eli J. Doyon v. SCI and Robert Soule |
| **Handled by: Le Gros, Buchanan & Paul** |
| Miron v. Klukwan, Inc. et. al. |
| **Handled by: Lane Powell Spears Lubersky, LLP** |
| **Other potential litigation** |
| SCI & QAP v. Northstar Stevedoring and Cook Inlet Tug and Barge |

KPMG0028



*Mfr 4/5/02*

*Management's concurrence with passed adjustments is documented at G P?!*

January 31, 2002

Peterson Sullivan P.L.L.C.
601 Union Street, Suite 2300
Seattle WA 98101

In connection with your audit of the financial statements of Klukwan, Inc. and Subsidiaries as of December 31, 2001 and 2000, and for the years then ended for the purpose of expressing an opinion as to whether the financial statements present fairly, in all material respects, the financial position, results of operations and cash flows in conformity with generally accepted accounting principles, we confirm that we are responsible for the fair presentation in the financial statements of financial position, results of operations and cash flows in conformity with generally accepted accounting principles.

Certain representations in this letter are described as being limited to matters that are material. Items are considered material, regardless of size, if they involve an omission or misstatement of accounting information that, in the light of surrounding circumstances, makes it probable that the judgment of a reasonable person relying on the information would be changed or influenced by the omission or misstatement.

We confirm, to the best of our knowledge and belief, the following representations made to you during your audits:

1. The financial statements referred to above are fairly presented in conformity with generally accepted accounting principles.

2. We are also responsible for adopting sound accounting policies, establishing and maintaining internal control, and preventing and detecting fraud.

3. We have made available to you, all:

    a.   financial records and related data; and

PENGAD 800-631-6989

*Crandall*
DEPOSITION
EXHIBIT
#93

**KLUKWAN, INC.**
**P.O. BOX 32077 · JUNEAU, ALASKA 99803-2077 · (907) 789-7361**

*G P?o*

Peterson Sullivan P.L.L.C.
Page 2
January 31, 2002

    b.   minutes of the meetings of stockholders, directors and committees of directors, or summaries of actions of recent meetings for which minutes have not yet been prepared.

    c.   Information relating to all statutes, laws, or regulations that have a direct effect on our financial statements.

    d.   All information relating to contracts with and results of work by specialists.

4.  We have apprised you of all instances of fraud, if any, perpetrated on or within the Company of which we are aware.

5.  We have no plans or intentions that may materially affect the carrying value or classification of assets and liabilities.

6.  The following have been properly recorded or disclosed in the financial statements:

    a.   related party transactions and related amounts receivable or payable, including sales, purchases, loans, transfers, leasing arrangements and guarantees;

    b.   arrangements with financial institutions involving compensating balances or other arrangements involving restrictions on cash balances and line of credit or similar arrangements;

    c.   agreements to repurchase assets previously sold;

    d.   security agreements under the Uniform Commercial Code;

    e.   contractual obligations for purchases of assets;

    f.   liens, encumbrances, or subordination of assets pledged as collateral in any way;

    g.   all leases or rental obligations under long-term leases;

    h.   information relating to risks and uncertainties regarding nature of operations, use of estimates in the preparation of financial statements, certain significant estimates, and current vulnerability due to certain concentrations in accordance with Statement of Position ("SOP") No. 94-6;

PS003822

Peterson Sullivan P.L.L.C.
Page 3
January 31, 2002

    i.    environmental liabilities, which must be disclosed in accordance with Statement of Financial Accounting Standards ("SFAS") No. 5 criteria as interpreted by SOP No. 96-1, paragraph 5.6.

    j.    guarantees, whether written or oral, under which the Company is contingently liable.

7.  There are no:

    a.    violations or possible violations of laws or regulations whose effects should be considered for disclosure in the financial statements or as a basis for recording a loss contingency;

    b.    other material liabilities or gain or loss contingencies that are required to be accrued or disclosed by SFAS No. 5;

    c.    unasserted claims or assessments that our lawyer has advised us are probable of assertion and must be disclosed in accordance with SFAS No. 5;

    d.    communications from regulatory agencies concerning noncompliance with, or deficiencies in, financial reporting practices that could have a material effect on the financial statements;

    e.    material transactions that have not been properly recorded in the accounting records underlying the financial statements.

8.  Provision, when material, has been made to:

    a.    reduce excess or obsolete inventories to their estimated net realizable value.

    b.    reduce all investments for permanent declines in value.

    c.    adjust long-lived assets, certain identifiable intangibles, and related goodwill in accordance with SFAS No. 121.

9.  The Company has satisfactory title to owned assets, and there are no such liens or encumbrances on assets nor has any asset been pledged.

10.  Adequate provision has been made for adjustments and losses in collection of receivables.

PS003823

Peterson Sullivan P.L.L.C.
Page 4
January 31, 2002

11. Provision has been made for any material loss to be sustained in the fulfillment of, or from inability to fulfill, any sales commitments.

12. Provision has been made for any material loss to be sustained as a result of purchase commitments for inventory quantities in excess of normal requirements or at prices in excess of the prevailing market prices.

13. We have complied with all aspects of contractual agreements that would have a material effect on the financial statements in the event of noncompliance.

14. No events have occurred subsequent to the balance sheet date that would require adjustment to, or disclosure in, the financial statements.

15. The Permanent Fund investments are properly classified as trading securities.

16. Klukwan, Inc. will not require repayment of the line of credit extended to its subsidiaries for at least one year.


_____          _____
Ronald A. Gelbrich, President        Date  2/5/02


_____          _____
Thomas L. Crandall, Vice President, CFO    Date  1/31/02

000318



Sunday, September 12, 2004

To:   Board of Directors

CC:   Jim Tuttle
      Ernie Van Ogle
      Karen Taug

Re:   Board Update



## Minutes and Klukwan Inc. monthly financial statements:

We have not been able to get to the minutes due to 1) trying to get the audit done and 2) looking for a new Assistant / Board Secretary. Karen Taug is working on them this weekend and hopefully will have them available by the meeting.

## Atlas Alaska, Inc. sale of assets:

We have received $300,000 of the sale proceeds and Jim Emrick, KeyBank and Orica have been paid. We need to reconcile the remainder of the accounts payable, inventory and accounts receivable to determine the remaining amount due. Everything needed to due this reconciliation is sitting on my desk. I plan to have this completed by the end of next week.

## South Coast, Inc. sale of assets:

Listed below are assets with sales pending:

| | |
|---|---|
| Sales Pending | |
| Real Estate | 1,825,000 |
| Marine Fleet | |
| KFP I (Scheduled to fund 9/22/2004) | 110,000 |
| Chilkat Lady (scheduled to fund 9/15/2004) | 35,000 |
| Sunny Point (scheduled to fund 9/15/2004) | 500,000 |
| Less: Liens | |

## Klukwan, Inc.
### 425 Sawmill Road / PO Box 209 • Haines, AK 99827
### 907-766-2211 Phone • 907-766-2973 Fax

| | | ATIA Conference in Fairbanks, Alaska | | | | |
|---|---|---|---|---|---|---|
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| | | | | SCI mediation | | |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |
| | AFN Youth Activities | | AFN Conference in Anchorage, Alaska | | | |
| 31 | | | | | | |

We need to issue the financial statements 30 days prior to the annual meeting. Therefore, if the board accepts the audited financial statements at the meeting, the earliest we could realistically have the meeting is October 23rd.

<u>Proxy:</u>    The following individuals have asked to be included on the proxy statements:

- Chad Strong (Juneau)
- Jan Hill (Haines)
- Current Board members
- David Strong (San Jose)
- Danita Aguilar (Santa Rosa)

## <u>401k:</u>

The 401k documents have been converted to the format used by Schwab. We will need a resolution to approve the documents. A copy is in the board package.

There is only one change to the documents proposed by Schwab and our current 401k documents. This change is one we requested. It would allow each subsidiary to set its own contribution rate. Under the existing plan, Klukwan and subsidiaries match 50% of the employees' contributions or 3% of gross wages, whichever is less. Every company has the same requirements. The change would allow us to set different matching contributions for different companies. For instance, since KPly is doing well and Chilkats' has not shown a history of profits, we could set different matching for the two companies.

### <u>St. Paul Travelers vs. Peterson & Sullivan et al:</u>

This will be discussed at the board meeting Tuesday, September 14, 2004 and should be in executive session. Cabot Christianson will be available by phone at 10:00am. Basically, the question is: Should Klukwan, Inc. join the lawsuit?

### <u>AFN attendance:</u>

## Klukwan, Inc.
425 Sawmill Road / PO Box 209 • Haines, AK 99827
907-766-2211 Phone • 907-766-2973 Fax

# APPROVED

**Klukwan, Inc**
**Board of Directors Meeting**
**Haines, Alaska**
**September 16, 2004**

**MEMBERS PRESENT:**
Les Katzeek, Chair
John Katzeek, Vice-Chair
Evangeline Willard-Hoy,Sec/Trea
Edward Hotch, Director
Donald Hotch, Director
Ralph  ong, Director
Johanna Hotch, Director
**EXCUSED:**
Kimberly Strong
William Thomas

**OTHERS PRESENT:**
Thomas Crandall, President KINC
Karen Taug, Controller KINC
Harriet Brouillette, Admin Assis KINC
**TELECONFERENCE:**
Nancy Crozier, CFO KPLY

**CALL TO ORDER:** Meeting was called to order by Chair, Les Katzeek at 9:10am

**OPENING PRAYER:** Johanna Hotch

**MOTION:** Edward Hotch made the motion to adopt agenda as a guideline. Don Hotch
Seconded. Motion carried unanimously.

**MOTION:** Ralph Strong made a motion to table minutes of June 10, 2004 and July 16,
2004. Edward Hotch seconded. Motion carried unanimously

**REPORTS:**
- 401K
- Explanation of the employer's contributions.
- Currently employer contributions. Further discussion will be held at a later
  meeting for each company to decide employer-matching contributions
  individually.
- CPC Cruise ship proposals.
- Certificate of Corporate resolutions.



PENGAD 800-631-6989

*Crandall*
DEPOSITION
EXHIBIT
# 97

**MOTION:** Ralph Strong made a motion to approve the Certificate of Corporate
Resolutions of Klukwan, Inc. and Subsidiaries 401K Plan, Resolution KI0408. Edward
Hotch seconded. Motion carried

**MOTION:** Ralph Strong made a motion to accept the Klukwan, Inc. and Subsidiaries
Annual audit from KPMG, LLP for 2003 as amended. Edward Hotch seconded. Motion
carried.

# APPROVED

**AUDIT CORRECTIONS:**

Pg. 3 & 4 Ask if we can add note to reflect which pages the detail of the consolidating of companies. * Per GAPP, we can not make this addition.

Pg 7 – Last sentence to correct number of eligible shareholders. Show actual s/h's or the number of original shareholders.

Pg 15 – Correct debt schedule of Traveler's note to show actual agreement of payments 2004 – 2010.

Pg 13 – Note 7 – see if we can delete K-ply line of credit which is -0-

Pg. 19 – Correct amount Klukwan charged the trusts for services in 2003 and 2003

Pg. 20 – Since West Construction lawsuit is settled, we would like a reference to show the case is settled.

**MOTION:** Ralph Strong made the motion to set the date of the Shareholder Annual Meeting to November 13, 2004. Evangeline Willard-Hoy seconded the motion. Motion carried.

**MOTION:** Ralph Strong made the motion to set the next Board of Directors meeting November 12th, 2004. Johanna Hotch seconded. Motion carried.

**MOTION:** Ralph Strong made the motion to go into Executive Session. Johanna Hotch seconded. Motion carried. 11:10am

**EXECUTIVE SESSION:** 11:10A.M. 11:40 A.M.
No action taken.

**RECESS:** 11:40am

**RECONVENE:** 12:00pm

**MOTION:** Ralph Strong made the motion to have Klukwan, Inc. represented at AFN in Anchorage and paid by Klukwan, Inc. Edward Hotch seconded.

**MOTION FRIENDLY AMENDMENT:** Johanna Hotch made a motion to amend the prior motion, clarify that it be the President of Klukwan, Inc. and the Chairman of the Board attending AFN. If any other board member goes they will get reimbursed when the company is profitable. Ralph Strong and Edward Hotch agreed to a friendly amendment. Motion carried as amended.

**MOTION:** Ralph Strong made a motion not to have any shareholder informational meetings. Johanna Hotch seconded. Motion carried.

D:\Board Meetings\2004\Sept2004\Klukwann Inc. Min Sept 16 04.doc

# APPROVED

**MOTION:** Johanna Hotch made the motion to adjourn.  Donald Hotch seconded.

**ADJOURN:** 12:20pm

_____
Evangeline C. Willard-Hoy

000323

Klukwan, Inc.
Resolution KI-04??

Re:    A resolution directing management to file suit against Peterson and
Sullivan, LLC.

Whereas, Klukwan, Inc. retained the services of Peterson and Sullivan from 1982
to 2002 to audit the consolidated financial statement, and;

Whereas, the Audited Financial Statements for the twelve months ended
December 31, 2003 have been prepared by KPMG, and;

Whereas, the Audited Financial Statements have a significant prior period
adjustment, and;

Whereas, Peterson and Sullivan failed to determine the problems at South
Coast, Inc. and that such problems directly let to significant losses.

Now therefore be it resolved that the Board of Directors directs management to
file suit against Peterson and Sullivan, LLC.

This resolution was approved by the Klukwan, Inc. board of directors at a duly
convened meeting held September 16, 2004 at which time a quorum was
present.

_____
Evangeline Willard-Hoy, Secretary Treasurer

003258

000324

Thomas A. Larkin, ASB #0009055
Jan D. Sokol
STEWART SOKOL & GRAY LLC
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047
Telephone:    (503) 221-0699
Fax:          (503) 227-5028
Email:        tlarkin@lawssg.com
              jdsokol@lawssg.com
  Of Attorneys for Plaintiff Travelers Casualty and
  Surety Company of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA, AT ANCHORAGE

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. A04-0165 CV (RRB) |
| v. | ) ) | |
| RONALD GELBRICH; JERALD RENICH; BRAD FINNEY; JAN PAULSON; MICHAEL HOUTS; EDWIN JOHNSON; and PETERSON SULLIVAN, P.L.L.C., a Washington limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT**

**(Action for Negligent Misrepresentation)**

Plaintiff, Travelers Casualty & Surety Company ("Plaintiff"), alleges as follows:

COMPLAINT - Page 1 of 6

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699 FAX (503) 223-5706
www.lawssg.com

**RETURN COPY**

Exhibit 128  Date 9-10-07
Witness Langfitt
Patricia A. Blevins    (206)323-0919

000325