
**Travelers**

Mailing Address
3455 S. 344ᵗʰ Way, Suite 200
Auburn, WA 98001

Charles W. Langfitt
*Vice President*
*Bond Claim, Federal Way*
*(253) 945-7374*
*(253) 946-7156 (fax)*
*Charles.W.Langfitt@Travelers.com*

August 30, 2002

**VIA E-MAIL CABOTC@BUNDYCHRISTIANSON.COM**

Cabot Christianson
Bundy & Christianson
911 West 8ᵗʰ Avenue, Suite 302
Anchorage, AK 99501

| | |
|---|---|
| File No.: | 689687 (Subfile B) |
| Principal: | South Coast, Inc./Klukwan |
| Subject: | Repayment Agreement |

Dear Mr. Christianson:

Please find enclosed a redlined and clean copies of the following:

1. Repayment Agreement;
2. Note; and
3. Guaranty.

I have furnished both redlined and clean copies to make your review easier. I have not included the Key claim. In accordance with my discussion with Tom, we will have to address that matter outside of this current agreement.

I have included two bankruptcy driven provisions:

(a) Next, paragraph 7 is a pre-petition waiver of the Section 362 automatic stay of the Bankruptcy Code. Following the line of cases such as In Re Club Tower, L.P., 138 B.R. 307 (Bankr. N.D. Ga. 1991), the pre-petition waiver of the automatic stay is enforceable.

(b) Paragraph 8, is a Deprizio waiver. Following the line of cases represented by In re XTI Xonix Corp., 156 D.R. 821 (Bankr. D Or. 1993) and In re Fastrans, Inc. 142 B.R. 241 (Bankr. E.D. Tenn. 1993), a Deprizio waiver is enforceable.


*Crandall*
DEPOSITION
EXHIBIT
# 41

Travelers

Cabot Christianson
Bundy & Christianson
August 30, 2002
Page 2

I have included a number of additional provisions to address issues which have arisen because of the on-going close out of the projects. These provisions include the release regarding materials and equipment usage, as well as powers of attorney which are necessary to assist us in project close out. After you have had an opportunity to review the enclosures, please advise me of your thoughts.

Very truly yours,

Travelers Casualty & Surety Company
of America

Charles W. Langfitt
Vice President
Bond Claims Department

CWL/sjr(42353.40)

Cc:      Travelers – Federal Way – Marc Eckardt
         South Coast, Inc./Klukwan – Tom Crandall via e-mail and regular mail.

TRAV 025056

## PROMISSORY NOTE

$5,388,306.48                                                    September ____, 2002

FOR VALUE RECEIVED, the undersigned, **SOUTH COAST, INC.** ("Maker"), promises to pay to the order of **TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA ("Payee")**, at Auburn, WA or at such other place as the holder hereof may from time to time designate in writing, in lawful money of the United States of America, the principal sum of FIVE MILLION, THREE HUNDRED EIGHTY EIGHT THOUSAND, THREE HUNDRED SIX DOLLARS AND FORTY EIGHT CENTS ($5,388,306.48), plus interest accruing at the rate of six percent (6%) per annum beginning September, 1, 2002, payable on the following schedule:

| | |
|---|---|
| September 1, 2004 | $ 50,000 |
| October 1, 2004 | $ 50,000 |
| November 1, 2004 | $ 50,000 |
| | |
| May 1, 2005 | $ 50,000 |
| June 1, 2005 | $ 50,000 |
| July 1, 2005 | $ 50,000 |
| August 1, 2005 | $ 50,000 |
| September 1, 2005 | $ 50,000 |
| October 1, 2005 | $100,000 |
| November 1, 2005 | $100,000 |
| | |
| May 1, 2006 | $ 100,000 |
| June 1, 2006 | $ 100,000 |
| July 1, 2006 | $ 100,000 |
| August 1, 2006 | $ 100,000 |
| September 1, 2006 | $ 100,000 |
| October 1, 2006 | $ 100,000 |
| November 1, 2006 | $ 100,000 |
| | |
| May 1, 2007 | $ 100,000 |
| June 1, 2007 | $ 100,000 |
| July 1, 2007 | $ 100,000 |
| August 1, 2007 | $ 100,000 |
| September 1, 2007 | $ 100,000 |
| October 1, 2007 | $ 100,000 |
| November 1, 2007 | $ 100,000 |
| | |
| May 1, 2008 | $ 100,000 |
| June 1, 2008 | $ 100,000 |
| July 1, 2008 | $ 100,000 |

Exhibit B

TRAV 025057

| | |
|---|---|
| August 1, 2008 | $ 100,000 |
| September 1, 2008 | $ 100,000 |
| October 1, 2008 | $ 100,000 |
| November 1, 2008 | $ 100,000 |
| | |
| May 1, 2009 | $ 100,000 |
| June 1, 2009 | $ 100,000 |
| July 1, 2009 | $ 100,000 |
| August 1, 2009 | $ 100,000 |
| September 1, 2009 | $ 100,000 |
| October 1, 2009 | $ 100,000 |
| November 1, 2009 | $ 100,000 |
| | |
| May 1, 2010 | $ 100,000 |
| June 1, 2010 | $ 100,000 |
| July 1, 2010 | $ 100,000 |
| August 1, 2010 | $ 4,250,000 |
| | |
| Total | $ 8,000,000 |

This Note may be prepaid in whole or in part, but any prepayments shall be a dollar for dollar credit to the last payments due or, at the election of its option to a credit to the principal amount of the Note. In no event will this Note be discharged unless Payee must have received payments totaling $8,000,000.

This Note is made pursuant to an Agreement between the parties of even date and is to be interpreted consistently with that Agreement.

From time to time the maturity date of this Note may be extended or this Note may be renewed, in whole or in part, a new note of different form may be substituted for this Note and/or the rate of interest may be changed, or changes may be made in consideration of loan extensions, and the holder, from time to time, may waive or surrender, either in whole or in part, any rights, guarantees, security interests or liens given for the benefit of the holder in connection with the payment and the securing the payment of this Note; but no such occurrence shall in any manner affect, limit, modify or otherwise impair any rights, guarantees or security of the holder not specifically waived, released or surrendered in writing, nor shall Maker or any guarantor, endorser or any person who is or might be liable hereon or herefor, either primarily or contingently, be released from such liability by reason of any such occurrence. The holder hereof, from time to time, shall have the unlimited right to release any person who might be liable hereon or herefor; and such releases shall not affect or discharge the liability of any other person who is or might be liable hereon or herefor.

This Note shall be assignable by Payee.

TRAV 025058



If any payment required by this Note is not made when due, or if any default occurs under the provisions of any mortgage, security agreement, assignment, pledge or other document or agreement which provides security for the indebtedness evidenced by this Note, the holder hereof may, at its option, declare this Note in default and if such default remains uncured five (5) business days following written notice of default to Maker, then all indebtedness due and owing hereunder immediately due and payable, together with interest from the date of default.

The Maker and all endorsers, guarantors and sureties hereby severally waive protest, presentment, demand, and notice of protest and nonpayment in case this Note or any payment due hereunder is not paid when due; and they agree to any renewal of this Note or to any extension, acceleration or postponement of the time of payment, or any other indulgence, to any substitution, exchange or release of collateral and to the release of any party or person primarily or contingently liable herefor, without prejudice to the holder and without notice to Maker, or to any endorser, guarantor or surety. Maker and any guarantor, endorser, surety or any other person who is or may become liable hereon will, on demand, pay all costs of collection, including reasonable attorney fees of the holder hereunder.

The Maker is personally obligated and fully liable for the amount due under this Note. The Payee has the right to sue on the Note and obtain a personal judgment against the Maker for satisfaction of the amount due under the Note either before or after a judicial foreclosure of the deed of trust. AS 34.20.100-15.20. Reference AS 34.20.160(b).

This Note is delivered and accepted in the State of Alaska and shall be governed by and construed in accordance with the laws of said State. Any suit or proceeding arising from or seeking to enforce this Note shall be litigated in courts sitting in Alaska.

SOUTH COAST, INC.


Dated September ____, 2002               By:
                                          Thomas Crandall, President




3

PROMISSORY NOTE

$5,388,306.48                                                    September _____, 2002

FOR VALUE RECEIVED, the undersigned, SOUTH COAST, INC. ("Maker"), promises to
pay to the order of TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA ("Payee"), at
Auburn, WA or at such other place as the holder hereof may from time to time designate in
writing, in lawful money of the United States of America, the principal sum of FIVE MILLION,
THREE HUNDRED EIGHTY EIGHT THOUSAND, THREE HUNDRED SIX DOLLARS AND FORTY EIGHT
CENTS [$5,388,306.48], plus interest accruing at the rate of six percent (6%) per annum
beginning September, 1, 2002, payable on the following schedule:

| | |
|---|---|
| September 1, 2004 | $ 50,000 |
| October 1, 2004 | $ 50,000 |
| November 1, 2004 | $ 50,000 |
| | |
| May 1, 2005 | $ 50,000 |
| June 1, 2005 | $ 50,000 |
| July 1, 2005 | $ 50,000 |
| August 1, 2005 | $ 50,000 |
| September 1, 2005 | $ 50,000 |
| October 1, 2005 | $100,000 |
| November 1, 2005 | $100,000 |
| | |
| May 1, 2006 | $ 100,000 |
| June 1, 2006 | $ 100,000 |
| July 1, 2006 | $ 100,000 |
| August 1, 2006 | $ 100,000 |
| September 1, 2006 | $ 100,000 |
| October 1, 2006 | $ 100,000 |
| November 1, 2006 | $ 100,000 |
| | |
| May 1, 2007 | $ 100,000 |
| June 1, 2007 | $ 100,000 |
| July 1, 2007 | $ 100,000 |
| August 1, 2007 | $ 100,000 |
| September 1, 2007 | $ 100,000 |
| October 1, 2007 | $ 100,000 |
| November 1, 2007 | $ 100,000 |
| | |
| May 1, 2008 | $ 100,000 |
| June 1, 2008 | $ 100,000 |
| July 1, 2008 | $ 100,000 |

Exhibit B

TRAV 025060

| | |
|---|---|
| August 1, 2008 | $ 100,000 |
| September 1, 2008 | $ 100,000 |
| October 1, 2008 | $ 100,000 |
| November 1, 2008 | $ 100,000 |
| | |
| May 1, 2009 | $ 100,000 |
| June 1, 2009 | $ 100,000 |
| July 1, 2009 | $ 100,000 |
| August 1, 2009 | $ 100,000 |
| September 1, 2009 | $ 100,000 |
| October 1, 2009 | $ 100,000 |
| November 1, 2009 | $ 100,000 |
| | |
| May 1, 2010 | $ 100,000 |
| June 1, 2010 | $ 100,000 |
| July 1, 2010 | $ 100,000 |
| August 1, 2010 | $ 4,250,000 |
| | |
| Total | $ 8,000,000 |

This Note may be prepaid in whole or in part, but any prepayments shall be a dollar for dollar credit to the last payments due ~~~~ ~~~~ or as opposed to a credit to the principal amount of the Note in ~~~~ for the Note to be discharged Payee must have received payments totaling $8,000,000.

This Note is made pursuant to an Agreement between the parties of even date and is to be interpreted consistently with that Agreement.

From time to time the maturity date of this Note may be extended or this Note may be renewed, in whole or in part, a new note of different form may be substituted for this Note and/or the rate of interest may be changed, or changes may be made in consideration of loan extensions, and the holder, from time to time, may waive or surrender, either in whole or in part, any rights, guarantees, security interests or liens given for the benefit of the holder in connection with the payment and the securing the payment of this Note; but no such occurrences shall in any manner affect, limit, modify or otherwise impair any rights, guarantees or security of the holder not specifically waived, released or surrendered in writing, nor shall Maker or any guarantor, endorser or any person who is or might be liable hereon or herefor, either primarily or contingently, be released from such liability by reason of any such occurrence. The holder hereof, from time to time, shall have the unlimited right to release any person who might be liable hereon or herefor; and such releases shall not affect or discharge the liability of any other person who is or might be liable hereon or herefor.

This Note shall be assignable by Payee.

TRAV 025061

If any payment required by this Note is not made when due, or if any default occurs under the provisions of any mortgage, security agreement, assignment, pledge or other document or agreement which provides security for the indebtedness evidenced by this Note, the holder hereof may, at its option, declare this Note in default and if such default remains uncured five (5) business days following written notice of default to Maker, then all indebtedness due and owing hereunder immediately due and payable, together with interest from the date of default.

The Maker and all endorsers, guarantors and sureties hereby severally waive protest, presentment, demand, and notice of protest and nonpayment in case this Note or any payment due hereunder is not paid when due; and they agree to any renewal of this Note or to any extension, acceleration or postponement of the time of payment, or any other indulgence, to any substitution, exchange or release of collateral and to the release of any party or person primarily or contingently liable herefor, without prejudice to the holder and without notice to Maker, or to any endorser, guarantor or surety. Maker and any guarantor, endorser, surety or any other person who is or may become liable hereon will, on demand, pay all costs of collection, including reasonable attorney fees of the holder hereunder.

The Maker is personally obligated and fully liable for the amount due under this Note. The Payee has the right to sue on the Note and obtain a personal judgment against the Maker for satisfaction of the amount due under the Note either before or after a judicial foreclosure of the deed of trust per AS 34.20.090 and .100. Reference AS 34.20.160(b).

This Note is delivered and accepted in the State of Alaska and shall be governed by and construed in accordance with the laws of said State. Any suit or proceeding arising from or seeking to enforce this Note shall be litigated in courts sitting in Alaska.

SOUTH COAST, INC.

Dated September _____ 2002 _____    By: _____
                                                   Thomas Crandall, President

3

TRAV 025062

GUARANTY AGREEMENT

Payee:          Travelers Casualty & Surety Company of America

Maker:          South Coast, Inc.

Guarantor:      Klukwan, Inc. and Chilkat's Portage Cove Development Company,
                Jointly and Severally

Obligation:     Note in the principal amount $5,388,306.48

     In consideration of Maker and Payee entering into an Agreement of even date, and Payee accepting the above referenced Note pursuant to that Agreement, the Guarantors, jointly, severally and irrevocably guarantee to Payee the payment of Maker's obligations under the Note. The Guarantors expressly waive any and all surety defenses of any nature or description, including, but not limited to, the right to require the Payee to proceed first against the Maker or the collateral. The Guarantors hereby severally waive protest, presentment, demand and notice of protest and nonpayment in case the Note or any payment due thereunder is not paid when due; and they agree that any renewal of the Note or any extension, acceleration or postponement of the time of payment, or any other indulgence, to any substitution, exchange or release of collateral and to the release of any party or person primarily or contingently liable therefore, is without prejudice to the Payee and without notice to Guarantors. Guarantors shall, on demand, pay all costs of collection, including reasonable attorney fees of the Payee. Venue over any dispute concerning this Guaranty shall be in Anchorage, Alaska.

    Dated September ___, 2002

KLUKWAN, INC.

By_____
Thomas Crandall, President

CHILKAT'S PORTAGE COVE DEVELOPMENT
COMPANY

By:_____

GUARANTY AGREEMENT

Payee:          Travelers Casualty & Surety Company of America

Maker:          South Coast, Inc.

Guarantor:      Klukwan, Inc. and Chilkat's Portage Cove Development Company,
                Jointly and Severally

Obligation:     Note in the principal amount $5,388,306.48

 

     In consideration of Maker and Payee entering into an Agreement of even date, and Payee accepting the above referenced Note pursuant to that Agreement, the Guarantors, jointly, severally and irrevocably guarantee to Payee the payment of Maker's obligations under the Note. The Guarantors expressly waive any and all surety defenses of any nature or description, including, but not limited to, the right to require the Payee to proceed first against the Maker or the collateral. The Guarantors hereby severally waive protest, presentment, demand and notice of protest and nonpayment in case the Note or any payment due thereunder is not paid when due; and they agree that any renewal of the Note or any extension, acceleration or postponement of the time of payment, or any other indulgence, to any substitution, exchange or release of collateral and to the release of any party or person primarily or contingently liable therefore, is without prejudice to the Payee and without notice to Guarantors. Guarantors shall, on demand, pay all costs of collection, including reasonable attorney fees of the Payee. Venue over any dispute concerning this Guaranty shall be in Anchorage, Alaska.

     Dated September _____, 2002

 

 

KLUKWAN, INC.

By_____
Thomas Crandall, President

CHILKAT'S PORTAGE COVE DEVELOPMENT
COMPANY

By:_____



## AGREEMENT



This Agreement is made as of September _____, 2002 between Travelers Casualty & Surety Company of America (Travelers), South Coast, Inc. (SCI), Klukwan, Inc. (Klukwan) and Chilkat's Portage Cove Development Company (CPC).

### WHEREAS:

Travelers has issued payment and performance bonds to SCI and its affiliates. Those bonds are now in default. Travelers is incurring expenses performing under those bonds and is looking to SCI and its affiliates for repayment. The parties hereto have entered into this Agreement in order to settle that repayment obligation.

## NOW THEREFORE, THE PARTIES AGREE AS FOLLOWS:

1. Definitions.

Bonded Contract(s) shall mean any contract that is referenced or described in any Bond issued on behalf of any Klukwan Entity.



Event(s) of Default shall mean any one or more of the following:

a. Any default or failure to remit or distribute any funds when due or required by this Agreement, the Note or any other instrument or agreement between Travelers and SCI, Klukwan or CPC which is not cured within five (5) business day of SCI, Klukwan or CPC receiving written notice from Travelers to cure; or



b. Failure to observe and perform any of the covenants or conditions of this Agreement, the Note or any other agreement or instrument between Travelers and SCI, Klukwan or CPC; or



c. The filing of a petition under any applicable provision of the Bankruptcy Act of 1978 or any amendments thereto, by or against SCI, Klukwan or CPC, or any of them, the making by SCI, Klukwan or CPC, or any of them, of any assignment for the benefit of creditors, or if SCI, Klukwan or CPC, or any of them, become insolvent or generally unable to satisfy debts as they become due, the filing of a federal or state tax lien against SCI, Klukwan or CPC, or any of them, the filing of a petition for the appointment of a receiver or trustee with respect to SCI, Klukwan or CPC, or any of them, or the commencement of any proceeding by or against SCI, Klukwan or CPC, or any of them, under any reorganization, arrangement, readjustment of debts, dissolution,



Page 1: AGREEMENT      July 26, 2002
\\TSBFDWM1\SRODDICKS\AGREEMTS\SOUTH COAST\AGREEMENT SOUTH COAST-REDLINED(08-27-02).DOC

TRAV 025065



liquidation or assignment for the benefit of creditors provided by the statute or law of any jurisdiction; or

    d.    The failure of SCI, Klukwan or CPC, or any of them, at the request of Travelers to furnish financial information, permit inspection or copying of books and records during regular business hours and after Travelers has first provided SCI, Klukwan or CPC, or any of them, with at least two (2) business days prior written notice; or 

    e.    The total assets or total liabilities of the Klukwan Entities are Materially Different than represented in Exhibit C; or 

    f.    Any representation or warranty made by SCI, Klukwan or CPC or any of them, proves to have been inaccurate when made in any material respect. 

    Materially Different shall mean that the dollar value of the Klukwan Entities assets or liabilities vary in amount by five (5) percent or more from the value as represented on Exhibit C, as of the date of Exhibit C.

    Guaranty shall mean the guaranty executed by Klukwan and CPC substantially contemporaneously with this Agreement. 

    2.    **Subject matter of this Agreement.** This Agreement covers the Continuing Agreements of Indemnity Contractor's Forms dated March 1, 1999, December 18, 1995 and February 23, 1996 (collectively "Indemnity Agreements") issued by SCI and its affiliates, in favor of Travelers or its predecessors in interest, and the Payment and Performance Bonds (Bonds) issued by Travelers listed on Exhibit A, concerning the construction contracts (Bonded Projects) listed thereon. 

    3.    **Mutual cooperation.** Travelers and SCI agree to cooperate, and provide each other with information and documentation, in order to minimize Travelers' exposure under the Bonds and which enables SCI to be informed, on a regular basis, of Travelers actual exposure under the Bonds. Upon reasonable request, each party agrees to provide the other with information and documentation concerning the status of payments under the Bonds and Bonded Contracts, and to provide each other with information as to payroll, material and supplies, labor, freight arrangements, overhead, and the like, together with appropriate backup documentation. These obligations of mutual cooperation shall be ongoing until the Bonded Contracts are complete and SCI's obligations under the Note have been performed. As and when requested by Travelers, SCI, Klukwan and CPC agree to execute all letters, instruments or agreements necessary to carryout the purposes and intent of this Agreement, including, but not limited to Takeover Agreements, Assignments, Acknowledgments of Default, Deeds of 

Page 2: AGREEMENT    July 26, 2002
\\TSBFDWMD\SRODDICKS\AGREEMTS\SOUTH COAST\AGREEMENT SOUTH COAST-REDLINED(08-27-02).DOC

TRAV 025066

Trust and Security Agreements.

4.    **Travelers' Right to Bonded Contract Funds.**  SCI and Klukwan hereby reaffirm their Assignment to Travelers of all of their rights under the Bonded Contracts in accordance with the terms of the Indemnity Agreements, including, but not limited to, the right to receive all progress payments, earned or unearned, proceeds, retainages, whether in the form of Certificates of Deposit, escrow accounts, or similar instruments or accounts, and claims for additional compensation or claims of any nature (collectively "Contract Funds") due or to become due to SCI or Klukwan under the Bonded Contracts.  SCI and Klukwan further acknowledge Travelers right to the Contract Funds pursuant to Travelers equitable right of subrogation.  SCI and Klukwan shall furnish to Travelers a complete written narrative of any claims for additional compensation or claims of any nature and all material documents which substantiate and backup these claims.  SCI and Klukwan will further assist in the presentation of any and all such claims.  SCI and Klukwan irrevocably grant to Travelers the right to act as attorney-in-fact for SCI and Klukwan to demand receipt of, commence suit, settle, compromise or adjust any and all claims SCI and Klukwan have or may have against any party with respect to the Bonded Contract(s), including providing releases or satisfaction therefore, except for the Chinle claim.  The settlement authority for the Chinle claim is governed by paragraph 12 of this Agreement. 

5.    **Power of Attorney/Settlement Rights.**  SCI, Klukwan and CPC hereby irrevocably nominate Travelers their true lawful attorney-in-fact, with full right and authority to execute on behalf of, and sign the names of each to any voucher, release, satisfaction, check, bill of sale or any other paper or contract necessary or desired to carry into effect the purposes of this Agreement.  Further, SCI, Klukwan and CPC irrevocably grant Travelers the right to act as their attorney-in-fact to adjust, settle or compromise any claim, demand, suit or judgment upon the Bonds, including, but not limited to, the payment of any attorney's fees or costs in prosecuting or defending any claim, demand, suit or judgment, as Travelers deems appropriate in its sole discretion, and whether or not SCI, Klukwan or CPC agree with Travelers decision. 

6.    **Time.**  Time is the essence of this Agreement and a material consideration.

7.    **Waiver/Automatic Stay.**  In partial consideration (and as new value) for this Agreement and Travelers' forebearances, and in the event that SCI, Klukwan or CPC, or any of them, are the subject of any insolvency, bankruptcy, receivership, dissolution, reorganization or similar proceeding under Federal or State law, voluntary or involuntary, then:

Page 3: AGREEMENT      July 26, 2002
      \\TISBED\WDM1\SRODDICKS\AGREEMTS\SOUTH COAST\AGREEMENT
SOUTH COAST-REDLINED(08-27-02).DOC

TRAV 025067

a.      SCI, Klukwan or CPC, or any of them, shall not assert, or request any other party to assert, that the automatic stay provisions provided under 11 U.S.C. § 362 shall operate, or be interpreted to operate, to stay, modify, preempt, condition, reduce or limit the ability of Travelers to enforce any rights it has by virtue of this Agreement, the Indemnity Agreements, or any other agreement or instrument between Travelers and SCI, Klukwan, CPC, or any of them, or at law or in equity, or any other rights Travelers has now or may hereafter acquire against SCI, Klukwan or CPC, or any of them, or the collateral; and

b.      Travelers shall be entitled to the automatic and absolute lifting of and relief from any automatic stay imposed by § 362, Title 11 of the U.S. Code, as amended, or otherwise, on or against the exercise of the rights and remedies otherwise available to Travelers; and

c.      Travelers shall be entitled, and SCI, Klukwan and CPC, hereby irrevocably consent to an order granting relief from any and all stays, and equitable relief under 11 U.S.C. § 105, or other applicable law, in order to permit Travelers to foreclose upon any collateral and to exercise any and all other rights and remedies of Travelers under this Agreement, the Indemnity Agreement, or other agreements or instruments between Travelers and SCI, Klukwan and CPC, or at law or in equity, and SCI, Klukwan and CPC hereby irrevocably waive any right to object to such relief.

8.      Waiver of Klukwan and CPC Rights Against SCI.  Klukwan and CPC hereby waive any claim, right or remedy which Klukwan or CPC may now have or hereafter acquire against SCI that arises hereunder, under the Guaranty, the Indemnity Agreements, or by operation of law, and/or from the performance by Klukwan or CPC hereunder, under the Guaranty, the Indemnity Agreements, or by operation of law, including, without limitation, any claim, remedy or right of subrogation, reimbursement, exoneration, contribution, indemnification, or participation in any claim, right or remedy of Travelers against SCI or any security or collateral which Travelers now has or hereafter acquires, and whether or not such claim, right or remedy arises in equity, under contract, by statute, under common law, by operation of law or otherwise. 

9.      Note.  In reliance upon Travelers' representation that its total liability under the Bonds, net of all receipts from the Bonded Contracts, will exceed $8 million, SCI shall execute a Note, in the form attached as Exhibit B, in the amount $5,388,306.48, which calls for payments to Travelers totaling $8 million, payable on the terms set forth therein.  In the event that Travelers' total loss, net of all receipts from the Bonded Contracts, is less than $8 million, Travelers shall credit the Note with the amount of the difference. 

10.     Security. 

TRAV 025068



a.      As security for payment of the Note, SCI shall execute, or arrange for the execution, of the following security instruments which shall encumber the following assets owned by SCI, Klukwan, and CPC.

| Collateral | Owner | Exhibit |
|---|---|---|
| All of net proceeds of Chiule claim | SCI | G |
| Stock in Atlas Alaska, Inc. | Klukwan | G |
| 1/2 of net equipment proceeds | SCI | G |
| 3rd deed of trust on Juneau office building | Klukwan | H |
| Deed of Trust on Jones Point property | Klukwan | H |
| 2d deed of trust on SCI Ketchikan property | SCI | I |
| Deed of trust on tank farm property | CPC | J |

b.      In the event that Travelers receives payment on account of the sale or refinance of the foregoing collateral, such payments shall be a credit to the principal amount owed on the Note but shall not reduce the amount of the monthly payments due on the Note.

c.      Except as provided in paragraph 12 concerning the Chiule claim, the parties agree that the owner of the collateral identified in each security agreements and deeds of trust given to secure payment of the Note shall retain full control over the collateral, and shall have full rights to refinance the collateral and accept or reject any offers of purchase. Travelers agrees to subordinate its security interest to any new financing, provided that Travelers receive all the proceeds of such financing net of payment to senior secured liens on the collateral. Travelers also agrees to release its security interests in the event of a sale of the collateral, and agrees to execute appropriate UCC-3's or requests for reconveyance or other such documents, provided that the sale is to a bona fide third party and that Travelers receives all sale proceeds net of closing costs, real estate commissions, and payments to senior secured liens on the collateral.

d.      The deed of trust on the tank farm property shall contain a provision prohibiting Travelers from foreclosing on the property in the event of default. Travelers' deed of trust on the property shall entitle it to proceeds from sale or refinance of the property as provided above.

e.      Where noted above, SCI, Klukwan and CPC represent that they are the sole owners of the foregoing collateral. SCI, Klukwan and CPC also agree to defend, indemnify and hold harmless Travelers with respect to any claims, demands, liability, loss, costs, expenses or attorney's fees related to, or arising from the collateral, or title thereto, or the pledging thereof, made or presented by any person against Travelers, including, but not limited to any persons claiming adversely to any of them or Travelers, but other than a senior secured lien holder with a security interest preceding Travelers'

Page 5: AGREEMENT      July 26, 2002
    \\TSBEDWMI1\SRODDICKS\AGREEMTS\SOUTH COAST\AGREEMENT SOUTH COAST-REDLINED(08-27-02).DOC

TRAV 025069



security interest in the collateral. SCI, Klukwan and CPC further agree that Travelers shall have no obligation to do so but may, upon breach or default by SCI, Klukwan or CPC under the Note or this Agreement, collect principal, interest or dividends, exercise any rights or options of SCI, Klukwan or CPC and make presentment, demand or protest, give notice of protest, non-acceptance or nonpayment, or perform any act for the protection, enforcement, collection or liquidation of the collateral.

11.    Satisfaction of liability. Except as otherwise provided in this paragraph of this Agreement, and paragraph 14 hereof, delivery of the Note and security instruments to Travelers as set forth above shall constitute full and final satisfaction of the all the claims against, or liabilities of, SCI, Klukwan and CPC, and all persons and entities named in the Indemnity Agreements, and their affiliates (collectively, Klukwan Entities) relating to or arising out of the Indemnity Agreements, Bonds or the Bonded Contracts. However, if either SCI, Klukwan or CPC, or any of them, file a voluntary petition in bankruptcy, or have an order for relief entered against them following an involuntary petition, then the delivery of the Note and security instruments to Travelers shall not constitute full and final satisfaction of the Klukwan Entities liability to Travelers. Instead all payments received by Travelers on account of the Note shall be applied instead to the Indemnity Agreements, and the Klukwan Entities shall be liable to Travelers according to the terms of the Indemnity Agreement. This Agreement and the preceding sentences do not impair or release Travelers claims or causes of action against any person or entity other than the Klukwan Entities.

12.    Chinle claim. Travelers agrees to pay all ongoing attorneys fees and litigation costs of the Chinle claim (Case No. _____ pending in _____ ), from the date of execution of this Agreement forward, and shall be entitled to receive, as a credit to the Note, all proceeds from judgment on that claim, or settlement of that claim, net of attorneys fees and accrued litigation expenses. Until September 20, 2002, SCI and Klukwan shall have sole authority to settle this claim. After that date, Travelers shall consult with SCI and Klukwan prior to any settlement, but will have sole authority to settle the claim.

13.    Financial Representations. The Klukwan Entities have furnished sworn to financial statements. Attached as Exhibit C are true and accurate Financial Statements. By Exhibit C, the Klukwan Entities acknowledge their Financial Statements fully and truly represent the assets and liabilities of the Klukwan Entities as of the date of the execution of this Agreement. SCI, Klukwan and CPC acknowledge that Travelers is relying upon the accuracy of these financial representations as to the Klukwan Entities current financial condition in entering into this Agreement. This representation is a material consideration for Travelers agreeing to the repayment terms set forth in this Agreement. If the Klukwan Entities future assets or total liabilities are Materially Different than represented in Exhibit C, then that difference is an Event of Default. The Klukwan Entities further represent that any timber cutting rights, of any nature or

Page 6: AGREEMENT    July 26, 2002
\\TSB\DWMI\SRODDICKS\AGREEMTS\SOUTH COAST\AGREEMENT
SOUTH COAST-REDLINED(08-27-02).DOC

TRAV 025070

description, vested or unvested, are not subject to alienation by operation of applicable law.



14. **K-Ply Bond.** Travelers furnished Bond #U2428106 in the amount of $114,003.96 [verify] on behalf of K-Ply, Inc., in favor of the Port of Port Angeles (K-Ply Bond). This Agreement does not apply to the K-Ply Bond. Instead, the Indemnity Agreement, and Travelers rights of reimbursement, exoneration and subrogation apply to K-Ply, Inc., and the K-Ply Bond. Travelers has advised K-Ply, Inc. through Klukwan, that Travelers is canceling the K-Ply Bond.

15. **Equipment and Materials – Release.** SCI and Klukwan have negotiated with Travelers about equipment usage and material. In partial consideration for this Agreement, SCI and Klukwan hereby release any and all claims of any nature against Travelers related to equipment charges and usage, including, but not limited to hot plants or other equipment. The foregoing does not prohibit Travelers and Klukwan from subsequently consummating their negotiations for equipment utilization agreements for the Unalaska Marine Center United States Coast Guard Dock project. SCI and Klukwan hereby release any and all claims of any nature related to material furnished or supplied to any of the Bonded Contracts. SCI and Klukwan shall cause all the Klukwan Entities to execute a release in the same form as Exhibit D. This foregoing release covers all claims of any nature against Travelers related to or concerning equipment charges and usage and material.

16. **Litigation.** There is no action, suit or proceeding pending against, or to the knowledge of SCI, Klukwan or CPC threatened against or affecting, any of the Klukwan Entities, before any court or arbitrator or any governmental body, agency or official in which there is a reasonable possibility of an adverse decision which could materially adversely affect the business, financial position or results of operations of Klukwan Entities and their subsidiaries or which in any manner draws into question the validity of this Agreement except those matters referred to in Exhibit E attached hereto and made a part hereof.

17. **Books and Records.** Until SCI, Klukwan and CPC have fully performed all their obligations under this Agreement, the Note, and the Guaranty, Travelers shall have the right, upon at least two (2) business days written notice, to free access to the papers of the Klukwan Entities, including, without limitation, their books, records, accounts, computer software and other computer stored information, for the purpose of examining, copying or reproducing the same. Klukwan shall cause the Klukwan Entities to retain and not dispose of all of the aforementioned papers without Travelers express prior written approval.

18. **Non-Waiver/Conduct.** Each and every right, remedy and power

Page 7: AGREEMENT    July 26, 2002
\\TSBFDWM1\SRODDICKS\AGREEMTS\SOUTH COAST\AGREEMENT
SOUTH COAST-REDLINED(08-27-02).DOC

TRAV 025071

hereby granted to Travelers or allowed it by law or other agreement shall be cumulative and shall not be exclusive of any other right, remedy and power, and may be exercised by Travelers concurrently, consecutively, or separately at any time and from time to time, in Travelers' sole discretion. No failure or neglect on the part of Travelers to exercise, and no delay in exercising any right, remedy or power hereunder or any other agreement, or any other document executed and delivered to Travelers in connection herewith, shall in any way release or reduce the liability of SCI, Klukwan or CPC to Travelers hereunder, or under the Note or Guaranty, or in any way reduce, condition or limit the obligations of SCI, Klukwan or CPC hereunder to Travelers. Neither this Agreement nor any course of conduct of the parties pursuant thereto shall be construed to establish rights of any party not a party to this Agreement.

19.     Opinion of Counsel. SCI, Klukwan and CPC shall furnish an opinion of counsel satisfactory in form to Travelers, which opines as to, and confirms the authority of SCI, Klukwan and CPC, their signatures, the enforceability of this Agreement and related agreements or instruments, and the absence of legal impediments to this Agreement and the related agreements and instruments. The opinion of counsel shall be substantially in the form of Exhibit F, subject to standard qualifications and from a firm acceptable to Travelers.

20.     Event(s) of Default/Remedies. SCI, Klukwan and CPC agree that upon the occurrence of an Event(s) of Default, Travelers has, but is not limited to, the following remedies:

         a.     Any and all indebtedness under this Agreement, the Note, the Guaranty, or under any other agreements or instruments between Travelers, SCI, Klukwan, or CPC, or any other obligations of any of them to Travelers, shall, at the election of Travelers, become immediately due and payable and Travelers may exercise such rights in the collateral as Travelers has under this Agreement, the Note, Deeds of Trust or any other agreement or instrument between Travelers and SCI, Klukwan or CPC, or any applicable law or statute.

         b.     Furthermore, Travelers shall have and shall be entitled to exercise some or any or all of its rights and remedies under this Agreement, the Guaranty, or under any other agreement or instrument which has been or which may hereafter be executed and delivered to Travelers by SCI, Klukwan or CPC, as well as any and all rights and remedies Travelers may have under any applicable law or statute. SCI, Klukwan and CPC expressly waive presentment, demand, Notice of Default, protest or other notice.

21.     Further assurances. Both parties agree to execute such additional documents as may be necessary or appropriate to carry out the intent of this Agreement.

Page 8: AGREEMENT     July 26, 2002.
      \\TSBFDWM1\SRODDICKS\AGREEMTS\SOUTH COAST\AGREEMENT
SOUTH COAST-REDLINED(08-27-02).DOC

TRAV 025072

22.    **Entire agreement; amendment.** This is the entire agreement between the parties with respect to the subject matter of this Agreement. This agreement may not be amended except in writing.

23.    **Rule of construction.** Both parties are represented by counsel or have the benefit of counsel, and have contributed toward the drafting of this Agreement. Accordingly, the rule of construction that a document is construed against its drafter shall not apply.

24.    **Corporate approval.** This Agreement is subject to formal approval by the Boards of Directors of SCI, Klukwan, and CPC.

25.    **Validity of Agreement.** Failure to execute, or defective execution, by any party shall not affect the validity of this Agreement as to any other party executing the same and each other party shall remain fully bound and liable hereunder. Invalidity of any portion or provision of this Agreement by reason of the laws of any state or for any other reason shall not render the other provisions or portions invalid.



Executed September _____, 2002   by:    Travelers Casualty & Surety
                                         Company of America

                                         By_____
                                         Charles W. Langfitt, Vice President


Executed September _____, 2002   by:    Klukwan, Inc.


                                         By_____
                                         Tom Crandall, President


Executed September _____, 2002   by:    South Coast, Inc.

                                         By_____
                                         Tom Crandall, President


Executed September _____, 2002   by:    Chilkat's Portage Cove

Page 9: AGREEMENT     July 26, 2002
        \\TSBFDWM1\SRODDICKS\AGREEMTS\SOUTH COAST\AGREEMENT
SOUTH COAST-REDLINED(08-27-02).DOC

TRAV 025073

Development Company

By_____

List of Exhibits:

A    Bonds and Bonded Contracts
B    Note
C    Sworn to Financial Statements
D    Release re:  Equipment & Material
E    Litigation Schedule
F    Opinion of counsel
G    Security Agreement executed by SCI covering Chinle claim and equipment
H    3rd deed of trust on Klukwan's Juneau office building and Jones Point property
I    Deed of Trust on CPC's tank farm property
J    2d deed of trust on SCI Ketchikan property

Page

   **Key Bank claim.**  Some of the Klukwan Entities hold a claim against Key Bank arising from Key Bank's seizure of $13 million of securities in May, 2002.  As of the date of this Agreement, no lawsuit has been filed concerning that claim. The Klukwan Entities shall provide such information to Travelers as Travelers reasonably requests, and shall give Travelers a reasonable opportunity to make the election described in the next sentence .  At Travelers's sole election, but prior to such lawsuit being filed, either (a) Travelers shall agree to pay the attorney fees and litigation costs associated with prosecuting the claim, and the Klukwan Entities shall execute a security agreement in the form set forth in Exhibit G which gives Travelers a security interest in the litigation proceeds and which provides for repayment of Travelers fees and costs, and that the net litigation proceeds shall be divided one-half to Travelers to be applied to the Note and the other half to the Klukwan plaintiffs, free and clear of Travelers' security interest; or (b) Travelers shall have no obligation to pay attorneys fees and costs associated with prosecuting the claim and shall have no security interest in the litigation proceeds.

   Exhibit G hereto shall be executed, and a UCC-1 financing statement shall be filed with respect to the Key Bank claim, only if Travelers elects under subsection (a) hereof.

TRAV 025075