File Mann 689 687

6/2/03

Call To Tom Crandall → Seattle T

I asked Tom about the D&O Claim — who the responsible Officers were. Tom advised the following:

- Mike Flouts CFO
- Brad Finney VP
- Jan Paulson VP
- Denny Reinwich President (lived in Kirkland — had to know what was up.)
- Ron Guilfoil

Tom will e-mail list to me. I asked what wrongful acts did the Officers perform. Tom advised it was failure to have internal controls — after the Tails Mgt., Report commissioned, should have followed, but did not. Also what was reported & what occurred were completely different. The Officers chose to remove issues or risk fund them. ZL is dep Peterson & later opts — That conduct.

I asked if he were going to pursue D&O — Tom said no, had Seattle atty look at it and he, Mike Cotter (sp), advised no claim because can't sue yourself.

Tom is looking to sue individuals personally.

Crandall DEPOSITION EXHIBIT #67

Exhibit 17  Date 2-28-05
Witness Langfitt
Patricia A. Blevins   (206)323-0919

TRAV 025354

We might end up w/ conversion claims, Tom said. Other potential officers are Blanton & Ramsdell.

Tom asked how the firm any such recovery would be credited? I told him not against the $8 mil note, but against the other loss we have. Tom asked what would happen if it recovered exceeded the "other loss" not part of $8 mil PN? Told Tom there would have to credit over, but remote chance. I expect we wrap WECO at $22 Mil gross, not not sure, but maybe KKMiller. I will send Tom paytristory. Tom asked how if this much as he will need to make disclosures.

I mentioned the stock power and that I would discuss w/ Cabot, but we had a deal w/ the stock power & our consent to the Atlas deal. Tom said he got Ron G's 10% w/o wanting our consent so that may no longer necessary. Told Tom I would take it up w/ Cabot, but US holding the stock power is not a big deal — stock tied to the Payment Agent so we could not unilaterally sell stock.

TRAV 025355

Tom understands, but Z will take it up w/ [illegible].

Tom asked if Z received Ernst Mary report on Duveau property. Z said yes, and asked him for an [illegible]. Tom advised it will be a push — No H. I told Tom that appeared to be the case — and Z asked him for the attorney.

Tom then mentioned a litigation discussion item. Tom is having trouble w/ Kaybank & may want to take SCI to B/K. Kaybank knows of our Aspen [illegible] terms. Told Tom I appreciated him so advising me, but we could discuss it later ( no consent given now)

Tom has a personal liability in July & asked if he should [illegible] by — Z mentioned Z must be in trial & for him to check w/ me in a couple of weeks

Tom is also [illegible] @ pursuing his CD's → I advised I was asking Dorothy to review for some purposes.

[signature]

# STEWART SOKOL & GRAY LLC
### ATTORNEYS AT LAW

John Spencer Stewart*†◇□
Jan D. Sokol*†□
Arnold L. Gray†
Susan Z. Whitney*‡
H. Lee Cook*◇
Jeffrey B. Wilkinson*†
Thomas A. Larkin*◇□

2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699
FAX (503) 223-5706
www.lawssg.com

Angela M. Otto*
Matthew A. Wandt*
Robert B. Coleman
Lawrence A. Wagner
Nadya V. Martin
Tyler J. Storti

All Members of Oregon Bar
*Washington Bar
† District of Columbia Bar
◇ Alaska Bar
□ Idaho Bar
‡ Nevada Bar

November 17, 2004

E-mail: jdsokol@lawssg.com
Direct Fax: (503) 227-5028


DEPOSITION EXHIBIT #28

**By Fax & U.S. Mail**
Cabot Christianson, Esq.
Christianson, Boutin & Spraker
911 West 8th Avenue, Suite 302
Anchorage, AK 99517

Re: Travelers Casualty & Surety Company of America/Klukwan, Inc./
South Coast, Inc.
Our File No. 7777.006

Travelers v. Ronald Gelbrich; Jerald Renich; Brad Finney; Jan Pulson; Michael Houts;
Edwin Johnson; and Peterson Sullivan, PLLC
United States District Court for District of Alaska, at Anchorage
Case No. A04-0165CV (RRB)

RECEIVED
NOV 2 2 2004
CHRISTIANSON, BOUTIN
& SPRAKER

Dear Cabot:

Chuck Langfitt has forwarded to me your correspondence dated November 10, 2004 for response. We find your letter to be nothing more than a smokescreen to avoid South Coast's and Klukwan's obligations under the December 6, 2002 Repayment Agreement (the "Repayment Agreement"). Not only does Travelers find your letter to be disingenuous, the letter represents an anticipatory breach of the Repayment Agreement, a direct interference with Travelers' attempt to mitigate its losses caused by Klukwan and South Coast and a violation of the implied covenant of good faith and fair dealing.

Accordingly, based on your clients' failure to make the November payment required under the Repayment Agreement and their breach of the Repayment Agreement, this letter shall serve as notice of their default under the Repayment Agreement. Unless these defaults are cured within thirty (30) days of the date of this letter, Travelers intends to exercise any and all remedies it has under the Repayment Agreement or under applicable law.

As you are well aware, since you were involved in the drafting of the Repayment Agreement, the purpose of the Agreement was to achieve a global settlement between Travelers on the one hand and the South Coast entities, South Coast, Inc., Klukwan,

Cabot Christianson
November 17, 2004
Page 2

Inc. and Chilkats' Portage Cove Development Company and their affiliates who were "**named in the Indemnity Agreements.**" It clearly was not the purpose (notwithstanding your suggestion that we refer to Webster's Dictionary, 3rd addition or Black's Law Dictionary) to include former officers and directors of South Coast or Klukwan in any release. In fact, up until your recent conversation with Mr. Langfitt and your correspondence, you were interested in pursuing with Travelers the very litigation that Travelers ultimately filed in United States District Court for the District of Alaska. For you and your clients to suggest, at this late moment, that somehow the Repayment Agreement released these former officers and directors is totally ridiculous.[1] In fact, it was only after Travelers refused to apply amounts received in the above action against your clients' obligations under the Repayment Agreement, did this "new" position arise.

Your clients' attempt to interfere with our recovery efforts are most distressing given Travelers' efforts to assist your clients in resolving their defaults under the Indemnity Agreement. So there is no misunderstanding, unless the defaults are cured, Travelers intends to exercise all of its rights under section 20 of the Repayment Agreement, including accelerating all amounts due thereunder. I trust that will not be necessary.

Very truly yours,

STEWART SOKOL & GRAY, LLC

Jan D. Sokol

JDS:dls
cc: Chuck Langfitt (by Fax)
    H. Clay Keene
    William A. Earnhart
    William M. Wuestenfeld
    Michael A. Barcott
    James P. Wagner
    Ray R. Brown

W:\WORK\Clients T-V\Travelers-South Coast\D & O Claims\JAN\Correspondence\Christianson.001.wpd

---

[1] We note your opinion letter dated December 6, 2002, indicates that it is the Klukwan Entities and not the officers and directors involved in the Repayment Agreement. In addition, you specifically offer your opinion that the Repayment Agreement did not conflict with the bylaws or the corporate charter of the Klukwan Entities.

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW

000967

# STEWART SOKOL & GRAY LLC
## ATTORNEYS AT LAW

John Spencer Stewart*†◊□
Jan D. Sokol*†□
Arnold L. Gray†
Susan Z. Whitney*‡
H. Lee Cook*◊
Jeffrey B. Wilkinson*†
Thomas A. Larkin*◊□

2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699
FAX (503) 223-5706
www.lawssg.com

Angela M. Otto*
Matthew A. Wandt†*
Robert B. Coleman
Lawrence A. Wagner
Nadya V. Martin
Tyler J. Storti

All Members of Oregon Bar
*Washington Bar
† District of Columbia Bar
◊ Alaska Bar
□ Idaho Bar
‡ Nevada Bar

December 16, 2004

E-mail: jdsokol@lawssg.com
Direct Fax: (503) 227-5028

Cabot Christianson, Esq.
Christianson, Boutin & Spraker
911 West 8th Avenue, Suite 302
Anchorage, AK 99517

Re:   Travelers Casualty & Surety Company of America/
      Klukwan, Inc./South Coast, Inc.
      Our File No. 7777.006

*Travelers v. Ronald Gelbrich; Jerald Renich; Brad Finney; Jan Pulson; Michael Houts; Edwin Johnson; and Peterson Sullivan, PLLC*
United States District Court for District of Alaska, at Anchorage
Case No. A04-0165CV (RRB)

Dear Cabot:

I have your correspondence dated November 29, 2004. I have now had an opportunity to review with Mr. Langfitt the various discussions you and Mr. Crandall have had with him not only in September 2004, but prior to that time.

I am glad to see that South Coast's failure to timely pay its November 2004 installment was simply an "oversight." Unfortunately, your clients have done nothing to cure the additional defaults identified in my November 17, 2004 letter.

We simply do not understand how you can assert that the affiliate "defense" is not a "new" position developed after Travelers refused to apply any proceeds from this litigation to the South Coast note. It has always been Travelers intention since the execution of the Repayment Agreement to investigate and pursue all possible sources of recovery for the losses caused by the failure of South Coast to complete the projects without cost to Travelers. That is precisely the reason for the last sentence in paragraph 11 of the Repayment Agreement.

DEPOSITION EXHIBIT #19

RECEIVED
DEC 2 0 2004
CHRISTIANSON, BOUTIN & SPRAKER

001723

Cabot Christianson
December 16, 2004
Page 2

     Since at least April 2003, Mr. Langfitt has requested copies of Klukwan's D&O policies for the last three years. You were not only copied on that request from Mr. Crandall to the broker, but you were also to receive copies of those policies. If in fact, as you now contend this is not a "new" position, then it seems to me somebody would have questioned why Travelers wanted copies of these policies if it had previously released all of the directors and officers from further liability. In June 2003, Mr. Langfitt requested from Mr. Crandall a list of all officers of South Coast and Klukwan. Again, the question arises why neither Mr. Crandall nor you would advise Travelers that it was South Coast's and Klukwan's position that such list was unnecessary in view of the affiliate "defense". When Mr. Langfitt spoke to Mr. Crandall after receiving the list, Mr. Crandall advised him that these specific officers had the responsibility to put in place proper financial management controls, but did not. It was at that time Mr. Crandall indicated that he was looking at filing D&O claims against these officers but was advised (perhaps by you, we do not know) that Klukwan could not because "you cannot sue yourself."

     In addition, I specifically recall when I was preparing the Rule 27(a) Petition against Petersen Sullivan, a telephone conference call involving Mr. Crandall, Mr. Langfitt and you. During that call we discussed the filing of an action against the directors and officers. It was at that time that you initially made Klukwan's request that the net litigation proceeds from not only the Peterson Sullivan potential action but also the potential suit against the directors and officers, be applied first to the Klukwan/South Coast note. Mr. Langfitt rejected the request.

     It should also be noted that after the action against the officers was filed, Mr. Eckardt contacted Mr. Crandall about defendant Edwin Johnson's involvement. Mr. Crandall advised him that Mr. Johnson had left the company before the problems had arose. Mr. Crandall never indicated that all of the officers had been released under the Repayment Agreement and the action should be dismissed.

     Now we come to the conference call of September 29, 2004 with Mr. Crandall and Mr. Langfitt. During that telephone call, for the first time, you did "reveal" the affiliate "defense" and did advise Mr. Langfitt that you would be telling the officers. It came in the form of a threat that if Travelers proceeded you would "have to" advise everyone that this defense exists. Travelers had asked for an assignment of the claim against Willis at that time, but you did not want to assign that claim, as far as Travelers could tell, because there was no upside benefit to South Coast/Klukwan. Mr. Langfitt expressed surprise at this new "defense" because he did not remember it, or see the Agreement that way, and advised you that he would review the Agreement. As we have advised you in our November 17 correspondence and in this letter, we see no basis for such a "defense" under the Repayment Agreement.

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW

001100

Cabot Christianson
December 16, 2004
Page 3

In your November 29, 2004 letter, you also suggest that Travelers withdrew its request that South Coast/Klukwan "assign its rights." We are simply unaware of the "withdrawal" of the request. If South Coast/Klukwan is prepared to assign its rights, which we believe South Coast/Klukwan is required to do under the terms of the Repayment Agreement (to fully cooperate in liquidating the total outstanding obligations as a result of South Coast's default under the performance and payment bonds), Travelers will certainly accept it.

Both South Coast and Travelers intended that the Repayment Agreement be a global settlement. However, South Coast/Klukwan knew from the beginning based on the reservation in Paragraph 11 of the Agreement that Travelers preserved its rights against persons other than the Klukwan entities.

You suggest that if Travelers recovers on its D&O claim, and the insurer charges Klukwan/South Coast the deductible, or if some officer has the right to indemnity against South Coast in connection with the action, this is somehow an action by Travelers against Klukwan/South Coast which is prohibited by the Repayment Agreement. These situations are clearly not claims by Travelers against South Coast/Klukwan which are otherwise prohibited under the Repayment Agreement. To suggest, somehow, that Travelers' claims against third-parties on which the third-parties may have direct claims against South Coast/Klukwan is an action prohibited under the Repayment Agreement is a real stretch of the imagination. It is absolutely clear why South Coast/Klukwan entered into the Repayment Agreement and excluded from any settlement (release) the former officers of South Coast. It is because South Coast itself believed that it had valid claims against these officers for the losses which are the subject of Travelers' action.

I have not copied counsel for the officers because I believe that both you and your client are ultimately going to be testifying in this matter. In fact, it was your client, Mr. Crandall, who specifically identified certain of the officers as the primarily responsible parties for the losses incurred by South Coast. I will leave it to you to decide if you want to copy counsel for the officers with this correspondence or further correspondence.

In summary, Travelers will not dismiss the officers from the pending litigation. As mentioned above, we still consider South Coast/Klukwan to be in violation of the Agreement as a result of its direct interference with Travelers' attempt to mitigate the losses caused by Klukwan and South Coast, as well as their violation of the implied covenant of good faith and fair dealing. Further, Travelers reserves its right to exercise

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW

001131

Cabot Christianson
December 16, 2004
Page 4

the remedies under Section 20 of the Repayment Agreement, including accelerating all amounts due thereunder.

Very truly yours,

STEWART SOKOL & GRAY, LLC

Jan D. Sokol

JDS:dls
cc: Chuck Langfitt
 Thomas A. Larkin

W:\WORK\Clients T-V\Travelers-South Coast\D & O Claims\JAN\Correspondence\Christianson.002.wpd

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW

001132

**Unknown**

From: Jordan S. Rosenfeld [jordan@sutorgroup.com]
Sent: Tuesday, June 17, 2003 2:51 PM
To: tomc@klukwan.com
Cc: charles.w.langfitt@travelers.com
Subject: CPA Workpaper Request Letter

Audit WP Request.doc (20 KB)

Tom:

Attached is my draft of a letter to Peterson Sullivan requesting a copy of the audit workpapers. I avoided being too specific or technical so it wouldn't look like an attorney was involved. We can expand on this if you or Chuck think it would be advisable.

Jordan

<<Audit WP Request.doc>>



*Unable to open + print attachment*



DEPOSITION EXHIBIT #80

1

001623



October 20, 2003

Fax: (206) 382-7700

Peterson Sullivan P.L.L.C.
601 Union Street, Suite 2300
Seattle, Washington 98101

Re: Audit Workpapers

Dear Mr. Holmdahl:

I have received a copy of your October 8, 2003 letter to Jan Sokol.

Please forward a copy of your files and documents for Klukwan, Inc. and South Coast, Inc, including financial statement audit workpapers, such as substantive workpapers, permanent files and internal control analysis and testing workpapers for the last four years to Mr. Sokol with a copy to me.

If you have any questions, please advise.

Sincerely,

KLUKWAN INC.

Thomas L. Crandall, President

Cc: Cabot Christianson, fax (907) 258-2026
Jan Sokol, fax (503) 227-5028
Charles Langfitt, (253) 946-7156

*Crandall*
DEPOSITION
EXHIBIT
# 81

**Klukwan, Inc.**
425 Sawmill Road / PO Box 209 • Haines, AK 99827
907-766-2211 Phone • 907-766-2973 Fax

C:\Documents and Settings\Ross Hennequin\Local Settings\Temporary Internet Files\OLK2D\Request audit workpapers 102003.doc

000774



October 3, 2006

Fax (206) 382-7700

John Ferris
Peterson Sullivan P.L.L.C.
601 Union Street, Suite 2300
Seattle, WA 98101

RE:   Information from past 3 year audits

Dear John:

John,

I have been trying to reach you to let you know that Klukwan has determined we will be seeking proposals for auditing, tax preparation and Inspector of Election services for 2004. We have reached this decision based on several factors including the changes in the accounting profession that advises us that we change auditors periodically and the letter you received from the attorney for Travelers Insurance.

Please provide all assistance you can in making this a smooth transition. This includes access by our new auditors to your working papers. As part of this process, please provide details as to hours and billings for the services listed below (next page).



Crandall
DEPOSITION
EXHIBIT
#82

**Klukwan, Inc.**
425 Sawmill Road / PO Box 209 • Haines, AK 99827
907-766-2211 Phone • 907-766-2973 Fax

D:\AUDIT\P&S letter 10_____.doc

003683

|  | Management Letter and Audit | | Tax | | Totals | |
|---|---|---|---|---|---|---|
|  | Hours | Dollars | Hours | Dollars | Hours | Dollars |
| **2002** | | | | | | |
| Klukwan, Inc. | | | | | | |
|    Kply, Inc. | | | | | | |
|    Atlas Alaska, Inc. | | | | | | |
|    Emrick & Hill, Inc. | | | | | | |
|    Chilkats' Portage Cove | | | | | | |
|    Tinaa Construction, Inc. | | | | | | |
|    South Coast, Inc. | | | | | | |
| Totals | | | | | | |
| **2001** | | | | | | |
| Klukwan, Inc. | | | | | | |
|    Kply, Inc. | | | | | | |
|    Atlas Alaska, Inc. | | | | | | |
|    Emrick & Hill, Inc. | | | | | | |
|    Chilkats' Portage Cove | | | | | | |
|    Tinaa Construction, Inc. | | | | | | |
|    South Coast, Inc. | | | | | | |
| Totals | | | | | | |
| **2000** | | | | | | |
| Klukwan, Inc. | | | | | | |
|    Kply, Inc. | | | | | | |
|    Atlas Alaska, Inc. | | | | | | |
|    Emrick & Hill, Inc. | | | | | | |
|    Chilkats' Portage Cove | | | | | | |
|    Tinaa Construction, Inc. | | | | | | |
|    South Coast, Inc. | | | | | | |
| Totals | | | | | | |

Your help is appreciated.

Sincerely,


Thomas L. Crandall
Klukwan, Inc.
President

Klukwan, Inc.
425 Sawmill Road / PO Box 209 • Haines, AK 99827
907-766-2211 Phone • 907-766-2973 Fax

## Cabot Christianson

**From:** "Jan D Sokol" <jdsokol@lawssg.com>
**To:** "Cabot Christianson" <cabot@cbslawyers.com>
**Cc:** <Charles.W.Langfitt@travelers.com>
**Sent:** Friday, January 09, 2004 12:42 PM
**Subject:** Travelers/South Coast/ Accountant work papers

I have had no further response to my request for the work papers from either the accounting firm or the lawyer. I want to proceed with the filing of the petition under Fed. R. Civ. P. 27 in USDC, Western District of Washington. As I previously discussed with you, I believe the petition will be much stronger if Klukwan is party. Please advise if I can file the petition on behalf of both Travelers and Klukwan.

************************************

Jan D. Sokol
Stewart Sokol & Gray, LLC
2300 SW First Avenue
Suite 200
Portland, OR 97201-5047
503-221-0699
503-227-5028 (fax)
E-mail: mailto:jdsokol@lawssg.com
Web Site: www.lawssg.com
************************************

NOTICE:

EMAIL TRANSMISSION MAY CONTAIN INFORMATION WHICH IS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, OR TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE CONTACT US IMMEDIATELY, DESTROY ANY COPIES AND DELETE IT FROM YOUR COMPUTER SYSTEM.



DEPOSITION EXHIBIT #83

9/27/2006

## Cabot Christianson

| | |
|---|---|
| From: | "Jan D Sokol" <jdsokol@lawssg.com> |
| To: | "Cabot Christianson" <cabot@cbslawyers.com> |
| Cc: | "Chuck Langfitt" <Charles.W.Langfitt@travelers.com> |
| Sent: | Sunday, January 18, 2004 12:28 PM |
| Subject: | Travelers/South Coast/Accountant Work Papers |

I wrote you last week on this issue issue. We need to move forward. Is Klukwan/South Coast in or out? Can I represent them in connection with our demand for the work papers? It will certainly make the process much easier. Please inform me immediately.

***********************************

Jan D. Sokol
Stewart Sokol & Gray, LLC
2300 SW First Avenue
Suite 200
Portland, OR 97201-5047
503-221-0699
503-227-5028 (fax)
E-mail: mailto:jdsokol@lawssg.com
Web Site: www.lawssg.com
***********************************

NOTICE:

THIS EMAIL TRANSMISSION MAY CONTAIN INFORMATION WHICH IS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, OR TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE CONTACT US IMMEDIATELY, DESTROY ANY COPIES AND DELETE IT FROM YOUR COMPUTER SYSTEM.

**Cabot Christianson**

| | |
|---|---|
| From: | "Jan D Sokol" <jdsokol@lawssg.com> |
| To: | "Cabot Christianson" <cabot@cbslawyers.com> |
| Cc: | "Chuck Langfitt" <Charles.W.Langfitt@travelers.com> |
| Sent: | Monday, February 09, 2004 5:53 PM |
| Subject: | Travelers/South Coast/Peterson Sullivan |

Cabot--We need to hear from you immediately. Please advise me before 2-12 whether Klukwan is in or out of this matter. If I don't hear from you by then, I will assume you are not participating and revise the documents accordingly for immediate filing.

****************************************

Jan D. Sokol
Stewart Sokol & Gray, LLC
2300 SW First Avenue
Suite 200
Portland, OR 97201-5047
503-221-0699
503-227-5028 (fax)
E-mail: mailto:jdsokol@lawssg.com
Web Site: www.lawssg.com
****************************************

NOTICE:

THIS EMAIL TRANSMISSION MAY CONTAIN INFORMATION WHICH IS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, OR TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE CONTACT US IMMEDIATELY, DESTROY ANY COPIES AND DELETE IT FROM YOUR COMPUTER SYSTEM.



Crandall DEPOSITION EXHIBIT 86

## Cabot Christianson

| | |
|---|---|
| From: | "Jan D Sokol" <jdsokol@lawssg.com> |
| To: | "Cabot Christianson" <cabot@cbslawyers.com> |
| Cc: | "Tom Crandall" <tomc@klukwan.com>; <Charles.W.Langfitt@travelers.com> |
| Sent: | Friday, February 13, 2004 10:24 AM |
| Subject: | RE: Travelers/South Coast |

I revised the petition per Tom's email to me and forwarded to him on Wednesday the revised petition. I have no yet received his signature page. Yes Travelers will bear the costs in connection with bringing the discovery litigation in Federal Court. While we did not previously discuss indemnity (I'm not sure what claims your former accountants could bring; I'm assuming you are referring to costs, etc.), Travelers will indemnify Klukwan from claims by Peterson Sullivan directly related to this litigation.

With respect to the third paragraph, I know Chuck and Tom have discussed this. While Travelers understands Klukwan's expectation, it is not consistent with the prior arrangement between Klukwan and Travelers. Rather than continuing to disagree at this point, let's get the petition filed and review the documents received. We may be disagreeing about nothing if the documents do not yield viable claims.

-----Original Message-----
From: Cabot Christianson [mailto:cabot@cbslawyers.com]
Sent: Tuesday, February 10, 2004 11:50 AM
To: Jan D Sokol
Cc: Tom Crandall
Subject: Fw: Travelers/South Coast

Jan -
These documents look good. I am forwarding them to Tom Crandall, and he will fax you the signature page.

This email will confirm our previous discussions that Travelers will bear all the costs associated with bringing this suit and will indemnify Klukwan from any claims associated with the bringing or prosecution of this suit.

If Travelers wishes to bring a substantive cause of action against P&S, Klukwan's expectation is that the net litigation proceeds from that suit will be applied first to the Klukwan/SCI note to Travelers. Also, as you are aware, Klukwan is considering its own action against P&S, and has developed some ideas about how to proceed. You and I should discuss.

As I mentioned in my email, Klukwan is an Alaska Native corporation organized under Alaska state law pursuant to 43 USC 1601 et seq. All of its shareholders are individuals.

Let me know if you need anything else.

-Cabot

----- Original Message -----
From: Jan D Sokol
To: Cabot Christianson
Cc: Chuck Langfitt
Sent: Friday, January 23, 2004 11:59 AM
Subject: Travelers/South Coast

Attached are proposed pleadings for your review and comment. I will need to file a corporate disclosure (Fed.R. Civ. P. 7.1) on behalf of Klukwan. Is it owned partially or in whole by a publicly traded company? if so, what is the company, the percentage ownership and the exchange it is traded on?

*******************************************

Jan D. Sokol


Crandall DEPOSITION EXHIBIT #88

001281

9/27/2006

Stewart Sokol & Gray, LLC
2300 SW First Avenue
Suite 200
Portland, OR 97201-5047
503-221-0699
503-227-5028 (fax)
E-mail: mailto:jdsokol@lawssg.com
Web Site: www.lawssg.com
******************************************

**NOTICE:**

**THIS EMAIL TRANSMISSION MAY CONTAIN INFORMATION WHICH IS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, OR TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE CONTACT US IMMEDIATELY, DESTROY ANY COPIES AND DELETE IT FROM YOUR COMPUTER SYSTEM.**

**Cabot Christianson**

From: "Langfitt,Charles W" <CLANGFIT@stpaultravelers.com>
To: <tomc@klukwan.com>
Cc: "Jan D Sokol" <jdsokol@lawssg.com>
Sent: Wednesday, May 26, 2004 3:52 PM
Subject: RE: Peterson & Sullivan

We are reviewing filing suit. We will keep you posted.

-----Original Message-----
From: Tom Crandall [mailto:tomc@klukwan.com]
Sent: Wednesday, May 05, 2004 3:27 PM
To: Langfitt,Charles W
Subject: Peterson & Sullivan

Chuck,
I saw were we were unsuccessful in gaining access to the audit workpapers  Can you let me know what Travelers plans to do next?

Tom C.

Klukwan, Inc.
Attn: Thomas L. Crandall, President
425 Sawmill Road
PO Box 209
Haines, Alaska 99827
(907) 766-2211 office
(907) 766-2973 fax
(270) 637-8641 eFax
(907) 223-1072 cell
tomc@klukwan.com email



Some attached files are in Acrobat PDF format. If Adobe™ Reader® if it is not currently installed on your computer, you can download it here. To go to the download site, please hold down the Ctrl key and click the icon below.



Adobe, the Adobe logo, and Reader are ether registered trademarks or trademarks of Adobe Systems Incorporated in the United States and / or other countries.

This E-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

T  communication, together with any attachments hereto or links contained herein, is for the sole use of the intended recipient(s) and may contain information that is confidential or legally protected. If you are not the intended recipient,