## Valerie L. Senske

**From:** Jan D Sokol [jdsokol@lawssg.com]
**Sent:** Tuesday, June 03, 2003 8:50 AM
**To:** Langfitt,Charles W
**Cc:** Eckardt,Marc A.
**Subject:** RE: Officers

I will do so immediately.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Jan D. Sokol
Stewart Sokol & Gray, LLC
2300 SW First Avenue
Suite 200
Portland, OR 97201-5047
503-221-0699
503-227-5028 (fax)
E-mail: mailto:jdsokol@lawssg.com
Web Site: www.lawssg.com
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOTICE

THIS EMAIL TRANSMISSION MAY CONTAIN INFORMATION WHICH IS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, OR TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE CONTACT US IMMEDIATELY, DESTROY ANY COPIES AND DELETE IT FROM YOUR COMPUTER SYSTEM.

-----Original Message-----
**From:** Langfitt,Charles W [mailto:CLANGFITT@travelers.com]
**Sent:** Monday, June 02, 2003 3:51 PM
**To:** Jan D Sokol
**Cc:** Eckardt,Marc A.
**Subject:** FW: Officers

Dear Jan:

These are the South Coast officers that Tom advises had the responsibility to put in place proper financial and management controls, but did not. In short, SCI had some financial and management control issues. Klukwan hired Fails Management to fix the problems by putting in place the proper controls. The attached Management Team did not insure that the proper controls were then followed; despite the Fails Report and assurances that SCI's problems were fixed. When the tires started to fall off, this team chose to ignore or mis-informed the Klukwan parent company about SCI's true financial condition. We then became a bystander victim. Tom advised that the Peterson Report and Sutor's report show the lack of controls. These reports provide the timing and background for the original Fails report. Tom said he looked at filing a D&O claim and was advised that Klukwan could not because "you cannot sue yourself". Please put the D&O carrier on notice as soon as possible.

I am also having Jordan look at a malpractice claim against the CPA's. I shipped him the financial statements for the past three years with current portions of the Underwriting file. I will keep you posted. Best Regards.

-----Original Message-----

Exhibit 20   Date 9-10-07
Witness Langfitt
Patricia A. Blevins   (206)323-0919

# Valerie L. Senske

**From:** Langfitt, Charles W
**Sent:** Tuesday, September 09, 2003 7:37 AM
**To:** 'Jan D Sokol'; 'Jordan S. Rosenfeld'
**Subject:** FW: Audit

Fyi, Tom has not sent the letter to Peterson requesting the working papers, but will within the next two weeks. Tom doubts that Peterson will comply. Jordan advised he needs the papers to offer an opinion re: negligence. If we/Klukwan do not get the papers within two weeks of Tom's request, Jan, please make a demand on Peterson to produce. If they do not, then we may be forced to file suit just to get the papers, unless you have any other suggestions, Jan? Tom advised that they intend to pursue Peterson, too, although I anticipate they will want to ride our coattails. Best Regards.

-----Original Message-----
**From:** Tom Crandall [mailto:tomc@klukwan.com]
**Sent:** Monday, September 08, 2003 4:57 PM
**To:** Langfitt, Charles W
**Subject:** Audit

Chuck,

Here is the audit for Klukwan for 2002. It is consolidated. We will send you a copy of the CPC dock appraisal when I return to Haines.

Tom C.

Klukwan, Inc.
Attn: Thomas L. Crandall, President
425 Sawmill Road
PO Box 209
Haines, Alaska 99827
(907) 766-2211 office
(907) 766-2973 fax
(270) 637-8641 eFax
(907) 223-1072 cell
tomc@klukwan.com email

Some attached files are in Acorbat PDF format. If Adobe™ Reader® if it is not currently installed on your computer, you can download it here. To go to the download site, please hold down the Ctrl key and click the icon below.



Adobe, the Adobe logo, and Reader are ether registered trademarks or trademarks of Adobe Systems Incorporated in the United States and / or other countries.

This E-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

Exhibit _12_ Date _9-10-07_
Witness ___Langfitt___
Patricia A. Blevins    (206)323-0919

**Valerie L. Senske**

| | |
|---|---|
| **From:** | Langfitt, Charles W |
| **Sent:** | Wednesday, September 17, 2003 2:39 PM |
| **To:** | Jan D Sokol |
| **Subject:** | FW: SCI CPA litigation |

Looks like we will need to move ahead.  We do not have any pending litigation that we could issue a subpoena from so I believe we should send a letter putting them on notice and requesting they preserve the working papers.  If you have any other approach, please let me know.  -----Original Message-----
From: Jordan S. Rosenfeld [mailto:jordan@sutorgroup.com]
Sent: Wednesday, September 17, 2003 1:30 PM
To: Langfitt, Charles W
Subject: SCI CPA litigation

Chuck:

I spoke with Tom Crandall this morning concerning getting out that letter requesting the CPA workpapers.  He has not done so and seems reluctant.  Tom does not think the CPA's will provide workpaper copies voluntarily (I doubt they will either) and is afraid the letter will tip them off that a lawsuit is coming and they might shred some documents much like Arthur Andersen. Tom has been speaking with Klukwan's attorney about this matter. They think that based upon the management reports prepared by Bob Sutor and Peterson Sullivan stating there existed a lack of internal controls there is ground's for thinking the audits were not conducted properly.

I informed Tom we hoped the letter would enable us to obtain the workpapers without having to file a lawsuit and issue a subpoena.  Tom stated he thought there was a way to subpoena the workpapers without the lawsuit.  Tom was going to talk to his attorney some more.

Jordan

Exhibit 122  Date 9-10-07
Witness Langfitt
Patricia A. Blevins    (206)323-0919

1

*one copy, plus orig. on top*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In the Matter of the Petition of KLUKWAN, INC., an Alaska corporation and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,

Petitioners.

No. C04-615Z

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)    Having reviewed the briefs in support of, and opposition to, petitioner Travelers and Klukwan's petition to require the production of documents before action pursuant to FED. R. CIV. P. 27(a)(1), docket no. 1, the motion is hereby DENIED. The Court finds that petitioners seek to employ Rule 27 to engage in discovery prior to filing a complaint, contrary to Nevada v. O'Leary, 63 F.3d 932 (9th Cir. 1995).

(2)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Filed and entered this 13th day of April, 2004.

BRUCE RIFKIN, Clerk

/s/ Casey Condon
By _____
Casey Condon
Deputy Clerk

MINUTE ORDER  1—

EXHIBIT 2

Exhibit *123*  Date *9-10-07*
Witness *Langott*
Patricia A. Blevins    (206)323-0919

Message

## Jan D Sokol

**From:** Jan D Sokol

**Sent:** Wednesday, April 14, 2004 9:50 AM

**To:** 'Chuck Langfitt (Charles.W.Langfitt@travelers.com)'

**Subject:** Travelers/South Coast/Peterson Sullivan

Attached please find order denying petition to obtain documents. We will need to caucus with Jordan to determine if we have sufficient information to proceed with an action against the former officers and directors. Certainly in an action against them, we would be able to subpoena the records from the accountants. We should be mindful of the statute of limitations; however, it is unclear to me when we would have "discovered" the wrongful acts because we are still trying to determine if there were wrongful acts. We have put the insurer on notice and as you know, except for correspondence from the agent, we have had no acknowledgment from the carrier or any investigation of the carrier.

Let's talk about this on your return so we can determine where we are headed. Jan

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Jan D. Sokol
Stewart Sokol & Gray, LLC
2300 SW First Avenue
Suite 200
Portland, OR 97201-5047
503-221-0699
503-227-5028 (fax)
E-mail: mailto:jdsokol@lawssg.com
Web Site: www.lawssg.com
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOTICE:

THIS EMAIL TRANSMISSION MAY CONTAIN INFORMATION WHICH IS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, OR TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE CONTACT US IMMEDIATELY, DESTROY ANY COPIES AND DELETE IT FROM YOUR COMPUTER SYSTEM.

4/14/2004

Exhibit 124  Date 9-10-07  EXHIBIT 7

Witness Langfitt

Patricia A. Blevins    (206)323-0919

Message

## Valerie L. Senske

| | |
|---|---|
| **From:** | Jan D Sokol [jdsokol@lawssg.com] |
| **Sent:** | Monday, June 21, 2004 5:55 PM |
| **To:** | Langfitt, Charles W |
| **Cc:** | Jordan Rosenfeld; Robert B. Coleman |
| **Subject:** | Travelers/South Coast/ |

We have prepared a draft complaint which we will finalize shortly for your review. In the mean time, we wanted to note the following:

We would like to speak with Brent Heilesen, Paul Hobby and/or Dave Hombach to get a better idea on how they received the financial statements, how they relied upon them, and whether they had any direct contact with Peterson Sullivan that would prove Sullivan Peterson intended that Travelers rely. Although specific allegations on these subjects probably are not necessary to frame a complaint that will survive a motion to dismiss, they might prevent either party from filing a motion to dismiss and thus save money. The basis for the specific allegations on these subjects would also be a great aid in framing discovery requests, which is the next step in this case after filing.

With respect to jurisdiction, we have assumed that all the individual director-defendants are Alaska residents (citizens) for purposes of diversity jurisdiction. We do not know that this is the case; we assume that Klukwan can tell us where to find these people for service of process, and where they are might give us a clue regarding their residency for jurisdictional purposes.

With respect to personal (as opposed to subject matter) jurisdiction over Sullivan Peterson in Alaska (they are certainly diverse from Travelers in citizenship, so diversity subject matter jurisdiction is not a problem.), Sullivan is a Washington corporation. Its website advertises that it has many clients in Alaska, but that might not be enough to prove general jurisdiction over it. As to specific jurisdiction, the test will be minimum contacts related to the cause of action alleged. Peterson Sullivan probably purposely availed itself of the benefits of Alaska law by providing accounting services for an Alaska Native Village corporation and its wholly owned subsidiary (Klukwan and South Coast). Accordingly, there should be a presumption that personal jurisdiction is proper. However, Peterson Sullivan may be tempted to argue that it did not go to Alaska and commit a tort there, but rather stayed in Washington, audited papers provided to it there, and committed a tort, if any, in Washington. We if Travelers (underwriters) or Klukwan's representatives have any information about what specifically Sullivan Peterson did or did not do in Alaska in performing its audit.

In your absence, I requested that Marc Eckardt provide me a chart cross referencing the claim #'s and bond#'s so we can calculate the damages.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Jan D. Sokol
Stewart Sokol & Gray, LLC
2300 SW First Avenue
Suite 200
Portland, OR 97201-5047
503-221-0699
503-227-5028 (fax)
E-mail: mailto:jdsokol@lawssg.com
Web Site: www.lawssg.com
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Exhibit _127_  Date _9-10-07_
Witness _Langfitt_
Patricia A. Blevins      (206)323-0919

<u>NOTICE</u>:

THIS EMAIL TRANSMISSION MAY CONTAIN INFORMATION WHICH IS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT

Thomas A. Larkin, ASB #0009055
Jan D. Sokol, *Pro Hac Vice*
STEWART SOKOL & GRAY LLC
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047
Telephone:     (503) 221-0699
Fax:           (503) 227-5028
Email:         tlarkin@lawssg.com
               jdsokol@lawssg.com
    Of Attorneys for Plaintiff Travelers Casualty and
Surety Company of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA, AT ANCHORAGE

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>RONALD GELBRICH; JERALD RENICH; BRAD FINNEY; JAN PAULSON; MICHAEL HOUTS; EDWIN JOHNSON; and PETERSON SULLIVAN, P.L.L.C., a Washington limited liability company,<br><br>Defendants.<br><br>――――――――――――――<br><br>JAN PAULSON,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>SOUTH COAST, INC.,<br><br>Third-Party Defendant. | Case No. A04-0165CV (RRB) |

STEWART SOKOL & GRAY LLC<br>ATTORNEYS AT LAW<br>2300 SW FIRST AVENUE, SUITE 200<br>PORTLAND, OREGON 97201-5047<br>(503) 221-0699 FAX (503) 223-5706<br>www.lawssg.com

AFFIDAVIT OF CHARLES W. LANGFITT - Page 1 of 7
A04-0165CV (RRB)

EXHIBIT _B_ PAGE _1_ OF _X_

Exhibit _133_ Date _9-10-07_
Witness _Langfitt_
Patricia A. Blevins    (206)323-0919

AFFIDAVIT OF CHARLES W. LANGFITT
IN SUPPORT OF TRAVELERS' OPPOSITION TO
PETERSON SULLIVAN'S MOTION FOR SUMMARY JUDGMENT
ON STATUTE OF LIMITATIONS

State Of Washington        )
                           ) ss.
County of King             )

I, Charles W. Langfitt, being first duly sworn, do depose and say:

1. I am Vice President of Travelers Casualty and Surety Company ("Travelers") –

Surety Claims. I make this Affidavit in support of Travelers' Opposition to Defendant

Peterson Sullivan, PLLC's ("Peterson Sullivan") Motion for Summary Judgment on

Statute of Limitations. I am over the age of 18 and competent to testify. I make this

Affidavit from personal knowledge, and if asked to testify, would testify consistently with

this Affidavit.

2. Attached hereto as **Exhibit 1** is a true and correct copy of an e-mail exchange

between myself and David R. Hombach, Travelers' Vice President of Surety Bond

Underwriting, dated June 19/20, 2002. I was not aware of the existence of this e-mail

when I executed my Affidavit in Support of Travelers' Opposition to Peterson Sullivan's

Motion for Sanctions (my "Affidavit on Sanctions."). Even after becoming aware of this e-

mail (which was submitted in support of Defendant Renich's Joinder in Peterson Sullivan's

Motion for Summary Judgment on Statute of Limitations, and not in support of Peterson

Sullivan's Motion), I do not have a specific recollection of the exchange or of being on

inquiry notice of and starting an inquiry into Peterson Sullivan's negligence in June of

2002. To the contrary, my recollection is as stated in my Affidavit on Sanctions. That is,

my recollection is that I did not consider those issues until after October 1, 2002.

AFFIDAVIT OF CHARLES W. LANGFITT - Page 2 of 7
A04-0165CV (RRB)

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699 FAX (503) 223-5706
www.lawsg.com

However, the e-mail appears to be authentic, and I have confirmed its authenticity with Mr. Hombach. Accordingly, I must correct my prior recollection and testimony, and conclude that Travelers had reason to inquire into whether Peterson Sullivan's audit of South Coast's 2000 financial statements was negligent as of June 19, 2002. The remainder of my Affidavit on Sanctions is accurate, however. As indicated there, Travelers never knew that Peterson Sullivan's audit had negligently been performed; to the contrary, Peterson Sullivan prevented Travelers from knowing whether Peterson Sullivan had been negligent until Peterson Sullivan provided its work papers during discovery.

3. Travelers did not know on June 19, 2002, whether Peterson Sullivan had been negligent. To the contrary, I could not determine from the information I had on June 19, 2002, or even the information I had in October of 2002, that Peterson Sullivan's audit had been negligently performed. Although I am an attorney, as Peterson Sullivan is fond of pointing out, I am not an accountant. Although I suspected that Peterson Sullivan might have been negligent based on South Coast's speedy and extensive decline, as did Mr. Hombach, I did not know whether that was the case or not. I inquired of Jordan Rosenfeld, Travelers' expert on accounting issues in this case, whether, in his opinion, Peterson Sullivan's audit had been negligent. To the best of my recollection, my inquiry into third-party causes of action began near the end of 2002, or in the beginning of 2003. Mr. Rosenfeld requested a copy of certain documents, including South Coast's financial statements and Travelers' underwriting file, so that he could begin his inquiry into whether Peterson Sullivan's audit met industry standards. Attached hereto as Exhibit 2 is a true and correct copy of Mr. Rosenfeld's e-mail to me dated June 16, 2003, in response to my inquiry regarding Peterson Sullivan's negligence. All Mr. Rosenfeld could report was that

AFFIDAVIT OF CHARLES W. LANGFITT - Page 3 of 7
A04-0165CV (RRB)

EXHIBIT B PAGE 3 OF 16

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699 FAX (503) 223-5706
www.lawssg.com

STEWART SOKOL & GRAY LLC.
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699 FAX (503) 223-3786
www.lawssg.com

some items in the audited 2000 financial statements warranted further inquiry, but that "[a]s always is the case in reviewing the CPA financial statements for potential errors, what is really needed is to determine the [sic] if the CPa [sic] did not meet the industry standard in performance of the audit is the CPA's workpapers. I suspect we will find they did not review the status of the projects as would be expected for an audit." I was not surprised that Mr. Rosenfeld could not determine whether Peterson Sullivan's audit had been negligent without the work papers, because, in prior cases, work papers had been required for Travelers to determine if it had a cause of action against accounting professionals for negligence. Put another way, even with the assistance of an expert, Travelers could not determine from the information available to it that Peterson Sullivan's audit was negligently performed.

4.    Travelers then sought to obtain Peterson Sullivan's work papers. Attached hereto as **Exhibit 3** are true and correct copies of a series of correspondence in which Travelers sought to obtain Peterson Sullivan's work papers – with the blessing of Peterson Sullivan's client, Klukwan – and in which Peterson Sullivan refused to provide its work papers. After engaging in the correspondence in **Exhibit 3**, Travelers continued to investigate whether it had a cause of action for negligence against Peterson Sullivan by petitioning under Fed. R. Civ. P. 27 to obtain Peterson Sullivan's work papers in the United States District Court for the District of Washington. Peterson Sullivan successfully resisted production of its work papers in that venue as well.

5.    Travelers learned that its Rule 27 petition had been denied on or about April 14, 2004. Having failed to obtain Peterson Sullivan's work papers, and thus to discover whether Peterson Sullivan had been negligent through its inquiry into its cause of action

AFFIDAVIT OF CHARLES W. LANGFITT - Page 4 of 7
A04-0165CV (RRB)

EXHIBIT B PAGE 4 OF 14

against Peterson Sullivan, Travelers considered whether it had sufficient basis to allege that Peterson Sullivan had been negligent. In order to make this determination, Travelers once again inquired of its expert, Mr. Rosenfeld. Mr. Rosenfeld was able to articulate a basis for Travelers to have a reasonable belief that Peterson Sullivan might have been negligent. As he put it, the information he had was "sufficient for us to believe that Petterson [sic] Sullivan may have been negligent." Ultimately, it is simply a fact that Travelers' pre-filing inquiry, including the information discussed in my Affidavit on Sanctions (which is attached to Travelers' Memorandum in Opposition to Peterson Sullivan's Motion for Summary Judgment for the Court's convenience), as well as this Affidavit, did not produce knowledge that Peterson Sullivan had been negligent. All I could determine was that Travelers had sufficient information to form a reasonable belief that Peterson Sullivan had been negligent, and thus information sufficient for Travelers to file a Complaint, as

///

///

///

///

///

///

///

///

///

///

///

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699 FAX (503) 223-5706
www.lawssg.com

AFFIDAVIT OF CHARLES W. LANGFITT - Page 5 of 7
A04-0165CV (RRB)

EXHIBIT _B_ PAGE _5_ OF _16_

described in my Affidavit on Sanctions. Travelers did not know whether Peterson Sullivan

had been negligent until it received Peterson Sullivan's work papers in discovery in this

case. As stated in greater detail in Jordan Rosenfeld's Affidavit in Support of Travelers

Opposition to Peterson Sullivan's Motion on Statute of Limitations, Peterson Sullivan's

work papers show that its audit was negligent in many respects, including those in which

Travelers suspected Peterson Sullivan had been negligent at the time this lawsuit was filed.

Charles W. Langfitt

SUBSCRIBED AND SWORN TO before me this ~~2~~ day of ~~July~~ Sept., 2005.

NOTARY PUBLIC FOR WASHINGTON
My Commission Expires: 5-1-09

W:\WORK\Clients T-V\Travelers-South Coast\D & O Claims\RBC\Pleadings\Langfitt Affidavit SOL.wpd



SANDI J. RODDICK
COMMISSION EXPIRES
NOTARY
PUBLIC
5-1-2009
STATE OF WASHINGTON

AFFIDAVIT OF CHARLES W. LANGFITT - Page 6 of 7
A04-0165CV (RRB)

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699 FAX: (503) 223-5706
www.lawssg.com

EXHIBIT 3 PAGE 6 OF 16



Charles W Langfitt
06/20/2002 07:38 AM

To:     David R Hombach/BD/Travelers@travelers
CC: and BCC: fields are in this section - must be expanded to print
Subject:  Re: Klukwan

I have Jordan looking at E&O claim against CPA's.  Right now, I am focusing on the $7.5 Million allocated to inventory that was attributable to cutting rights, and have asked Jordan to expand the inquiry.  For the D&O, we need to bring that type of claim in the name of the corporations, unless there is something non-standard in the D&O policy.  Our Indemnity Agreement's assignment language is not broad enough to include an assignment of this type of claim.  I will explore further and see what we might do on that end.  The State has agreed to re-let Tok and Unalaska Airport, providing extentions for both. Still working through the details, but no TFCs.  Best Regards.
David R Hombach



David R Hombach
06/19/2002 06:52 AM

To:     Charles W Langfitt/BD/Travelers@travelers
CC: and BCC: fields are in this section - must be expanded to print

Chuck, can general creditors such as a surety - access a D&O policy - a case can be made that the Directors sat on their hands or lined their pockets as they watched the company's fortunes go down the drain - I know they carried a policy - can we tag it? What about their wonderous CPA firm who obviously must have missed a whole in the boat in their 12/31/00 audit?

May be crying in spilled milk, Chuck, but those bastards must be tagged somehow......

DRH



**Langfitt, Charles W**

From:          Langfitt, Charles W
Sent:          Wednesday, June 18, 2003 8:45 AM
To:            'Jordan S. Rosenfeld'
Cc:            Eckardt, Marc A.; 'Jan D Sokol'
Subject:       RE: South Coast financial statements

*File Mark
6X9682
S/File V*

Hi Jordan:

Per my VM, please call Tom Crandall at Klukwan. Tom is interested in helping and is considering his own malpractice action. If Tom requests the CPA's to produce the working papers, the CPA's will have a hard time resisting. Presume that CPA ethics require the CPA's to produce the working papers if the client requests?

As for Chinle, we did receive a recovery on an affirmative claim. The dollar amount was $1,450,000 +. Face amount was more than that and took litigation and a motion for summary judgment to bring U.S. to the table. As you know, Big Salt was an unmitigated disaster. Underbid by some 22%, the mix design was also never approved until we came on line, and then only after major efforts and $. Our Underwriters knew about the bid spread and accepted the South Coast representations that they could do the job. The Underwriting material you have contains memos covering this issue.

I need to check on the hung receivable from KFP. Tom Crandall probably knows the answer and may be able to provide that info quicker than me. As always, thank you for your help.
-----Original Message-----
From: Jordan S. Rosenfeld [mailto:jordan@sutorgroup.com]
Sent: Monday, June 16, 2003 3:38 PM
To: Langfitt, Charles W
Subject: South Coast financial statements

Chuck:

We've taken a preliminary look at the 1999 and 2000 South Coast financial statements and underwriting file memos. Concerning possible action against the CPA there are some items I noted that would warrant investigation.

1) The CPA's audit report is dated 1/19/01, less than 3 weeks after the year-end. Though much of the work in an audit can be performed before year-end, that is still an extremely early date to be done with the fieldwork of an audit that includes some subsidiaries. It raises a question as to whether the work performed would have met industry standard.

2) The "underbillings" at 12/31/00 was $2,800,078, a huge amount. Large underbilling should warrant additional procedures to insure that the underbilling is not due to an understatement of the cost to complete. In this case the largest underbillings were on the Big Salt Lake ($1,260,060) and Chinle ($561,000) projects. Doug prepared a "lookback" analysis on the bonded projects comparing the gross profit reported on the 12/31/00 financial statements compared to what it should have been based on the final outcome of the projects. Big Slat Lake and Chinle had the largest profit fade indicating that the cost to complete estimates were in error.

3) The inventory of the the subsidiary consolidated into the South Coast statement is extremely high, both in dollar amount and as a percentage of revenue for that subsidiary. I'm curious as to the procedures performed by the CPA's to confirm the quantity and pricing of the inventory.

4) The line-of-credit debt has been classified as long-term. Klukwan had the LOC with the bank and loaned money to the subsidiaries. The South Coast debt is considered long-term due to the representation that "Klukwan, Inc. does not intend to call this line of credit during the upcoming year." The underlying LOC note payable on the Kluckwan books is considered a short-term liability. There may or may not be a problem with how the LOC is classified on South Coast depending on various specific circumstances of Klukwan's investments.

Exhibit ___18___  Date _2-28-05_
Witness ___Langfitt___
Patricia A. Blevins   (206)323-0919   TRAV 024674

EXHIBIT _I_ PAGE _1_ OF _2_

EXHIBIT _B_ PAGE _8_ OF _16_

5) Included in A/R is $2,000,000 relating to work performed for Ketchican Forest Products. This is a "hung" receivable that South Coast represented would be collected from the Borough of Ketchican.  I'd be curious as to whether they actually collected this amount from Ketchican?

As is always the case in reviewing the CPA financial statements for potential errors, what is really needed to determine the if the CPa did not meet the industry standard in the performance of the audit is the CPA's workpapers.  I suspect we''ll find they did not review the status of projects as would be expected for an audit.

Call me to discuss this in further detail.

Jordan

2·-

EXHIBIT B PAGE 9 OF 16

EXHIBIT I PAGE 2 OF 2

TRAV 024675

# STEWART SOKOL & GRAY LLC

### ATTORNEYS AT LAW

John Spencer Stewart*†◊□
Jan D. Sokol*†□
Arnold L. Gray †
Susan Z. Whitney*‡
H. Lee Cook*◊
Jeffrey B. Wilkinson*†
Thomas A. Larkin*◊

2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699
FAX (503) 223-5706
www.lawssg.com

Angela M. Otto*
Matthew A. Wand†
Robert B. Coleman
Lawrence A. Wagner
C. Drew Hoster
Michael J. Mayerle
Nadya V. Martin

December 17, 2003

All Members of Oregon Bar
*Washington Bar
† District of Columbia Bar
◊ Alaska Bar
□ Idaho Bar
‡ Nevada Bar

E-mail: jdsokol@lawssg.com
Fax: (503) 227-5028

Mary C. Eklund
Eklund Rockey Stratton P.S.
521 Second Avenue West
Seattle, WA 98119-3927

Re:  Travelers Casualty & Surety Company of America/Klukwan, Inc./
South Coast, Inc.
Our File No.: 7777.006

Dear Ms. Eklund:

As you are aware, this office represents Travelers Casualty & Surety Company of America ("Travelers") in connection with the above matter. Travelers posted payment and performance bonds on behalf of one of Klukwan, Inc.'s affiliates, South Coast, Inc. In determining whether surety credit was to be provided to Klukwan and its affiliates, it was provided and relied, on among other things, financial statements which were prepared by your client, Peterson Sullivan P.L.L.C.

You called me (and left me a voicemail message) asking me a number of questions on what documents we were looking for and why we were looking for those documents. I returned your call, but have not heard back from you further.

Travelers is currently investigating the extension of surety credit to Klukwan and its affiliates, and is investigating all possible claims including D&O claims and third party claims. Travelers' accountant has informed us that it will assist him in his analysis and investigation to obtain the work papers relating to the audits of Klukwan, Inc. and its subsidiaries for the years ended December 31, 1999, 2000 and 2001. This includes copies of the financial statement audit work papers, substantive work papers, permanent files and internal control analyses and testing work papers for these years. We have provided you a letter indicating the consent of Tom Crandall, President of Klukwan, Inc., to the release of this documentation to us.

EXHIBIT B PAGE 10 OF 16

Mary C. Eklund
December 17, 2003
Page 2

Your client has suggested that somehow these documents are confidential records under both state and federal law and that it does not have the right to release them. Since Kukwan, Inc. has consented to the release, I assume that this is no longer an impediment.

Your client also suggests that under "state law" the working papers are not property of the client and under a "firm policy" your client will not release such files, except in very limited circumstances. I am not familiar with any state law making the working papers the property of the accounting firm rather than the client. In any event, I can conceive of no basis why this information would not be released, particularly in view of Klukwan, Inc.'s consent.

In any event, we need to keep this matter moving forward, and if we have not heard from you within the next ten (10) days, we will assume that your client will not release the requested documentation, and we will then proceed forward as necessary to obtain the documentation. I trust that will not be necessary.

Very truly yours,

STEWART SOKOL & GRAY, LLC

Jan D. Sokol

JDS:dls
cc:    Chuck Langfitt
       Tom Crandall
       Cabot Christianson
W:\WORK\JAN\Travelers\South Coast\D & O Claims\Eklund.001.wpd

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW

EXHIBIT 3  PAGE 11 OF 15

# STEWART SOKOL & GRAY LLC

## ATTORNEYS AT LAW

John Spencer Stewart\*†◊▫
Jan D. Sokol\*†▫
Arnold L. Gray †
Susan Z. Whitney\*‡
H. Lee Cook\*◊
Jeffrey B. Wilkinson\*†
Thomas A. Larkin\*◊

2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699
FAX (503) 223-5706
www.lawssg.com

Angela M. Otto\*
Matthew A. Wandt†
Robert B. Coleman
Lawrence A. Wagner
C. Drew Hoster
Michael J. Mayerle
Nadya V. Martin

November 10, 2003

All Members of Oregon Bar
\*Washington Bar
† District of Columbia Bar
◊ Alaska Bar
▫ Idaho Bar
‡ Nevada Bar

E-mail: jdsokol@lawssg.com
Fax: (503) 227-5028

Ray Holmdahl
Peterson Sullivan P.L.L.C.
601 Union Street, Suite 2300
Seattle, WA 98101

Re:   Travelers Casualty & Surety Company of America/Klukwan, Inc./
      South Coast, Inc.
      Our File No.: 7777.006

Dear Mr. Holmdahl:

On October 20, 2003, Thomas Crandall, president of Klukwan, Inc. sent you correspondence authorizing you to release the documentation requested in my September 29, 2003 letter to me for review. To-date, we have not received that documentation. In addition, we know of no basis under state and federal law to withhold these documents. Accordingly, if we have not received the documentation within seven (7) days of the date of this letter, we will have no alternative but to seek to obtain these documents with the assistance of the court. I trust that will not be necessary.

Very truly yours,

STEWART SOKOL & GRAY, LLC

Jan D. Sokol

JDS:dls
cc:   Mary C. Eklund
      Cabot Christianson
      Chuck Langfitt
W:\WORK\JAN\Travelers\South Coast\D & O Claims\Holmdahl.001.wpd

EXHIBIT __B__ PAGE _12_ OF _16_



October 20, 2003

Fax:  (206) 382-7700

Peterson Sullivan P.L.L.C.
601 Union Street, Suite 2300
Seattle, Washington 98101

Re:   Audit Workpapers

Dear Mr. Holmdahl:

I have received a copy of your October 8, 2003 letter to Jan Sokol.

Please forward a copy of your files and documents for Klukwan, Inc. and South
Coast, Inc, including financial statement audit workpapers, such as substantive
workpapers, permanent files and internal control analysis and testing workpapers for
the last four years to Mr. Sokol with a copy to me.

If you have any questions, please advise.

Sincerely,
KLUKWAN, INC.

Thomas L. Crandall, President

Cc:   Cabot Christianson, fax (907) 258-2026
       Jan Sokol, fax (503) 227-5028
       Charles Langfitt, (253) 946-7156

## Klukwan, Inc.
425 Sawmill Road / PO Box 209 • Haines, AK 99827
907-766-2211 Phone • 907-766-2973 Fax

C:\Documents and Settings\Ross Hennequin\Local Settings\Temporary Internet Files\OLK2D\Request audit workpapers 102003.doc

EXHIBIT B PAGE 13 OF 16

7777.000

# PETERSON SULLIVAN P.L.L.C.

601 UNION STREET SUITE 2300 SEATTLE WA 98101 (206) 382-7777 FAX 382-7700
CERTIFIED PUBLIC ACCOUNTANTS

RECEIVED

OCT 1 7 2003

STEWART, SOKOL & GRAY

October 8, 2003

Mr. Jan D. Sokol
Stewart Sokol & Gray LLC
2300 SW First Avenue, Suite 200
Portland OR 97201-5047

Dear Mr. Sokol:

RE:  TRAVELERS CASUALTY & SURETY CO. OF AMERICA/KLUKWAN, INC./
      SOUTH COAST, INC.

Your letter to our firm dated September 29, 2003, was directed to me for a response.

Our firm has not "prepared" financial statements for Klukwan or its affiliates and generally does not prepare the financial statements for any client, although we do report or express an opinion on the client's financial statements if engaged to do so. Also, our firm has no present knowledge of your client's bonding business with South Coast, Inc. and whatever documents, if any, our firm does have that might relate to Klukwan and its affiliates are confidential records under both state and federal law. Our firm is not therefore free to release any such documents without the written consent of the appropriate client representative(s), and we have received no such written consents and/or request for release of confidential information. Also, under state law, the working papers are the property of our firm, not the client, and our firm policy is to not release our files except in very limited circumstances that are not present here.

I am sorry we cannot assist you in your investigation because of the strict prohibitions imposed on our firm by state and federal law as well as our firm's quality control policies. If you have any further questions, please direct them to our firm's counsel, Mary Eklund, at (206) 223-1688.

Best regards,

Ray Holmdahl

dmf

cc:  Mary C. Eklund

EXHIBIT B PAGE 14 OF 16

K:\sokol\100801.doc

# STEWART SOKOL & GRAY LLC

## ATTORNEYS AT LAW

John Spencer Stewart*†◊▫
Jan D. Sokol*†▫
Arnold L. Gray*
Susan Z. Whitney*‡
H. Lee Cook*
Jeffrey B. Wilkinson*†
Thomas A. Larkin*◊

2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699
FAX (503) 223-5706
www.lawssg.com

September 29, 2003

Angela M. Otto*
Matthew A. Wand†
Robert B. Coleman
Lawrence A. Wagner
C. Drew Hoster

All Members of Oregon Bar
*Washington Bar
†District of Columbia Bar
◊Alaska Bar
▫Idaho Bar
‡Nevada Bar

E-mail:  jdsokol@lawssg.com
Fax: (503) 227-5028

Peterson Sullivan P.L.L.C.
601 Union Street, Suite 2300
Seattle, WA 98101

Re:    Travelers Casualty & Surety Company of America/Klukwan, Inc./
       South Coast, Inc.
       Our File No.: 7777.006

Dear Sir or Madam:

This office represents Travelers Casualty & Surety Company of America in connection with the above matter. We understand that you were the accounting firm for Klukwan, Inc. and its affiliates during the late 1990's and the early 2000's. As you are aware, Travelers posted payment and performance bonds on behalf of one of its affiliates, South Coast, Inc. In determining whether surety credit was to be provided to Klukwan and its affiliates, it was provided and relied on financial statements which were prepared by your company.

Travelers is currently investigating the extension of surety credit to Klukwan and its affiliates. In order to assist us with that investigation, we request that you provide us with all of your work papers pertaining to the audit of Klukwan, Inc. and its subsidiaries for the years ended December 31, 1999, 2000 and 2001. This would include copies of the financial statement audit work papers, including substantive work papers, permanent files and internal control analysis and testing work papers for these years.

Tom Crandall, President of Klukwan, Inc. has consented to the release of this documentation to us.

Peterson Sullivan P.L.L.C.
September 29, 2003
Page 2


Thank you for your cooperation in advance.

Very truly yours,

STEWART SOKOL & GRAY, LLC

Jan D. Sokol

JDS:dls
cc:    Chuck Langfitt
       Tom Crandall
       Cabot Christianson
W:\WORK\JAN\Travelers\South Coast\D & O Claims\Peterson Sullivan.001.wpd


STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW

EXHIBIT B PAGE 16 OF 16





Langfitt,Charles W

From:        Langfitt,Charles W
Sent:        Wednesday, June 18, 2003 8:45 AM
To:          'Jordan S. Rosenfeld'
Cc:          Eckardt,Marc A.; 'Jan D Sokol'
Subject:     RE: South Coast financial statements

*Re Mark*
*6×968つ*
*SoAle V*

Hi Jordan:

Per my VM, please call Tom Crandall at Klukwan. Tom is interested in helping and is
considering his own malpractice action. If Tom requests the CPA's to produce the working
papers, the CPA's will have a hard time resisting. Presume that CPA ethics require the
CPA's to produce the working papers if the client requests?

As for Chinle, we did receive a recovery on an affirmative claim. The dollar amount was
$1,450,000 +. Face amount was more than that and took litigation and a motion for summary
judgment to bring U.S. to the table. As you know, Big Salt was an unmitigated disaster.
Underbid by some 22%, the mix design was also never approved until we came on line, and
then only after major efforts and $. Our Underwriters knew about the bid spread and
accepted the South Coast representations that they could do the job. The Underwriting
material you have contains memos covering this issue.

I need to check on the hung receivable from KFP. Tom Crandall probably knows the answer
and may be able to provide that info quicker than me. As always, thank you for your help.
-----Original Message-----
From: Jordan S. Rosenfeld [mailto:jordan@sutorgroup.com]
Sent: Monday, June 16, 2003 3:30 PM
To: Langfitt,Charles W
Subject: South Coast financial statements

Chuck:

We've taken a preliminary look at the 1999 and 2000 South Coast financial statements and
underwriting file memos. Concerning possible action against the CPA there are some items
I noted that would warrant investigation.

1) The CPA's audit report is dated 1/19/01, less than 3 weeks after the year-end. Though
much of the work in an audit can be performed before year-end, that is still an extremely
early date to be done with the fieldwork of an audit that includes some subsidiaries. It
raises a question as to whether the work performed would have met industry standard.

2) The "underbillings" at 12/31/00 was $2,800,078, a huge amount. Large underbilling
should warrant additional procedures to insure that the underbilling is not due to an
understatement of the cost to complete. In this case the largest underbillingswere on the
Big Salt Lake ($1,260,000) and Chinle ($561,000) projects. Doug prepared a "lookback"
analysis on the bonded projects comparing the gross profit reported on the 12/31/00
financial statements compared to what it should have been based on the final outcome of
the projects. Big Slat Lake and Chinle had the largest profit fade indicating that the cost
to complete estimates were in error.

3) The inventory of the the subsidiary consolidated into the South Coast statement is
extremely high, both in dollar amount and as a percentage of revenue for that subsidiary.
I'm curious as to the procedures performed by the CPA's to confirm the quantity and
pricing of the inventory.

4) The line-of-credit debt has been classified as long-term. Klukwan had the LOC with
the bank and loaned money to the subsidiaries. The South Coast debt is considered long-
term due to the representation that "Klukwan, Inc.
does not intend to call this line of credit during the upcoming year." The
underlying LOC note payable on the Kluckwan books is considered a short-term liability.
There may or may not be a problem with how the LOC is classified on South Coast depending
on various specific circumstances of Klukwan's investments.

Exhibit  **143**  Date **9-11-07**        Exhibit **18**  Date **2-25-05**       TRAV 070260
Witness  **Langfitt**                     Witness **Langfitt**
Patricia A. Blevins    (206)323-0919      Patricia A. Blevins   (206)323-0919  TRAV 024674

EXHIBIT **I** PAGE **1** OF **2**         EXHIBIT **B** PAGE **8** OF **16**

 

5) Included in A/R is $2,000,000 relating to work performed for Ketchican Forest Products. This is a "hung" receivable that South Coast represented would be collected from the Borough of Ketchican. I'd be curious as to whether they actually collected this amount from Ketchican?

As is always the case in reviewing the CPA financial statements for potential errors, what is really needed to determine the if the CPa did not meet the industry standard in the performance of the audit is the CPA's workpapers. I suspect we''ll find they did not review the status of projects as would be expected for an audit.

Call me to discuss this in further detail.

Jordan

2.

EXHIBIT B PAGE 9 OF 16

EXHIBIT I PAGE 2 OF 2

TRAV 024675

TRAV 070261

Message                                                                          Page 1 of 1

## Roddick,Sandi J

**From:** Langfitt,Charles W
**Sent:** Monday, May 10, 2004 1:38 PM
**To:** Roddick,Sandi J
**Subject:** FW: Travelers/South Coast/Peterson Sullivan

Print and file in Master file, 689687, subfile U

-----Original Message-----
**From:** Langfitt,Charles W
**Sent:** Monday, May 10, 2004 1:36 PM
**To:** 'Jan D Sokol'
**Subject:** RE: Travelers/South Coast/Peterson Sullivan

Please confer with Jordan and determine if we have enough to file a suit.  Thanks.

    -----Original Message-----
    **From:** Jan D Sokol [mailto:jdsokol@lawssg.com]
    **Sent:** Wednesday, April 14, 2004 9:50 AM
    **To:** Langfitt,Charles W
    **Subject:** Travelers/South Coast/Peterson Sullivan

    Attached please find order denying petition to obtain documents. We will need to caucus with Jordan to determine if we have sufficient information to proceed with an action against the former officers and directors. Certainly in an action against them, we would be able to subpoena the records from the accountants. We should be mindful of the statute of limitations; however, it is unclear to me when we would have "discovered" the wrongful acts because we are still trying to determine if there were wrongful acts. We have put the insurer on notice and as you know, except for correspondence from the agent, we have had no acknowledgment from the carrier or any investigation of the carrier.

    Let's talk about this on your return so we can determine where we are headed.  Jan

    ************************************

    Jan D. Sokol
    Stewart Sokol & Gray, LLC
    2300 SW First Avenue
    Suite 200
    Portland, OR 97201-5047
    503-221-0699
    503-227-5028 (fax)
    E-mail: mailto:jdsokol@lawssg.com
    Web Site: www.lawssg.com
    ************************************
    **NOTICE:**

    THIS EMAIL TRANSMISSION MAY CONTAIN INFORMATION WHICH IS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, OR TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE CONTACT US IMMEDIATELY, DESTROY ANY COPIES AND DELETE IT FROM YOUR COMPUTER SYSTEM.

Exhibit _N4_ Date _9-11-07_
Witness _Langfitt_
Patricia A. Blevins     (206)323-0919

5/10/2004

TRAV80011

Message                                                                                           Page 1 of 1

## Roddick,Sandi J

From:      Langfitt,Charles W
Sent:      Monday, May 10, 2004 1:38 PM
To:        Roddick,Sandi J
Subject:   FW: Travelers/South Coast/Peterson Sullivan

File just the attachment in the file I spec'd for other.

-----Original Message-----
From: Jan D Sokol [mailto:jdsokol@lawssg.com]
Sent: Wednesday, April 14, 2004 9:50 AM
To: Langfitt,Charles W
Subject: Travelers/South Coast/Peterson Sullivan

Attached please find order denying petition to obtain documents. We will need to caucus with Jordan to
determine if we have sufficient information to proceed with an action against the former officers and directors.
Certainly in an action against them, we would be able to subpoena the records from the accountants. We should
be mindful of the statute of limitations; however, it is unclear to me when we would have "discovered" the wrongful
acts because we are still trying to determine if there were wrongful acts. We have put the insurer on notice and
as you know, except for correspondence from the agent, we have had no acknowledgment from the carrier or any
investigation of the carrier.

Let's talk about this on your return so we can determine where we are headed. Jan

*****************************************
Jan D. Sokol
Stewart Sokol & Gray, LLC
2300 SW First Avenue
Suite 200
Portland, OR 97201-5047
503-221-0699
503-227-5028 (fax)
E-mail: mailto:jdsokol@lawssg.com
Web Site: www.lawssg.com
*****************************************
NOTICE:

THIS EMAIL TRANSMISSION MAY CONTAIN INFORMATION WHICH IS PROTECTED BY THE ATTORNEY-
CLIENT PRIVILEGE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT
ANY DISCLOSURE, OR TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS IS STRICTLY
PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE CONTACT US
IMMEDIATELY, DESTROY ANY COPIES AND DELETE IT FROM YOUR COMPUTER SYSTEM.

TRAV80012

## Valerie L. Senske

From:       Jordan S. Rosenfeld [jordan@sutorgroup.com]
Sent:       Monday, July 21, 2003 1:12 PM
To:         Langfitt,Charles W
Subject:    South Coast

Chuck:

I spoke with Tom Crandall this morning concerning the status of receiving documents from the CPA's, (Peterson.)  He informed me that he has not sent the letter yet but expects to do so within the next week.  He held up in sending the letter as Peterson is in the process of performing their audit for the latest yearend and Tom was afraid that the letter would cause some problems in getting that audit done.  He also needed.wanted the Board's approval to switch CPA's.  The audit work is now complete and Klukwan has reviewed the draft report with the auditors.  Tom expects the final report to be issued within a week,  That's when he'll send the letter.

I informed Tom that we are anxious to keep this rolling.

Jordan

Exhibit 145  Date 9-11-07
Witness  Langfitt
Patricia A. Blevins       (206)323-0919

1

TRAV80084

**From:** Langfitt,Charles W
**Sent:** Friday, May 05, 2006 4:35 PM
**To:** Lybeck,Kevin L
**Subject:** FW: Travelers/South Coast

fyi

-----Original Message-----
**From:** Jan D Sokol [mailto:jdsokol@lawssg.com]
**Sent:** Wednesday, February 11, 2004 12:50 PM
**To:** Langfitt,Charles W
**Subject:** RE: Travelers/South Coast

Will do.  Chuck, I sent you the revised petition.  Please sign it, have your signature notarized and
fax/send by regular mail the signature page.  I advise Cabot of the situation.

-----Original Message-----
**From:** Langfitt,Charles W [mailto:CLANGFIT@travelers.com]
**Sent:** Wednesday, February 11, 2004 12:33 PM
**To:** Jan D Sokol
**Subject:** RE: Travelers/South Coast

We can indemnify them, but I am not agreeable to crediting any recovery against the
note.  We are paying the costs, they are getting a free ride and it was never a part of the
deal.  We will have a loss in excess of the note and we should be able to apply any
recovery there, not against the note.  If they will not co-operate, let me know, and I will
review the Agreement and determine if their failure to do so is a default.  Best Regards.

-----Original Message-----
**From:** Jan D Sokol [mailto:jdsokol@lawssg.com]
**Sent:** Tuesday, February 10, 2004 12:10 PM
**To:** Langfitt,Charles W
**Subject:** FW: Travelers/South Coast

FYI.  I never agreed that we would indemnify Klukwan.  However, I don't see
much risk.  what do you think?

************************************
Jan D. Sokol
Stewart Sokol & Gray, LLC
2300 SW First Avenue
Suite 200
Portland, OR 97201-5047
503-221-0699
503-227-5028 (fax)
E-mail: mailto:jdsokol@lawssg.com
Web Site: www.lawssg.com
************************************

<u>NOTICE:</u>

THIS EMAIL TRANSMISSION MAY CONTAIN INFORMATION WHICH IS
PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE. IF YOU ARE NOT

Exhibit _149_ Date _9-11-07_
Witness _Langfitt_
Patricia A. Blevins  (206)323-0919

FW: TRAVELERS/SOUTH COAST

TRAV 81964

THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, OR TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE CONTACT US IMMEDIATELY, DESTROY ANY COPIES AND DELETE IT FROM YOUR COMPUTER SYSTEM.

-----Original Message-----
**From:** Cabot Christianson [mailto:cabot@cbslawyers.com]
**Sent:** Tuesday, February 10, 2004 11:50 AM
**To:** Jan D Sokol
**Cc:** Tom Crandall
**Subject:** Fw: Travelers/South Coast

Jan -
These documents look good.  I am forwarding them to Tom Crandall, and he will fax you the signature page.

This email will confirm our previous discussions that Travelers will bear all the costs associated with bringing this suit and will indemnify Klukwan from any claims associated with the bringing or prosecution of this suit.

If Travelers wishes to bring a substantive cause of action against P&S, Klukwan's expectation is that the net litigation proceeds from that suit will be applied first to the Klukwan/SCI note to Travelers.  Also, as you are aware, Klukwan is considering its own action against P&S, and has developed some ideas about how to proceed. You and I should discuss.

As I mentioned in my email, Klukwan is an Alaska Native corporation organized under Alaska state law  pursuant to 43 USC 1601 et seq.  All of its shareholders are individuals.

Let me know if you need anything else.

-Cabot

----- Original Message -----
**From:** Jan D Sokol
**To:** Cabot Christianson
**Cc:** Chuck Langfitt
**Sent:** Friday, January 23, 2004 11:59 AM
**Subject:** Travelers/South Coast

Attached are proposed pleadings for your review and comment.  I will need to file a corporate disclosure (Fed.R. Civ. P. 7.1) on behalf of Klukwan.  Is it owned partially or in whole by a publicly traded company?  if so, what is the company, the percentage ownership and the exchange it is traded on?

***********************************
Jan D. Sokol
Stewart Sokol & Gray, LLC
2300 SW First Avenue

TRAV 81965

Suite 200
Portland, OR 97201-5047
503-221-0699
503-227-5028 (fax)
E-mail: mailto:jdsokol@lawssg.com
Web Site: www.lawssg.com
**************************************

NOTICE:

THIS EMAIL TRANSMISSION MAY CONTAIN INFORMATION WHICH IS
PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE. IF YOU ARE NOT
THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY
DISCLOSURE, OR TAKING OF ANY ACTION IN RELIANCE ON THE
CONTENTS IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
TRANSMISSION IN ERROR, PLEASE CONTACT US IMMEDIATELY,
DESTROY ANY COPIES AND DELETE IT FROM YOUR COMPUTER
SYSTEM.

This communication, together with any attachments hereto or links contained
herein, is intended for the use of the intended recipient(s) only and may contain
information that is confidential or legally protected. If you are not the intended
recipient, you are hereby notified that any review, disclosure, copying,
dissemination, distribution or use of this communication is STRICTLY
PROHIBITED. If you have received this communication in error, please notify
the sender immediately by return e-mail message and delete all copies of the
original communication, along with any attachments hereto or links herein, from
your system.

The Travelers E-mail System <tdmmsws3> made this annotation on 02/11/2004
03:32:48 PM.

This communication, together with any attachments hereto or links
contained herein, is for the sole use of the intended recipient(s) and
may contain information that is confidential or legally protected. If
you are not the intended recipient, you are hereby notified that any
review, disclosure, copying, dissemination, distribution or use of this
communication is STRICTLY PROHIBITED.  If you have received this
communication in error, please notify the sender immediately by return
e-mail message and delete the original and all copies of the
communication, along with any attachments hereto or links herein, from
your system.

The Travelers e-mail system made this annotation on 08/31/07, 17:15:36.

TRAV 81967

### Cabot Christianson

| | |
|---|---|
| From: | "Jan D Sokol" <jdsokol@lawssg.com> |
| To: | "Cabot Christianson" <cabot@cbslawyers.com> |
| Cc: | "Tom Crandall" <tomc@klukwan.com>; <Charles.W.Langfitt@travelers.com> |
| Sent: | Friday, February 13, 2004 10:24 AM |
| Subject: | RE: Travelers/South Coast |

I revised the petition per Tom's email to me and forwarded to him on Wednesday the revised petition. I have no yet received his signature page. Yes Travelers will bear the costs in connection with bringing the discovery litigation in Federal Court. While we did not previously discuss indemnity (I'm not sure what claims your former accountants could bring; I'm assuming you are referring to costs, etc.), Travelers will indemnify Klukwan from claims by Peterson Sullivan directly related to this litigation.

With respect to the third paragraph, I know Chuck and Tom have discussed this. While Travelers understands Klukwan's expectation, it is not consistent with the prior arrangement between Klukwan and Travelers. Rather than continuing to disagree at this point, let's get the petition filed and review the documents received. We may be disagreeing about nothing if the documents do not yield viable claims.

-----Original Message-----
**From:** Cabot Christianson [mailto:cabot@cbslawyers.com]
**Sent:** Tuesday, February 10, 2004 11:50 AM
**To:** Jan D Sokol
**Cc:** Tom Crandall
**Subject:** Fw: Travelers/South Coast

Jan -
These documents look good. I am forwarding them to Tom Crandall, and he will fax you the signature page.

This email will confirm our previous discussions that Travelers will bear all the costs associated with bringing this suit and will indemnify Klukwan from any claims associated with the bringing or prosecution of this suit.

If Travelers wishes to bring a substantive cause of action against P&S, Klukwan's expectation is that the net litigation proceeds from that suit will be applied first to the Klukwan/SCI note to Travelers. Also, as you are aware, Klukwan is considering its own action against P&S, and has developed some ideas about how to proceed. You and I should discuss.

As I mentioned in my email, Klukwan is an Alaska Native corporation organized under Alaska state law pursuant to 43 USC 1601 et seq. All of its shareholders are individuals.

Let me know if you need anything else.

-Cabot

----- Original Message -----
**From:** Jan D Sokol
**To:** Cabot Christianson
**Cc:** Chuck Langfitt
**Sent:** Friday, January 23, 2004 11:59 AM
**Subject:** Travelers/South Coast

Attached are proposed pleadings for your review and comment. I will need to file a corporate disclosure (Fed.R. Civ. P. 7.1) on behalf of Klukwan. Is it owned partially or in whole by a publicly traded company? if so, what is the company, the percentage ownership and the exchange it is traded on?

***********************************

Jan D. Sokol

Exhibit *130*   Date *9-11-07*

Witness *Langfitt*

Patricia A. Blevins   (206)323-0919

001281

9/27/2006

Stewart Sokol & Gray, LLC
2300 SW First Avenue
Suite 200
Portland, OR 97201-5047
503-221-0699
503-227-5028 (fax)
E-mail: mailto:jdsokol@lawssg.com
Web Site: www.lawssg.com
************************************

<u>NOTICE:</u>

THIS EMAIL TRANSMISSION MAY CONTAIN INFORMATION WHICH IS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, OR TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE CONTACT US IMMEDIATELY, DESTROY ANY COPIES AND DELETE IT FROM YOUR COMPUTER SYSTEM.

## Unknown

om:              Sandi.J.Roddick@travelers.com
nt:              Tuesday, July 02, 2002 2:47 PM
To:              tomc@klukwan.com
Cc:              Charles.W.Langfitt@travelers.com; Marc.A.Eckardt@travelers.com;
                 Marc.A.Eckardt@travelers.com
Subject:         South Coast/Travelers Repayment Proposals

  

cl2770.doc (3 MB)  cl2769.doc (22 KB)

        Attached please find a letter from Chuck Langfitt with an
attachment regarding Travelers Counter Proposal.

(See attached file: cl2770.doc)(See attached file: cl2769.doc)

Exhibit 154 Date 9-11-07
Witness  Langfitt
Patricia A. Blevins  (206)323-0919

1

001799

**Travelers**

Mailing Address
3455 S. 344th Way, Suite 200
Auburn, WA  98001

Charles W. Langfitt
*Vice President*
*Bond Claim, Federal Way*
(253) 946-7374
*(253) 946-7156 (fax)*
*Charles.W.Langfitt@Travelers.com*

July 2, 2002

## VIA E-MAIL & REGULAR MAIL

Mr. Thomas L. Crandall, President
South Coast, Inc./Klukwan Construction
2075 Jordan Avenue, Suite 200
Juneau, AK  99801

|  |  |
|---|---|
| Re: | Travelers Casualty & Surety Co. of America |
| Our File No.: | 689687 (Master File) (Subfile B – Indemnity) |
| Principal: | South Coast, Inc., dba Klukwan |

Dear Tom:

Thank you for your proposal of June 22, 2002 concerning Klukwan, South Coast and our other Indemnitors repaying Travelers for our impending loss. I have attached our response following the format you used for your June 22, 2002 offer. Please note that I have added K-Ply back into the mix for the assets pledged. As we discussed very briefly on July 1, 2002, we have written at least one bond, possibly more, directly in the name of K-Ply. As such, we have a direct claim against K-Ply and its assets, thereby answering the issue raised by Cabot Christenson during our meeting in Juneau. As you know, his position was that we have a right to K-Ply's stock, but not to any of its assets. I have also added all real estate of any Klukwan entity as a category of assets pledged.

I also note that you proposed a structure with a South Coast Promissory Note, and a parental guarantee by Klukwan. This structure may need some adjustment. There is the possibility we will need Klukwan to sign as a joint maker of any Note depending on where we finally end up on the asset base used for the repayment program. I believe the attachment reflects how I propose to "cap" South Coast/Klukwan's obligation to Travelers with the proviso that if the loss equals or exceeds $14 Million, then that "cap" is lifted on a percentage basis. Further, if South Coast/Klukwan misses any payments, other than the two year grace period where the payments come from designated sources, then Klukwan is responsible for the full loss, with no "cap" or discount.

In addition, could you please remit the $75,000 from the Trident payment pursuant to our letter agreement? Also, as of the close of business on July 1, 2002, Travelers has expended just over $1.6 Million on behalf of South Coast and Klukwan.

001786

Travelers
Mr. Thomas L. Crandall, President
South Coast, Inc./Klukwan Construction
October 4, 2006
Page 2

Turning just briefly to our efforts to address the remaining work, we have primarily been focusing on the seven main projects: Borrego Pass, Navajo FB/NML, San Carlos, Unalaska Airport, Toksook, the Dock job, and Big Salt. Obviously, South Coast has other work that we have bonded underway. Could you please have brief status reports prepared for each of the other projects regarding the percentage of completion, balance of contract funds, the anticipated completion date and contractual completion date? I would also propose that we schedule a meeting toward the end of the week of July 15 to review the following:

1. Repayment program;
2. The 7 main bonded projects;
3. The other bonded South Coast work; and
4. Wind up of the remaining South Coast operations.

As you know, I will be out of town the week of July 8th. Please feel free, however, to schedule a meeting through Marc Eckardt of my office for the 17th, 18th and/or 19th of July. We may need to take more than one day for review, with one day spent in Juneau and one or more days reviewing the status of the remaining Alaskan work.

Obviously, we are in the process of negotiating the resolution of an obligation owed by South Coast/Klukwan, and others. Given that circumstance, this letter and the attachment is just that, a proposal. As such, Travelers is fully reserving all of its rights and defenses under its Indemnity Agreements and under common law.

Thank you for your courtesies.

Very truly yours,

Travelers Casualty & Surety Company
of America

*No signature on e-mail copy*

Charles W. Langfitt
Vice President
Bond Claims Department

CWL/sjr(cl2770.sjr)

Cc:     Travelers – Federal Way – Marc Eckardt
        Stewart, Sokol & Gray – Jan Sokol

C01797

# SOUTH COAST, INC./
# TRAVELERS REPAYMENT PROPOSALS
## 6/20/02
### (amounts are in thousands)

| | Travelers Counter Proposal 7/2/02 | Klukwan Counter Offer 6/22/02 |
|---|---|---|
| * Gross Amount with Partial Cap | $12,000 | $12,500 (estimated loss) |
| Initial Discount | 15% | 30% |
| Discount on each payment made timely | 15% | 20% |
| Interest | Deferred & forgiven if payment made as agreed | Deferred & forgiven if payment made as agreed |
| **Note | w/SCI | w/SCI |
| Parent guarantee | Klukwan | Klukwan |
| Assets pledged | KeyBank claim Chinle claim, Jones Point property, second on Klukwan office building, Atlas stock, K-Ply stock, timber rights, Tank farm property, CPC assets, K-Ply assets. All real estate – of any Klukwan entity | KeyBank claim. Chinle claim, Atlas stock. |
| *Gross amount capped at this amount, but if TAP loss and expense equals or exceed $14 Million, then CAP is increased 75% or .75¢ for each dollar over $12 Million. For example, a $15 Million loss increases the $12 Million CAP by $2.25 Million to $14.25 Million. A $13 Million loss, however, results in no increase in the "cap", and the obligation is capped at $12 Million. | | |
| ** 6 year payment term. No cash required for first two years, with payment to come from sale of Atlas, settlement of Chinle claim, sale of equipment, sale of real estate. Commencing year 4, pay down remaining balance at 25% of remaining balance allocated to each year of the 4 year remaining term, e.g., 2.08% of the remaining principal balance is payable each month, with interest deferred. | | |

CI2769.ajr

001798