Garth A. Schlemlein, ASBA # 8602011
James T. Hopkins, Pro *Hac Vice*
Robert L. Olson, *Pro Hac Vice*
Schiffrin Olson Schlemlein & Hopkins, P.L.L.C.
1601 Fifth Avenue, Suite 2500
Seattle, WA 98101
Telephone: 206-448-8100
Telefax: 206-448-8514
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., and Alaska Native Village corporation, and CHILKATS' PORTAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>Defendants.<br><br>SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., and Alaska Native Village corporation, and CHILKATS' PORTAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>Counter-Claim and Third Party Plaintiff,<br><br>v. | Case No. A06-00063 (TMB) |

PAGE 1 : RESPONSE TO DEFENDANTS' FIRST DISCOVERY REQUEST



TRAVELERS CASUALTY AND SURETY )
COMPANY OF AMERICA, a Connecticut )
corporation, STEWART, SOKOL & GRAY )
L.L.C., THOMAS A LARKIN and )
JAN D. SOKOL, )
)
               Counterclaimant and )
               Third Party Defendants. )
                                        )

**RESPONSE TO DEFENDANTS' FIRST DISCOVERY REQUEST**

To:    TRAVELERS CASUALTY AND SURETY
        COMPANY OF AMERICA
        C/o James Hopkins
        Schiffrin Olson Schlemlein & Hopkins
        1601 Fifth Avenue, Suite 2500
        Seattle, WA 98101

Defendants Klukwan, Inc., South Coast, Inc., and Chilkat's Portage Cove Development Company (collectively, Defendants), by and through undersigned counsel, submit the following discovery requests to defendants pursuant to Federal Rules of Civil Procedure 26, 33, and 34.

Any documents produced in response to the Request for Production of Documents may be produced at the Offices of CHRISTIANSON & SPRAKER at 911 W. 8th Avenue, Suite 201, Anchorage, Alaska 99501 or at a location as otherwise agreed by counsel.

## I.   GENERAL INSTRUCTIONS

This set of discovery requests is intended to impose upon you a continuing obligation to furnish additional responses to the full extent required by Federal Rule of Civil Procedure 26.

    A.    <u>Requests for Production</u>

1.  In answering the Request for Production of documents, you are requested to produce all responsive documents which are in your custody, possession, or control or to which you have lawful access by consent, contract, statute or otherwise. These discovery requests are specifically extended to include all documents in the custody, possession or control of any of your attorneys, consultants, expert witnesses, consulting expert witnesses, agents, servants, partners, employees, directors, officers, shareholders, representatives, investigators, attorneys-in-fact, and all other persons acting on your behalf or on behalf of plaintiff as that term is defined herein. A document shall be deemed responsive if the responsiveness of the document is apparent from the content of the document itself. You are further requested to produce such documents regardless of whether or not such documents concern plaintiff, whether or not such documents were generated or produced by or on behalf of plaintiff or by another person or entity.

Additionally, if counsel learn of other locations where there is a reasonable likelihood that responsive documents (other than duplicates) may be found, those locations shall also be searched.

2.  If you object to any discovery request on privilege grounds, you shall provide for each document withheld on such grounds: (1) the name of the author and each addressee and the person who, on the face of the document, was sent a copy; (2) a general description of the document such as will not compromise the privileged claimed; and (3) the nature and basis for the applicable privilege claimed.

3.  You are requested to produce documents as they are kept in the usual course of business, although you may, if you so elect, produce specific types of documents as a group.

PAGE 3   RESPONSE TO DEFENDANTS' FIRST DISCOVERY REQUEST

Alternatively, you may produce documents in an order reflecting the following Request for the Production of Documents.

4. Legible copies may be produced in lieu of originals, but plaintiff reserves the right to examine and photocopy the originals and to have the originals produced and available for court proceedings or at trial.

5. If information responsive to a discovery request appears on one or more pages of a multi-page document, you may produce only the responsive portions of the document, so long as you provide sufficient information to identify the document, indicate the context in which the responsive material appeared, and specify the total number of pages of the document.

## II.    DEFINITIONS FOR ALL REQUESTS

1. "*Communication*" means any written statement or notation of any nature, including without limitation correspondence, dialogue, discussions, interviews, consultations, agreements and other understandings between or among two or more persons. For purposes of responding to the Request for Production, this definition does not require plaintiff to reduce to writing oral statements, conversations or dialogue not previously committed to written form.

2. "*Document*" means any kind of written, graphic or recorded matter, however produced or reproduced or maintained, of any kind or description, whether sent or received or neither, including drafts, originals, and non-identical copies, and including without limitation studies, contracts, papers, books, accounts, letters, diagrams, pictures, drawings, photographs, correspondence, telegrams, cables, telex messages, memoranda, notes, checks, check stubs, ledgers, economic ledgers, leases, tenant agreements, mortgages, liens, secured interests,

partnership property, contribution agreements, partner dissolution agreements, partnership withdrawal agreements and/or notices, notations, work papers, intra- and inter-office communications and intra- and inter-partnership communications, communications to, between and among directors, officers, employees, agents, partners, secretaries, or other affiliated persons, transcripts, minutes, orders, reports, and recordings of telephone or other conversations, or interviews, or of partnership meetings or of other meetings, affidavits, statements, summaries, opinions, reports, indices, studies, analyses, purchase orders, invoices, income statements, profit and loss sheets, audits, publications, questionnaires, answer to questionnaires, statistical records, lists, logs, tabulations, charts, graphs, maps, surveys, sound recordings, data sheets, computer printouts, data processing input and output, computer program coding sheets, microfilm, all other records kept by electronic, photographic, computerized, machine readable, or mechanical means (excluding computer programs), and things similar to any of the foregoing regardless of the author or origin, however denominated by it. For the purposes of these discovery requests, however, the term <u>document</u> shall not be read to include unannotated copies of publicly available documents.

3. "*Or*" means the conjunctive as well as the disjunctive.

4. The term "*relating to*" includes referring to, reflecting on, or being otherwise relevant to and within the scope of discovery as permitted by the Federal Civil Rules.

5. The singular number and the masculine gender as used in these discovery requests shall embrace, and be read and applied as, the plural or the feminine or neuter, as circumstances may make appropriate.

6. The term "*person*" as used in these discovery requests shall be deemed to mean, in the plural as well as the singular, any natural person, firm, association, partnership, successor-in-interest, corporation, affiliated entity, or other form of legal entity as the case may be.

7. "Plaintiff" or "Travelers" refers to Travelers Casualty and Surety Company of America, including its predecessors in interest and agents.

## DISCOVERY REQUEST

INTERROGATORY NO. 1. Please identify all claims, actions, or lawsuits initiated or contemplated to recover for losses or damages sustained by Travelers related to those payment and performance bonds issued on behalf of South Coast, Inc. and its affiliates, including all amounts under the Continuing Agreements of Indemnity Contractor's Forms dated March 1, 1999, December 18, 1995, and February 23, 1996. This request excludes the instant action as well as *Travelers Casualty and Surety Company of America v. Gelbrich, et al*, Case No. 04-0165 (D. Alaska), but does not exclude any claims, actions, or lawsuits in furtherance of any assignments received by Travelers within *Travelers Casualty and Surety Company of America v. Gelbrich, et al*, Case No. 04-0165 (D. Alaska).

ANSWER:

Pursuant to settlement agreements reached with defendants Jerald Reinch, Brad Finney, Jan Paulson, and Michael Houts ("individual defendants") against whom Travelers asserted claims in the matter of Travelers Casualty and Surety Company of America v. Gelbrich, et al., Cause No. 04-0165, Travelers received assignments of the rights and claims

of the individual defendants against Royal Insurance Company, Brady & Company, Inc. and Marsh, Inc., which claims were asserted against such entities by the individual defendants in the following actions:

<u>Reinch et. al. v. Royal Insurance Company of America, et al.</u>, originally filed in King County Superior Court as Cause No. 05-10709-0SEA and consolidated with <u>Gelbrich v. Royal Insurance Company, et al.</u>, King County Superior Court Cause No. 05-2-25184-1SEA under the latter's cause number.

Such assigned claims and the above described King County Superior Court lawsuits were settled by Travelers for the payment of the sum of $500,000 by Royal and $100,000 by Brady & Company, Inc. and Marsh USA, Inc., collectively.

Travelers also generally pursued contract claims on the bonded South Coast projects for contract proceeds consisting of contract balances, retainage and unpaid change orders or claims where appropriate. Various employees of the defendants were involved in closing out the bonded projects and resolving such claims.

The only other claims, actions, or lawsuits initiated or contemplated by Travelers, to recover for losses or damages related to losses on payment or performance bonds issued on behalf of South Coast, Inc. and its affiliates, are the instant action, the matter of Travelers Casualty and Surety Company of America v. Gelbrich et al., Cause No. 04-0165. ("P&S litigation"), and the following described claims: Travelers is presently contemplating a legal malpractice claim against Jan Sokol and his firm and claims against Cabot Christianson and his firm arising from the opinion letter provided by Mr. Christianson to Travelers.

PAGE 7   RESPONSE TO DEFENDANTS' FIRST DISCOVERY REQUEST

REQUEST FOR PRODUCTION NO. 1: Please produce the most recent complaint, amended complaint, or claim for each and every claim, action or lawsuit identified in response to Interrogatory No. 1.

RESPONSE:

Travelers did not initiate the actions against Royal Insurance Company, Brady & Company and Marsh, Inc. described in response to Interrogatory No. 1. Complaints filed by the plaintiffs in those actions are a matter of public record and are as readily available to defendants as they are to Travelers.

INTERROGATORY NO. 2. Please identify the basis for the calculation of Travelers' damages as stated in its *Complaint* filed in *Travelers Casualty and Surety Company of America v. Gelbrich, et al*, Case No. 04-0165 (D. Alaska).

RESPONSE:

Travelers' claimed damages against Peterson & Sullivan ("P&S"), and the individual defendants who were former officers and directors of SCI, in the P&S litigation was based upon losses incurred by Travelers on bonds issued after May 17, 2001 for twelve SCI projects.

The attached copy of Exhibit 2 from the deposition of Charles W. Langfitt dated February 28, 2005, taken in the P&S litigation, identifies such twelve projects and the then calculated net loss on each project.

Travelers' claims against the individual defendants and Peterson & Sullivan were based upon the allegation that the December 31, 2000 financial statements prepared by

PAGE 8   RESPONSE TO DEFENDANTS' FIRST DISCOVERY REQUEST

Peterson & Sullivan for SCI were negligently prepared and were relied upon by the surety in subsequently issuing bonds for SCI. Travelers had no basis to assert such claims for losses on bonds for SCI projects issued before Travelers' review of the December 31, 2000 financial statements.

To the extent that the calculation of total net losses on bonds issued for the twelve SCI projects after May 17, 2001 varies between Travelers' complaint and its initial disclosures in the P&S litigation, such variances are due to updated and revised accountings of the net loss on the individual projects.

INTERROGATORY NO. 3. Please identify the basis for the calculation of Travelers' damages as stated in its *Initial Disclosures* submitted in *Travelers Casualty and Surety Company of America v. Gelbrich, et al*, Case No. 04-0165 (D. Alaska).

RESPONSE:

See response to Interrogatory No. 2.

INTERROGATORY NO. 4. To the extent that the damages sought by Travelers within *Travelers Casualty and Surety Company of America v. Gelbrich, et al*, Case No. 04-0165 (D. Alaska), differs from the total damages sustained under South Coast's and its affiliates' payment and performance bonds, please account for the difference and provide a detailed explanation why those amounts differ and the basis for any difference.

RESPONSE:

Travelers' total loss on all SCI bonds, net of receipts on such bonded contracts, and expenses incurred in obtaining such receipts, as of October 20, 2006, is $13,516,118.86.

PAGE 9    RESPONSE TO DEFENDANTS' FIRST DISCOVERY REQUEST

Attached as Ex. A is a detailed summary of such total losses, including contract receipts and expenses.

Travelers' total loss on the SCI bonds issued after May 17, 2001, net of receipts on such bonded contracts and expenses incurred in obtaining such receipts, as of October 20, 2006, is $8,664,876.26. Attached as Ex. B is a detailed summary of such total loss, including contract receipts and expenses.

Additionally, Travelers incurred litigation expenses and other associated costs in the P&S litigation, including the ultimate payment of the attorney's fees of certain defendants in the P&S litigation, totaling $476,020.52, which costs are summarized on the attached Ex. C.

Travelers has received payments from Klukwan under the Repayment Agreement and net proceeds of the Chinle claim, which are summarized on the attached Ex. D, together with the above described settlement proceeds received from Royal, Brady & Company and Marsh USA.

Any claim by Travelers against Peterson & Sullivan for losses on SCI bonds issued after May 17, 2001 would require Travelers to acknowledge a pro rata credit for payments received from Klukwan, including the Chinle claim, and a credit for the full amount of the settlements reached with Royal, Brady, and Marsh. Therefore, Travelers presently calculates the maximum value of the claim against Peterson & Sullivan as $6,846,316. Such calculation is reflected on the attached Ex. E. Because Peterson & Sullivan vigorously defended and asserted several affirmative defenses to Travelers' claim, including alleged negligence by Travelers in its underwriting process for SCI bonds, the actual amount of any recovery by

Travelers on its claim against Peterson and Sullivan would have been less than the maximum possible value of such claim set forth on Ex. E

The reason that Travelers' claim against Peterson & Sullivan is approximately $7 million less than Travelers' total loss on all SCI bonds is because Travelers' claim against Peterson & Sullivan is limited to the losses on bonds issued for the twelve SCI projects after receipt and review by Travelers of the December 31, 2000 financial statements prepared by Peterson & Sullivan. Additionally, the claim must acknowledge the credits described above.

REQUEST FOR PRODUCTION NO. 2: Please produce any and all accountings or reconciliations relating to the losses or damages sustained by Travelers on those payment and performance bonds issued by Travelers on behalf of South Coast, Inc. and its affiliates, including all amounts under the Continuing Agreements of Indemnity Contractor's Forms dated March 1, 1999, December 18, 1995, and February 23, 1996.

RESPONSE:

Travelers objects to this request to the extent it seeks documents protected by the attorney/client or work product privileges. Subject to and without waiver of such objection, Travelers' documents relating to losses or damages sustained by or on behalf of payment and performance bonds issued on behalf of SCI and its affiliates, as well as Travelers' records relating to the P&S litigation, were produced for inspection by defendant's attorneys in September 2006. See also Travelers' Initial Disclosures, James T. Hopkins email dated June 6, 2006 to Gary Spraker, and the attached Exs. A through E.

REQUEST FOR PRODUCTION NO. 3: Please produce any and all accountings or reconciliations relating to the losses or damages asserted by Travelers within *Travelers Casualty and Surety Company of America v. Gelbrich, et al*, Case No. 04-0165 (D. Alaska).

RESPONSE:

See response to Request for Production No. 2

Respectfully submitted in Anchorage, Alaska, this 9th day of October, 2006.

By:
Gary Spraker
CHRISTIANSON & SPRAKER
911 West 8th Avenue, Suite 201
Anchorage, AK 99501
Phone: (907) 258-6016
Fax: (907) 258-2026
Email: gary@cslawyers.net
Alaska Bar No. 9107066
Attorneys for Defendants

The undersigned hereby certifies that on October 9, 2006 a true and correct copy of the above document was mailed to the following:

James Hopkins, Esq.
Robert L. Olson, Esq.
Garth A. Schlemlein, Esq.
Schiffrin Olson Schlemlein & Hopkins, P.L.L.C.
1601 Fifth Avenue, Suite 2500
Seattle, WA 98101

James D. Gilmore, Esq.
Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501

By:
Susan VanSchooten

PAGE 12   RESPONSE TO DEFENDANTS' FIRST DISCOVERY REQUEST

## VERIFICATION

I, Charles W. Langfitt, being first duly sworn, depose and state:

That I am the authorized representative of Travelers Casualty and Surety Company of America named in the foregoing action, and that I have read the foregoing Answers and Responses to the Defendants' First Discovery Request and understand the contents thereof. I hereby verify that the same is true to the best of my knowledge and belief and I have executed it freely and voluntarily for the purposes set forth therein.

Dated this 5 day of Feb., 2007.

_____
CHARLES W. LANGFITT

STATE OF WASHINGTON   )
                     ) ss.
COUNTY OF KING       )

The foregoing instrument was acknowledged before me this 5 day of February, 2007, by Charles W. Langfitt.

_____
Sandi J. Roddick
NOTARY PUBLIC in and for Washington.
My Commission Expires: 5-1-09

PAGE 13   RESPONSE TO DEFENDANTS' FIRST DISCOVERY REQUEST

SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS, P.L.L.C.
WESTLAKE CENTER OFFICE TOWER • 1601 FIFTH AVENUE, SUITE 2500 • SEATTLE, WASHINGTON 98101
PHONE: (206) 448-8100 • FAX: (206) 448-8514

## CERTIFICATION OF COUNSEL

I certify that I have read the foregoing objections and, to the best of my knowledge, information and belief, formed after a reasonable inquiry, such objections are (1) consistent with the Rules of Civil Procedure and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; and (2) not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

DATED this 6th day of February, 2007.

*James T. Hopkins* (signature)

James Hopkins

Travelers/South Coast
Peterson Sullivan PLLC
File No. 7777.023

Damages

| Bond No. | Obligee | Project | Amount |
|---|---|---|---|
| 103619782 | Alaska DOT | ADOT Toksook Airport | $769,123.09 |
| 103874309 | State of Alaska | ADOT Unalaska Airport | $1,277,264.23 |
| 103619765 | State of Alaska | ADOT Yakutat Seaplane | $105,935.48 |
| 103619753 | Jacobs Engineering | Jacobs - Fort Learnard | -$30,000.00 |
| 103674310 | City of Ketchikan | KTN Via Duct Sewer Repl. | -$24,236.51 |
| 103674316 | City of Unalaska | UNAK Spit Light Cargo | -$9,731.21 |
| 103674395 | City of Unalaska | UNAK USCG Dock | $2,230,249.23 |
| 103619763 | US Coast Guard | USCG Pave Upper Base | $4,272.85 |
| 103737398 | Evans Southwest, Inc | Karigan Estates Subdivision | -$53,636.67 |
| 103527564 | Arizona DOT | AZDOT Granado Burnside | $262,788.61 |
| 103527563 | Arizona DOT | AZDOT Navajo FB/NML | $3,569,039.97 |
| 103737385 | Bureau of Indian Affairs | BIA San Carlos | -$77,114.91 |
| | | TOTAL | $8,023,954.16 |

Exhibit 2  Date 2-28-05
Witness Langfitt
Patricia A. Blevins  (206)323-0919

EXHIBIT B, PAGE 1 OF 16