6/2/03

File Mann 689 687

Call TW Tom Crandell →      subtle T

I asked Tom about D&O Claim —
who the responsible officers were.
Tom advised the following:

   Mike Houts CFO
   Brad Finney VP
   Dan Paulson VP
   Denny Reiwirth President (lived in Nebraska — had
       Ron Geilbart          to know what was up.)

Tom will e-mail list to me. I asked what wrongful
acts acts did the officers perform. Tom advised
it was failure to head internal controls —
after Fails Mgt., report transmittal, should
have followed, but did not. Also what was
report w what occurred were completely diff.
The officers chose to redweather issues or misinform
them. IL is in Patterson → start oppts —
that conduct.

I asked if he was going to pursue D&O —
Tom said no, had Seattle atty look @
it and he, Mike Cotter CTI, advised
no claim because can't sue your self.

Tom is looking to sue individuals personally.

Crandell
DEPOSITION
EXHIBIT
# 17
PENGAD 800-631-6989

Exhibit 17   Date 2-28-05
Witness Langfitt
Patricia A. Blevins   (206)323-0919

TRAV 025354

000293

We might end up w/ conversary clms,
Tom said Other potential officers are
Blinston & Ramsdell.

Tom asked how the how any such
release would be treated? I told
him _not_ against the $8 mil note,
but against the other loss we have.
Tom asked what would happen if
it recomd exceeded the "other loss"
not part of $8 mil. PN? Told Tom there
would have to credit over, but remote
chance. I explained we were at
$22 Mil gross, not not sure, but
may be $18 Million. I will send Tom
PowerPoint. Tom asked him if this could
as he will need to make disclosures.

I mentioned the Stock Owner, and that
I would discuss w/ Cabot, but we had
a deal w/ the Stock and him on
consent to the Atlas deal. Tom said
he got Ron G's 10% w/o wanting our
consent so that was no longer necessary.
Told Tom I would take it up w/ Cabot, but
US holding the Stock assure us not a big deal —
still tried to Re-Payment Agmt so we
could not involuntary sell stock.

TRAV 025355

000294

Tom understands, so that Z will take it up w/ Casualty.

Tom asked if Z received Exxon's proxy agmt on Severance property. Z said yes, and asked for an accting. Tom advised it will be a push, — no $. I told Tom that appeared to be the case — and Z asked him for the accting.

Tom then mentioned a future discussion item. Tom is having trouble w/ dayfield & may want to take SCZ to B/K. Dayfield knows of our agent's terms. Told Tom I appreciated him so advising me, but we could discuss it later ( no consent given now )

Tom has a personal liability on ___ & asked if he should dropped by ___ Z mentioned Z might be in trial & for him to check w/ me in a couple of weeks

Tom is also lucky @ pursuing his CPA's → Z advised I was asking Jordan to review for some purpose.

_[signature]_

TRAV 025356

*APPROVED*

**Klukwan, Inc.**
**Special Board Meeting**
**Haines, Alaska**
**May 6, 2004**

**MEMBERS PRESENT:**

Les Katzeek, Chairman
William A. Thomas, Jr., Vice Chairman –
   Teleconference
Evangeline C. Willard-Hoy, Sec/Treas.
Johanna Hotch, Director – Teleconference
Edward Hotch, Director
Ralph Strong, Director
Donald Hotch, Director
Kimberley Strong, Director

**OTHERS PRESENT:**

Thomas Crandall, President

Bob Blasco, Attorney - Teleconference
Delia Commander, Recorder

**CALL TO ORDER:**  Chairman Les Katzeek called the teleconference meeting to order
at 9:00 am at the Haines office.

**ROLL CALL:**  Roll call shows directors in attendance at the meeting with John Katzeek
absent The record notes management present for the meeting.

**DISCUSSION:**

- Statute of limitations for KeyBank
- Mike Gossler letter
- Tort Claims
- Discussion of SCI/Klukwan, Inc.
- Sutor Consulting Information
- John Ferris/Internal Controls
- Losses
- Concessions
- FMI Discussion
- Discussion of contract/statutes/damages
- Banking relationship
- Klukwan, Inc. loan paid off this year with selling of marine equipment
- Financing

**MOTION:**  Kimberly Strong moved and William Thomas seconded to go forward with
the tort claim if Klukwan, Inc. can get refinancing, if refinancing isn't secured, revisit the
contract claim at a later date.  Motion carried.

**MOTION:**  Edward Hotch moved and Kimberley Strong seconded to donate $250.00 to
Monica Stevenson for her brother's funeral expenses.  Motion carried.



*Crandall*
DEPOSITION
EXHIBIT
#72
FORM 800-631-6989

003247

*APPROVED*

**MOTION:** Edward Hotch moved and William Thomas seconded to adjourn. Motion carried.

**ADJOURNED:** 9:58 AM

_____

Evangeline C. Willard-Hoy, Secretary



# DMJMH+N

LLP · Kern County AS Delano

California State Prison
Kern County · Delano II
P.O. Box 3070
29393 Cecil Ave.
Delano, CA 93216-3070
(661) 725-5712  Fax (661) 725-8463

# FAX

To: _CABOT CHRISTENSON_    From: _JERRY RENICH_

Fax: _____    Pages (Including Cover Sheet): _10_

Phone: _____    Date: _____

Subject: _TRANSLERS CASUALTY AND SURETY COMPLAINT._

Message:

_Crandall_
DEPOSITION
EXHIBIT
#74

000792

000299

Certified a true and correct copy of the original.

Thomas A. Larkin, ASB #0009055
Jan D. Sokol
STEWART SOKOL & GRAY LLC
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047
Telephone:     (503) 221-0699
Fax:           (503) 227-5028
Email:         tlarkin@lawssg.com
               jdsokol@lawssg.com
   Of Attorneys for Plaintiff Travelers Casualty and
Surety Company of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA, AT ANCHORAGE

TRAVELERS CASUALTY AND SURETY          )
COMPANY OF AMERICA, a Connecticut      )
corporation,                           )
                                       )
                    Plaintiff,         )      Case No.
                                       )
          v.                           )
                                       )
RONALD GELBRICH; JERALD RENICH;        )
BRAD FINNEY; JAN PAULSON;              )
MICHAEL HOUTS; EDWIN JOHNSON;          )
and PETERSON SULLIVAN, P.L.L.C., a     )
Washington limited liability company,  )
                                       )
                    Defendants.        )

**CORPORATE DISCLOSURE STATEMENT PURSUANT TO FRCP 7.1**

Pursuant to Fed.R.Civ.P. 7.1, plaintiff states that Travelers Casualty and Surety

Company of America is 100% owned by Travelers Casualty and Surety Company, which is

CORPORATE DISCLOSURE STATEMENT PURSUANT TO FRCP 7.1 - 1

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97204-1047
(503) 221-0699 FAX (503) 221-5702
www.lawssg.com

000300

100% owned by Travelers Insurance Group Holdings, Inc., which is 100% owned by Travelers Property Casualty Corp., which is 100% owned by the St. Paul Travelers Companies, Inc. The St. Paul Travelers Companies, Inc. is the only publically held company in the corporate family.

Respectfully submitted this 2nd day of August, 2004.

STEWART SOKOL & GRAY LLC

Thomas A. Larkin, ASB # 0009055
Jan D. Sokol
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047
Telephone:   (503) 221-0699
Fax:         (503) 227-5028
E-mail:      tlarkin@lawssg.com
             jdsokol@lawssg.com
Of Attorneys for Plaintiff

W:\WORK\JAN\Travelers\South Const\D & O Claims\Pleadings\Corporate Disclosure Statement.wpd

CORPORATE DISCLOSURE STATEMENT PURSUANT TO FRCP 7.1 - 2

DELHNU 11 → 19072582026                                NO. 145    P04

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ For the _____      District of _____ Alaska, at Anchorage _____

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA, a Connecticut
corporation

Received.

**SUMMONS IN A CIVIL CASE**

v.

RONALD GELBRICH; JERALD RENICH;
BRAD FINNEY; JAN PAULSON; MICHAEL
HOUTS; EDWIN JOHNSON; and
PETERSON SULLIVAN, P.L.L.C., a
Washington limited liability company

**CASE NUMBER:**

A04-0165 CV (RRB

TO: (Name and address of Defendant)

Brad Finney
16317 N. Tongass Hwy.
Ketchikan, AK 99901

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Thomas A. Larkin, ASB #0009055
Jan D. Sokol
STEWART SOKOL & GRAY, LLC
2300 SW First Avenue, Suite 200
Portland, Oregon 97201
(503) 221-0699

an answer to the complaint which is herewith served upon you, within _____ twenty (20) _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MICHAEL HALL

L. CHRISTENSEN

907 225 4701

AUG - 4 2004

DATE

BRD BRAD

000705

000302

Certified a true and correct
copy of the original.

Thomas A. Larkin, ASB #0009055
Jan D. Sokol
STEWART SOKOL & GRAY LLC
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047
Telephone:    (503) 221-0699
Fax:          (503) 227-5028
Email:        tlarkin@lawssg.com
              jdsokol@lawssg.com
    Of Attorneys for Plaintiff Travelers Casualty and
Surety Company of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA, AT ANCHORAGE

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation, | ) ) ) ) | |
| Plaintiff, | ) ) ) | Case No.   .  :  : 0 6 5 CV (RRB) |
| v. | ) ) | |
| RONALD GELBRICH; JERALD RENICH; BRAD FINNEY; JAN PAULSON; MICHAEL HOUTS; EDWIN JOHNSON; and PETERSON SULLIVAN, P.L.L.C., a Washington limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

### (Action for Negligent Misrepresentation)

Plaintiff, Travelers Casualty & Surety Company ("Plaintiff"), alleges as follows:

COMPLAINT - Page 1 of 6

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699 FAX (503) 221-5785
www.lawssg.com

## COMMON ALLEGATIONS

1.     Plaintiff now is, and at all times material has been, a corporation duly organized and existing under the laws of the State of Connecticut, with its principal place of business in the State of Connecticut, and registered, authorized and engaged in the insurance business and authorized to issue surety bonds in the State of Alaska.

2.     Defendants Ronald Gelbrich, Jerald Renich, Brad Finney, Jan Paulson, Michael Houts and Edwin Johnson are former directors and officers (collectively, the "director-defendants") of South Coast, Inc. ("South Coast"), a non-party Alaska construction corporation wholly owned by non-party Klukwan, Inc. ("Klukwan"), an Alaska Native Village corporation.  Upon information and belief, all of the directors and officers are citizens of Alaska.

3.     Defendant Peterson Sullivan, P.L.L.C. is a Washington professional limited liability company of certified public accountants ("Peterson Sullivan"), with its principal place of business in a state other than the State of Connecticut.  Peterson Sullivan provides accounting services to Alaska entities, including Klukwan and South Coast.

4.     Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a) based upon the complete diversity of citizenship between Plaintiff and Defendants, and the fact that the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

5.     The director-defendants, as officers and directors of South Coast, were responsible, at all relevant times, for all aspects of the management of South Coast.

6.     Included in the directors-defendants' responsibility was, at all relevant times, managing all aspects of South Coast's accounting of its work as a construction

COMPLAINT - Page 2 of 6

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699 FAX (503) 223-5706
www.lawssg.com

000304

contractor, and all aspects of South Coast's reporting of its financial condition.

7.    Also included in the director-defendants' responsibility was, at all relevant times, obtaining for South Coast the surety credit required of a public works contractor under the Miller Act and Alaska's Little Miller Act.

8.    Peterson Sullivan, as accountant to Klukwan, audited the books and records of Klukwan's subsidiaries, including South Coast, and prepared independent auditors' reports intended to provide reasonable assurance that Klukwan's and its subsidiaries' financial statements were free of material misstatement and to assess the accounting principles used and significant estimates made by South Coast's and Klukwan's management.

9.    The director-defendants, as officers and directors South Coast, negligently reported the anticipated gross profit of South Coast as of December 31, 2000 in its financial statements.

10.    There were indications in the December 31, 2000 statements that the gross profit of South Coast was overstated, which Peterson Sullivan had a duty to investigate, but negligently failed to investigate and/or negligently failed to report the overstatement of South Coast's gross profit.

11.    Peterson Sullivan negligently reported that South Coast's financial statements were free of material misstatement, based on proper accounting principles, and/or contained reasonably accurate significant estimates.

12.    Travelers relied on the negligently reported financial statements and negligently performed audit in providing surety credit to South Coast in 2001, including

COMPLAINT - Page 3 of 6

posting surety bonds for South Coast, as principal, in favor of various public entities. as obligees (the "bonds").

13.    Had South Coast's true financial status been reported to Travelers, it would not have posted the bonds.

### FIRST CLAIM FOR RELIEF

#### (Negligent Misrepresentation – The Director-Defendants)

14.    Realleges the allegations in paragraphs 1-13, above.

15.    The director-defendants provided information regarding South Coast's financial status to guide Travelers in deciding whether or not to post the bonds on South Coast's behalf.

16.    The director-defendants had a duty to exercise reasonable care and competence in obtaining and communicating the information regarding South Coast's financial status.

17.    In breach of their duty of care, the director-defendants negligently misrepresented South Coast's financial status, including but not limited to negligently misrepresenting the amount of South Coast's anticipated gross profits in South Coast's financial statements.

18.    The director-defendants intended that Travelers rely on the financial statements, and knew that Travelers did rely on the financial statements, and intended the financial statements to influence Travelers' decision to post the bonds.

19.    Travelers posted the bonds in reliance on the defendant-directors' representations in the financial statements.

**COMPLAINT** - Page 4 of 6

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699 FAX (503) 223-5706
www.lawgg.com

000306

20.    Travelers has been damaged by its justifiable reliance on the information in the financial statements provided by the defendant-directors, in that but for the negligent misrepresentations therein, Travelers would not have posted the bonds and incurred a loss of at least $8,876,788.68, which losses continue.

### SECOND CLAIM FOR RELIEF

#### (Negligent Misrepresentation – Peterson Sullivan)

21.    Travelers incorporates by reference the allegations of paragraphs 1-20.

22.    Peterson Sullivan provided information regarding South Coast's financial status, accounting practices, and significant estimates in performing and reporting on its audit of Klukwan and South Coast.

23.    Peterson Sullivan negligently performed its audit and negligently provided information regarding South Coast's financial status, accounting practices, and significant estimates by, at a minimum, failing to investigate information indicating that South Coast's gross profit was overstated.

24.    Peterson Sullivan intended that Travelers would rely on its audit, and intended to supply the information in its audit to Travelers, or knew from the nature of South Coast's business as a construction contractor engaged in public works contracts, or otherwise, that South Coast intended to supply the information in Peterson Sullivan's audit to Travelers or to another surety to obtain surety credit like the bonds.

25.    Peterson Sullivan intended the information in its audit to influence Travelers or another surety in making the decision to provide surety credit like the bonds to South Coast.

COMPLAINT - Page 5 of 6

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0607 FAX (503) 223-1706
www.lawssg.com

26.    Travelers posted the bonds in reliance on Peterson Sullivan's representations in its audits.

27.    Travelers has been damaged by its justifiable reliance on Peterson Sullivan's negligently performed audit of South Coast's financial status, in that but for Peterson Sullivan's negligence, Travelers would not have posted the bonds and incurred a loss of at least $8,876,788.68, which losses continue.

WHEREFORE, Plaintiff demands Order and Judgment as follows:

1.    Against all defendants, and each of them individually, jointly, and severally for damages in the amount of $8,876,788.68 caused by their negligent misrepresentations concerning South Coast's financial status, its accounting practices, and its significant estimates;

2.    For its reasonable attorney fees and costs and disbursements incurred; and

3.    For such other and further relief as may be just and proper.

Respectfully submitted this 2nd day of August, 2004.

STEWART SOKOL & GRAY LLC

Thomas A. Larkin, ASB # 0009055
Jan D. Sokol
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047
Telephone:    (503) 221-0699
Fax:          (503) 227-5028
E-mail:       tlarkin@lawssg.com
              jdsokol@lawssg.com
Of Attorneys for Plaintiff

W:\WORK\RBC\Travelers\South Coast\D&O and Acct\Pleadings\Complaint.wpd

**COMPLAINT** - Page 6 of 6

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699 FAX (503) 227-5028
www.lawssg.com