## Cabot Christianson

| | |
|---|---|
| From: | "Cabot Christianson" <cabot@cbslawyers.com> |
| To: | "Jan Sokol" <jdsokol@lawssg.com> |
| Cc: | "Tom Crandall" <tomc@klukwan.com> |
| Sent: | Tuesday, February 10, 2004 11:50 AM |
| Attach: | Order Granting Petition.pdf; Notice of Application for Petition.pdf; Petition.pdf |
| Subject: | Fw: Travelers/South Coast |

Jan -
These documents look good. I am forwarding them to Tom Crandall, and he will fax you the signature page.

This email will confirm our previous discussions that Travelers will bear all the costs associated with bringing this suit and will indemnify Klukwan from any claims associated with the bringing or prosecution of this suit.

If Travelers wishes to bring a substantive cause of action against P&S, Klukwan's expectation is that the net litigation proceeds from that suit will be applied first to the Klukwan/SCI note to Travelers. Also, as you are aware, Klukwan is considering its own action against P&S, and has developed some ideas about how to proceed. You and I should discuss.

As I mentioned in my email, Klukwan is an Alaska Native corporation organized under Alaska state law pursuant to 43 USC 160 et seq. All of its shareholders are individuals.

Let me know if you need anything else.

-Cabot

----- Original Message -----
F    : Jan D Sokol
T    : Cabot Christianson
Cc: Chuck Langfitt
Sent: Friday, January 23, 2004 11:59 AM
Subject: Travelers/South Coast

Attached are proposed pleadings for your review and comment. I will need to file a corporate disclosure (Fed.R. Civ. P. 7.1) on behalf of Klukwan. Is it owned partially or in whole by a publicly traded company? if so, what is the company, the percentage ownership and the exchange it is traded on?

*************************************
Jan D. Sokol
Stewart Sokol & Gray, LLC
2300 SW First Avenue
Suite 200
Portland, OR 97201-5047
503-221-0699
503-227-5028 (fax)
E-mail: mailto:jdsokol@lawssg.com
Web Site: www.lawssg.com
*************************************


Crandall DEPOSITION EXHIBIT # 87

NOTICE:

THIS EMAIL TRANSMISSION MAY CONTAIN INFORMATION WHICH IS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, OR ...NG OF ANY ACTION IN RELIANCE ON THE CONTENTS IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE CONTACT US IMMEDIATELY, DESTROY ANY COPIES AND DELETE IT FROM YOU COMPUTER SYSTEM.

001259

9/27/200

000309

Cabot Christianson

From: "Langfitt,Charles W" <CLANGFIT@stpaultravelers.com>
To: <tomc@klukwan.com>
Cc: "Jan D Sokol" <jdsokol@lawssg.com>
Sent: Wednesday, May 26, 2004 3:52 PM
Subject: RE: Peterson & Sullivan

We are reviewing filing suit. We will keep you posted.

-----Original Message-----
From: Tom Crandall [mailto:tomc@klukwan.com]
Sent: Wednesday, May 05, 2004 3:27 PM
To: Langfitt,Charles W
Subject: Peterson & Sullivan


Chuck,
I saw were we were unsuccessful in gaining access to the audit workpapers  Can you let me know what Travelers plans to do next?

Tom C.

---

Klukwan, Inc.
Attn: Thomas L. Crandall, President
425 Sawmill Road
PO Box 209
Haines, Alaska 99827
(907) 766-2211 office
(907) 766-2973 fax
(270) 637-8641 eFax
(907) 223-1072 cell
tomc@klukwan.com email


DEPOSITION EXHIBIT #90

Some attached files are in Acrobat PDF format. If Adobe™ Reader® if it is not currently installed on your computer, you can download it here. To go to the download site, please hold down the Ctrl key and click the icon below.



Adobe, the Adobe logo, and Reader are ether registered trademarks or trademarks of Adobe Systems Incorporated in the United States and / or other countries.

This E-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

communication, together with any attachments hereto or links contained herein, is for the sole use of the intended recipient(s) and may contain information that is confidential or legally protected. If you are not the intended recipient,

**APPROVED**

Klukwan, Inc
Board of Directors Meeting
Haines, Alaska
September 16, 2004

**MEMBERS PRESENT:**
Les Katzeek, Chair
John Katzeek, Vice-Chair
Evangeline Willard-Hoy, Sec/Trea
Edward Hotch, Director
Donald Hotch, Director
Ralph ong, Director
Johanna Hotch, Director
**EXCUSED:**
Kimberly Strong
William Thomas

**OTHERS PRESENT:**
Thomas Crandall, President KINC
Karen Taug, Controller KINC
Harriet Brouillette, Admin Assis KINC
**TELECONFERENCE:**
Nancy Crozier, CFO KPLY

**CALL TO ORDER:** Meeting was called to order by Chair, Les Katzeek at 9:10am

**OPENING PRAYER:** Johanna Hotch

**MOTION:** Edward Hotch made the motion to adopt agenda as a guideline. Don Hotch Seconded. Motion carried unanimously.

**MOTION:** Ralph Strong made a motion to table minutes of June 10, 2004 and July 16, 2004. Edward Hotch seconded. Motion carried unanimously

**REPORTS:**
- 401K
- Explanation of the employer's contributions.
- Currently employer contributions. Further discussion will be held at a later meeting for each company to decide employer-matching contributions individually.
- CPC Cruise ship proposals.
- Certificate of Corporate resolutions.

*Crandall DEPOSITION EXHIBIT #97*

**MOTION:** Ralph Strong made a motion to approve the Certificate of Corporate Resolutions of Klukwan, Inc. and Subsidiaries 401K Plan, Resolution KI0408. Edward Hotch seconded. Motion carried

**MOTION:** Ralph Strong made a motion to accept the Klukwan, Inc. and Subsidiaries Annual audit from KPMG, LLP for 2003 as amended. Edward Hotch seconded. Motion carried.

**APPROVED**

AUDIT CORRECTIONS:

Pg. 3 & 4 Ask if we can add note to reflect which pages the detail of the consolidating of companies. * Per GAPP, we can not make this addition.
Pg 7 – Last sentence to correct number of eligible shareholders. Show actual s/h's or the number of original shareholders.
Pg 15 – Correct debt schedule of Traveler's note to show actual agreement of payments 2004 – 2010.
Pg 13 – Note 7 – see if we can delete K-ply line of credit which is -0-
Pg. 19 – Correct amount Klukwan charged the trusts for services in 2003 and 2003
Pg. 20 – Since West Construction lawsuit is settled, we would like a reference to show the case is settled.

MOTION: Ralph Strong made the motion to set the date of the Shareholder Annual Meeting to November 13, 2004. Evangeline Willard-Hoy seconded the motion. Motion carried.

MOTION: Ralph Strong made the motion to set the next Board of Directors meeting November 12th, 2004. Johanna Hotch seconded. Motion carried.

MOTION: Ralph Strong made the motion to go into Executive Session. Johanna Hotch seconded. Motion carried. 11:10am

EXECUTIVE SESSION: 11:10A.M.  11:40 A.M.
No action taken.

RECESS: 11:40am

RECONVENE: 12:00pm

MOTION: Ralph Strong made the motion to have Klukwan, Inc. represented at AFN in Anchorage and paid by Klukwan, Inc. Edward Hotch seconded.

MOTION FRIENDLY AMENDMENT: Johanna Hotch made a motion to amend the prior motion, clarify that it be the President of Klukwan, Inc. and the Chairman of the Board attending AFN. If any other board member goes they will get reimbursed when the company is profitable. Ralph Strong and Edward Hotch agreed to a friendly amendment. Motion carried as amended.

MOTION: Ralph Strong made a motion not to have any shareholder informational meetings. Johanna Hotch seconded. Motion carried.

D:\Board Meetings\2004\Sept2004\Klukwann Inc. Min Sept 16 04.doc

006312

**APPROVED**

<u>MOTION:</u> Johanna Hotch made the motion to adjourn. Donald Hotch seconded.

<u>ADJOURN:</u> 12:20pm

_____
Evangeline C. Willard-Hoy

Klukwan, Inc.
Resolution KI-04??

Re:   A resolution directing management to file suit against Peterson and Sullivan, LLC.

Whereas, Klukwan, Inc. retained the services of Peterson and Sullivan from 1982 to 2002 to audit the consolidated financial statement, and;

Whereas, the Audited Financial Statements for the twelve months ended December 31, 2003 have been prepared by KPMG, and;

Whereas, the Audited Financial Statements have a significant prior period adjustment, and;

Whereas, Peterson and Sullivan failed to determine the problems at South Coast, Inc. and that such problems directly let to significant losses.

Now therefore be it resolved that the Board of Directors directs management to file suit against Peterson and Sullivan, LLC.

This resolution was approved by the Klukwan, Inc. board of directors at a duly convened meeting held September 16, 2004 at which time a quorum was present.

_____
Evangeline Willard-Hoy, Secretary Treasurer

003258
000314

## bot Christianson

**From:** "Tom Crandall" <tomc@klukwan.com>
**To:** "Cc: Tom Crandall" <Brandon.Allen@marsh.comtomc@klukwan.com>; "Cabot Christianson" <cabot@cbslawyers.com>
**Sent:** Thursday, November 11, 2004 8:27 PM
**Subject:** Re: Two letters re: Travelers v. Gelbrich et al

Here is how I understand it:

Travelers paid out net of receipts = $11.8
Settlement (using 6% to calc PV) =   (5.5)

Loss =                  6.3
Unknown????? =          1.7+

Total Claim by Travelers        8.0

Note 1: total settlement was $8.0 million paid over 8 years. When this is discounted using an interest rate of 6%, the the present value (PV) = 5.5

Note 2: the $11.8 includes payments South Coast has already made (Chinle is one such payment of approx 1.5). Since we were able to reduce our total due by this amount and they also used it to reduce the amount due them, I beleive this is the missing number plus rounding that makes up the Unknown???? listed above.

T

---------- Original Message ----------------------
From: "Cabot Christianson" <cabot@cbslawyers.com>
Date:  Thu, 11 Nov 2004 17:33:05 -0900

>Tom and I were wondering where the $8 million in their complaint comes from.
>Travelers is telling us that their loss is $11.8M, up from $9.4 million last
>year.
>
>
>-Cabot
>
>----- Original Message -----
>From: <Brandon.Allen@marsh.com>
>To: <cabot@cbslawyers.com>
>Sent: Thursday, November 11, 2004 5:17 PM
>Subject: Re: Two letters re: Travelers v. Gelbrich et al
>
>
>>
>> thanks for the vice mail. Another comment.....Travelers/Sokol is asking
>f~
>    ,m. Is that in excess of the settlement amount or did they conveniently
>> forget that? If so, do we have a bad faith claim?
>> Brandon



Crandall DEPOSITION EXHIBIT #98

001472

9/27/200(
000315





Charles W Langfitt
06/20/2002 07:38 AM

To: David R Hombach/BD/Travelers@travelers
CC: and BCC: fields are in this section - must be expanded to print
Subject: Re: Klukwan

I have Jordan looking at E&O claim against CPA's. Right now, I am focusing on the $7.5 Million allocated to inventory that was attributable to cutting rights, and have asked Jordan to expand the inquiry. For the D&O, we need to bring that type of claim in the name of the corporations, unless there is something non-standard in the D&O policy. Our Indemnity Agreement's assignment language is not broad enough to include an assignment of this type of claim. I will explore further and see what we might do on that end. The State has agreed to re-let Tok and Unalaska Airport, providing extensions for both. Still working through the details, but no TFCs. Best Regards.
David R Hombach

David R Hombach
06/19/2002 06:52 AM

To: Charles W Langfitt/BD/Travelers@travelers
CC: and BCC: fields are in this section - must be expanded to print

Chuck, can general creditors such as a surety - access a D&O policy - a case can be made that the Directors sat on their hands or lined their pockets as they watched the company's fortunes go down the drain - I know they carried a policy - can we tag it? What about their wonderous CPA firm who obviously must have missed a whole in the boat in their 12/31/00 audit?

May be crying in spilled milk, Chuck, but those bastards must be tagged somehow......

DRH

TRAV 011448

EXHIBIT 6



Exhibit 132  Date 9-10-07
Witness Langfitt
Patricia A. Blevins    (206)323-0919

000316

## Langfitt,Charles W

**From:** Jan D Sokol [jdsokol@lawssg.com]
**Sent:** Thursday, August 04, 2005 3:38 PM
**To:** Langfitt,Charles W
**Cc:** jordan@sutorgroup.com
**Subject:** FW: Travelers/SCI/D&O

FYI.

-----Original Message-----
**From:** Robert B. Coleman
**Sent:** Thursday, August 04, 2005 3:36 PM
**To:** Jan D Sokol
**Cc:** Thomas A Larkin
**Subject:** RE: Travelers/SCI/D&O

Jan, the big losers on our damages summary are (in ascending order of amount) ADOT Toksook Airport ($769,123.09); ADOT Unalsaka Airport ($1,277,264.23); UNAK USCG Dock ($2,230,249.23); and AZDOT Navajo FB/NML ($3,569,029.97). I think we should get the documents for these projects as well as those below. In looking at this, I thought of an additional possible theory on damages. Jordan (and Bob Suter, and to an extent Peterson Sullivan) have recognized that South Coast's losses were caused by poor management control. Internal control issues should have been discovered during the audit, as I understand Jordan's report. If the audit had properly represented that there were internal control issues, Travelers would have had the opportunity to tell South Coast "no bonds unless you change x,y, and z" to change your internal controls. That might have avoided the losses on 2001 projects, South Coast might have survived its mistakes from 2000, and Klukwan might have been able to continue its support of South Coast such that Travelers might not have lost a significant amount on bond claims.

I wonder if we can get testimony from Klukwan to support this theory – *i.e.* if it had known of South Coast's internal control issues earlier, it would have acted to avoid losses and been able to support South Coast. We would also need to find support in the documents that the losses on projects that started in 2001 were caused by the same internal control issues that caused the 2000 project losses.

Rob


**From:** Jan D Sokol
**Sent:** Wednesday, August 03, 2005 2:02 PM
**To:** Robert B. Coleman
**Cc:** Thomas A Larkin
**Subject:** RE: Travelers/SCI/D&O

Yes, that is the same project. The other part sounds good.

> -----Original Message-----
> **From:** Robert B. Coleman
> **Sent:** Wednesday, August 03, 2005 11:48 AM
> **To:** Jan D Sokol
> **Subject:** RE: Travelers/SCI/D&O
>
> Is Ketchican the same as the KTN Viaduct? If so, the SCI files and those with underbillings match up. We might also want to determine which ongoing projects ended up being big losers, whether there were

02/07/2007

Exhibit 153  Date 9-11-07
Witness Langfitt
Patricia A. Blevins   (206)323-0919

000317

underbillings on the financial statements or not, and get those files too. The reason is that based on Earnhart's letters, Peterson Sullivan plans to allege that the losses occurred because of things that happened in 2001. If we can establish that the big losers were losers because of things that happened in 2000 (i.e., poor estimates, poor estimates of cost to complete that were not classified as underbillings, or other) we can defeat that defense. I'll look into that this afternoon or tomorrow morning, it that is ok. Rob

---

**From:** Jan D Sokol
**Sent:** Wednesday, August 03, 2005 11:19 AM
**To:** 'Jordan Rosenfeld'
**Cc:** 'Charles.W.Langfitt@travelers.com'; Thomas A Larkin; Robert B. Coleman
**Subject:** Travelers/SCI/D&O

Earnhart had an assistant review the stored SCI and Klukwan documents. There are apparently 500 boxes of SCI documents and 300 boxes of Klukwan documents. The SCI documents apparently are in project order. As I recall, Jordan, I should make copies of the files for the Big Salt Lake, Chinle, Ketchikan and Sitka Airport projects. That should have all the records you need on the projects.

I'm not sure how we will find the 12/31/00 accounting reports. Are the RP reports (other than the Contract Status Calculation Worksheet) computer generated? I assume Klukwan still has either the SCI computers or can otherwise access these reports. Chuck, perhaps Marc can request Crandall to provide us copies. The reports are as follows:

| | |
|---|---|
| RP10578 JC Cost/Est by Month | Job Cost Report - Costs/Estimates |
| RP 00163 JC Contract Status | Contract Status Report |
| RP 00210 JC Cost/Est Compare | Cost to Estimates Comparison |
| RP 10697 SCI Jobs WS Rev 4 | Work In Progress Report |

Contact Status Calculation Worksheet (This is not computer generated)

12/31/00 Progress Payment Applications


************************************
Jan D. Sokol
Stewart Sokol & Gray, LLC
2300 SW First Avenue
Suite 200
Portland, OR 97201-5047
503-221-0699
503-227-5028 (fax)
E-mail: mailto:jdsokol@lawssg.com
Web Site: www.lawssg.com
************************************
**NOTICE:**

**THIS EMAIL TRANSMISSION MAY CONTAIN INFORMATION WHICH IS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, OR TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE CONTACT US IMMEDIATELY, DESTROY ANY COPIES AND DELETE IT FROM YOUR COMPUTER SYSTEM.**

02/07/2007

## Cabot Christianson

From: "Cabot Christianson" <cabot@cbslawyers.com>
To: <gary@cbslawyers.com>
Sent: Tuesday, March 16, 2004 8:44 AM
Subject: Peterson Sullivan statute of limitations

Have you had a chance to look at this issue yet?

Cabot Christianson, Esq.
Christianson, Boutin & Spraker
911 West 8th Ave., Suite 302
Anchorage AK 99517
907/258-6016 phone
907/258-2026 fax
cabot@cbslawyers.com



4916
000319