James D. Gilmore
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS LLC
711 H Street, Suite 620
Anchorage, AK 99501
Ph. (907) 272-9272/Fax (907) 272-9586

Attorneys for Defendant
Jan D. Sokol

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., an Alaska Native Village corporation, and CHILKATS' PORTGAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>　　　　　　　　　Defendants. | Case No. A06-00063 (TMB) |
| SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., an Alaska Native Village corporation, and CHILKATS' PORTAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>　　　　Counter-Claim and<br>　　　　Third Party Plaintiff,<br><br>vs.<br>TRAVELERS CASUALTY AND SURETY | |

Memorandum in Support of Motion for Summary Judgment
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
1

COMPANY OF AMERICA, a Connecticut corporation, STEWART, SOKOL & GRAY, L.L.C., and JAN D. SOKOL,

Counterclaimant and
Third Party Defendants.

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

### FACTS

A detailed statement of the facts in this case, and the law generally regarding summary judgment, is set forth in Travelers' Memorandum in Support of Travelers' Motion for Summary Judgment dated November 19, 2007.  Cross-Defendants Sokol incorporate by reference herein that Statement of Facts.

For purposes of this Motion, the facts begin with the Answer to Travelers' Complaint filed by South Coast/Klukwan on May 15, 2006 which asserted that Klukwan and South Coast were "joint clients" of Jan Sokol and Stewart, Sokol & Gray in the Travelers' litigation against "Peterson Sullivan," "or, at a minimum, an intended beneficiary of such action."

### NO ATTORNEY-CLIENT RELATIONSHIP

Klukwan and South Coast were not "joint clients" of defendants Sokol.  No attorney-client relationship existed between them.  Whether an attorney-client relationship exists between an attorney and a client is a matter of contract.  The parties must mutually agree that the relationship exists.  See: SMWNPF Holdings, Inc. v. Devore, 165 F.3d 360 (5th Cir. Ct. App., 1999).  No attorney-client relationship exists if the client does not communicate to the lawyer that he or she is looking to the lawyer for advice, or if the lawyer has no reason to know that the putative "client" is relying

Memorandum in Support of Motion for Summary Judgment
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
2

upon him or her for representation. See: <u>Legacy Homes, Inc. v. Cole,</u> 421 S.E. 2d 127 (Ga. App. 1992). Factors normally considered are whether the alleged "client" consulted with the attorney, whether it was apparent that the alleged "client" was seeking advice from the attorney, whether the attorney gave or promised to give legal advice to the alleged "client", whether the parties made an express contract, whether payment was made by the alleged "client" to the attorney or whether the attorney billed the alleged "client" for services rendered, whether the alleged "client" delivered to the attorney confidential information or records, whether the attorney stated that he was representing the alleged "client" whether the attorney was aware of the alleged "client's" reliance upon him. See also: Section 8.3 Vol. 5, of Mallen and Smith, <u>Legal Malpractice,</u> 5th Edition, (at 782, et seq.)

In this case, none of the factors are present. No retention agreement existed between Sokol and Klukwan/South Coast. Klukwan/SCI was represented throughout by their own separate counsel, Cabot Christensen. Tom Crandall, Klukwan/SCI's CEO, identified Cabot Christensen as Klukwan/SCI's lawyer in the Affidavit that he filed in this case in support of South Coast's Motion for Summary Judgment, and described Sokol as "Travelers' lawyer." Crandall testified that he never had a conversation of substance regarding the claim with Sokol, without ensuring that Cabot Christensen was also participating, never consulted with Sokol separately, and never sought legal advice from Sokol. None of the Sokol billing records indicates that services were being rendered by Sokol for South Coast. South Coast was never billed for, nor did South Coast ever pay, any of the fees generated by the Sokol firm. Cabot

Memorandum in Support of Motion for Summary Judgment
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
3

Christensen repeatedly told Sokol that South Coast was considering pursuing its own "substantive claim" against Peterson Sullivan and did not suggest or imply that South Coast had an attorney-client relationship with Sokol, until March, 2006, some seven months after Judge Beistline granted Peterson Sullivan's Motion for Summary Judgment dismissing the case and that assertion was made only after Sokol informed Christiansen that Travelers would be filing a Complaint against South Coast for failure to perform its obligations under the Repayment Agreement.

Based on these undisputed facts, this court should find that no attorney-client relationship existed between Sokol and South Coast, and that Sokol owed no duty by virtue of such a relationship to South Coast to timely file Travelers' Complaint against Peterson Sullivan.

## THIRD-PARTY LIABILITY

Klukwan/South Coast also assert that Sokol owed a duty to them, as a "third party" to timely file the claim against Peterson Sullivan.

Mallen, Legal Malpractice, Volume I, 5th edition, section 7.5, at p. 682, states the rule:

> "... analysis ... starts with the historical rule that an action for Professional negligence requires privity of contract, and, therefore, the action cannot lie in favor of a person other than the client".

A duty may be found, however, in limited circumstances. The test is whether the transaction between the lawyer and the client was intended by the client and the lawyer to benefit the third party. At page 690, Mallen states:

> "... modern decisions have favored extending privity beyond the Confines of the attorney-client relationship only if the plaintiff was

Memorandum in Support of Motion for Summary Judgment
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
4

Intended to be <u>the</u> beneficiary of the lawyer's retention…" (emphasis added).

See: Hazard and Hodes; <u>The Law of Lawyering,</u> Volume I, Edition Section 1.1:203, of pd.1807 states that a duty may exist only if the third party plaintiff is specifically identified as the intended beneficiary of the services that the lawyer is providing to the client. See also: <u>Espinosa v. Sparber, Schevin, Shapo, Rosen and Heilbronner</u>, 586 So.2d1221 (Fla. District Ct. App. 1991): <u>Wilson Cunningham v. Meyer,</u> 820 P2d 725 (Kansas Ct. App. 1991).

Courts have used three tests to determine whether a lawyer has a duty to a third party: First, the California multi criteria balancing test; Second, the test set forth in Section 73 of the Restatement Law of Lawyers; Third, the third party beneficiary test formulated in Section 302 of the Restatement of Contracts. See; Mallen, <u>Legal Malpractice,</u> 5th addition, Vol. 1, at Section 7.8.

The California multi-criteria test identifies six factors to determine whether a duty exists:

(1) The extent to which the transaction was intended to affect the plaintiff;

(2) The forseeability of harm to the plaintiff;

(3) The degree of certainty that the plaintiff suffered injuries;

(4) The closeness of the connection between the defendant's conduct and the injury;

(5) The policy of preventing future harm, and;

(6) Whether the recognition of liability under the circumstances would impose undue burden on the profession.

Memorandum in Support of Motion for Summary Judgment
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
5

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Section 73 of the Restatement of the Law of Lawyers (Third) uses a slightly different set of criteria, imposing a duty care only if:

(a) The lawyer has reason to know the client intends as one of the primary objectives of the representation that the lawyer's services benefit the non-clients and

(b) Such a duty would not significantly impair the lawyers performance of obligations to the client, and

(c) The absence of such a duty would make the enforcement of those obligations unlikely.

Section 302 of the Restatement of Contracts requires intent by the parties involved and benefit the third party.

An <u>intent to benefit the third party</u> is essential element of all three tests. On page 701, Mallen states, "no matter the legal theory, the predominant inquiry usually has focused on <u>one criterion</u>: was the principal purpose of the attorney's retention to provide legal services for the benefit of the plaintiff? If the answer is "no", other factors need not be considered. (emphasis added)" [1]

The intent must be mutual. The attorney's understanding should be the result of a conscious decision so that the consequences of a duty to a third person can be considered and the undertaking declined if conflicts or financial exposure is too great.

---

[1] No Alaska cases are directly or point regarding the issues addressed in this memorandum. Accordingly, numerous citations are made to Mallen and Smith, <u>Legal Malpractice,</u> Fifth Edition, a work Frequently cited by the Alaska Supreme Court as an authoritative treatise on the law of Legal Malpractice. See: <u>Power Constructors v. Taylor Hinke,</u> 460 P2d.20(Alaska 1998); <u>Shaw v. Department of Administration,</u> 861 P2d. 566 (Alaska 1993); and <u>Chi of Alaska v. Employers Reinsurance Group,</u> 844 P2d. 1113 (Alaska 1993).

Memorandum in Support of Motion for Summary Judgment
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
6

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

(Mallen, p. 702). The third party's subjective interest, belief or reliance is irrelevant (Mallen, p.203), and no duty is found if the interest of the third party are in conflict with those of the client (Mallen, p. 206).

No Alaska cases are on point. Several cases have discussed the circumstances which must be present before an accountant has a duty to a third party. In <u>Selden v. Burnett</u>, 754, P.2d 256 (Alaska 1988) the Alaska Supreme Court relied upon the concept of duty to resolve the case, but refused to find the accountant liable for private tax information he had provided to his client. Citing <u>Howarth v. Pfeifer,</u> 442 P.2d 39, 43 (Alaska 1968). The court explained that, before there can be liability for negligent misrepresentation,"…there must be a relationship between the parties, whether growing out of contract or otherwise, such that in morals and good conscience the plaintiff has the right to reply upon the defendant for information, and the latter owes a duty to give information with care." See <u>Selden</u>, 754 P.2d at 259. The court stated that, when giving personal tax advice regarding a particular investment, "the accountant owes a duty of care to third parties only if the accountant specifically intends the third parties to invest relying upon his advice, and only if he makes his intent known." [2]

In this case, there is no evidence that Jan Sokol either intended or knew that his representation of Travelers in the Peterson Sullivan case would be relied upon by Klukwan/South Coast. In fact, just the opposite was true. Cabot Christiansen, as

---

[2] Courts have been much more reluctant to extend liability to third parties by lawyers than they have accountants. The attorney-client relationship is laced with fiduciary obligations that do not exist in the accountant-client relationship. See <u>Mallen</u>, at p. 685.

Memorandum in Support of Motion for Summary Judgment
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
7

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

South Coast's lawyer, expressly informed Sokol that Klukwan/South Coast was considering making its own "substantive claim" against Peterson Sullivan. In his e-mails to Sokol, Christiansen distinguished the joint undertaking of Travelers and Klukwan to obtain the work papers of Peterson Sullivan from the "substantive claims" against Peterson Sullivan, advising that Klukwan was evaluating "its own cause of action against Peterson Sullivan." No contrary information was ever communicated to Sokol until almost seven months after Judge Beistline dismissed Travelers complaint.

The undisputed facts are that neither Travelers nor Sokol intended that Sokol's representation of Travelers in the Peterson Sullivan case be for the benefit of Klukwan/South Coast. Travelers claims representative Chuck Langfitt told Sokol that Travelers did not agree and would not extend "dollar for dollar" credit against the obligation by Klukwan to Travelers any monies recovered from Peterson Sullivan and Sokol told Cabot Christiansen that that was Travelers position. Thus, Klukwan/South Coast was specifically told by Sokol that Klukwan/South Coast was _not_ the "intended beneficiary" of Travelers claims against Peterson Sullivan.

Finally, a significant conflict of interest existed between Travelers and Klukwan. The Travelers suit included a claim against the former officers and directors of South Coast. Although Klukwan encouraged the insertion of that claim in the beginning, that encouragement evaporated once the lawsuit was filed and the officers and directors made claims against Klukwan for defense and indemnification. At that point Klukwan contended that the officers and director were, "affiliates" of Klukwan, and therefore immunized from suit by the express language of the Repayment Agreement.

Memorandum in Support of Motion for Summary Judgment
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
8

Travelers strenuously rejected that contention. (see letter of Jan Sokol to Cabot Christiansen, dated December 16, 2004 a copy which is attached hereto).

In conclusion, none of the criteria for imposition of duty on Sokol and The Sokol Firm to pursue the Travelers, Peterson Sullivan claim for the benefit of Klukwan are present, and Sokol's motion for summary judgment should be granted.

## CONCLUSION

For the reasons stated above, and the authorities cited, this Court should grant summary judgment in defendants Sokol favor and dismiss South Coast's Third Party Complaint against Sokol.

/s/   James D. Gilmore
James D. Gilmore, #6702007
**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska  99501
(907) 272-9272
jgilmore@olypen.com

Certificate of Service

I hereby certify that on this 22nd day of April 2008, a copy of the foregoing document was served electronically through the ECF system on Gary Spraker, Richard Spoonemore and James T. Hopkins.

/s/ James D. Gilmore

Memorandum in Support of Motion for Summary Judgment
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
9

James D. Gilmore
CLAPP, PETERSON, VAN FLEIN,
  TIEMESSEN & THORSNESS LLC
711 H Street, Suite 620
Anchorage, AK 99501
Ph. (907) 272-9272/Fax (907) 272-9586
Attorneys for Defendant
Jan D. Sokol

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., an Alaska Native Village corporation, and CHILKATS' PORTGAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>Defendants. | Case No. A06-00063 (TMB) |
| SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., an Alaska Native Village corporation, and CHILKATS' PORTAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>Counter-Claim and Third Party Plaintiff,<br><br>vs.<br>TRAVELERS CASUALTY AND | |

Affidavit of Jan Sokol
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 1 of 5

SURETY COMPANY OF AMERICA, a Connecticut corporation, STEWART, SOKOL & GRAY, L.L.C., and JAN D. SOKOL,

Counterclaimant and
Third Party Defendants.

## AFFIDAVIT OF JAN SOKOL

STATE OF OREGON   )
                  ) ss.
MULTNOMAH COUNTY  )

Jan Sokol, being duly sworn, says:

1.  Affiant is an attorney licensed to practice law in the State of Oregon, Washington and Idaho.

2.  Affiant represented Travelers in the underlying negligence case against Peterson Sullivan and the officers of South Coast, Inc., titled Travelers Casualty and Surety Company of America v. Gelbrich, et al. Case No. 04-0165 (D Alaska).

3.  Before the filing of that lawsuit, affiant represented Travelers and Klukwan/South Coast for the limited purpose of petitioning the United States District for the Western District of Washington in Seattle for an order In the Matter of the Petition of Klukwan, Inc. and Travelers Casualty and Surety Company of America, Case No. MS04-014.

4.  Affiant has never represented Klukwan/South Coast in any other action, for any other purpose, or in any other capacity.

///

Affidavit of Jan Sokol
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 2 of 5

5. Specifically, Affiant did not have an attorney/client relationship with Klukwan/South Coast in pursing negligence claims, in the Peterson Sullivan action; nor was Klukwan/South Coast an "intended beneficiary" of those claims.

6. No retention letter was ever prepared or signed for the representation of Klukwan/South Coast by Sokol.

7. Klukwan/South Coast was never billed for any of the work that Sokol Performed.

8. At all relevant times Klukwan/South Coast was represented by its own separate attorney, Cabot Christiansen.

9. Affiant never had any separate substantive discussions with Tom Crandall, the CEO of Klukwan/South Coast relative to the negligence claims against Peterson Sullivan.

10. Affiant never provided any legal advice to Tom Crandall or to Klukwan/South Coast regarding the Peterson Sullivan claims.

11. At no time did affiant believe, nor did Chuck Langfitt, the Travelers claims representative, ever suggest to affiant that Travelers intended the pursuit of the Travelers claim against Peterson Sullivan to be for the benefit of Klukwan/South Coast.

12. In February 2004, Chuck Langfitt specifically advised affiant that Travelers did not agree that any monies obtained from Peterson Sullivan as a result of the Peterson Sullivan suit would be credited to the debt Klukwan/South Coast owed to Travelers.

Affidavit of Jan Sokol
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 3 of 5

13. At all relevant times, Christiansen advised affiant and affiant believed, that Klukwan/South Coast was considering its own "substantive claims" against Peterson Sullivan and that Cabot Christiansen was counsel for Klukwan/South Coast.

14. At no time prior to March 2006 did Cabot Christiansen, Tom Crandall, or any one on behalf of Klukwan/South Coast ever suggest to affiant that it believed that an attorney/client relationship existed between South Coast and affiant and affiant's firm or that Klukwan/South Coast was relying upon affiants to timely file Travelers claims against Peterson Sullivan.

15. At no time prior to March, 2008, did Cabot Christiansen, Tom Crandall or any one Klukwan/South Coast ever state or suggest to affiant that Klukwan/South Coast believed it was an "intended beneficiary" of the claims that Travelers was making against Peterson Sullivan.

Dated: 4-22-2008

By _____
Jan Sokol

State of OREGON      )
                     ) ss.
County of Multnomah  )

On this ____ day of April, 2008, personally appeared before me _____ who of stated that he is the _____ of _____, a corporation, and that the instrument was signed in behalf of the said corporation by authority of its board of directors and acknowledged said instrument to be its voluntary act and deed. Before me:

_____
Notary Public for Oregon
My Commission Expires: Sept 5, 2008

OFFICIAL SEAL
DAYNA L SIMMONS
NOTARY PUBLIC-OREGON
COMMISSION NO. 383329
MY COMMISSION EXPIRES SEPT 5, 2008

Affidavit of Jan Sokol
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 4 of 5

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

## Certificate of Service

I hereby certify that on this 22nd day of April 2008, a copy of the foregoing document was served electronically through the ECF system on Gary Spraker, Richard Spoonemore and James T. Hopkins.

/s/ James D. Gilmore

Affidavit of Jan Sokol
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 5 of 5