# Exhibit A

## Theresa Redfern

| | |
|---|---|
| From: | Theresa Redfern |
| Sent: | Wednesday, April 16, 2008 5:39 PM |
| To: | 'jgilmore@olypen.com' |
| Cc: | 'jth@soslaw.com'; Rick Spoonemore |
| Subject: | Travelers v. South Coast, Sokol, et al. |
| Attachments: | Gilmore,J.-RES-041608.pdf |

Jim,

Here is a copy of my letter to you today (also sent by fax).

Richard E. Spoonemore
rspoonemore@sylaw.com

Sent by
Theresa A. Redfern
Legal Secretary
SIRIANNI YOUTZ MEIER & SPOONEMORE
719 Second Avenue, Suite 1100
Seattle, WA 98104
☎ Tel. 206.223.0303
📠 Fax 206.223.0246
✉ theresa@sylaw.com



Gilmore,J.-RES-
041608.pdf

1

# SIRIANNI YOUTZ
# MEIER & SPOONEMORE

April 16, 2008

**BY FACSIMILE & EMAIL**
*Fax (907) 272-9586; jgilmore@olypen.com*

James D. Gilmore
11255 Rhody Drive
Port Hadlock, WA 98339

        RE:    *Travelers v. South Coast, Sokol et. al.*

Dear Jim:

      I was surprised to see the text of the stipulation you filed yesterday only an hour or so after we spoke about the form of the stipulation. I made it clear that we would *only* agree to move the dates related to experts, and that I had no authorization to agree to generally move the discovery cut-off date for any purpose. Specifically, I told you that my memory (which I later confirmed with my notes and Jim Hopkins) was that Travelers would agree to extend the discovery cut-off date for the express and limited purpose of deposing Mr. Heilesen, Mr. Hombach, and the Peterson Sullivan witnesses during the week of May 5. However, the proposed stipulation filed with the Court extends the discovery cut-off date for all purposes until May 15. This is not acceptable to Travelers, and we have not authorized the filing of such a stipulation.

      Please withdraw the stipulation filed yesterday. We have not – and do not – agree with the extension of the discovery cut-off date for any purpose until May 15. We have agreed to move the expert disclosure deadline and the deadline for expert discovery until June 15 and July 15, respectively. A stipulation reflecting that fact may be filed under our signature. Furthermore, we will continue to honor our commitment to allow the depositions of Mr. Heilesen, Mr. Hombach and the Peterson Sullivan witnesses to be taken during the week of May 5. You may put that into the stipulation, if you wish.

      Other scheduling modifications will need to be worked out on a case-by-case basis pending approval by my client. As I noted in my last letter, however, we believe that discovery has taken far too long and must rapidly come to a close.

                              Very truly yours,

                              SIRIANNI YOUTZ
                              MEIER & SPOONEMORE

                              Richard E. Spoonemore

RES:tr
cc:    James T. Hopkins
       Client

# Exhibit B

# James D. Gilmore
Attorney at Law
11255 Rhody Drive
Port Hadlock, WA 98339

Office (360) 379-0212                                                     Fax: (360) 385-2973

April 17, 2008

SENT VIA FACSIMILE (206) 223-0246
AND FIRST CLASS MAIL

Richard E. Spoonemore, Esq.
Sirianni Youtz Meier & Spoonemore
1100 Millenium Tower
719 Second Avenue
Seattle, WA 98104

Re:   Travelers v. South Coast / Travelers v. Sokol
      Our File No. 5970-10

Dear Rick:

    I am sorry if my filing of the Stipulation to Extend the Discovery deadlines in the above referenced case caused you unnecessary heartburn. In talking to Gary Spraker last week, we agreed to do a complete job on the Peterson Sullivan depositions and we probably needed to give Peterson Sullivan at least 45 days advance notice, 30 for them to produce their documents and an additional 15 days from that date to take their deposition.

    To properly lay the issue before the court, Gary and I agreed that it would be a good idea to send a letter to Barb Schmidt, the attorney for Peterson Sullivan, who was steadfastly refusing to return any of my phone calls, setting out that manner of proceeding in setting up the Peterson Sullivan depositions in that fashion, and that it would be good to get that worked out before we filed the next Stipulation to extend the deadlines with the court. To that end, I tried to call you on Monday morning, and left a voicemail message, but received no return phone call on Monday. I called on Tuesday, left a voicemail message in the morning, but did not receive a telephone call back from you until late in the afternoon of Tuesday. You were on a ferry returning from Bremerton, and when I mentioned to you the idea that we take a few days to discuss exactly what the discovery problems were going to be with the remaining depositions, but you said you felt very uneasy letting the sun set on Tuesday, the date for exchanging expert reports, without having something filed with the court, and urged me to file a Stipulation on Tuesday so I went ahead and filed the Stipulation that contained the identical language of the stipulations we have previously filed.

    During the course of our conversation you told me that it was your understanding that the only lay witness depositions that could now be taken would be the Peterson Sullivan and Travelers underwriter depositions. I disagreed, and told you that it was my understanding that discovery of all lay witnesses remained open per prior agreement until May 15. You said that you would see what Hopkin's notes revealed with regard to the reasons for the extension of

Richard E. Spoonemore, Esq.
April 17, 2008
Page - 2

<u>time, but told me that you did not have authority from Travelers to allow other depositions other than those of Peterson Sullivan and Travelers underwriters.</u> ←

I told you that I had recently located Mike Houts and Jerry Renich, and I was probably going to want to take their depositions. Houts and Renich have been on everybody's witness lists from the beginning of this lawsuit. Only recently have I been able to locate them. I am trying to persuade them both to agree to attend the trial as live witnesses, which would be my preference, but Mike Houts' wife recently died and he has a child he must care for at home. He said it would be a great hardship for him to travel to Anchorage to testify and requested that I try to schedule his deposition. I have been trying to obtain a range of dates from Mike when he would be available to do that. I hope to convince Jerry Renich to come to Anchorage to testify live, but, failing that, will want to take his deposition.

Houts and Renich are key witnesses. They will be able to testify that, as of the year end 2000, South Coast had been following the internal controls system recommended by FMI, and, further, the financial reports of South Coast for year end 2000 accurately depicted the financial condition of South Coast. Houts and Renich will be able to identify each project and tell what went wrong with each. Their testimony will be that the problems that caused the South Coast losses in 2001 were not "known" or "knowable" at year end 2000.

Both are obviously very important witnesses. The way this case is shaping up, they may be the only real live non-expert witnesses who would testify at the trial. I think a jury would be very interested to hear what they have to say. Both know exactly what was going on at that time with regard to South Coast and Klukwan, and the demands that were being made upon South Coast, and the communications that occurred between South Coast and Klukwan; and both the underwriters and the auditors.

We do not have a trial date in this case. I do not think that Travelers will be unduly prejudiced from a preparation standpoint if these depositions are taken. On the other hand, I can certainly understand why Travelers does not want these depositions to be taken. Houts and Renich, in short, are witnesses who will be able to say that with regard to Travelers' "case within a case", there truly was no "there" there.

I think that Gary Spraker and I both agree that it might be appropriate to lay before the judge on the 25th any scheduling issues, quarrels, bickering, backslidings, accusations, etc..., that exist between and among the parties, and let Judge Burgess decide what is fair and equitable, given our purpose here, i.e., to fully develop the facts for trial. That is really all that matters at the end of the day.

Very truly yours,

*[signature]*

James D. Gilmore, Esq.

JDG:cla
S:/Gilmore/Sokol.041708.wpd

# Exhibit C

## Theresa Redfern

| | |
|---|---|
| **From:** | Theresa Redfern |
| **Sent:** | Friday, April 18, 2008 4:59 PM |
| **To:** | 'jgilmore@olypen.com' |
| **Cc:** | 'James T. Hopkins (jth@soslaw.com)'; Rick Spoonemore |
| **Subject:** | Travelers v. South Coast, Sokol, et al. |
| **Attachments:** | Gilmore,J.-RES-041808.pdf |

To: James D. Gilmore

Here is a copy of my letter to you today (copy also sent by fax).

Richard E. Spoonemore
rspoonemore@sylaw.com

Sent by
Theresa A. Redfern
Legal Secretary
SIRIANNI YOUTZ MEIER & SPOONEMORE
719 Second Avenue, Suite 1100
Seattle, WA 98104
☎ Tel. 206.223.0303
🖷 Fax 206.223.0246
✉ theresa@sylaw.com



Gilmore,J.-RES-
041808.pdf

1

## SIRIANNI YOUTZ
## MEIER & SPOONEMORE

April 18, 2008

**BY FACSIMILE & EMAIL**
*Fax (907) 272-9586; jgilmore@olypen.com*

James D. Gilmore
11255 Rhody Drive
Port Hadlock, WA 98339

     RE:    *Travelers v. South Coast, Sokol et. al.*

Dear Jim:

     Thank you for your letter of yesterday's date. Unfortunately, the letter fails to address the request I made in my letter dated April 16 – that <u>the stipulation filed under my signature (and Jim Hopkins' signature) was never authorized</u>. The stipulation must be withdrawn immediately. As noted in my prior letter, we have not agreed to extend the discovery cut-off date for any purpose until May 15 as the stipulation represents.

     I will address the other issues raised in your letter next week.

     Very truly yours,

     SIRIANNI YOUTZ
     MEIER & SPOONEMORE

     Richard E. Spoonemore

RES:tr
cc:    James T. Hopkins
        Client

**Exhibit D**

## Theresa Redfern

| | |
|---|---|
| **From:** | Jim Gilmore [jgilmore@olypen.com] |
| **Sent:** | Saturday, April 19, 2008 1:34 PM |
| **To:** | Theresa Redfern |
| **Subject:** | Re: Travelers v. South Coast, Sokol, et al. |

Rick- I did not want to file anything on Tues. under anyone's name. I wanted to discuss with you the suggestions Gary and I were making re: how to best accomplish the Peterson Sulliven depos and whether there were any disagreements among us, and ,if so what they were., and then , if it was necessary, go to the court for assistance.  You insisted that I file the stipulation before close of business Tues., and as an accomodation to you, I agreed to do so. It was late in the day, I had a cold, and I was trying to get out of the office to go home and work on my cold. I simply changed the dates and the stipulation that we have used many times before that I think accurately states our positions (and still do), and asked the Anchorage office to file it.

Again, all as an accomodation to you. Next time you can do it.

I'm not going to bother the court with this - cold permitting, I am going to Kansas for family business on  Monday. If you want to file something with the court, do it, but attach my letter and this e-mail so the court gets the full picture.

Jim Gilmore

> ----- Original Message -----
> **From:** Theresa Redfern
> **To:** jgilmore@olypen.com
> **Cc:** jth@soslaw.com ; Rick Spoonemore
> **Sent:** Friday, April 18, 2008 4:59 PM
> **Subject:** Travelers v. South Coast, Sokol, et al.
>
> To:  James D. Gilmore
>
> Here is a copy of my letter to you today (copy also sent by fax).
>
> Richard E. Spoonemore
> rspoonemore@sylaw.com
>
> Sent by
> Theresa A. Redfern
> Legal Secretary
> SIRIANNI YOUTZ MEIER & SPOONEMORE
> 719 Second Avenue, Suite 1100
> Seattle, WA  98104
> ☎ Tel. 206.223.0303
> 🖷 Fax 206.223.0246
> ✉ theresa@sylaw.com
>
> <<Gilmore,J.-RES-041808.pdf>>

4/23/2008