James D. Gilmore
CLAPP, PETERSON, VAN FLEIN,
  TIEMESSEN & THORSNESS LLC
711 H Street, Suite 620
Anchorage, AK 99501
Ph. (907) 272-9272/Fax (907) 272-9586
Attorneys for Defendant
Jan D. Sokol

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>                  Plaintiff,<br><br>vs.<br><br>SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., an Alaska Native Village corporation, and CHILKATS' PORTGAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>                  Defendants. | Case No. A06-00063 (TMB) |
| SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., an Alaska Native Village corporation, and CHILKATS' PORTAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>               Counter-Claim and<br>             Third Party Plaintiff,<br><br>vs.<br>TRAVELERS CASUALTY AND | |

Affidavit of Jan Sokol
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 1 of 5

SURETY COMPANY OF AMERICA, a Connecticut corporation, STEWART, SOKOL & GRAY, L.L.C., and JAN D. SOKOL,

Counterclaimant and
Third Party Defendants.

### AFFIDAVIT OF JAN SOKOL

STATE OF OREGON   )
                  ) ss.
MULTNOMAH COUNTY  )

Jan Sokol, being duly sworn, says:

1. Affiant is an attorney licensed to practice law in the State of Oregon, Washington and Idaho.

2. Affiant represented Travelers in the underlying negligence case against Peterson Sullivan and the officers of South Coast, Inc., titled Travelers Casualty and Surety Company of America v. Gelbrich, et al. Case No. 04-0165 (D Alaska).

3. Before the filing of that lawsuit, affiant represented Travelers and Klukwan/South Coast for the limited purpose of petitioning the United States District for the Western District of Washington in Seattle for an order In the Matter of the Petition of Klukwan, Inc. and Travelers Casualty and Surety Company of America, Case No. MS04-014.

4. Affiant has never represented Klukwan/South Coast in any other action, for any other purpose, or in any other capacity.

///

Affidavit of Jan Sokol
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 2 of 5

5. Specifically, Affiant did not have an attorney/client relationship with Klukwan/South Coast in pursing negligence claims, in the Peterson Sullivan action; nor was Klukwan/South Coast an "intended beneficiary" of those claims.

6. No retention letter was ever prepared or signed for the representation of Klukwan/South Coast by Sokol.

7. Klukwan/South Coast was never billed for any of the work that Sokol Performed.

8. At all relevant times Klukwan/South Coast was represented by its own separate attorney, Cabot Christiansen.

9. Affiant never had any separate substantive discussions with Tom Crandall, the CEO of Klukwan/South Coast relative to the negligence claims against Peterson Sullivan.

10. Affiant never provided any legal advice to Tom Crandall or to Klukwan/South Coast regarding the Peterson Sullivan claims.

11. At no time did affiant believe, nor did Chuck Langfitt, the Travelers claims representative, ever suggest to affiant that Travelers intended the pursuit of the Travelers claim against Peterson Sullivan to be for the benefit of Klukwan/South Coast.

12. In February 2004, Chuck Langfitt specifically advised affiant that Travelers did not agree that any monies obtained from Peterson Sullivan as a result of the Peterson Sullivan suit would be credited to the debt Klukwan/South Coast owed to Travelers.

Affidavit of Jan Sokol
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 3 of 5

13.  At all relevant times, Christiansen advised affiant and affiant believed, that Klukwan/South Coast was considering its own "substantive claims" against Peterson Sullivan and that Cabot Christiansen was counsel for Klukwan/South Coast.

14.  At no time prior to March 2006 did Cabot Christiansen, Tom Crandall, or any one on behalf of Klukwan/South Coast ever suggest to affiant that it believed that an attorney/client relationship existed between South Coast and affiant and affiant's firm or that Klukwan/South Coast was relying upon affiants to timely file Travelers claims against Peterson Sullivan.

15.  At no time prior to March, 2008, did Cabot Christiansen, Tom Crandall or any one Klukwan/South Coast ever state or suggest to affiant that Klukwan/South Coast believed it was an "intended beneficiary" of the claims that Travelers was making against Peterson Sullivan.

Dated: 4-22-2008

By: Jan Sokol

State of OREGON         )
                        ) ss.
County of Multnomah     )

On this _____ day of April, 2008, personally appeared before me _____ who of stated that he is the _____ of _____, a corporation, and that the instrument was signed in behalf of the said corporation by authority of its board of directors and acknowledged said instrument to be its voluntary act and deed. Before me:

Dayna L. Simmons
Notary Public for Oregon
My Commission Expires: Sept 5, 2008



OFFICIAL SEAL
DAYNA L SIMMONS
NOTARY PUBLIC-OREGON
COMMISSION NO. 383329
MY COMMISSION EXPIRES SEPT 5, 2008

Affidavit of Jan Sokol
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 4 of 5

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

## Certificate of Service

I hereby certify that on this 23rd day of April 2008, a copy of the foregoing document was served electronically through the ECF system on Gary Spraker, Richard Spoonemore and James T. Hopkins.

/s/ James D. Gilmore

Affidavit of Jan Sokol
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 5 of 5