Message                                                                 Page 1 of 4

Robert B. Coleman
_____

From: Jan D Sokol
Sent: Thursday, June 10, 2004 4:44 PM
To: Robert B. Coleman
Subject: FW: South Coast 12/31/00 Financial Statement

Please copy and put in file(s).

-----Original Message-----
From: Jan D Sokol
Sent: Thursday, June 10, 2004 3:51 PM
To: 'Langfitt,Charles W'; 'Jordan S. Rosenfeld'
Subject: RE: South Coast 12/31/00 Financial Statement

Based on Jordan's conclusions below, and my review of the material and the law, I believe we have sufficient factual evidence to support claims against the directors and officers and the accounting firm. I will prepare a draft complaint for your review. We can certainly sue the accounting firm in Washington, but personal jurisdiction over the officers and directors may not be possible.

If we are going to sue them in the same action, I would recommend the USDC for the District of Alaska. Chuck, with respect to damages, I have the large loss analysis. I will need help from you and Jordan in assessing the damages to be asserted with respect to the directors and officers and the accounting firm.

I assume we will need to contact Crandall and Cabot once we have finalized our plans.

-----Original Message-----
From: Langfitt,Charles W [mailto:CLANGFIT@stpaultravelers.com]
Sent: Tuesday, June 08, 2004 4:57 PM
To: Jordan S. Rosenfeld; Jan D Sokol
Subject: RE: South Coast 12/31/00 Financial Statement

Jan, you have the Peterson Report, and Jordan, a copy should be in your copy of the Underwriting file, or was sent to you separately.

-----Original Message-----
From: Jordan S. Rosenfeld [mailto:jordon@sutorgroup.com]
Sent: Tuesday, June 08, 2004 4:52 PM
To: Jan D Sokol
Cc: Langfitt,Charles W
Subject: RE: South Coast 12/31/00 Financial Statement

In my opinion, the excessive underbillings and subsequent change in gross profit on the jobs previously mentioned is sufficient for us to believe that Petterson Sullivan may have been negligent in the performance of their audit. The same applies to the management of South Coast with the added caveat that the officers of SCI may have intentionally misled the auditors, Klukwan and/or the surety.

1) The surety relied upon the statements in the issuance of bonds in 2001.

2) The anticipated gross profit as of 12/31/00 were in error based upon SCI's 12/31/01 draft statements. (Never mind how much the jobs ultimately cost Travelers.)

3) In my opinion there were indications in the 12/31/00 statements that the gross profit was overstated that should have been investigated.

EXHIBIT 6
PAGE 1 OF 2

6/10/2004

TRAV81577

Also, my recollection is that Petterson Sullivan performed a seperate operations review of SCI's accounting controls and reported many deficiencies in the SCI systems. This should have been performed as part of the audits, their audit procedures modified accordingly and the client notified of the deficeincies with recomendations for improvement. It does not appear that this happened.

Jordan

---

**From:** Jan D Sokol [mailto:jdsokol@lawssg.com]
**Sent:** Tuesday, June 08, 2004 4:19 PM
**To:** Jordan S. Rosenfeld
**Cc:** Charles.W.Langfitt@travelers.com
**Subject:** RE: South Coast 12/31/00 Financial Statement

CONFIDENTIAL AND PRIVILEGED COMMUNICATIONS

We have 2 separate potential claims. One against the accounts for negligence, and the second is against the former officers and directors for misrepresentation. The first against Peterson Sullivan involves our posting of surety bonds on behalf of South Coast, Inc. In determining whether surety credit was to be provided to Klukwan and its affiliates, Travelers was provided and relied, on among other things, financial statements which were prepared by Peterson Sullivan. If they were not not performed in accordance with GAAS and we were damaged as a result, we could have a professional negligence claim against the accountants.

Second, South Coast had financial and management control issues. Klukwan, Inc. ("Klukwan") hired Falls Management to assist in resolving the problems by putting in proper management and financial controls. Travelers has asserted that Ronald Gelbrich, Jerald Renich, Brad Finney, Jan Paulson, Michael Houts and Edwin Johnson failed to ensure that the proper controls were followed. After failing to ensure the proper controls were followed, these individuals chose to ignore or misinformed Klukwan about South Coast's true financial condition. As a result of these actions, the financial representations made to Travelers in connection with South Coast's and Klukwan's requests for surety credit failed to reflect South Coast's true financial condition, and these individuals knew or should have known that the representations being made to Travelers and relied upon by Travelers in providing new surety credit were false.

Under Rule 11, the standard is:

"The signature of an attorney or party constitutes a certificate that the attorney or party has read the pleading, motion or other paper; that to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

The question to you is do we have sufficient factual evidence to make these assertions and file an action asserting these claims.

---

Jan D. Sokol
Stewart Sokol & Gray, LLC
2300 SW First Avenue
Suite 200
Portland, OR 97201-5047
503-221-0699
503-227-5028 (fax)
E-mail: mailto:jdsokol@lawssg.com

6/10/2004

EXHIBIT 6
PAGE 2 OF 2

TRAV81578