James D. Gilmore
CLAPP, PETERSON, VAN FLEIN,
   TIEMESSEN & THORSNESS LLC
711 H Street, Suite 620
Anchorage, AK 99501
Ph. (907) 272-9272/Fax (907) 272-9586
Attorneys for Defendant
Jan D. Sokol and Stewart Sokol & Gray, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>               Plaintiff,<br><br>vs.<br><br>SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., an Alaska Native Village corporation, and CHILKATS' PORTGAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>               Defendants. | Case No. A06-00063 (TMB) |
| SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., an Alaska Native Village corporation, and CHILKATS' PORTAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>        Counter-Claim and<br>        Third Party Plaintiff,<br><br>vs.<br>TRAVELERS CASUALTY AND | |

Affidavit of Jan Sokol
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 1 of 6

EXHIBIT 7
PAGE 1 OF 6

SURETY COMPANY OF AMERICA, a Connecticut corporation, STEWART, SOKOL & GRAY, L.L.C., and JAN D. SOKOL,

Counterclaimant and
Third Party Defendants.

## AFFIDAVIT OF JAN SOKOL

STATE OF OREGON   )
                  ) ss.
MULTNOMAH COUNTY  )

Jan Sokol, being duly sworn, says:

1. Affiant is an attorney, admitted to practice law in Oregon, Idaho, Washington and the District of Columbia;

2. Affiant represented Travelers in the underlying case against Peterson Sullivan;

3. Chuck Langfitt first requested that Affiant assist Travelers in asserting a possible claim against the officers and directors of South Coast in April, 2003; and later requested that Affiant assist Jordan Rosenfeld, the accountant retained by Travelers to determine whether Peterson Sullivan negligently conducted the year end 2000 audit of South Coast's financial statements;

4. Affiant then communicated with Jordan Rosenfeld, who advised Affiant that he could not render a professional opinion concerning

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

whether Peterson Sullivan had properly conducted the audit of South Coast's year end financial reports without first reviewing the work papers Peterson Sullivan generated while performing the audit;

5. At all relevant times, Affiant knew that, in Alaska, the statute of limitations begins to run when a putative party has "information sufficient to alert a reasonable person to begin an inquiry to protect his rights";

6. Affiant did not misstate the discovery rule in the emails he sent to Chuck Langfitt on April 14, and May 25, 2004. It was Affiant's understanding that Chuck Langfitt, who is also a lawyer, was not misled by any reference to the statute of limitations in those emails;

7. At all relevant times, Affiant understood, based on his conversations with Chuck Langfitt, and on information provided to him by Travelers, that Travelers did not have sufficient "information to alert itself to the possibility" that it might have a claim against Peterson Sullivan until at least October of 2002, when Travelers had completed its investigation of the performance and payment bond claims being made against Travelers' surety bonds, and Chuck Langfitt had completed his second large loss report;

Affidavit of Jan Sokol
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 3 of 6

EXHIBIT 7
PAGE 3 OF 6

8. Affiant first learned of the June 19 and 20 email exchange between Chuck Langfitt and Dave Hombach in motion practice that was filed in the summer of 2005;

9. At no time before then did Chuck Langfitt, or anyone at Travelers, ever inform Affiant of the existence of the email exchange, or of the fact that reference had been made of the possibility of a claim being asserted against Peterson Sullivan as early as June 19 and 20, 2002. At no time before the filing of the underlying litigation did Travelers provide me with a copy of this email exchange;

10. Affiant believed, and continues to believe, that he could not ethically proceed with a claim against Peterson Sullivan until Jordan Rosenfeld indicated that, in his professional opinion, a claim could be reasonably made against Peterson Sullivan;

11. Neither the Sutor, nor the Peterson Sullivan reports, questioned or suggested in any way that the Peterson Sullivan audit of the year end 2000 financial statements had been negligently performed;

12. Neither the Peterson Sullivan nor the Sutor reports made any reference to, questioned or suggested that the year end 2000 financial reports of South Coast failed to accurately describe the financial position of South Coast at year end 2000;

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Affidavit of Jan Sokol
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 4 of 6

EXHIBIT 7
PAGE 4 OF 6

13. Both Chuck Langfitt and Jordan Rosenfeld received, and reviewed the Peterson Sullivan and Sutor reports as early as they were distributed in May, 2002;

14. At no time prior to the filing of the Complaint in August of 2004, did either Chuck Langfitt or Jordan Rosenfeld indicate to Affiant that there was information contained in the Peterson Sullivan and Sutor reports that was "sufficient" to alert Travelers of the possibility of a claim being made against Peterson Sullivan;

15. In an Affidavit executed by Chuck Langfitt in Opposition to the Peterson Sullivan Motion for Summary Judgment, Mr. Langfitt states that, in his opinion, Travelers did not have sufficient information to begin an inquiry to determine whether a cause of action existed against Peterson Sullivan, until after October, 2002;

16. Chuck Langfitt executed that Affidavit after he had reviewed all of the briefing on Peterson Sullivan's Motion for Summary Judgment, and knew the "discovery rule" as it pertains to the statute of limitations determinations in Alaska;

17. Based on the information above, and on Affiant's knowledge, training and experience, it is Affiant's opinion that he used the skill and diligence which would be exercised by a reasonably prudent lawyer in preparing and filing the Travelers' Complaint against Peterson Sullivan in the underlying case.

Affidavit of Jan Sokol
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 5 of 6

EXHIBIT 7
PAGE 5 OF 6

Dated: June 24, 2008

By: /s/ Jan D. Sokol

State of OREGON     )
                    ) ss.
County of Multnomah )

On this ____ day of June, 2008, personally appeared before me _____ who of stated that he is the _____ of _____, a corporation, and that the instrument was signed in behalf of the said corporation by authority of its board of directors and acknowledged said instrument to be its voluntary act and deed. Before me:

/s/ Dayna L. Simmons
Notary Public for Oregon
My Commission Expires: Sept. 5, 2008

OFFICIAL SEAL
DAYNA L SIMMONS
NOTARY PUBLIC-OREGON
COMMISSION NO. 383329
MY COMMISSION EXPIRES SEPT 5, 2008

### Certificate of Service

I hereby certify that on this 27th day of June 2008, a copy of the foregoing document was served electronically through the ECF system on Gary Spraker, Richard Spoonemore and James T. Hopkins.

/s/ James D. Gilmore

---

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Affidavit of Jan Sokol
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 6 of 6

EXHIBIT 7
PAGE 6 OF 6