Thomas A. Larkin, ASB #0009055
Jan D. Sokol, *Pro Hac Vice*
STEWART SOKOL & GRAY LLC
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047
Telephone:    (503) 221-0699
Fax:          (503) 227-5028
Email:        tlarkin@lawsss.com
              jdsokol@lawsss.com
   Of Attorneys for Plaintiff Travelers Casualty and
Surety Company of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA, AT ANCHORAGE

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. A04-0165CV (RRB) |
| v. | ) ) | |
| RONALD GELBRICH; JERALD RENICH; BRAD FINNEY; JAN PAULSON; MICHAEL HOUTS; EDWIN JOHNSON; and PETERSON SULLIVAN, P.L.L.C., a Washington limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| JAN PAULSON, | ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| SOUTH COAST, INC., | ) ) | |
| Third-Party Defendant. | ) | |

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699 FAX (503) 227-5028
www.lawsss.com

EXHIBIT 9
PAGE 1 OF 6

## AFFIDAVIT OF CHARLES W. LANGFITT
### IN SUPPORT OF TRAVELERS' OPPOSITION TO
PETERSON SULLIVAN'S MOTION FOR SUMMARY JUDGMENT
ON STATUTE OF LIMITATIONS

State Of Washington      )
                           ) ss.
County of King              )

I, Charles W. Langfitt, being first duly sworn, do depose and say:

1. I am Vice President of Travelers Casualty and Surety Company ("Travelers") –

Surety Claims. I make this Affidavit in support of Travelers' Opposition to Defendant

Peterson Stillivan, PLLC's ("Peterson Sullivan") Motion for Summary Judgment on

Statute of Limitations. I am over the age of 18 and competent to testify. I make this

Affidavit from personal knowledge, and if asked to testify, would testify consistently with

this Affidavit.

2. Attached hereto as Exhibit 1 is a true and correct copy of an e-mail exchange

between myself and David R. Hombach, Travelers' Vice President of Surety Bond

Underwriting, dated June 19/20, 2002. I was not aware of the existence of this e-mail

when I executed my Affidavit in Support of Travelers' Opposition to Peterson Sullivan's

Motion for Sanctions ('my "Affidavit on Sanctions."). Even after becoming aware of this e-

mail (which was submitted in support of Defendant Renich's Joinder in Peterson Sullivan's

Motion for Summary Judgment on Statute of Limitations, and not in support of Peterson

Sullivan's Motion), I do not have a specific recollection of the exchange or of being on

inquiry notice of and starting an inquiry into Peterson Sullivan's negligence in June of

2002. To the contrary, my recollection is as stated in my Affidavit on Sanctions. That is,

my recollection is that I did not consider those issues until after October 1, 2002.

AFFIDAVIT OF CHARLES W. LANGFITT - Page 2 of 7
A04-0165CV (RRB)

EXHIBIT 9
PAGE 2 OF 6

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699 FAX (503) 223-5706
www.lawssg.com

However, the e-mail appears to be authentic, and I have confirmed its authenticity with Mr. Hombach. Accordingly, I must correct my prior recollection and testimony, and conclude that Travelers had reason to inquire into whether Peterson Sullivan's audit of South Coast's 2000 financial statements was negligent as of June 19, 2002. The remainder of my Affidavit on Sanctions is accurate, however. As indicated there, Travelers never knew that Peterson Sullivan's audit had negligently been performed; to the contrary, Peterson Sullivan prevented Travelers from knowing whether Peterson Sullivan had been negligent until Peterson Sullivan provided its work papers during discovery.

3. Travelers did not know on June 19, 2002, whether Peterson Sullivan had been negligent. To the contrary, I could not determine from the information I had on June 19, 2002, or even the information I had in October of 2002, that Peterson Sullivan's audit had been negligently performed. Although I am an attorney, as Peterson Sullivan is fond of pointing out, I am not an accountant. Although I suspected that Peterson Sullivan might have been negligent based on South Coast's speedy and extensive decline, as did Mr. Hombach, I did not know whether that was the case or not. I inquired of Jordan Rosenfeld, Travelers' expert on accounting issues in this case, whether, in his opinion, Peterson Sullivan's audit had been negligent. To the best of my recollection, my inquiry into third-party causes of action began near the end of 2002, or in the beginning of 2003. Mr. Rosenfeld requested a copy of certain documents, including South Coast's financial statements and Travelers' underwriting file, so that he could begin his inquiry into whether Peterson Sullivan's audit met industry standards. Attached hereto as Exhibit 2 is a true and correct copy of Mr. Rosenfeld's e-mail to me dated June 16, 2003, in response to my inquiry regarding Peterson Sullivan's negligence. All Mr. Rosenfeld could report was that

AFFIDAVIT OF CHARLES W. LANGFITT - Page 3 of 7
A04-0165CV (RRB)

EXHIBIT 9
PAGE 3 OF 6

some items in the audited 2000 financial statements warranted further inquiry, but that

"[a]s always is the case in reviewing the CPA financial statements for potential errors, what

is really needed is to determine the [sic] if the CPa [sic] did not meet the industry standard

in performance of the audit is the CPA's workpapers. I suspect we will find they did not

review the status of the projects as would be expected for an audit." I was not surprised

that Mr. Rosenfeld could not determine whether Peterson Sullivan's audit had been

negligent without the work papers, because, in prior cases, work papers had been required

for Travelers to determine if it had a cause of action against accounting professionals for

negligence. Put another way, even with the assistance of an expert, Travelers could not

determine from the information available to it that Peterson Sullivan's audit was

negligently performed.

4.    Travelers then sought to obtain Peterson Sullivan's work papers.  Attached

hereto as Exhibit 3 are true and correct copies of a series of correspondence in which

Travelers sought to obtain Peterson Sullivan's work papers – with the blessing of Peterson

Sullivan's client, Klukwan – and in which Peterson Sullivan refused to provide its work

papers. After engaging in the correspondence in Exhibit 3, Travelers continued to

investigate whether it had a cause of action for negligence against Peterson Sullivan by

petitioning under Fed. R. Civ. P. 27 to obtain Peterson Sullivan's work papers in the

United States District Court for the District of Washington.   Peterson Sullivan successfully

resisted production of its work papers in that venue as well.

5.    Travelers learned that its Rule 27 petition had been denied on or about April 14,

2004. Having failed to obtain Peterson Sullivan's work papers, and thus to discover

whether Peterson Sullivan had been negligent through its inquiry into its cause of action

AFFIDAVIT OF CHARLES W. LANGFITT - Page 4 of 7
A04-0165CV (RRB)

EXHIBIT    9
PAGE   4   OF   6

against Peterson Sullivan, Travelers considered whether it had sufficient basis to allege that Peterson Sullivan had been negligent. In order to make this determination, Travelers once again inquired of its expert, Mr. Rosenfeld. Mr. Rosenfeld was able to articulate a basis for Travelers to have a reasonable belief that Peterson Sullivan might have been negligent. As he put it, the information he had was "sufficient for us to believe that Petterson [sic] Sullivan may have been negligent." Ultimately, it is simply a fact that Travelers' pre-filing inquiry, including the information discussed in my Affidavit on Sanctions (which is attached to Travelers' Memorandum in Opposition to Peterson Sullivan's Motion for Summary Judgment for the Court's convenience), as well as this Affidavit, did not produce knowledge that Peterson Sullivan had been negligent. All I could determine was that Travelers had sufficient information to form a reasonable belief that Peterson Sullivan had been negligent, and thus information sufficient for Travelers to file a Complaint, as

///

///

///

///

///

///

///

///

///

///

///

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 222-4499 FAX (503) 222-2301
www.lawssg.com

AFFIDAVIT OF CHARLES W. LANGFITT - Page 5 of 7
A04-0165CV (RRB)

EXHIBIT ___9___
PAGE _5_ OF _6_

described in my Affidavit on Sanctions.  Travelers did not know whether Peterson Sullivan

had been negligent until it received Peterson Sullivan's work papers in discovery in this

case.  As stated in greater detail in Jordan Rosenfeld's Affidavit in Support of Travelers

Opposition to Peterson Sullivan's Motion on Statute of Limitations, Peterson Sullivan's

work papers show that its audit was negligent in many respects, including those in which

Travelers suspected Peterson Sullivan had been negligent at the time this lawsuit was filed.


Charles W. Langfitt

SUBSCRIBED AND SWORN TO before me this ___ day of July, 2005.


NOTARY PUBLIC FOR WASHINGTON
My Commission Expires: _____

W:\WORK\Clients T-V\Travelers-South Const\D & O Claims\RBC\Pleadings\Langfitt Affidavit SOL.wpd

STEWART SOKOL & GRAY LLC.
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699 FAX (503) 223-5706
www.lawssg.com

AFFIDAVIT OF CHARLES W. LANGFITT - Page 6 of 7
A04-0165CV (RRB)

EXHIBIT 9
PAGE 6 OF 6