James D. Gilmore
CLAPP, PETERSON, VAN FLEIN,
 TIEMESSEN & THORSNESS LLC
711 H Street, Suite 620
Anchorage, AK 99501
Ph. (907) 272-9272/Fax (907) 272-9586
Attorneys for Defendant
Jan D. Sokol

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>                Plaintiff,<br><br>vs.<br><br>SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., an Alaska Native Village corporation, and CHILKATS' PORTGAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>                Defendants. | Case No. A06-00063 (TMB) |
| SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., an Alaska Native Village corporation, and CHILKATS' PORTAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>                Counter-Claim and<br>                Third Party Plaintiff,<br><br>vs.<br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation, STEWART, SOKOL & | |

Affidavit of Eric T. Sanders
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 1 of 11

EXHIBIT 10
PAGE 1 OF 11

GRAY, L.L.C., and JAN D. SOKOL,

    Counterclaimant and
    Third Party Defendants.

# AFFIDAVIT OF ERIC T. SANDERS

STATE OF ALASKA      )
                               ) ss.
THIRD JUDICIAL DISTRICT  )

Eric T. Sanders, being first duly sworn, deposes and states as follows:

1. I have been retained as an expert witness by defendant Stewart, Sokol & Gray, LLC, and defendant Jan Sokol.

2. I have been a member of the Alaska Bar Association since 1975.

3. In 1975-76, I was a law clerk for the Alaska Supreme Court.

4. Between 1979 and 1996, I was in private practice in Anchorage, Alaska. During that time, I primarily handled negligence claims on behalf of plaintiffs. I litigated cases in the superior court in Ketchikan, Valdez, Juneau, Palmer, Fairbanks, Nome, Bethel, Kodiak, Barrow and Dillingham. I also handled numerous lawsuits in the United States District Court for the District of Alaska.

5. Between 1996 and 2003, I served as a superior court judge in Anchorage. During my tenure as a trial judge, I presided over many trials and conducted hundred of hearings involving civil disputes.

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

6. I returned to private practice in 2003, and during the past five years a majority of my work has involved civil litigation. In addition to my law practice, I have frequently been retained as an expert witness and mediator. I have also served as a discovery master for Alaska trial court judges in complicated civil cases.

7. Jan Sokol filed Travelers' Complaint against Peterson Sullivan on August 4, 2004.

8. On September 27, 2005, Judge Beistline issued an order granting Peterson Sullivan's Motion for Summary Judgment on the grounds that the Complaint was barred by the statute of limitations.

9. In the instant lawsuit against Attorney Sokol, Travelers alleges Mr. Sokol acted negligently in failing to file Travelers' Complaint against Peterson Sullivan within the statute of limitations.

10. On May 16, 2008, Travelers' filed a Motion for Partial Summary Judgment asking this Court to rule that Mr. Sokol was negligent as a matter of law.

11. Travelers' Motion for Partial Summary Judgment misstates Mr. Sokol's understanding of the law in 2004 and the reason for his actions in filing the Complaint against Peterson Sullivan.

Affidavit of Eric T. Sanders
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 3 of 11

EXHIBIT 10
PAGE 3 OF 11

12. The Motion for Partial Summary Judgment asserts that "Sokol simply assumed – without the benefit of any legal research whatsoever – that a cause of action under Alaska law would not accrue until Travelers' actual discovery of wrongdoing."

13. The assertion in the preceding paragraph is based upon two emails Mr. Sokol sent to Charles Langfitt, the client contact at Travelers. The first email, dated April 14, 2004, provided in part: "We should be mindful of the statute of limitations; however, it is unclear to me when we would have 'discovered' the wrongful acts [Peterson Sullivan] because we were still trying to determine if there were wrongful acts." The second email, dated June 3, 2004, provides in part: "By the way, in Alaska, the statute of limitations for tort claims is two years. While our notice to the insurer was given in June 2003, it is not clear to me when we 'discovered' the misrepresentations." However, when Mr. Sokol was deposed in this lawsuit he did not state that these two emails reflected his misunderstanding or ignorance of the applicable Alaska law. Mr. Sokol explained that in placing quotes around "discovered" in both emails, he "wasn't attempting to recite the specific verbiage of the statute of limitations. When I put in discovered, I meant discovered or reasonably should have discovered. That's why I put in a quote. It wasn't like I was giving him [Langfitt] the full recitation of what the statute of limitations was."

Affidavit of Eric T. Sanders
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 4 of 11

EXHIBIT 10
PAGE 4 OF 11

14. As noted, Mr. Sokol's emails did not reflect that he believed the law to be that a cause of action did not accrue until the plaintiff "actually discovered wrongdoing." Moreover, that was not Mr. Sokol's understanding of the law. As explained in his October 10, 2007 deposition, he understood that a "claim accrued when a person discovered <u>or reasonably should have discovered</u> that a claim exists." This is a correct statement of the applicable Alaska law: "Today the statute of limitations does not begin to run until the claimant discovers, or reasonably should have discovered, the existence of all elements essential to the cause of action." *Gudneau & Co. v. Sweeney Ins.*, 736 P.2d 763, 767 (Alaska 1987).

15. Mr. Sokol's client contact at Travelers in the Peterson Sullivan matter was Charles Langfitt, a regional vice president. Mr. Langfitt was unusually knowledgeable about legal matters, not only because of his extensive experience in the insurance industry handling claims, but also because in 2004 he was a lawyer who had been a member of the Washington Bar Association for more than 20 years.

16. With justification, Mr. Sokol looked to Mr. Langfitt to identify the date when Travelers initially had information that would prompt some inquiry about whether Peterson Sullivan's audit of South Coast's 2000 financial statements was performed negligently. Mr. Sokol recalled that while "preparing

Affidavit of Eric T. Sanders
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 5 of 11

EXHIBIT 10
PAGE 5 OF 11

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

the large loss report in October of 2002 or sometime thereafter, Mr. Langfitt came to the conclusion that something had to be wrong" with Peterson Sullivan's audit. Thus, Mr. Sokol believed "October [2002] was the earliest that Mr. Langfitt and Travelers came to the conclusion that there may be something wrong."

17. Mr. Sokol's understanding that a potential cause of action against Peterson Sullivan accrued no earlier than October 2002 – meaning the statute of limitations would not bar a claim before October 2004 – was reasonable and appropriate. This is confirmed by the fact that Charles Langfitt of Travelers filed a sworn statement with Judge Beistline asserting that Travelers had no reason to inquire about a claim against Peterson Sullivan prior to October 2002. More specifically, Mr. Langfitt claimed "even after his June 20, 2002 email was filed with the court," that he did not recall having any reason to inquire into Peterson Sullivan's negligence until after October 1, 2002.

18. Judge Beistline eventually learned that Mr. Langfitt began an inquiry into Peterson Sullivan's 2000 audit of South Coast on June 20, 2002. (This fact came from Mr. Langfitt's own email.) However, for some unknown reason, neither Mr. Langfitt nor anyone else at Travelers disclosed this critical information to Mr. Sokol. Mr. Sokol first learned of Mr. Langfitt's June 20, 2002

Affidavit of Eric T. Sanders
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 6 of 11

EXHIBIT 10
PAGE 6 OF 11

email when it was submitted to Judge Beistline by another party to support the Motion for Summary Judgment against Travelers.

19. When he initially saw Mr. Langfitt's June 20, 2002 email, Mr. Sokol was "shocked." Mr. Sokol testified that had he seen this email before he would have understood its significance in triggering the statute of limitations.

20. Had Mr. Langfitt's June 20, 2002 email been furnished to Mr. Sokol in a timely manner, Mr. Sokol would have been alerted about when the cause of action against Peterson Sullivan had accrued.

21. Travelers' assertions that Mr. Sokol "bungled" and "botched" the statute of limitations are misplaced. In fact, the problem was Mr. Langfitt's failure to furnish his June 20, 2002 email to Mr. Sokol. Had this critically important document been provided to Mr. Sokol at the beginning of his engagement, as other key documents were, it would have disclosed that the cause of action against Peterson Sullivan accrued as early as June 2002.

22. Travelers' current Motion for Partial Summary Judgment ignores Mr. Langfitt's June 20, 2002 email, suggesting it was not relevant to the statute of limitations issue decided by Judge Beistline. Yet, this email was the critical piece of evidence cited by Judge Beistline in his decision. It is my opinion that based upon the applicable law, but for the June 20, 2002 email, Peterson

Affidavit of Eric T. Sanders
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 7 of 11

EXHIBIT 10
PAGE 7 OF 11

Sullivan's Motion for Summary Judgment on the statute of limitations would not have been granted.

23. I am familiar with the Alaska case law concerning AS 09.10.070, which is commonly referred to the as the statute of limitations. When the injury occurs simultaneously with the corresponding act of negligence, identifying the date on which the statute of limitations begins to run is often elementary; the classic situation is a negligence claim arising from a car accident. In circumstances where "an element of a cause of action is not 'immediately apparent' the discovery rule provides the test for the date on which the statute of limitation begins to run." *Peterson v. Zielski,* 822 P.2d 903, 906-07 (Alaska 1991). When the discovery rule applies, it is an "unusual circumstance" that the claim can be dismissed based on the statute of limitations. *Johns Heating Service v. Lamb,* 46 P.3d 1024, 1031 (Alaska 2002). Importantly, the Alaska Supreme Court has held that the "date on which the statute of limitations begins to run is a factual question." *Id.* In the absence of "uncontroverted facts that determine when a reasonable person should have been on inquiry notice," the court cannot decide the question as a matter of law. *Id.* Hence, because the "question is fact dependent, summary judgment ordinarily should not be used to resolve when a statute of limitation commences." *Id.* Before the June 20, 2002

email surfaced, the disputed facts would have precluded a summary judgment ruling for Peterson Sullivan.

24. In the State of Alaska, an "attorney is negligent in the representation of a client if he breaches the required standard of care by failing to use the skill, prudence, and diligence as other attorneys commonly possess and would exercise under similar circumstances. . . ." *Bonha v. Hughes, Thorsness, Gantz, Powell & Brundin*, 828 P.2d 745, 765 (Alaska 1992). *Also see* Alaska Pattern Jury Instruction 8.10. Based upon the considerations set forth in this affidavit, it is my opinion that Jan Sokol's actions on behalf of Travelers met the standard of care for an attorney.

25. In forming the opinions set forth in this affidavit, I reviewed the following materials:

(a) Travelers' Motion for Partial Summary Judgment Re: Negligence of Sokol, filed on May 16, 2008.

(b) The pleadings and court order relating to Peterson Sullivan's Motion for Summary Judgment on Statute of Limitations Grounds in *Travelers v. Gelbrich*.

(c) Relevant emails by and between Travelers and Mr. Sokol between 2002 and 2004.

Affidavit of Eric T. Sanders
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 9 of 11

EXHIBIT 10
PAGE 9 OF 11

(d) The Sutor report, the Peterson Sullivan report and the Travelers' Large Loss Analysis that were submitted to Judge Beistline in *Travelers v. Gelbrich.*

(e) The two affidavits executed by Charles Langfitt which were filed in *Travelers v. Gelbrich.*

(f) The transcript of depositions taken in *Travelers v. Gelbrich* for Charles Langfitt, David Hambach and Robert Sutor.

(g) The October 10, 2007 deposition of Jan Sokol taken in the instant case.

(h) The September 10-11, 2000 deposition of Charles Langfitt taken in the instant case.

_____
Eric T. Sanders
Alaska Bar No. 7510085

SUBSCRIBED AND SWORN TO before me this 26th day of June, 2008, at Anchorage, Alaska.

_____
Notary Public, State of Alaska
My commission expires: 12/15/2008

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

### Certificate of Service

I hereby certify that on this 27th day of June 2008, a copy of the foregoing document was served electronically through the ECF system on Gary Spraker, Richard Spoonemore and James T. Hopkins.

/s/ James D. Gilmore

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Affidavit of Eric T. Sanders
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 11 of 11

EXHIBIT 10
PAGE 11 OF 11