IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, Connecticut corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>SOUTH COAST, INC., an Alaska corporation; KLUKWAN, INC., an Alaska Native Village corporation; and CHILKATS' PORTAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>        Defendants.<br><br>SOUTH COAST, INC., an Alaska corporation; KLUKWAN, INC., an Alaska Native Village corporation; and CHILKATS' PORTAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>        Counterclaim and<br>        Third-Party Plaintiffs,<br><br>vs.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation; STEWART SOKOL & GRAY L.L.C.; and JAN D. SOKOL,<br><br>        Counterclaim and<br>        Third-Party Defendants. | Case No. A:06-cv-00063-TMB<br><br><br><br>**AFFIDAVIT OF BRUCE E. GAGNON** |

EXHIBIT 11

PAGE 1 OF 10

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation, | ) ) ) ) |
| Plaintiff and Cross Claim Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| STEWART SOKOL & GRAY L.L.C. and JAN D. SOKOL, | ) ) ) |
| Cross Claim Defendants. | ) ) |

STATE OF ALASKA        )
                       ) ss.
THIRD JUDICIAL DISTRICT )

Bruce E. Gagnon being first duly sworn upon his oath, deposes and says:

1. I am an attorney practicing law in Anchorage, Alaska. I make this Affidavit based upon personal knowledge of the facts stated herein.

2. Attached hereto is an Expert Report which I prepared and furnished at the request of Cross-Claim Defendants in this action. The statements and opinions expressed in this Expert Report are true and correct to the best of my knowledge and belief.

DATED this 2nd day of June, 2008.

_____
BRUCE E. GAGNON

SUBSCRIBED AND SWORN TO before me this 2nd day of June, 2008.

OFFICIAL SEAL
State of Alaska
BETH L. VELKOVITZ
NOTARY PUBLIC

_____
Notary Public in and for Alaska
My Commission Expires: 12/13/09

AFFIDAVIT OF BRUCE E. GAGNON
Travelers Casualty and Surety Company of America v. South Coast, Inc. – Case No. 3:06-cv-00063-TMB
Page 2 of 2
95908/6271.28

EXHIBIT 11
PAGE 2 OF 10

## Expert Report of Bruce E. Gagnon

Bruce E. Gagnon, Atkinson, Conway & Gagnon, Inc., 420 L Street, Suite 500, Anchorage, Alaska 99501. A.B. Harvard College (1964); J.D. Harvard Law School (1967); Assistant Professor of Law, Vanderbilt Law School (1967-70); Law Professor of Year, Vanderbilt Law School (1970); practicing attorney, Atkinson, Conway & Gagnon, Inc. (and its predecessors), Anchorage, Alaska 1970-present. Primary Areas of Practice: Civil litigation, with emphasis on professional liability, insurance, construction, contract disputes, and corporate law. Editor, Harvard Law Review 1966-67; Board of Governors and Disciplinary Board, Alaska Bar Association 1983-86; Civil Rules Committee, Alaska Supreme Court, 1988-95; Civil Justice Reform Committee, Alaska U.S. District Court, 1991-1998; member, American Law Institute, 1994 to present; member, ALI Consultative Group, Restatement (Third), The Law Governing Lawyers.

Prior Testimony:

    See attached list.

Compensation:

    $350 per hour, plus expenses at cost.

Materials Reviewed:

    See attached list.

Substance of Expected Testimony:

    The applicable standard of care imposed a duty on Attorney Sokol to refrain from asserting claims against Peterson Sullivan absent a good faith belief that there existed a reasonable basis for the assertion of such claims. This is particularly true in the case of audit

EXHIBIT 11
PAGE 3 OF 10

malpractice claims to be asserted against an accounting firm such as Peterson Sullivan. Large accounting firms are typically sensitive and indignant when audit malpractice claims are asserted against them, and Peterson Sullivan could be expected to mount a vigorous defense to any lawsuit. Pursuit of such claims would almost certainly require great expenditure of expense and effort if the lawsuit proceeded to trial. These considerations required that Attorney Sokol, prior to filing a lawsuit, obtain not only sufficient information to demonstrate a reasonable basis existed for the assertion of claims, but also to obtain as much information as he could regarding the merits of such claims. Attorney Sokol also had a duty to be mindful of and take reasonable measures in the process to meet applicable statute-of-limitations deadlines. It appears that Attorney Sokol was aware that, under Alaska law, "discovery" principles apply to determine the "accrual" or start date of limitations periods. It also appears that, based upon the documents and materials then possessed by Attorney Sokol, Mr. Langfitt first had notice of South Coast's default in May 2002 and started to evaluate possible claims in October 2002. Possessed of this information, Attorney Sokol appears to have proceeded in the belief that a lawsuit filed against Peterson Sullivan in August 2004 would be timely. It also appears that Attorney Sokol was not aware of, and did not possess, copies of the two key Travelers' e-mails of June 19 and 20, 2002, which pointed to a much earlier start date for limitations purposes. Attorney Sokol accordingly met the applicable standard of care when he filed the lawsuit in August 2004. In this connection, it is noted that Mr. Langfitt, who is an attorney, was apparently also surprised when copies of the two e-mails were later discovered in Travelers' files after the lawsuit was filed. The existence of these e-mails was unknown to Attorney Sokol in May and June 2004, and Attorney Sokol

could not have reasonably anticipated or expected the existence of such e-mails in Travelers' files so closely following South Coast's default, and so early in Travelers' administration of the default.

Attorney Sokol met the applicable standard of care in filing the lawsuit in August 2004 based upon the information then available to him. While Travelers' retained-accounting expert Rosenfeld still desired further information to complete his evaluation, he was able to and did express the view that Peterson Sullivan's audit procedures, as applied in its audit of South Coast's 2000 Financial Statements, were materially deficient in several respects. An attorney is often called upon to file a lawsuit based upon incomplete information. Often key documents or other evidence is not available to the attorney to perform a more complete evaluation, and will not become available unless and until a lawsuit is filed. Such was the case here, when Travelers and Attorney Sokol were denied access to Peterson Sullivan's work papers, despite a court petition to obtain such work papers. The applicable standard of care requires only that the attorney have a reasonable and good faith basis to believe the claim has merit. In the circumstances then presented, Attorney Sokol met that standard.

It appears that deposition testimony and document discovery in the litigation later exposed the lack of merit in Travelers' claims against Peterson Sullivan. As evidenced by the testimony of Travelers' Vice President Hombach, Travelers knew, prior to issuing its surety bonds in 2001, the sorry financial condition of South Coast; its underwriters rated the South Coast bonds as "high risk." Yet it appears that others within Travelers, overruling this "high risk" rating, upgraded the creditworthiness rating to "above average," so the bonds



EXHIBIT 11
PAGE 5 OF 10

could be issued. Apparently this "upgrade" was prompted by considerations wholly unrelated to South Coast's financial condition. Travelers' evident failure to rely on any misstatements in South Coast's 2000 audited Financial Statements was detrimental (and possibly fatal) to Travelers' case against Peterson Sullivan. It appears that this information was not made available to Attorney Sokol prior to the filing of the lawsuit. Equally detrimental to the merits of Travelers' claims against Peterson Sullivan was the later testimony of Travelers' retained expert Rosenfeld. Rosenfeld testified to several deficiencies in Peterson Sullivan's audit procedures in performing its audit of South Coast's 2000 Financial Statements. But Rosenfeld specifically declined to render any opinion that the audited Financial Statements were false or misleading in any respect, <u>based upon the information available to the auditors at the time of this audit.</u> Attorney Sokol was thus faced with a situation in which discovery in the lawsuit materially diminished, and likely eliminated, any prospects of success on the claims asserted against Peterson Sullivan. It is not uncommon for this to happen in the course of a lawsuit, once a more complete picture of the underlying facts emerges in discovery.

Dated this 2nd day of June, 2008.

_____
Bruce E. Gagnon

## CASES IN WHICH BRUCE GAGNON HAS BEEN DEPOSED OR TESTIFIED AT TRIAL

*Lumbermen's Mutual Casualty Company v. Maffei*
U.S. District Court, Anchorage
Civil Action No. 3:03-CV-00262-JWS (2006) (Expert Reports Exchanged)

*Leo v. GCI Communication Corp.*
Anchorage Superior Court
Civil Action No. 3AN-04-7047 CI (2006) (Deposed)

*Parks, et al. v. Pederson, et al.*
Fairbanks Superior Court
Civil Action No. 4FA-01-1865 (2004) (Trial Testimony)

*Evridge v. American Equity Insurance Company*
Anchorage Superior Court
Civil Action No. 3AN-99-09862 (2001) (Trial Testimony)

*Bellott, et al. v. Boothman, et al.*
Anchorage Superior Court
Civil Action No. 3AN-97-3677 (1999) (Deposed) (Trial Testimony)

*DeLeuw, et al. v. Dodge, et al.*
Anchorage Superior Court
Civil Action No. 3AN-96-8442 (1999) (Deposed)

*City and Borough of Juneau v. Headland, Fletcher, Friedman & Cook, v. Robertson, Monagle & Eastaugh*
Superior Court for the State of Alaska (Juneau)
Case No. 1JU-95-1628 (1998)(Deposed)

*Parker Drilling Company v. Hughes, Thorsness, Gantz, Powell & Brundin*
U.S. District Court, Anchorage
Civil Action No. A94-0144 (1996) (Deposed) (Trial Testimony)

*Binkley v. Little Eldorado Gold Camp, Inc., et al.*
American Arbitration Association
Case No. 75 168 00023 94, (1994) (Deposed)

*Boyles v. Smith*
759 P.2d 518 (Alaska 1988) (Trial Testimony)

EXHIBIT 11
PAGE 7 OF 10

*Collins v. Alaska Pacific Ins. Co.*
794 P.2d 936 (Alaska 1990) (Trial Testimony)

*Shirley M. Gabbert, et al. v. Jeffrey M. Van Abel, et al.*
Superior Court for the State of Alaska
Case No. 3AN-87-07695 CI (Deposed)

*Insurance Company of North America v. Ocelot Engineering, Inc.,
d/b/a Chaparral Cycle Supply, et al.*
Superior Court for the State of Alaska
Case No. 3AN-91-7270 CI (Deposed)

*Miller v. Caudle*
Anchorage Superior Court (1987) (Trial Testimony)

*Miller v. Sears*
626 P.2d 1183 (Alaska 1981) (Trial Testimony)

*Wesley v. Allstate*
Anchorage Superior Court (1987) (Deposed)

95209/6271.28

## Materials Reviewed

### E-Mails
| | |
|---|---|
| 6/19/02 | To Charles Langfitt from David Hombach and |
| 6/20/02 | To David Hombach from Charles Langfitt |
| 4/2/03  | To Jan Sokol from Charles Langfitt |
| 4/14/04 | To Chuck Langfitt from Jan Sokol |
| 6/3/04  | To Jan Sokol from Charles Langfitt |
| 6/8/04  | To Jan Sokol from Jordan Rosenfeld |
| 6/10/04 | To Robert Coleman from Jan Sokol |

### Letters
| | |
|---|---|
| 1/15/08 | To Bruce Gagnon from James Gilmore |
| 1/30/08 | To Bruce Gagnon from James Gilmore |
| 2/8/08  | To Bruce Gagnon from James Gilmore |
| 4/11/08 | To Bruce Gagnon from James Gilmore |

### Travelers Casualty and Surety Company of America v. Ronald Gelbrich, et al.
### Case No. A04-1065 CV (RRB)

#### Pleadings
| | |
|---|---|
| 6/10/05 | Peterson Sullivan, P.L.L.C.'s Motion for Summary Judgment |
| 6/13/05 | Peterson Sullivan's Motion for Rule 11 Sanctions |
| 7/25/05 | Affidavit of Charles W. Langfitt |
| 8/12/05 | Motion for Summary Judgment to Dismiss Complaint on Statute of Limitations Grounds |
| 12/2/05 | Order Regarding Attorney Fees |

#### Depositions
| | |
|---|---|
| 2/28/05 | Charles W. Langfitt |
| 3/2/05  | David R. Hombach, Jr. |
| 7/13/05 | Robert E. Sutor |
| 9/11/07 | Charles W. Langfitt (Excerpts) |

### Travelers Casualty and Surety Company of America v. South Coast, Inc., et al.
### Case No. A06-00063 (TMB)

#### Pleadings
| | |
|---|---|
| 3/22/06  | Complaint |
| 5/1/06   | Defendants' Answer and Counterclaim and Third Party Complaint |
| 6/19/06  | Plaintiff's Answer to Defendants' Counterclaim |
| 6/21/06  | Answer to Third Party Complaint |
| 10/15/07 | Travelers' Cross Claim Against Stewart Sokol & Gray LLC and Jan D. Sokol |

EXHIBIT 11
PAGE 9 OF 10

11/8/07   Answer to Travelers' Cross-Claims

**Depositions**
10/4/07    Jan D. Sokol
11/19/07   Jordan S. Rosenfeld

**Expert Reports**
6/3/05     Rosenfeld Expert Report
12/7/07    Pederson Expert Report

94307/6271.28

EXHIBIT 11
PAGE 10 OF 10