James D. Gilmore
CLAPP, PETERSON, VAN FLEIN,
   TIEMESSEN & THORSNESS LLC
711 H Street, Suite 620
Anchorage, AK 99501
Ph. (907) 272-9272/Fax (907) 272-9586
Attorneys for Defendant
Jan D. Sokol

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>              Plaintiff,<br><br>vs.<br><br>SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., an Alaska Native Village corporation, and CHILKATS' PORTGAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>              Defendants. | Case No. A06-00063 (TMB) |
| SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., an Alaska Native Village corporation, and CHILKATS' PORTAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>      Counter-Claim and<br>      Third Party Plaintiff,<br><br>vs. | |

Memorandum in Support of Cross-Motion for Summary Judgment and Opposition to Motion for Summary Judgment
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 1 of 17

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation, STEWART, SOKOL & GRAY, L.L.C., and JAN D. SOKOL,<br><br>   Counterclaimant and<br>   Third Party Defendants. |

# MEMORANDUM IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT
# AND
# OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

The factual background of the above-captioned case has been set forth in great detail in the Motions and Cross-Motions for Summary Judgment that have been filed by South Coast against Travelers and by Travelers and Sokol against South Coast. To the extent that the factual statements in those pleadings provide background information, they are incorporated by reference herein.

Travelers has now filed a Motion for Summary Judgment against Sokol on its Cross-Claim against Sokol. That Motion raises factual issues that are disputed, and, for reasons that will be explained below, should be denied. Certain facts, however, which are not stated in Travelers' moving papers against Sokol, are undisputed, and, on the basis of those facts, the Sokol defendants are entitled to judgment as a matter of law.

## STATEMENT OF UNDISPUTED FACTS

Jan Sokol was first requested to look into the possibility of a claim against the officers and directors of South Coast by an e-mail from Chuck Langfitt to Mr. Sokol

Memorandum in Support of Cross-Motion for Summary Judgment and Opposition to Motion for Summary Judgment
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 2 of 17

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

dated April 2, 2003. (Ex. 1) The e-mail was captioned "D & O claim South Coast." The words Peterson Sullivan do not appear in the e-mail, nor is there any reference in the e-mail to the possibility of a claim being asserted by Travelers against Peterson Sullivan. The e-mail says nothing about whether an audit of the year-end 2000 financial statements of South Coast had been improperly performed. The email advises that "South Coast had sacked the prior management in January 2002 based on the reports I am overnighting to you." The email does not state, suggest, or imply that those "reports" contain any evidence that would support a claim by Travelers against Peterson Sullivan.[1]

The "reports" said nothing about any possible errors being made in the year-end 2000 financial statements of South Coast. They said nothing about whether the Peterson Sullivan year-end 2000 financial statement audit had been improperly performed. Neither report identified any errors that had been made in the year-end 2000 South Coast financial statements. Both reports described the activities of South Coast during 2001, but did not refer to any events that occurred in the year 2000.

Chuck Langfitt, an Assistant Vice President and senior Travelers Claims Representative and Jordan Rosenfeld, the forensic accountant retained by Travelers, received and reviewed the Sutor and Peterson Sullivan reports almost a year before they were forwarded to Jan Sokol, but Mr. Langfitt's email says nothing about either

---

[1] The "reports" are the Sutor March 1, 2002 and the Peterson Sullivan March and April 2002 reports. They are attached to Travelers Memorandum as Ex.s F and G, and will not be recopied.

Memorandum in Support of Cross-Motion for Summary Judgment and Opposition to Motion for Summary Judgment
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 3 of 17

him or Mr. Rosenfeld finding any evidence in those reports that would support a claim against Peterson Sullivan. (Ex. 2)

By email dated June, 2nd of 2003, Mr. Langfitt advised Mr. Sokol, for the first time, that Travelers had retained Jordan Rosenfeld, a CPA, to "look at a malpractice claim against the CPA's," and subsequently requested that Jan Sokol assist Mr. Rosenfeld in his effort to obtain the work papers Peterson Sullivan generated in performing its audit. (Ex. 3) Mr. Rosenfeld stated that he needed the work papers before he could determine whether a claim could be made against Peterson Sullivan for malpractice. Sokol drafted a letter to Peterson Sullivan on behalf of both Travelers and South Coast/Klukwan, requesting copies of the work papers. Peterson Sullivan rejected that request and, in February of 2004, Mr. Sokol filed a Petition in U.S. District Court in Seattle requesting a Court Order directing Peterson Sullivan to produce the work papers. In April, 2004, the U.S. District Court in Seattle denied Mr. Sokol's Petition.

Mr. Sokol immediately advised Travelers of the denial, warned Mr. Langfitt that the Statute of Limitations was two years, and stated that it was "not clear" when Travelers should have "discovered" that it had a claim against Peterson Sullivan. (Ex. 4) Mr. Sokol also advised Mr. Rosenfeld that the Court had denied the petition. Mr. Rosenfeld continued to maintain that he could not render an opinion concerning the performance of Peterson Sullivan without reviewing the work papers. In late May,

Memorandum in Support of Cross-Motion for Summary Judgment and Opposition to Motion for Summary Judgment
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 4 of 17

2004, Mr. Sokol sent a follow up email to Mr. Langfitt, advising him that, with regard to the D & O claim, the Statute of Limitations in Alaska was two years. (Ex. 5)

By email dated June 8, 2004 Mr. Rosenfeld finally advised Mr. Sokol that a claim consistent with the requirements of Rule 11 could be made against Peterson Sullivan. (Ex. 6) Mr. Sokol began preparing a Complaint against Peterson Sullivan immediately, and filed a Complaint on August 4, 2004. At that time, both Mr. Sokol and Mr. Langiftt believed that the earliest date Travelers had sufficient information to prompt an inquiry regarding a possible claim against Peterson Sullivan was October, 2002 [2]. (Ex. 7...Sokol Affidavit)

That belief was based on the following chronology: Travelers first realized that it had significant problems with South Coast in May of 2002. Mr. Langfitt assessed the nature of the claims that were being made against South Coast, and described his findings in a "Large Loss Analysis" prepared in June of 2004. From June until October, 2002, Mr. Langfitt continued to assess the nature and extent of the claims being made against Klukwan and South Coast and the Travelers' bonds, investigated whether Klukwan would be able to perform its obligation to indemnify Travelers for Travelers' losses, and arranged for the performance of the uncompleted bonded projects and payment of claims against the bonds. It was not until October, 2002, when Mr. Langfitt completed his second Large Loss Analysis, that Travelers began to pin-point the specific reasons for the losses suffered by South Coast at year end 2001.

Memorandum in Support of Cross-Motion for Summary Judgment and Opposition to Motion for Summary Judgment
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 5 of 17

Unbeknownst to Mr. Sokol, however, Mr. Langfitt and Mr. Hombach, a Travelers senior underwriter, in an e-mail exchange dated June 19 and 20 of 2002, mentioned the possibility of a claim against Peterson Sullivan. Mr. Hombach's email stated: "what about their wonderous CPA firm who obviously missed a whole (sic) n the boat in their 12/31/00 audit. May be crying in spilled milk, Chuck, but those bastards must be tagged somehow." (Ex. 8) Mr. Langfitt never told Mr. Sokol about those e-mails, and they were not in any of the documents that Mr. Sokol received from Travelers before filing the Complaint on August 4, 2004. Mr. Sokol did not learn of the existence of those e-mails until they appeared as an exhibit to the Officer and Director Motions for Summary Judgment in August of 2005. Mr. Langfitt had forgotten about these e-mails, and even after they surfaced, continued to maintain that Travelers did not have sufficient information to investigate the possibility of a claim against Peterson Sullivan, until October, 2002. (Ex. 9...Affidavit of Check Langfitt dated September 2, 2005).

## SUMMARY JUDGMENT

Although Motions for Summary Judgment are ordinarily not granted on negligence issues, Summary Judgment may be appropriate under certain circumstances.

Page 497, in Section 30.17[3], Legal Malpractice, 5th Edition, Mallen and Smith, Volume 4, Section 30.17, states:

---

[2] During the months of June and July Sokol sought information regarding the names and addresses of the individual officers and directors of South Coast so that those officers and directors could be served.
[3] The quotes from Mallen are from the 5th edition. They are repeated verbatim in Section 31.18 of the current edition.

Memorandum in Support of Cross-Motion for Summary Judgment and Opposition to Motion for Summary Judgment
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 6 of 17

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

> The inquiry into liability does not end with whether the attorney erred in missing the Statute of Limitations. The inquiry includes whether the error was a result of the violation of the standard of care – the failure to exercise the degree of skill and care ordinarily exercised by attorneys under similar circumstances. The decision may be based on an informed judgment, which is a defense to liability.

Mallen continues, pointing out that Statute of Limitations issues may differ substantially from case to case. Particularly difficult are cases involving the "discovery rule." Page 497; Mallen states:

> Statutes of Limitation are numerous. Their meaning may be unclear and their application to particular facts may be uncertain. <u>Statutory inception dates, particularly involving discovery limitations</u>, may be debatable. Judgmental protection may be available to a lawyer who errs under such circumstances. (emphasis added).

Mallen also notes that the client has a duty to accurately advise the attorney when the Statute may have begun to run. Pages 497-498; Mallen States;

> An attorney is usually entitled to rely on the client for fundamental information. The error and fault may be made by the client. For example, an attorney is not liable when the client provided the wrong date for the accident.

## DISCUSSION

Under the circumstances of this case, Jan Sokol's conduct met the standard of care. Travelers initially requested that Mr. Sokol analyze a claim against the officers and directors. Travelers forwarded the Sutor and Peterson Sullivan reports to him to inform him of the reasons why SCI had fired some of its officers in early 2002. No

Memorandum in Support of Cross-Motion for Summary Judgment and Opposition to Motion for Summary Judgment
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 7 of <u>17</u>

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

request was made of Jan Sokol to review those reports to determine whether they contained information which would support a claim against the auditors, Peterson Sullivan. Even if such a request had been made, neither Langfitt nor Rosenfeld who had reviewed these reports earlier came to the conclusion that these reports established a claim against Peterson Sullivan.

When Mr. Sokol was later requested to consider such a claim, he was told repeatedly by Rosenfeld, the accountant hired by Travelers to assess the claim, that an opinion could not be rendered concerning the conduct of Peterson Sullivan without reviewing the Peterson Sullivan work papers. Jan Sokol was ethically unable to file a Complaint against Peterson Sullivan until he received an opinion from an expert accountant that the accountants had erred in performing the year-end audit of South Coast. (Ex. 7)

Mr. Sokol did not receive that assurance from Mr. Rosenfeld until June 8, 2004. Mr. Sokol immediately began preparing a Complaint, which was filed on August 4, 2004. At that time, and thereafter, Mr. Sokol reasonably believed, based on information provided by Mr. Langfitts, that Travelers did not have sufficient information to prompt it to investigate whether it had a claim against Peterson Sullivan until after Mr. Langfitt had completed his second Large Loss Analysis, which was October of 2002. (Ex. 7)

Mr. Langfitt never told Mr. Sokol about the crucial exchange between Mr. Langfitt and Mr. Hombach on June 19 and 20 of 2002, and copies of that e-mail

Memorandum in Support of Cross-Motion for Summary Judgment and Opposition to Motion for Summary Judgment
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 8 of 17

exchange was not contained in any of the documents that were forwarded to Mr. Sokol before August 4, 2004. The first Jan Sokol learned about the existence of those e-mails was when they appeared as an exhibit to the Motion for Summary Judgment on the Statute of Limitations issue made by the one of the officers and directors, in August of 2005. (Ex. 7)

Under the circumstances of this case, Mr. Sokol's conduct met the standard of care. See: Affidavit of Eric Sanders attached hereto as Ex 10 and expert report of Bruce Gagnon, attached as Ex. 11. Accordingly, this Court should grant Mr. Sokol's Cross-Motion for Summary Judgment, and dismiss Travelers' cross claim against the Sokol defendants.

## OPPOSITION TO TRAVELERS' MOTION FOR SUMMARY JUDGMENT

Despite the undisputed facts stated above, Travelers has filed a Motion for Summary Judgment against Jan Sokol on the Statute of Limitations issue. Significantly, Travelers did not attach to any of its moving papers an opinion of any expert that opined that Travelers is entitled to judgment against Mr. Sokol as a matter of law on the facts of this case. Also significant is the fact that Travelers omitted any reference to many of the material facts set forth in the factual statement of this Memorandum.

Travelers first argues that it is entitled to summary judgment because an attorney owes a duty – as a matter of law and regardless of the circumstances of the individual case - to ascertain when the statute of limitations runs and to file the

Memorandum in Support of Cross-Motion for Summary Judgment and Opposition to Motion for Summary Judgment
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 9 of 17

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

appropriate pleading timely. In support of this assertion, Travelers cites <u>Smith v. State,</u> 921 P 2nd 632 (Alaska 1996). But <u>Smith,</u> does not support Travelers' position. In <u>Smith</u> the issue was whether an undertaking by the state to repair a fluoride pump at a township warehouse in Hooper Bay, was an undertaking only to repair the pump, or was the initiation of a broader undertaking to resolve the problem of excessive fluoride in the township water system. The Trial Court granted summary judgment for the state. The Supreme Court <u>reversed,</u> stating that where "reasonable people could differ over the nature and extent of the act undertaken, summary judgment is inappropriate, since the scope of assumed duty will vary depending on the inferences drawn from the facts," (pp.634, 635). In addition, the Court stated:

> "While it may be true that the underlying case – what was said and what was done – are not in dispute, these underlying facts may be capable of supporting different inferences as to the nature and extent of the state's undertaking in working on the Hooper Bay water system. If the record can support these competing inferences, a genuine issue of material fact concerning the nature and extent of the duty assumed by the State would exist, precluding summary judgment. (p.635.)

Travelers selects a quote from <u>Smith</u>, citing <u>Mulvihill v. Union Oil</u>, 859P2d1310 (Alaska 1993) for the proposition that issues of law defining "duty" are always to be decided by the Court. But in <u>Mulvihill</u>, the question was simply statutory interpretation, i.e. whether defendant was "a social host" pursuant to A.S.04.21.020, as it was in <u>Doe v. Hughes Thorsness,</u> 838 P 2nd 804 (Alaska 1992). (failure to follow the clear directives of the Indian Child Welfare Act). In <u>Singleton v. Stegall</u>, 580 So2d 1242 (Miss. 1991), attorney Stegall did not perform the fundamental task for which his

Memorandum in Support of Cross-Motion for Summary Judgment and Opposition to Motion for Summary Judgment
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 10 of <u>17</u>

services were engaged, i.e. did not pursue Singleton's application for post-conviction-relief\and, in fact, after receiving a $5000.00 retainer, he did not even file the initial paper work with the Court.

Travelers nevertheless maintains that summary judgment is appropriate, implying that the Court should take a bright-line approach in malpractice cases involving missed statute of limitation issues. But not all statute of limitation cases are alike. In some cases, ascertaining the beginning of the statute of limitations is clear, i.e., when defendant runs a red light and hits a car injuring the plaintiff on a specific date. In other cases, however, the commencement date is uncertain and it is not clear when a reasonable person should have been on inquiry notice, summary judgment is not appropriate.

Travelers cites <u>John's Heating Service v. Lamb,</u> 46P3d1024.1031 (Alaska 2002), as the primary case that supports its assertion. In <u>John's Heating,</u> however, the Alaska Supreme Court <u>reversed</u> the decision of a Trial Court granting summary judgment because the case involved an interpretation of the "discovery rule." In remanding the case to the Superior Court for a factual hearing, the Supreme Court stated:

> "Only in the unusual circumstance in which 'there exist uncontroved facts that determine when a reasonable person should have been on inquiry notice' can a court properly resolve the question of when a statute of limitations commences as a matter of law. " (p. 1031)

Memorandum in Support of Cross-Motion for Summary Judgment and Opposition to Motion for Summary Judgment
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 11 of <u>17</u>

On remand, after the facts were fully developed, the trial court concluded that the Lambs had filed their lawsuit within two years from the date that the Lambs were able to make a connection between the irritations of having an old and sooty furnace, and the mysterious symptoms that evolved over a lengthy time.

Finally, Travelers cites a number of cases, to support its argument that in statute of limitations cases the Court may enter Summary Judgment without the benefit of expert testimony. But in <u>James v. Mazuca and Associates v. Schumann</u>, 82S.W.3d 90 (Texas App 2002) the facts were clear and unambiguous, and the lawyer, Mr. Mazuca admitted that he had erred. (Mr. Mazuca assumed that the Arizona's savings provision would allow him to file a case late, thereby making a clear mistake of law, which resulted in the dismissal of Schumann's case). The Court concluded that, because of Ms. Mazuca's unequivocal statement that it was his responsibility to file the case, and because the facts where unequivocal, expert testimony was not necessary, but cautioned that such cases were the exception, not the rule:

> At page 97, the Court stated:
>
> Although the general rule requires expert testimony to establish standard of care in a legal malpractice action, there is an exception to this general rule. Expert testimony is not required if the attorney's lack of care and skill are so obvious that the trier of fact can find negligence as a matter of common knowledge, (p. 97, citing cases).

<u>Allen v. McDonald,</u> 910 2nd 63 (Nevada 1996), a case relied upon by <u>Mazuca,</u> exemplified the cases cited by Travelers. At p. 72, the Court stated:

> In this case, the applicable statute of limitations was clear and unambiguous. Additionally, the accrual date of the claim was also not

Memorandum in Support of Cross-Motion for Summary Judgment and Opposition to Motion for Summary Judgment
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 12 of 17

subject to question or interpretation. Therefore, whether the attorney was negligent in failing to file a claim before the statute of limitations expired was an issue that was within the ordinary knowledge of a laymen. <u>We caution, however, that if the applicability the statute at issue was uncertain, if significant questions regarding the accrual date of the claim existed, or if issues regarding tolling of the statute existed, the case might extend beyond the realm of ordinary experience and knowledge of a laymen, thus requiring an expert witness to establish the attorneys breach of the duty of care</u>, (emphasis added).

In this case, based on his review of the documents and his multiple conversations with Chuck Langfitt, Mr. Sokol had no reason to connect the Travelers looses on the bonds with the Peterson Sullivan audit before October of 2002. Sokol had no knowledge that, in June 19th and 20th of 2002, Langfitt and the Travelers underwriting department, exchanged emails which made that connection.

Travelers' argues that Jan Sokol did not understand the "unique notice" requirements of the Alaska Statute, and misled Chuck Langfitt by the e-mails which stated that it was "not clear" when Travelers should have "discovered" when it had a cause of action against Peterson Sullivan. Travelers now argues, that Mr. Langfitt believed that the Statue of Limitations would not begin to run until Travelers had evidence of the existence of all of the elements of a cause of action against Peterson Sullivan, and implies that, if Mr. Sokol had asked Mr. Langfitt when Travelers had sufficient information to "prompt an investigation" into whether it had a claim against Peterson Sullivan, Mr. Langfitt would have responded in a way that would have led Mr. Sokol to file the claim at an earlier time.

Memorandum in Support of Cross-Motion for Summary Judgment and Opposition to Motion for Summary Judgment
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 13 of 17

Significantly, however, Travelers makes no mention in its moving papers of the Affidavit Mr. Langfitt executed September 2, 2005, after he had read the multiple statements of the discovery rule in the moving papers filed by the parties in summary judgment practice in the summer of 2005. Mr. Langfitt admitted that he reviewed, read and signed, and further in his most recent deposition, ratified, his lack of recall of the e-mail exchange between himself and Mr. Hombach, and further, his belief that Travelers did not have sufficient information to prompt an inquiry into the possibility of a claim against Peterson Sullivan until, sometime "after October of 2002." In that affidavit, Mr. Langfitt stated:

> I was not aware of the existence of this e-mail when I executed my Affidavit in Support of Travelers' Opposition to Peterson Sullivan's Motion for Sanctions (my "Affidavit on Sanctions."). Even after becoming aware of this e-mail (which was submitted in support of Defendant Renich's Joinder in Peterson Sullivan's Motion for Summary Judgment on Statute of Limitations, and not in support of Peterson Sullivan's Motion), I do not have a specific recollection of the exchange or of being on inquiry notice of and starting an inquiry into Peterson Sullivan's negligence in June of 2002. <u>To the contrary, my recollection is as stated in my Affidavit on Sanctions. That is, my recollection is that I did not consider those issues until after October 1, 2002.</u> (emphasis added) (Ex. 9)

Travelers makes much of the Peterson Sullivan April 2002 and the Sutor March 2002 reports, suggesting that Mr. Sokol should have concluded from their content that Travelers was on "inquiry notice" as early as May 2002. The purpose of both of those reports was to assess why South Coast experienced a rapid decline in its performance during the year 2001. Neither of those reports said anything about any events that

Memorandum in Support of Cross-Motion for Summary Judgment and Opposition to Motion for Summary Judgment
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 14 of <u>17</u>

occurred in 2000. The words Peterson Sullivan do not appear in either of those reports, nor is any suggestion made in either of those reports that the audit of the 2000 year-end financial statements of South Coast may have been negligently performed. Neither report questions any of the figures that were set forth in the year-end 2000 financial reports of South Coast.

Significantly, both Chuck Langfitt and Jordan Rosenfeld had copies of those reports almost a year before they were forwarded to Jan Sokol. Neither Mr. Rosenfeld nor Mr. Langfitt ever called Mr. Sokol's attention to any evidence appearing in those reports that would support a claim against Peterson Sullivan. It was not until his deposition in February 2005, that Mr. Langfitt stated that he began to suspect that Travelers had a claim against Peterson Sullivan because of information contained in those reports.

Neither the Sutor nor the Peterson Sullivan reports, however, triggered the running of the statute of limitations in this case. That trigger was provided by the June 19 and 20 email exchange. In his order, Judge Beistline stated:

> "The uncontested facts reveal that plaintiff was <u>sufficiently</u> placed on inquiry notice on or about June 20, 2004" (Ex. 12, p.1)

And again, in Footnote 24 on p.7:

> "Plaintiff's, Complaint (Clerk: Docket No. 1) was filed on August 4, 2004, more than two months past the June 20, 2004 statute of limitations deadline."

The undisputed facts of this case are that Jan Sokol did not know about the June 19 - 20 emails before he filed Travelers complaint against Peterson, Sullivan on

Memorandum in Support of Cross-Motion for Summary Judgment and Opposition to Motion for Summary Judgment
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 15 of <u>17</u>

August 4, 2004. As of that date, he believed the statute would not begin to run until sometime after October 1, 2004. This belief was reasonable and not a breach of the standard of care.

## CONCLUSION

For the reasons stated above, and the authorities cited, Defendant Sokol request that Travelers' Motion against Sokol for Summary Judgment on the Statute of Limitations issue be denied, and that this Court grant Defendant Sokols' Cross-Motion for Summary Judgment.

DATED at Anchorage, Alaska this 27th day of June 2008.

/s/     James D. Gilmore
James D. Gilmore, #6702007
**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501
(907) 272-9272
jgilmore@olypen.com

Memorandum in Support of Cross-Motion for Summary Judgment and Opposition to Motion for Summary Judgment
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 16 of 17

## Certificate of Service

I hereby certify that on this 27th day of June 2008, a copy of the foregoing document was served electronically through the ECF system on Gary Spraker, Richard Spoonemore and James T. Hopkins.

/s/ James D. Gilmore

Memorandum in Support of Cross-Motion for Summary Judgment and Opposition to Motion for Summary Judgment
Travelers v. South Coast et al., Case No. A06-00063 (TMB)
Page 17 of 17