Message                                                                 Page 1 of 4

## Robert B. Coleman

**From:** Jan D Sokol
**Sent:** Thursday, June 10, 2004 4:44 PM
**To:** Robert B. Coleman
**Subject:** FW: South Coast 12/31/00 Financial Statement

Please copy and put in file(s).

-----Original Message-----
**From:** Jan D Sokol
**Sent:** Thursday, June 10, 2004 3:51 PM
**To:** 'Langfitt, Charles W'; 'Jordan S. Rosenfeld'
**Subject:** RE: South Coast 12/31/00 Financial Statement

Based on Jordan's conclusions below, and my review of the material and the law, I believe we have sufficient factual evidence to support claims against the directors and officers and the accounting firm. I will prepare a draft complaint for your review. We can certainly sue the accounting firm in Washington, but personal jurisdiction over the officers and directors may not be possible.

If we are going to sue them in the same action, I would recommend the USDC for the District of Alaska. Chuck, with respect to damages, I have the large loss analysis. I will need help from you and Jordan in assessing the damages to be asserted with respect to the directors and officers and the accounting firm.

I assume we will need to contact Crandall and Cabot once we have finalized our plans.

-----Original Message-----
**From:** Langfitt, Charles W [mailto:CLANGFIT@stpaultravelers.com]
**Sent:** Tuesday, June 08, 2004 4:57 PM
**To:** Jordan S. Rosenfeld; Jan D Sokol
**Subject:** RE: South Coast 12/31/00 Financial Statement

Jan, you have the Peterson Report, and Jordan, a copy should be in your copy of the Underwriting file, or was sent to you separately.

-----Original Message-----
**From:** Jordan S. Rosenfeld [mailto:jordon@sutorgroup.com]
**Sent:** Tuesday, June 08, 2004 4:52 PM
**To:** Jan D Sokol
**Cc:** Langfitt, Charles W
**Subject:** RE: South Coast 12/31/00 Financial Statement

In my opinion, the excessive underbillings and subsequent change in gross profit on the jobs previously mentioned is sufficient for us to believe that Peterson Sullivan may have been negligent in the performance of their audit. The same applies to the management of South Coast with the added caveat that the officers of SCI may have intentionally misled the auditors, Klukwan and/or the surety.

1) The surety relied upon the statements in the issuance of bonds in 2001.

2) The anticipated gross profit as of 12/31/00 were in error based upon SCI's 12/31/01 draft statements. (Never mind how much the jobs ultimately cost Travelers.)

3) In my opinion there were indications in the 12/31/00 statements that the gross profit was overstated that should have been investigated.

6/10/2004

Date 10-3-07   Exhibit # 210
Case Travelers v S-Coast
Deponent R-Coleman
Reporter JANETTE DUKIC
Naegeli Reporting Corporation
(800) 528-3335   FAX (503) 227-7123

TRAV81577

Also, my recollection is that Petterson Sullivan performed a seperate operations review of SCI's accounting controls and reported many deficiencies in the SCI systems. This should have been performed as part of the audits, their audit procedures modified accordingly and the client notified of the deficeincies with recomendations for improvement. It does not appear that this happened.

Jordan

---

**From:** Jan D Sokol [mailto:jdsokol@lawssg.com]
**Sent:** Tuesday, June 08, 2004 4:19 PM
**To:** Jordan S. Rosenfeld
**Cc:** Charles.W.Langfitt@travelers.com
**Subject:** RE: South Coast 12/31/00 Financial Statement

CONFIDENTIAL AND PRIVILEGED COMMUNICATIONS

We have 2 separate potential claims. One against the accounts for negligence, and the second is against the former officers and directors for misrepresentation. The first against Peterson Sullivan involves our posting of surety bonds on behalf of South Coast, Inc. In determining whether surety credit was to be provided to Klukwan and its affiliates, Travelers was provided and relied, on among other things, financial statements which were prepared by Peterson Sullivan. If they were not not performed in accordance with GAAS and we were damaged as a result, we could have a professional negligence claim against the accountants.

Second, South Coast had financial and management control issues. Klukwan, Inc. ("Klukwan") hired Falls Management to assist in resolving the problems by putting in proper management and financial controls. Travelers has asserted that Ronald Gelbrich, Jerald Renich, Brad Finney, Jan Paulson, Michael Houts and Edwin Johnson failed to ensure that the proper controls were followed. After failing to ensure the proper controls were followed, these individuals chose to ignore or misinformed Klukwan about South Coast's true financial condition. As a result of these actions, the financial representations made to Travelers in connection with South Coast's and Klukwan's requests for surety credit failed to reflect South Coast's true financial condition, and these individuals knew or should have known that the representations being made to Travelers and relied upon by Travelers in providing new surety credit were false.

Under Rule 11, the standard is:

"The signature of an attorney or party constitutes a certificate that the attorney or party has read the pleading, motion or other paper; that to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

The question to you is do we have sufficient factual evidence to make these assertions and file an action asserting these claims.

*******************************

Jan D. Sokol
Stewart Sokol & Gray, LLC
2300 SW First Avenue
Suite 200
Portland, OR 97201-5047
503-221-0699
503-227-5028 (fax)
E-mail: mailto:jdsokol@lawssg.com

6/10/2004

Web Site: www.lawssg.com
*******************************************

NOTICE:

THIS EMAIL TRANSMISSION MAY CONTAIN INFORMATION WHICH IS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, OR TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE CONTACT US IMMEDIATELY, DESTROY ANY COPIES AND DELETE IT FROM YOUR COMPUTER SYSTEM.

-----Original Message-----
From: Jordan S. Rosenfeld [mailto:jordon@sutorgroup.com]
Sent: Tuesday, June 08, 2004 1:20 PM
To: Jan D Sokol
Cc: Charles.W.Langfitt@travelers.com
Subject: South Coast 12/31/00 Financial Statement

Jan:

I did receive a copy of the Travelers South Coast, Inc. underwriting file and have had a chance to take a look at the 12/31/00 financial statement. A couple of items are noticable:

1) The have inventory of $3,240,795. According to the notes this is for explosives ($2,448,275) and construction materials ($792,520.) I'd question the real value of the inventory. For the audit there should have been an observation of the inventory count at the end of the year and steps to verify the valuation of what was counted. The amount seams awfully high to me.

2) At 12/31/00 SCI has underbillings of $2,800,078. (The corresponding overbillings is only $625,846.) This is a very large amount and should have prompted additional procedures by the auditors in review the estimated contract completion costs. A large underbilling amount can indicate an understatement of the cost to complete. There are four jobs with very large underbillings at 12/31/00:

| Ketchican Viaduct | $306,167 |
| Sitka Airport | 369,181 |
| Big Salt Road | 1,260,345 |
| BIA, Chinle | 561,170 |

As of 12/31/00 SCI anticipated a gross profit on each of the above. However, as of 12/31/01 SCI anticpated total gross losses on Sitka Airport, Big Salt Road and Chinle projects of $(293,145), $(1,686,335) and $(1,107,590), respectively. (As we know, the actual losses were even higher.) The large underbillings were a precursor of the losses ultimately recognized in 2001. Management and/or the auditors should have recognized this. For the auditors, additional procedures should have been performed.

We need the Peterson Sullivan workpapers to determine if their audit procedures conformed to GAAS (Generally Accepted Auditing Standards.)

The Klukwan statements are tougher to analyze because they are a consolidation of various subsidiaries. During the surety investigation, Doug Payne did question the inventory valuation of timber property on the Klukwan statements. My ecollection is Klukwan was valuing the property at the value of timber even though it would be 40 years before the timber could be harvested.

What do you need to proceed?

6/10/2004

Jordan

This communication, together with any attachments hereto or links contained herein, is for the sole use of the intended recipient(s) and may contain information that is confidential or legally protected. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please notify the sender immediately by return e-mail message and delete the original and all copies of the communication, along with any attachments hereto or links herein, from your system.

The St. Paul Travelers e-mail system made this annotation on 06/08/2004, 07:57:00 PM.

6/10/2004

Date 10-4-07   Exhibit # 231
Case Travelers v. S. Const
Deponent J. Sokol
Reporter JANETTE DUKIC
Naegeli Reporting Corporation
(800) 528-3335   FAX (503) 227-7123

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In the Matter of the Petition of KLUKWAN, INC., an Alaska corporation and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Petitioners. | Case No.<br><br>**PETITION TO REQUIRE THE PRODUCTION OF DOCUMENTS BEFORE ACTION (Fed.R.Civ.P. 27(a))** |

Petitioners allege as follows:

1. Petitioner Klukwan, Inc. ("Klukwan"), is an Alaska corporation, with its principal place of business in the State of Alaska. Petitioner Travelers Casualty and Surety Company of America ("Travelers") is a Connecticut corporation with its principal place of business in the State of Connecticut.

2. Peterson Sullivan P.L.L.C., is a Washington limited liability professional company with its principal place of business in the State of Washington ("Peterson Sullivan").

3. It is expected that Peterson Sullivan may be an adverse party in a court proceeding involving the documents sought by this Petition. Peterson Sullivan may be served by serving its registered agent:

PETITION TO REQUIRE THE PRODUCTION OF DOCUMENTS
BEFORE ACTION (Fed.R.Civ.P. 27(a))- 1
(Case No. _____)

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2100 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 226-0699
FAX (503) 223-5706

1  DWTR&J Corp.
   2600 Century Square
2  1501 Fourth Avenue
   Seattle, WA 98101-1688
3

4      4. The matter in controversy exceeds the sum of $75,000, exclusive of interest
5  and costs.

6      5. Petitioners expect Peterson Sullivan to be a party to an action in a Court of
7  the United States, but they are unable to presently bring the action because they are
8  still conducting an investigation into the liability of potentially responsible parties and
9  counsel and petitioners have serious obligations under Fed.R.Civ.P. 11 to satisfy
10 themselves regarding the underlying facts.

11     6. Peterson Sullivan is a potential defendant in an action that may be brought by
12 petitioners for professional negligence, negligent misrepresentation and breach of
13 contract, among other claims. Sullivan Peterson provided accounting services to
14 Klukwan and its affiliates during 1999, 2000 and 2001.

15     7. This Court would have jurisdiction of this potential action because of complete
16 diversity of citizenship under 28 USC § 1332.

17     8. Petitioners seek the following documents:

18         a. All Peterson Sullivan work papers relating to audits of Klukwan and its
19 subsidiaries for the years ending December 31, 1999, 2000 and 2001. These
20 documents include copies of financial statement audit work papers, substantive work
21 papers, permanent files and internal control analysis and testing work papers for these
22 years.

23     These documents are relevant to the subject matter involved in the potential
24 action, relate to the potential claims to be asserted against Peterson Sullivan and the
25 requests are reasonably calculated to lead to discovery of admissible evidence.
26 ///

PETITION TO REQUIRE THE PRODUCTION OF DOCUMENTS
BEFORE ACTION (Fed.R.Civ.P. 27(a))- 2
(Case No. _____)

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699
FAX (503) 223-5706

000782

1       It is anticipated that these documents will reflect whether or not the financial
2  representations made to Travelers and Klukwan with respect to Klukwan's and its
3  subsidiaries' requests for surety credit accurately reflected the financial condition of
4  Klukwan and its subsidiaries.
5       9. Petitioners request that these documents be produced at Travelers' offices at
6  3455 S. 344th Way, Suite 200, Auburn, WA 98001.
7       10. Prior to filing this Petition, Travelers informally requested that Peterson
8  Sullivan provide it with the documents sought in this Petition. That request was
9  supported by Klukwan. Peterson Sullivan refused to produce the requested
10 documents.
11      11. The documents requested under Fed.R.Civ.P. 34 prior to action may prevent
12 a failure or delay of justice.
13      WHEREFORE, petitioners pray for relief as follows:
14      1. The issuance of an order authorizing petitioners to issue a request for
15 production of documents on Peterson Sullivan requiring Peterson Sullivan to produce
16 all Peterson Sullivan work papers relating to audits of Klukwan and its subsidiaries for
17 the years ending December 31, 1999, 2000 and 2001. This includes copies of financial
18 statement audit work papers, substantive work papers, permanent files and internal
19 control analysis and testing work papers for these years. These documents are to be
20 produced for inspection and copying by petitioners; and
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

PETITION TO REQUIRE THE PRODUCTION OF DOCUMENTS
BEFORE ACTION (Fed.R.Civ.P. 27(a))- 3
(Case No. _____)

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699
FAX (503) 223-5706

000783

1   2. For such other and further relief as this Court deems equitable and just.

2   DATED this ____ day of January, 2004.

3                                              STEWART SOKOL & GRAY LLC

4
                                               By: _____
5                                                  Jan D. Sokol, WSBA #30962

6                                              2300 SW First Avenue, Suite 200
                                               Portland, Oregon 97201-5047
7                                              Phone: (503) 221-0699
                                               Fax: (503) 223-5706
8                                              E-mail: jdsokol@lawssg.com
                                               Of Attorneys for Petitioners
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PETITION TO REQUIRE THE PRODUCTION OF DOCUMENTS
BEFORE ACTION (Fed.R.Civ.P. 27(a))- 4
(Case No. _____)

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699
FAX (503) 223-5706

000784

## VERIFICATION

Charles W. Langfitt, being first duly sworn upon oath deposes and says:

I, Charles W. Langfitt, am one of the petitioners in the above-entitled proceeding; that I was, at all times relevant hereto, the Vice President, Bond Claims of Travelers Casualty and Surety Company of America, and in such capacity have read the within and foregoing Petition, and that every statement therein contained are true and correct within my personal knowledge.

_____
Charles W. Langfitt

STATE OF WASHINGTON )
                    )
County of King      )

I, _____, a notary public, do hereby certify that on this ____ day of _____ 2004, personally appeared before me Charles W. Langfitt who, being by me first duly sworn, declared that the statements therein contained are true.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.

_____
Notary Public for Washington
My Commission expires: _____

PETITION TO REQUIRE THE PRODUCTION OF DOCUMENTS
BEFORE ACTION (Fed.R.Civ.P. 27(a))- 5
(Case No. _____)

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699
FAX (503) 223-1706

000785

## VERIFICATION

Thomas L. Crandall, being first duly sworn upon oath deposes and says:

I, Thomas L. Crandall, am one of the petitioners in the above-entitled proceeding; that I was, at all times relevant hereto, the President of Klukwan, Inc., and in such capacity have read the within and foregoing Petition, and that every statement therein contained are true and correct within my personal knowledge.

_____
Thomas L. Crandall

STATE OF ALASKA         )
                        )
____ Judicial District  )

I, Delia Commander, a notary public, do hereby certify that on this 17th day of February 2004, personally appeared before me Thomas L. Crandall who, being by me first duly sworn, declared that the statements therein contained are true.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.

[Notary Seal: DELIA COMMANDER, NOTARY PUBLIC, STATE OF ALASKA]

_____
Notary Public for Alaska
My Commission expires: 10-25-2007

W:\WORK\JAN\Travelers\South Coast\Peterson Sullivan\Pleadings\Petition.wpd

PETITION TO REQUIRE THE PRODUCTION OF DOCUMENTS
BEFORE ACTION (Fed.R.Civ.P. 27(a))- 6
(Case No. _____)

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699
FAX (503) 223-5706

000766

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In the Matter of the Petition of KLUKWAN, INC., an Alaska corporation and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Petitioners. | Case No.<br><br>NOTICE OF APPLICATION TO PETITION FOR DISCOVERY BEFORE ACTION (Fed.R.Civ.P. 27(a)) |

To: Peterson Sullivan P.L.L.C., c/o Registered Agent:

DWTR&J Corp.
2600 Century Square
1501 Fourth Avenue
Seattle, WA 98101-1688

1. Please take notice that Klukwan, Inc. and Travelers Casualty and Surety Company of America, petitioners, will apply to the United States District Court for the Western District of Washington at 215 U.S. Courthouse, 1010 Fifth Avenue, Seattle, WA 98104 on the _____ day of _____, 2004, at _____ [time], in Courtroom No. _____, for an Order requiring the production of certain documents that is more particularly described in the Petition, a copy of which is attached to this Notice.

///

---

NOTICE OF APPLICATION TO PETITION FOR DISCOVERY BEFORE
ACTION (Fed.R.Civ.P. 27(a))- 1
(Case No. _____)

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699
FAX (503) 223-5706

000787

1  YOU MAY APPEAR and show cause, if you have any, at the time and place
2  described above, why the Order requested in the attached Petition should not be
3  granted. You are not required to appear if you do not oppose the Order set out in the
4  petition, but if you choose to do so, you are advised to consult with an attorney well in
5  advance of the date set out above in order to be advised of the proper method and
6  manner of opposing the Petition and the Order sought in the Petition.
7  DATED this ____ day of January, 2004.

8  STEWART SOKOL & GRAY LLC

9

10  By: _____
    Jan D. Sokol, WSBA #30962

11  2300 SW First Avenue, Suite 200
    Portland, Oregon 97201-5047
12  Phone: (503) 221-0699
    Fax: (503) 223-5706
13  E-mail: jdsokol@lawssg.com
    Of Attorneys for Petitioners
14

15

16  W:\WORK\JAN\Travelers\South Coast\Peterson Sullivan\Pleadings\Notice of Application for Petition.wpd

17

18

19

20

21

22

23

24

25

26

NOTICE OF APPLICATION TO PETITION FOR DISCOVERY BEFORE
ACTION (Fed.R.Civ.P. 27(a))- 2
(Case No. _____)

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699
FAX (503) 223-5706

000768

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In the Matter of the Petition of KLUKWAN, INC., an Alaska corporation and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,

Petitioners.

Case No.

ORDER GRANTING PETITION TO REQUIRE PRODUCTION OF DOCUMENTS BEFORE ACTION (Fed.R.Civ.P. 27(a))

This matter came before the Court on the Petition for an Order authorizing Klukwan, Inc. ("Klukwan") and Travelers Casualty and Surety Company of America to take discovery under Fed.R. Civ.P. 27(a) and 34 from Peterson Sullivan, P.L.L.C., and the Court having considered the Petition and the arguments in support of and in opposition to the Petition,

IT IS HEREBY ORDERED as follows:

1. The Petition is granted. Petitioners are granted leave to serve a request for production of documents under Fed.R.Civ.P. 34 on Peterson Sullivan P.L.L.C.

2. The request for production will seek the following documents:

   a. All Peterson Sullivan work papers relating to audits of Klukwan and its subsidiaries for the years ending December 31, 1999, 2000 and 2001. This includes

ORDER GRANTING PETITION TO REQUIRE THE PRODUCTION OF DOCUMENTS BEFORE ACTION (Fed.R.Civ.P. 27(a)) - 1
(Case No. _____ )

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699
FAX (503) 223-5706

000780

1  copies of financial statement audit work papers, substantive work papers, permanent
2  files and internal control analysis and testing work papers for these years.
3      3. The request for production will contain a notice of the time and place for the
4  production of documents, together with a copy of this Order, and must be served by fax
5  and by mail on the attorney appearing for the prospective adverse party, or if not
6  represented by counsel, by personal service on the registered agent of Peterson
7  Sullivan, P.L.L.C.
8      DATED this ____ day of _____, 2004.
9
10
11                                          _____
                                            United States District Court Judge
12  Presented by:
13  STEWART SOKOL & GRAY, LLC
14
15
    By _____
16  Jan D. Sokol, WSBA #30962
    Of Attorneys for Petitioners
17
18
19  W:\WORK\JAN\Travelers\South Coast\Peterson Sullivan\Pleadings\Order Granting Petition.wpd
20
21
22
23
24
25
26

ORDER GRANTING PETITION TO REQUIRE THE PRODUCTION OF
DOCUMENTS BEFORE ACTION (Fed.R.Civ.P. 27(a))- 2
(Case No. _____)

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW FIRST AVENUE, SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699
FAX (503) 223-5706

000700

Valerie L. Senske

From: Jan D Sokol [jdsokol@lawssg.com]
Sent: Wednesday, December 24, 2003 10:38 AM
To: Langfitt, Charles W
Subject: FW: Travelers/Klukwan   your file 7777.006

This raises an interesting issue.  By the way, I have had no response from the lawyer on the working papers.  On my return to the office, I draft a petition to file in the Western District of Washington.  Hopefully, Cabot and Kluckwan will be on board with us.  Have a happy season, and a healthy and prosperous new year.

-----Original Message-----
From: Brandon Allen [mailto:brandon_allen@bradycompany.com]
Sent: Tue 12/23/2003 12:17 PM
To: Jan D Sokol
Cc:
Subject: FW: Travelers/Klukwan your file 7777.006


> -----Original Message-----
> From:         Brandon Allen
> Sent: Tuesday, December 23, 2003 11:02 AM
> To:   'jdsokol@lwssg.com'
> Cc:   'denise.rasmussen@stpaul.com'
> Subject:      Travelers/Klukwan   your file 7777.006
>
> Following up your letter of 12/9/03, on 6/9/03 we received your letter of
> 6/3 and forwarded it that day to Royal Insurance the D&O carrier. This
> satisfies the policy reporting provisions for the insured and applicable
> insurance laws.
>
> On 11/10/03 we received a letter from St.Paul advsing that they had
> acquired the renewal rights for the Royal policy and would be taking over
> this claim. Denise Rasmussen is handling this issue for St. Paul. You may
> contact her at
> St. Paul Fire and Marine Insurance Company
> 14622 Ventura Blvd. #538
> Sherman Oaks, CA 91403
> 818 784 2527
> denise.rasmussen@stpaul.com
>
> Please let me know if you need any additonal information.
>
> Brandon Allen
> Brady & Company

Date 10-4-07 Exhibit # 263
Case Travelers v S Coast
Deponent J Sokol
Reporter JANETTE DUKIC
Naegeli Reporting Corporation
(800) 528-3335  FAX (503) 227-7123

1

TRAV80078