# Exhibit I

Exhibits A, C & D to

Declaration of Cabot Christianson

Declaration of Gary Spraker
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)

Unknown

From: Tom Crandall [tomc@klukwan.com]
Sent: Thursday, July 18, 2002 7:27 AM
To: Charles.W.Langfitt@travelers.com
Subject: Travelers note.xls



Travelers note.xls
(32 KB)

huck,

Here is what I think we have for our agreement. If I left anything out, please let me know.

Tom C.

Crandall DEPOSITION EXHIBIT #39

1

001636

NOTE: <u>$5.0 M   +  6% interest</u>   $8 Mil.

Payment:              Months   Annual

Years 1-

Year 3                                            35¢

Years 4-9   (y-Nov)  100      70¢

Year 10 - due in full


10%                          Pmnt

½ no

All A+ stock    3,000    3,000

½ Not              650      1,300

KING  3d          100       100

Jones  1st         600       600

Asset sales reduce / reduce monthly payments.

LAW OFFICE OF
## BUNDY & CHRISTIANSON
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS
911 WEST 8TH AVENUE, SUITE 302
ANCHORAGE, ALASKA 99501

TD H. BUNDY, PC
OT CHRISTIANSON, PC
MICHELLE L. BOUTIN
GARY A. SPRAKER

TELEPHONE (907) 258-6801
FAX (907) 258-2801

September 6, 2002
VIA FAX to 253/946-7156

Charles W. Langfitt
Vice President
Bond Claim, Federal Way
3455 S. 344th Way, Suite 200
Auburn, WA 98001

Re: South Coast, Inc.

Dear Chuck,

    I've taken a look at your August 30 revisions to the proposed repayment documents, and rather than send you back a new draft that mostly redlined your strikeouts and struck out your redlines, I thought it would be better if I gave you a more general reaction that explained South Coast's major concerns.

    With some luck, South Coast and/or Klukwan will not have to file Chapter 11 cases, but we have to be realistic and recognize that that may happen, voluntarily or involuntarily. You have previously advanced the concept that the settlement would be "out the window" in the event of a Chapter filing, but that was before South Coast agreed to give you any collateral. An $1.00 unsecured claim is usually not worth 100 cents in a bankruptcy, so it made sense that you would not want to reduce your claim in order to settle, only to have it further reduced in a bankruptcy: if the bankruptcy is going to beat down your claim, the claim might as well start out at the full amount.

    But then South Coast and Klukwan offered you collateral which, at the values we have assigned, makes your claim fully secured. This means you are fully protected, in theory, in the event of a bankruptcy.

    My draft provided, in the event of bankruptcy, that Travelers had the choice of keeping the settlement, in toto, or rejecting the settlement, in toto. Either way Travelers would keep whatever nonavoidable payments it had received, but it couldn't cherry pick the best parts of the settlement (security) with the best parts of no settlement (large claim). I think this is fair, and hope you do too. You didn't want a bankruptcy to ratchet down the settlement, but on the other hand we don't want a bankruptcy to ratchet up the settlement.


DEPOSITION EXHIBIT #171

TRAV 075171

Charles W. Langfitt
September 6, 2002
Page 2

The other major issue I had with your August 30 draft was the inclusion of financial covenants. We can, and have, given you full access to our records, but no one can certify, within 5%, the value of real estate, construction equipment, construction contracts, financing leases - the major components of South Coast's balance sheet.

I'll wager that Travelers can't certify within 5% what its eventual loss will be on its bonds. If Travelers can't, neither can South Coast. And you have to keep in mind that Klukwan has been sorely mistreated by another major creditor on the issue of "violations" of financial covenants.

I think if we can treat the bankruptcy issues more or less like in my first draft, and eliminate the financial covenants, that we can reach closure on these agreements. We are willing to go with your substantial changes to the guaranty, and the other changes you suggested should have a manageable middle ground.

Please contact me with your thoughts.

Very truly yours,
BUNDY & CHRISTIANSON

By_____
Cabot Christianson

cc: Tom Crandall
    Tom Blanton

H:\2501\ltr\langfitt.wpd

TRAV 075172