# Exhibit F

Deposition Testimony of

Charles W. Langfitt - 2005

Declaration of Gary Spraker
Travelers Casualty and Surety v. South Coast, Inc., et al.
Case No. A06-00063 (TMB)


Travelers Casualty and Surety Company of America     Charles W. Langfitt                    February 28, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. A04-0165 CV (RRB) ) |
| RONALD GELBRICH; JERALD RENICH; BRAD FINNEY; JAN PAULSON; MICHAEL HOUTS; EDWIN JOHNSON; and PETERSON SULLIVAN, P.L.L.C., a Washington limited liability company, | ) ) ) ) ) ) ) |
| Defendants. | ) |

Videotaped Deposition Upon Oral Examination

of

CHARLES W. LANGFITT

Taken at 1420 Fifth Avenue
Seattle, Washington

DATE:   February 28, 2005

REPORTED BY:   Patricia A. Blevins, CCR
                CCR NO.: BL-EV-IP-A403LH

STARKOVICH REPORTING SERVICES
(206)323-0919

Travelers Casualty and Surety Company of America    Charles W. Langfitt                February 28, 2005

Page 2

CHARLES W. LANGFITT -- FEBRUARY 28, 2005

A P P E A R A N C E S

For the Plaintiff:  JAN D. SOKOL
                    Stewart Sokol & Gray, LLC
                    2300 Southwest First Avenue
                    Suite 200
                    Portland, Oregon 97201-5047

For Defendant       WILLIAM A. EARNHART
Peterson Sullivan:  Lane Powell Spears Lubersky, LLP
                    301 Northern Lights Boulevard
                    Suite 301
                    Anchorage, Alaska 99503-2631

For Defendant Gelbrich:  DAVID F. JURCA
                         Helsell Fetterman, LLP
                         1001 Fourth Avenue
                         Suite 4200
                         Seattle, Washington 98111-3846

For Defendant Renich:  JAMES P. WAGNER
                       Stafford Frey Cooper
                       601 Union Street
                       Suite 3100
                       Seattle, Washington 98101-1374

Also Present:  ROB DEMKO
               Videographer

--oOo--

STARKOVICH REPORTING SERVICES
(206)323-0919

Page 3

CHARLES W. LANGFITT -- FEBRUARY 28, 2005

I N D E X

EXAMINATION BY:                                              Page

Mr. Earnhart..................................................  6

Mr. Jurca.................................................... 77

Mr. Wagner................................................... 88

Mr. Earnhart................................................ 188

Mr. Jurca................................................... 207

Mr. Wagner.................................................. 227

Mr. Earnhart................................................ 235

Mr. Wagner.................................................. 237

* * *

EXHIBITS FOR IDENTIFICATION:

| Number | Description | Page |
|---|---|---|
| 1 | Copy of South Coast, Inc., Subfile List, undated. | 32 |
| 2 | Copy of Travelers/South Coast Damages, undated. | 39 |
| 3 | Copy of Travelers Bond Contract Surety Large Loss Analysis, 6-5-02. | 57 |
| 4 | Copy of Complaint, 8-2-04. | 108 |
| 5 | Copy of Reliance Insurance Company Continuing Agreement of Indemnity, effective 3-1-99. | 111 |

Travelers Casualty and Surety Company of America · Charles W. Langfitt   February 28, 2005

Page 129

1  decision to settle with Klukwan on the basis of the
2  repayment agreement of the $8 million note?
3       A.   Yes.
4       Q.   Was there any discussion with Klukwan at the time
5  of the negotiation of the repayment agreement concerning the
6  manner in which any recovery on either a professional
7  liability claim against Peterson Sullivan or a directors and
8  officers liability claim against any former officers and
9  directors would be handled?  That's a very specific
10 question.
11      A.   No, I know it is, and the reason I'm hesitating is
12 that those two items were not specifically discussed for
13 credit.  However, there is a credit mechanism that would
14 affect them, that is in the document.
15      Q.   Okay, but let's back up.  The issue was not
16 specifically discussed; is that correct?
17      A.   No.  I mean it wasn't like if you get a recovery
18 on those.  However, the crediting as a whole was, yes.  So
19 what I'm saying is did we sit there and say here is the --
20 directors and officers, here is this, you're going to have
21 to put them one way or the other?  It wasn't that specific.
22 Was it if you have a loss that's less than $8 million, then
23 you have to credit us?  The answer is yes, because that's in
24 the agreement.  So we talked about crediting.  We never got
25 down to the components of what the credit --