Garth A. Schlemlein, *ASBA #8602011*
James T. Hopkins, *Pro Hac Vice*
Robert L. Olson, *Pro Hac Vice*
SCHIFFRIN OLSON SCHLEMLEIN & HOPKINS
1601 Fifth Ave., Suite 2500, Seattle, WA 98101
Tel. (206) 448-8100; Fax (206) 448-8514
Email: jth@soslaw.com

Richard E. Spoonemore, *Pro Hac Vice*
SIRIANNI YOUTZ MEIER & SPOONEMORE
719 Second Ave., Suite 1100, Seattle, WA 98104
Tel. (206) 223-0303; Fax (206) 223-0246
Email: rspoonemore@sylaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOUTH COAST, INC., an Alaska corporation; KLUKWAN, INC., an Alaska Native Village corporation; and CHILKATS' PORTAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>　　　　Defendants. | Case No. A06-00063 (TMB)<br><br>DECLARATION OF CHARLES W. LANGFITT |
| SOUTH COAST, INC., an Alaska corporation; KLUKWAN, INC., an Alaska Native Village corporation; and CHILKATS' PORTAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>　　　　Counterclaim and<br>　　　　Third-Party Plaintiffs,<br><br>　　v. | |

| |
|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation; STEWART SOKOL & GRAY L.L.C.; and JAN D. SOKOL,<br>        Counterclaim and<br>        Third-Party Defendants. |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br>        Plaintiff and Cross Claim Plaintiff;<br>   v.<br>STEWART SOKOL & GRAY L.L.C. and JAN D. SOKOL,<br>        Cross Claim Defendants. |

I, Charles W. Langfitt, declare:

1.    I am Vice President of Travelers Casualty and Surety Company ("Travelers") – Surety Claims. I am competent to testify as to the facts stated in this declaration, which I make on the basis of my personal knowledge.

2.    Travelers retained Jan Sokol and his firm, Stewart Sokol & Gray LLC, to pursue claims against Peterson Sullivan. They were retained to analyze and pursue the claims over a year before the statute of limitations was found to have run by Judge Beistline.

3.    I was unaware until well after the action against Peterson Sullivan was filed that the statute of limitations could accrue under Alaska law on the date when a plaintiff has information which "is sufficient to alert a reasonable person to begin an inquiry to protect his rights."

4.    Prior to Travelers' action against Peterson Sullivan being filed, I understood that the statute of limitations in Alaska would accrue upon discovery of

DECLARATION OF CHARLES W. LANGFITT - 2
*Travelers Casualty and Surety v. South Coast, Inc., et al.*, Case No. A06-00063 (TMB)

wrongful acts. My understanding was based upon two emails sent to me by Jan Sokol. The emails, in relevant part, stated as follows:

> "We should be mindful of the statute of limitations; however, it is unclear to me when we would have 'discovered' the wrongful acts because we are still trying to determine if there were wrongful acts."

> "By the way, in Alaska, the statute of limitations for tort claims is 2 years. While our notice to the insurer was given in June 2003, it is not clear to me when we 'discovered' the misrepresentations."

5. Based upon these emails, I believed that discovery of wrongdoing was the critical date under Alaska law. I had no reason to believe otherwise.

6. The June 19-20, 2002 email exchange between me and David Hombach does not itself contain any specific facts which led Travelers to commence an inquiry. It is simply evidence that an inquiry, based on other facts, was initiated in June of 2002. As I noted in my September 2, 2005 declaration in the underlying case, the email shows "that Travelers had reason to inquire into whether Peterson Sullivan's audit of South Coast's 2000 financial statements was negligent as of June 19, 2002." The "reason to inquire" or the actual facts which prompted an inquiry included the Sutor Report, the Peterson Sullivan Report, the rapid collapse of South Coast, and a Large Loss Analysis. Jan Sokol was aware, well before June 19, 2004, of each of these facts.

I declare under penalty of perjury of the laws of the State of Washington and the United States of America that the foregoing is true and correct.

DATED: July 31, 2008, at _Hartford, Conn._

_____
Charles W. Langfitt

DECLARATION OF CHARLES W. LANGFITT - 3
Travelers Casualty and Surety v. South Coast, Inc. et al. Case No. A06-00063 (TMB)

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

- **James D. Gilmore**
  USDC-ANCH-Ntc@cplawak.com,jgilmore@olypen.com,anch@cplawak.com

- **James T. Hopkins**
  jth@soslaw.com,lsb@soslaw.com

- **Robert L. Olson**
  rlo@soslaw.com,cc@soslaw.com

- **Garth A. Schlemlein**
  gas@soslaw.com,jth@soslaw.com,rlo@soslaw.com,lsb@soslaw.com,cc@soslaw.com

- **Richard E. Spoonemore**
  rspoonemore@sylaw.com,matt@sylaw.com,rspoonemore@hotmail.com,theresa@sylaw.com

- **Gary A. Spraker**
  gary@cslawyers.net,susan@cslawyers.net,ecf@cslawyers.net

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

- (No manual recipients)

DATED: August 1, 2008, at Seattle, Washington.

_____
Theresa A. Redfern