James D. Gilmore
CLAPP, PETERSON, VAN FLEIN,
  TIEMESSEN & THORSNESS LLC
711 H Street, Suite 620
Anchorage, AK 99501
Ph. (907) 272-9272/Fax (907) 272-9586
Attorneys for Defendant
Jan D. Sokol

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., an Alaska Native Village corporation, and CHILKATS' PORTGAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>            Defendants. | Case No. A06-00063 (TMB) |
| SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., an Alaska Native Village corporation, and CHILKATS' PORTAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>    Counter-Claim and<br>    Third Party Plaintiff,<br><br>vs.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation, STEWART, SOKOL & GRAY, L.L.C., and JAN D. SOKOL, | |

Reply to Travelrs' Opposition to Sokol's Cross Motion for Summary Judgment
*Travelers v. South Coast et al.*, Case No. A06-00063 (TMB)
Page 1 of 9

Counterclaimant and
Third Party Defendants.

### REPLY TO TRAVELERS' OPPOSITION TO
### SOKOL'S CROSS MOTION FOR SUMMARY JUDGMENT

In its opposition to Sokol's Cross Motion for Summary Judgment, Travelers states that Jan Sokol was "...ignorant of the applicable Statute of limitations date" (Jameson Declaration, Para. 9), that that ignorance resulted in the Complaint not being filed in a timely manner. Travelers repeats it argument, that Jan Sokol did not understand the Statute of limitations law in Alaska, and that he misled Chuck Langfitt in his e-mails warning Travelers Alaska's two year "discovery" statute.

But, <u>based on his conversations with Chuck Langfitt, and on the information provided to him by Travelers</u>, Jan Sokol believed that Travelers did not have sufficient information to suspect that it might have a claim against Peterson Sullivan until October, 2002, when Chuck Langfitt had completed his investigation of the performance and payment bond claims being made against the Travelers' and had completed his second large loss report. (See Para. 11 of Sokol Affidavit attached to Sokol's Cross Motion for Summary Judgment).

In his deposition, Mr. Sokol testified that, while "...preparing the large loss report in October of 2002, or sometime thereafter, Mr. Langfitt came to the conclusion that something had to be wrong with the Peterson, Sullivan audit and that, therefore, October, of 2002 was the earliest date that Mr. Langfitt and Travelers came to the conclusion that there might be something wrong" with the audit.

Reply to Travelrs' Opposition to Sokol's Cross Motion for Summary Judgment
*Travelers v. South Coast et al.*, Case No. A06-00063 (TMB)
Page 2 of 9

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Mr. Sokol's belief was reasonable. Documents provided to Jan Sokol by Travelers laid out the following time line: Travelers underwriters and Mr. Langfitt had journeyed to Ketchican on May 27, 2002, to familiarize themselves with South Coast's problems. A few days later, June 5, Mr. Langfitt filed his first Large Loss Report. In that report, Mr. Langfitt stated that he was beginning to assess South Coast's losses and the damage that Travelers may have suffered from South Coast's failing projects. Langfitt completed his investigation in October 2002 and it was then that Mr. Langfitt advised Mr. Sokol that he began to "make an inquiry into Peterson Sullivan's negligence" (See Langfitt Affidavit dated September 2, 2005, a copy of which is attached hereto as Exhibit A). <u>It is uncontradicted that Travelers never told Sokol that Travelers considered the possibility of bringing a claim against Peterson, Sullivan as early as June 19 and 20, as evidenced by the e-mail exchange between Mr. Hombach and Mr. Langfitt.</u>[1]

Travelers asserts that Jan Sokol did not "understand" the statute of limitations statute in the State of Alaska and that he misled Chuck Langfitt when he stated in his e-mails that it was not clear when Travelers should have "discovered" that Peterson, Sullivan had done something wrong. Mr. Sokol testified in his deposition, that he understood that a "claim accrued when a person discovered or reasonably should have discovered that a claim exists," and that is what he meant when he put the term "discovered" in quotation marks in his e-mail to Mr. Langfitt.

---

[1] Traveler's turns a blind eye to the express language of Judge Beistline's Order that ties the beginning of the reviewing of the statute on those dates, <u>not</u> the date of the Sutor report; <u>not</u> the date of the Peterson Sullivan report.

Reply to Travelrs' Opposition to Sokol's Cross Motion for Summary Judgment
*Travelers v. South Coast et al.*, Case No. A06-00063 (TMB)
Page 3 of 9

This is a correct statement of Alaska's statute of limitations law. In its most recent case involving the discovery rule, <u>Jarvill v. Porky's Equipment, Inc., et al.</u> Opinion No. 6294, decided August 1, 2008, the Alaska Supreme Court. The Court rejected a finding by the Trial Court that Jarvill was on "inquiry notice" on an earlier date stating that a party's cause of action does not "accrue before all of its essential elements have ripened" and emphasizing that "our previous decisions do not suggest such a rule (p.11)." The Court thought then used language identical to that used by Jan Sokol to define the "discovery rule." Noting that the "discovery rule only extends the Statute of limitations; it does not shorten it," the Alaska Supreme Court stated at p. 8 of its opinion:

> ... we have also employed the discovery rule to toll the statute of limitations "until a claimant discovers or reasonably should have discovered, the existence of all elements essential to the cause of action" quoting from <u>Gudenau & Company v. Sweeny Insurance, Inc.</u>, 736 P.2d 763, 766 (Alaska 1987).

In <u>Gudenau</u>, the court reviewed a dismissal by the trial court of a counterclaim against an insurance broker based on the broker's failure to procure the type of insurance coverage which the insured had requested. The Court held that the statute of limitations began to run on the date which the insured discovered, or reasonably should have discovered, the broker's failure to provide all inclusive insurance coverage which it had promised to provide. The Court repeatedly stated that the statute of limitations does not begin to run until a claimant discovers, or "reasonably should have discovered, the existence of all elements essential to the cause of action," and emphasized that the date of discovery is a question of fact which cannot ordinarily be

Reply to Travelrs' Opposition to Sokol's Cross Motion for Summary Judgment
*Travelers v. South Coast et al.*, Case No. A06-00063 (TMB)
Page 4 of 9

determined by the trial court on a motion for summary judgment. Gudenau, cited Sharrow v. Archer, 658 P.2d 1331, 1335 (Alaska 1983) for the proposition that the statute of limitations period for Mr. Sharrow's medical malpractice claim against Dr. Archer did not begin until Mr. Archer "obtained a professional opinion which conflicted with the opinion of the defendant doctor."[2]

Regardless of his knowledge of the statute of limitations law in Alaska, Mr. Sokol, Travelers maintains that Jan Sokol should have done "basic research" and that his failure to do "basic research" breached a "common law duty" to ascertain when the statute begins to run.[3] But the Alaska Law imposes no separate, particularized duty on an attorney to perform "basic research" regardless of the circumstances.[4] The single, all-encompassing test of attorney negligence is that stated in Alaska Pattern Jury Instruction 8.10. It states;

> "An attorney is negligent in the representation of a client if the attorney fails to use the skill, prudence, and diligence that other attorneys possess and would exercise <u>under similar circumstances</u>." (Emphasis added) [5]

Whether <u>under the circumstances of this case,</u> Mr. Sokol used "the skills prudence, and diligence that other attorneys possess and would exercise," in his belief that the commencement date of a statute of limitations was sometime after October 1,

---

[2] In this case, the professional opinion of Mr. Rosenfeld, that a negligence claim could be filed against Peterson, Sullivan, was not rendered until June 8, 2004, after repeated assertions by Mr. Rosenfeld that he could not have formed such an opinion without first reviewing the Peterson, Sullivan work papers.
[3] Jan Sokol in his deposition testified that he could not recall whether he performed any "basic research" or not, but testified that he understood the Alaska statute regarding the limitations period.
[4] See pages 138, 259, 260 of deposition of Cabot Christianson, an attorney with 30 years of practice in Alaska, (Is attached hereto (Exhibit B).
[5] Despite Mr. Langfitt's assertion on June 19 that he had "Jordan looking at it," Mr. Rosenfeld's records indicate that Mr. Langfitt never requested that he give any consideration to the performance of Peterson, Sullivan of the audit of the year end 2000 financial statements until April or May of 2003.

Reply to Travelrs' Opposition to Sokol's Cross Motion for Summary Judgment
*Travelers v. South Coast et al.*, Case No. A06-00063 (TMB)
Page 5 of 9

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

2002, is a question of fact. Two experts, Eric Sanders and Bruce Gagnon with combined judicial and litigation practice experience spanning over 70 years, in Alaska, have concluded that Jan Sokol's used "the skill, prudence, and diligence that other attorney possess and would exercise" <u>under the circumstances of this case</u> and that his conduct met the standard of care.

Finally, Travelers argues that, if Mr. Sokol had only used the correct lingo, i.e., had used the term "inquiry" in his e-mails to Mr. Langfitt, that Mr. Langfitt would have given him the correct date. On page 7 of its memorandum, Travelers states:

> "If Sokol had properly articulated the test to Travelers and asked it when an inquiry first commenced, then Sokol would have been aware of the deadline. We know this fact because, when Sokol finally did ask the right question, Travelers provided correct information."

In support of this argument, Travelers quotes language from a memorandum prepared by Robert Coleman, a lawyer at Stewart, Sokol & Gray. In that memorandum, Mr. Coleman references a telephone call he made to Chuck Langfitt while he (Coleman) was preparing Travelers' Opposition to Peterson, Sullivan's Motion for Sanctions. Coleman recalls Mr. Langfitt telling him on the telephone that Langfitt believed that the last piece of information he needed to realize an inquiry in the accuracy of the audit to the financial statements was appropriate was "sometime in the summer or early fall of 2002."

But Travelers only quotes from part of the memorandum (see copy of memorandum in its entirety, attached as Exhibit C). The memorandum is sent to both Mr. Langfitt and Mr. Rosenfeld. It goes on to state that Langfitt believed the last piece

Reply to Travelrs' Opposition to Sokol's Cross Motion for Summary Judgment
*Travelers v. South Coast et al.*, Case No. A06-00063 (TMB)
Page 6 of 9

of information he needed to realize an inquiry into the accuracy of the audited 2000 financial statements had been sent to him by Rosenfeld, but that "the file he looked at does not indicate when you (Rosenfeld) communicated that information to him." It then requests that Rosenfeld look in his files for that information. Presumably that happened, and Mr. Langfitt then executed an affidavit on September 2, 2005 which was attached to Traveler's Opposition to Peterson Sullivan Motion for Summary Judgment. In paragraph 2 of that affidavit, Mr. Langfitt stated:

> "... I do not have a specific recollection of the exchange or of being on inquiry notice and starting an inquiry into Peterson, Sullivan's negligence in June of 2002. To the contrary, my recollection as I stated in my affidavit of sanctions, that is, my recollection is that <u>I did not consider those issues until after October 1, 2002</u>." (Emphasis added).

Travelers continues to downplay the importance of the June 19 and 20 e-mail exchange, and has filed yet another affidavit from Mr. Langfitt, stating that the facts or "information" which led to the e-mail exchange of June 19 and 20 had been known to him before June 19-20 and were facts which were known to Mr. Sokol. Presumably these "facts," which are not identified in Mr. Langfitt's affidavit or in any of Travelers' pleadings, are contained in the Sutor and Peterson, Sullivan March of 2002 Reports analyzing the reasons for the decline of South Coast Performance in the year 2001. But nothing in those reports contains any criticism of the Peterson, Sullivan or the Peterson, Sullivan audit of the year end 2000 financial statements. Both, Mr. Langfitt and Mr. Rosenfeld had those reports for over a year before Jan Sokol saw them, and neither Mr. Rosenfeld nor Mr. Langfitt ever suggested to each other or to Jan Sokol that those reports made them suspect that Peterson, Sullivan may have negligently

Reply to Travelrs' Opposition to Sokol's Cross Motion for Summary Judgment
*Travelers v. South Coast et al.*, Case No. A06-00063 (TMB)
Page 7 of 9

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

performed its audit of the year end 2000 financial statements of South Coast. To this day, Travelers does not identify any sentence in either of those reports that should have led Jan Sokol to conclude that Travelers should have begun an inquiry into the possibility of asserting a claim against Peterson, Sullivan before June 19 and 20, 2002. Rosenfeld's opinion first rendered on June 8, 2008, that Peterson, Sullivan may have negligently performed its audit of South Coast's year-end 2000 financial statements is based on his (Rosenfeld's) review of South Coast's year-end financial statements, not on in the Sutor and Peterson, Sullivan reports.

Travelers concludes its memorandum with a lengthy quote from <u>Doe v. Hughes, Thorsness, Gantz, Powell & Brundin</u>, 838 P2d 804, (Alaska 1992) for the principle that summary judgment is appropriate, on an issue of statutory interpretation when an attorney fails to insure compliance with the statute. But <u>Doe</u> was not a statute of limitations case. The statute in <u>Doe</u> expressly set forth the consent requirements of the Indian Child Welfare Act. This case involves "inquiry notice" provisions of Alaska Statute of limitations law. The Alaska Supreme Court has repeatedly stated in <u>John's Heating Service v. Lamb</u>, 46P3d1024, 1031 (Alaska 2002):

> "Only in the unusual circumstances in which these exist uncontroved facts that determine when a reasonable person should have been on 'inquiry notice' can the Court properly resolve the question of when a statute of limitations commences as a matter of law" (p1031).

Reply to Travelrs' Opposition to Sokol's Cross Motion for Summary Judgment
*Travelers v. South Coast et al.*, Case No. A06-00063 (TMB)
Page 8 of 9

## CONCLUSION

For the reasons stated above, and the authorities cited, this court should deny Travelers' Motion for Partial Summary Judgment against Sokol, and grant Sokol's Cross Motion for Summary Judgment against Travelers.

Dated this 29th day of August, 2008.

/s/   James D. Gilmore
James D. Gilmore, #6702007
**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska  99501
(907) 272-9272
jgilmore@olypen.com

### Certificate of Service

I hereby certify that on this 29th day of August 2008, a copy of the foregoing document was served electronically through the ECF system on Gary Spraker, Richard Spoonemore and James T. Hopkins.

/s/ James D. Gilmore

Reply to Travelrs' Opposition to Sokol's Cross Motion for Summary Judgment
*Travelers v. South Coast et al.*, Case No. A06-00063 (TMB)
Page 9 of 9