## Langfitt, Charles W

**From:** Robert B. Coleman [RColeman@lawssg.com]
**Sent:** Monday, August 22, 2005 10:45 AM
**To:** Langfitt, Charles W; jordon@sutorgroup.com
**Cc:** Jan D Sokol
**Subject:** Travelers/South Coast D&O; Our File No. 7777.006 -- Peterson Sullivan's Motion for Summary Judgment Regarding Statute of Limitations

Chuck, Jordon: I'd like to discuss affidavits from both of you regarding Peterson Sullivan's motion for summary judgment regarding the statute of limitations, at your convenience. Travelers' response is due on August 30th.

For your information, Peterson Sullivan's motion raises the issues of when Travelers had sufficient information that a reasonable person would have inquired into (a) whether the audited 2000 financial statements contained material misrepresentations, and (b) whether Peterson Sullivan's audit was negligently performed. Obviously, (a) would occur first, and (b) would occur second.

Jordon: for your information, I spoke with Chuck about this issue when we were responding to Peterson Sullivan's motion for sanctions. He recalled that sometime in the summer or early fall of 2002, prior to the October Large Loss analysis he prepared, you sent him additional (i.e., after your May/June analysis) information regarding losses and likely losses on South Coast's ongoing projects. Chuck believes that was likely the last piece of information he needed to realize that an inquiry into the accuracy of the audited 2000 financial statements was appropriate, but the file he looked at does not indicate when you communicated the information to him. If you could look at your file from that time before we speak, I think it would be helpful.

Jordon, Chuck: I will want to discuss with both of you when you realized that an inquiry into the quality of Peterson Sullivan's audit was appropriate. Looking backwards, it seems to me an inquiry into the quality of Peterson Sullivan's audit would be appropriate once you had information indicating that the errors on the audited 2000 financial statements were significant enough that a properly performed audit should have caught them.

Please let me know when would be a convenient time to discuss these matters with you. I will be available most of the day today, in a mediation tomorrow, although I will be in the office and might have time to take phone calls, and available on Wednesday.

Thank you in advance for your assistance.

Best regards. Rob
Robert B. Coleman
STEWART SOKOL & GRAY LLC
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
503-221-0699
Fax: 503-223-5706
Email: rcoleman@lawssg.com

NOTICE: This e-mail transmission and any attachments may contain information which is protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that any disclosure, or taking of any action in reliance on the contents, is strictly prohibited. If you have received this transmission in error, please contact us immediately at 503-221-0699, destroy any copies, and delete it from your computer system.

EXHIBIT C
PAGE 1 OF 1