James D. Gilmore
CLAPP, PETERSON, VAN FLEIN,
   TIEMESSEN & THORSNESS LLC
711 H Street, Suite 620
Anchorage, AK 99501
Ph. (907) 272-9272/Fax (907) 272-9586
Attorneys for Defendant
Jan D. Sokol

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>                Plaintiff,<br><br>vs.<br><br>SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., an Alaska Native Village corporation, and CHILKATS' PORTGAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>                Defendants.<br><br>SOUTH COAST, INC., an Alaska corporation, KLUKWAN, INC., an Alaska Native Village corporation, and CHILKATS' PORTAGE COVE DEVELOPMENT COMPANY, an Alaska corporation,<br><br>           Counter-Claim and<br>           Third Party Plaintiff,<br><br>vs.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation, STEWART, SOKOL & | Case No. A06-00063 (TMB) |

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

GRAY, L.L.C., and JAN D. SOKOL,

    Counterclaimant and
    Third Party Defendants.

## REPLY MEMORANDUM

In its opposition Memorandum, Klukwan/South Coast argues that Jan Sokol was acting as its attorney in the Travelers suit against Peterson Sullivan because Sokol had represented both Travelers and Klukwan in the Rule 27 Petition for Production of the Peterson Sullivan work papers in federal court in Seattle, and because a recovery by Travelers against Peterson Sullivan would have reduced Klukwan's obligation to Travelers under the Repayment Agreement.

The "admissible evidence" that Klukwan/South Coast relies upon is identified on page 3 of Klukwan's Memorandum. Klukwan/South Coast states:

> "The only writings discussing his representation are a series of e-mails in January or February 2004. These e-mails, and the related conversations, establish that Travelers, Klukwan, and Sokol understood that the action to compel work papers was part of a bigger picture to recover damages from Peterson Sullivan for their mutual benefit."

All of the e-mails are attached as Exhibit "A" to Klukwan's Memorandum. Beginning January 9, 2004, in a series of e-mails, Jan Sokol inquires whether

Reply Memorandum
*Travelers v. South Coast et al.*, Case No. A06-00063 (TMB)
Page 2 of 8

Klukwan is willing to join Travelers in petitioning the federal court in Seattle for an order compelling the production of the Peterson Sullivan work papers. Cabot Christianson responds by e-mail dated February 10, 2004. In that e-mail Christianson states:

> "If Travelers wishes to bring a substantive cause of action against Peterson Sullivan, Klukwan's expectation is that the net litigation proceeds from that suit will be applied first to Klukwan's/SCI note to Travelers. Also, as you are aware, <u>Klukwan is considering its own action against P&S, and has developed some ideas about how to proceed. You and I should discuss.</u>" (emphasis added)

The "related conversations" (two in number) reflect Cabot Christianson's subjective, after the fact, belief that the Petition to obtain the work papers was simply a preliminary step Mr. Sokol to obtain the Peterson Sullivan work papers for the benefit of both Travelers and Klukwan "regardless of how the proceeds are applied." (Christianson deposition, p. 285), and that he "had told Jan that, you know, if he brings a suit there's no real point in us bringing a suit because the same dollars are being chased and he's got a stronger case." (Christianson deposition, p.196).

Klukwan points to no other evidence to support its arguments. What is uncontroverted, is that after February 10, 2004, when Cabot Christianson told Jan Sokol that Klukwan was considering bringing its own substantive claim against Peterson Sullivan, no further communications occurred between Jan Sokol and Cabot Christianson Klukwan until after the Complaint was filed.[1] Klukwan never told Jan Sokol it was not considering filing its own substantive claim against Peterson Sullivan, never authorized Jan Sokol to file a substantive claim against Peterson Sullivan on its behalf, and Travelers never agreed that the proceeds from Peterson Sullivan would be applied to reduce the Travelers claim against Klukwan.

Klukwan, asserts that, Brandon v. West Bend Mutual Insurance Company, 681 NU 24633 (Iowa 2004), supports its assertion that an attorney client relationship might exist with a third-party when there is a common interest in a recovery for the client's and the third-party's mutual benefit. But in Brandon, Brandon's attorney specifically wrote to the attorney for West Bend authorizing West Bend and bring a subrogation claim against the negligent driver in Brandon's name. West Bend's lawyer did so, naming Brandon in the Complaint. Brandon subsequently sued West Bend for bad faith, and sought production of communications between West Bend's lawyer and the West Bend in-house counsel with regard to the subrogation action. The Court held that in the

---

[1] Klukwan was still considering filing its own substantive claim against Peterson Sullivan in September of 2004, almost a month after Jan Sokol had filed Travelers' Complaint against Peterson Sullivan.

Reply Memorandum
*Travelers v. South Coast et al.*, Case No. A06-00063 (TMB)
Page 4 of 8

Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

subrogation action only, West Bend's lawyer represented both Brandon and West Bend.[2]

In this case, Klukwan/South Coast never authorized Jan Sokol to file a substantive claim against Peterson Sullivan, and Jan Sokol never named Klukwan as a party in the Complaint.[3] Nothing Jan Sokol did before or after filing the Complaint in the substantive action against Peterson Sullivan indicated any awareness on his part of any duty owned to Klukwan. He did not communicate with Cabot Christianson when drafting the Complaint, he did not send a copy of the Complaint to Christianson for his review, and neither he nor Travelers advised Klukwan that they had filed suit. After the complaint was filed, Jan Sokol sent none of the discovery requests or pleadings filed in the case etc. to Klukwan.[4]

Klukwan suggests that application of the California multi-factor balancing test might justify a finding by the court that Sokol owed a duty to Klukwan as a third party. But Klukwan flunks this test as it does all others. The California multi-factor test

---

[2] In this case, if Klukwan wanted to discover any communications between Jan Sokol and Chuck Langfitt relating to the Rule 27 work papers, litigation filed in Federal Court in Seattle, no attorney client privilege would have been asserted, as indeed, none has been with regard to that litigation in this case.

[3] If, in Brandon, Brandon's lawyer had not only not authorized West Bend to file the subrogation claim in Brandon's name, but had informed West Bend's counsel that Brandon was considering filing her own claim, and if West Bend had never filed the subrogation claim complaint using Brandon's name, the Iowa Supreme Court, would not have found that an attorney-client relationship existed between the West Bend lawyer and Brandon in the subrogation action.

[4] When Jan Sokol was representing both Klukwan and South Coast in the Rule 27 Petition in federal court in Seattle, he acknowledged the relationship in the e-mail exchanges, he obtained written authorization to appear in that action from Tom Crandall, the president of Klukwan, and he sent a draft copy of the Complaint to Cabot Christianson for Christianson's review and approval prior to filing.

Reply Memorandum
*Travelers v. South Coast et al.*, Case No. A06-00063 (TMB)
Page 5 of 8

requires, (as do all other tests), an intent by the lawyer to benefit the third party. If that intent is not present, the California party multi-factor balancing test does not apply. (See Mallen, Legal Malpractice, 5th Edition, Vol. 1 at p. 701) The multi-factors unique to this case all speak against any belief by either of the parties that Jan Sokol was acting as an attorney for Klukwan, or for the benefit of Klukwan in the "substantive" action.

1. Klukwan was represented at all relevant times by its own attorney, Cabot Christianson;

2. Cabot Christianson told Sokol that Klukwan was considering bringing its own substantive claim against Peterson Sullivan;

3. Neither Klukwan nor Cabot Christianson, ever authorized Sokol to file suit on its behalf to pursue Klukwan's "substantive" claim against Peterson Sullivan;

4. Klukwan's "substantive claim" was different than Travelers. It involved substantially more damages, and was based on contract principles in addition to tort principles;

5. Sokol did not name Klukwan as a party in the complaint against Peterson Sullivan, he did not send a copy of the complaint to Christianson for review prior to filing; he did not tell Klukwan when he was filing, or that the complaint had been filed; he did not thereafter, send any of the pleadings in the suit to Klukwan;

6. Cabot Christianson did not ask for any of the pleadings in the Travelers v. Peterson Sullivan case.

7. The first time Christianson/Klukwan ever alluded the belief that Jan Sokol or the Sokol firm represented Klukwan, or owed a duty to Kllukwan as a third party in the letter from Christianson (date March, 2006, nineteen and a half months) after the Complaint was filed, and seven months after Judge Beistline dismissed the case.

Klukwan persistently attempts to fuse the "substantive claim" with the "work paper" litigation. The "coattails" comment that Christianson made to Sokol, if it occurred, occurred in the context of the "work papers" litigation "not in the "substantive claim". Not only did Cabot Christianson never tell Jan Sokol that, with regard to the "substantive claim" Klukwan was "riding on Travelers' coattails" he, Christianson, in the February 10, 2004, e-mail, expressly told Jan Sokol that Klukwan was not riding on Travelers' coattails, but rather that Klukwan was considering filing its "own substantive claim against Peterson Sullivan".

No matter which test is applied, none of the "evidence" supports a finding that an attorney-client relationship existed between Klukwan and Sokol or that Sokol owed a duty to Klukwan as a third-party for purposes of bringing the "substantive" action against Peterson Sullivan.

## CONCLUSION

It is passing strange that the first time it occurred to Klukwan to voice any concerns about an "attorney client relationship," or a "third party duty," was nineteen and a half months after Jan Sokol filed a Complaint against Peterson Sullivan and seven months after the complaint was dismissed. That such a claim is being made now does not ring true. Klukwan's argument is not credible. This Court should grant Sokol's Motion for Summary Judgment.

Reply Memorandum
*Travelers v. South Coast et al.*, Case No. A06-00063 (TMB)
Page 7 of 8

DATED in Anchorage, 29th day of August, 2008.

/s/    James D. Gilmore
James D. Gilmore, #6702007
**Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC**
711 H Street, Suite 620
Anchorage, Alaska  99501
(907) 272-9272
jgilmore@olypen.com

<u>Certificate of Service</u>

I hereby certify that on this 29th day of August 2008, a copy of the foregoing document was served electronically through the ECF system on Gary Spraker, Richard Spoonemore and James T. Hopkins.

/s/ James D. Gilmore